*UNITED STATES v. LEZMOND CHARLES MITCHELL*
CV09-8089-PCT-MHM(MEA)

EXHIBITS IN SUPPORT OF
MOTION TO VACATE SENTENCE

**SHERRY LANE MITCHELL**

27.   Northland Pioneer College, Holbrook, Arizona, 1978-79; 1984; 1987

28.   Curriculum Vitae of Sherry Lane Mitchell (2009)

Medical Records

29.   Birth Records of Lezmond Mitchell, Tsaile, Arizona, 9/1981

30.   Tuba City Indian Medical Center, Tuba City, Arizona, 1964; 1977

31.   RM Christian Health Clinics, Gallup, New Mexico, 5/2000-4/2001

Court Records

32.   Sherry Mitchell v. Lezmond Hemil, Orange Co. California Superior Court Case No. 40-21-32, Child Support Records, 1984

33.   Guardianship Records re Lezmond Mitchell, 12/1987; 9/1998

Miscellaneous

34.   Photographs

**FOSTER LEZMOND HEMIL**

Vital Records

35.   Death Certificate, 12/1/2002

Medical Records

36.   Records-Armer Ishoda Memorial Hospital, Marshall Islands, 1985-2002

Page 1 of 1

Official Transcript
Northland Pioneer College
PO Box 610
Holbrook, AZ 86025
(928) 524-7660

SHERRY LANE MITCHELL                ID. 47509              DOB ___ 7/58

Mail To:
FAX TO
GINA ENRIQUEZ
213-894-7566
., AZ

**************************************************************************************************************

----------------- Spring Semester 1984 ------------------
EDU249     BULLETIN BDS & DECORAT           1.00  A
MAT105     MATH FOR GENERAL ED             4.00  W
OED110     ELEMENTARY TYPING               3.00  A
OED120     BEG GREGG SHORTHAND             4.00  F

       attempt   earn   pass  quality  points   gpa
ses    12.00    4.00   0.00   8.00     16.00   2.000
cum    12.00    4.00   0.00   8.00     16.00   2.000

----------------- Fall Semester 1987 ------------------
EMT102     EMT-BASIC                       6.00  W

       attempt   earn   pass  quality  points   gpa
ses     6.00    0.00   0.00   0.00     0.00    0.000
cum    18.00    4.00   0.00   8.00     16.00   2.000
------------------------------------------------------

_____  03/04/09
Director of Enrollment Services

**************************************************************************************************************

**EX 27 - 303**

| 27-55-4128 √ | MITCHELL, | SHERRY | LANE | | /58 |
|---|---|---|---|---|---|
| STUDENT I.D. NUMBER | STUDENT—LAST NAME | FIRST | MIDDLE | | BIRTH DATE |

# ℮ NORTHLAND PIONEER COLLEGE

DATE ENTERED ⟩ 10/78

ADMINISTRATIVE OFFICES: 203 WEST HOPI DRIVE — HOLBROOK, ARIZONA 86025

| JMISSION FATUS | | CURRICULUM | | CITIZENSHIP IF OTHER THAN U.S. | |
|---|---|---|---|---|---|
| RANTED EGREE | | | NUMBER GRADUATED | RANK | |

RANSCRIPTS AND REMARKS:

5/30/80 Total hours corrected.

8-14-80 Navajo Community College (1)

-13-83 NAU (1)

8-8-89 Self (1)

3-16-91 SSN Change 584 to 527

ext Record Entered   AUG 15 1991



| DEPT AND COURSE NO | COURSE TITLE | SECTION | GRADE | CREDIT HRS | GRADE PT |
|---|---|---|---|---|---|
| FALL SEM 1978 | MITCHELL, S L | | | 527-55-412 | |
| EDU108 | TECH FOR OBSER CHILDREN | 761 | A | 1 | |
| EDU109 | COMPARING OBSERVATIONS | 761 | A | 1 | |
| EDU120 | POSITIVE SELF CONCEPTS | 761 | A | 1 | |
| EDU121 | INDIVIDUAL DIFFERENCES | 761 | A | 1 | |
| EDU122 | ENCOURAGING OPEN EXPRES | 761 | A | | |
| SPRING 1979 | MITCHELL, S L | | | 527-55-412 | |
| EDU103 | PLANNED ARRANGEMENTS | 861 | A | | |
| EDU105 | COOPERATIVE PLANNING | 861 | A | | |
| EDU106 | GUIDANCE PRINCIPLES | 861 | A | | |
| EDU107 | GROUP ACTIVITIES | 861 | A | | |
| EDU114 | TEACHING AIDS | 861 | B | | |
| EDU116 | MATHEMATICAL CONC | 861 | A | | |
| | SCIENCE FOR PRESCHOOL | 861 | A | | |
| FALL 1979 | MITCHELL, S L | | | 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 | |
| EDU101 | ORGANIZATION OF CLASSROO | 101 | A | 1 | 4 |
| EDU102 | HEALTH & SAFETY | 102 | A | 1 | 4 |
| EDU118 | BLOCKS | 118 | A | 1 | 4 |
| EDU132 | CLAY | 132 | A | .76 | 3.06 |
| EDU123 | MUSIC & DANCE | 123 | B | 1 | 3 |
| EDU124 | DRAMATIC PLAY | 124 | B | 1 | 3 |
| EDU125 | CREATIVE MEDIA | 125 | A | 1 | 4 |
| EDU131 | SEWING | 131 | A | 1 | 4 |
| SPRING 1980.5 | MITCHELL, S L   NUS | | | 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 | |
| EDU270 | CDA ASSESSMENT WKSP | 861 | C | 3 | 6 |
| | CUM GPA 3.6I  SEM GPA 2.  UM HRS 23 SEM HRS 3 | | | | |

Cont'd — Next Page

CREDIT IN SEMESTER HOURS

SEMESTER = 16-18 WEEKS
JNITS REQUIRED FOR GRADUATION = 84

GRADE KEY

| A | — | EXCELLENT |
|---|---|---|
| B | — | GOOD |
| C | — | AVERAGE |
| D | — | UNSATISFACTORY |
| F | — | FAILURE |
| I | — | INCOMPLETE |
| W | — | WITHDRAWAL |
| P | — | PASS-CONTRACTED BETWEEN STUDENT AND INSTRUCTOR BEFORE 45th DAY. |

Mar-04-2009 02:07 PM NPC Records & Registration 9285247661

EX 27 - 304

Sherry Lane Mitchell
P.O. Box 170
Lukachukai, Arizona 86507
Cell Phone: (928) 225-7877
Email: sherrylanemitchell2003@yahoo.com

EDUCATION

**1992-1995**          **Chapman University**, Lemoore, California.  Master of Education in Curriculum and Instruction and Administration.  Clear Multiple Subject Teaching Credential.

**1991-1992**          **National University**, Fresno, California.  Degree work for Clear Multiple Subject Teaching Credential.

**1989-1991**          **Fresno Pacific College**, Fresno, California.  Degree work for Clear Multiple Subject Teaching Credential and Special Education course work.

**1978-1988**          **Northern Arizona University**, Flagstaff, Arizona.  Bachelor of Arts in General Studies with an emphasis on Early Childhood Education and Science.

**1978-1984**          **Northland Pioneer College**, Holbrook, Arizona.  Teacher Assessment and Education course work.

**1978-1984**          **Navajo Community College**, Tsaile, Arizona.  Liberal Arts course work.

**EMPLOYMENT HISTORY:**

1. Job Title:                          Principal
2. Dates:                              August 13, 2007 to December 31, 2008
3. Salary:                             88,000.00 per year
4. Hours Per Week:                     40 or more per week depending on evening activities.
5. Employers Name and Address:  Tonalea Day School
                                       P.O. Box 39
                                       Tonalea, Arizona 86044
6. Supervisor:                         Lemual Adson
7. Supervisor's Phone Number:      (928) 283-2221

I oversaw day to day operations, responsible for reports and data collection.  The school is in it's seventh Year of restructuring and still is not making any growth towards AYP.  Programs that I oversaw were BIE Reads and Alpha Plus (raise test scores) and we are in option #2 as partial or all removal of staff.  As an administrator of the school I was responsible for budget, maintenance, transportation, food service as well as the academic programs.

1. Job Title:                          Principal
2. Dates:                              November 2006 to August 8, 2007
3. Salary                              60,000.00 per year
4. Hours Per Week:                     40 or more per week depending on evening activities.
5. Employers Name and Address:  Greyhills Academy High School
                                       P.O. Box 160
                                       Tuba City, Arizona 86045
6. Supervisor:                         Andrew Tah
7. Supervisior's Phone Number:     (928) 283-6271

I oversaw the day to day operations of the high school.  I worked with staff in developing a new handbook and developing guidelines for coursework concerning student education.   During the time I was there our school made AYP and I held a summer school geared to passing the AIMS exam.  Students worked on fine tuning test taking skills as well as brushing up on Math, English and Reading skills.  Supervised between 20 to 35 staff and worked in unison with Federal Projects Director and other staff members.

1

**EMPLOYMENT HISTORY CONTINUED:**

1. Job Title:                         Principal
2. Dates:                             July 2003 to October 2003 KCS
                                      October 2003 to February 2004 SASI
3. Salary:                            58,000.00 per year
4. Hours Per Week:                    40 or more per week depending on evening activities.
5. Employers Name and Address:        Shiprock Alternative School, Inc. at Kayenta Community School
                                      Kayenta, Arizona
6. Supervisor:                        Faye Blueeyes
7. Supervisor's Phone Number:         (505) 486-0775

I over saw day-to-day operation of the school until the BIA reclaimed the school and was moved to Shiprock Alternative School Incorporated where I over saw Special Education Program.

1. Job Title:                         Principal
2. Dates:                             December 16, 2002 to June 30, 2003
3. Salary:                            60,000.00 per year
4. Hours Per Week:                    40 or more per week depending on travel for school and evening activities.
5. Employers Name and Address:        Jeehdeez'a Academy Inc.
                                      P.O. Box 1073
                                      Pinon, Arizona 86510
6. Supervisor:                        School Board is no longer there when I worked for the school.
7. Supervisor's Phone Number:         I no longer have their home phone numbers.

I worked in the capacity of an Executive Director by providing supervision, grant writing, proposals, as well as moving the school forward with their construction

1. Job Title:                         Principal
2. Dates:                             July 2001to December 2002
3. Salary:                            Not sure what it was annually
4. Hours Per Week:                    40 or more per week depending on evening activities.
5. Employers Name and Address:        Shonto Prepartory Elementary School
                                      P.O. Box 7900
                                      Shonto, Arizona 86054
6. Supervisior:                       Dr. McClements
7. Supervisor's Phone Number:         (928) 672-2653

The current enrollment was 386 students K-5th. I over saw day-to-day operations of the school and supervised 45 staff members, to one administrator, as well as being an educational leader for the school.

1. Job Title:                         Principal
2. Dates:                             July 1999 to June 2001
3. Salary:                            Not sure what it was annually
4. Hours Per Week:                    40 or more per week depending on evening activities and trainings.
5. Employers Name and Address:        Window Rock Unified School District #8
                                      Fort Defiance, Arizona
6. Supervisor:                        Gloria Hale-Showalter
7. Supervisor's Phone Number:         (505) 285-2605

I was principal of two schools that was Tse Ho Tso and Sawmill Primary Learning Center K-2 with 425 students enrolled. I worked closely with Navajo Rural Systemic Initiative to raise test scores in math and science. I over saw day-to-day operations of the school and worked with the district wide reading committee.

2

**EX 28 - 306**

**EMPLOYMENT HISTORY CONTINUED:**

1. Job Title:                          Principal
2. Dates:                              May 1998 to June 1999
3. Salary:                             Not sure what it was annually
4. Hours Per Week:                     40 or more per week working on getting an new school up and running.
5. Employers Name and Address:  Shonto Prep Tech Middle/High School
6. Supervisor:                         Eugene Charley
7. Supervisor's Phone Number:   Unknown

I started a brand new Middle/High School and wrote the curriculum, handbooks, hired staff, and had books donated to the school.  Worked with a shoestring budget to get school up and running its first year.

1. Job Title:                          Teacher
2. Dates:                              September 1989 to May 1998
3. Salary:                             Not sure what it was annually
4. Hours Per Week:                     40 or more per week depending on what grade level, I was teaching.
5. Employers Name and Address:  Reef-Sunset Unified School District
                                       500 South First Avenue
                                       Avenal, California 93204
6. Supervisor:                         I had five different Principals during my years at Avenal
7. Supervisor's Phone Number:   (209) 986-5179

I taught Kindergarten, 2-3 combination, and K-6 SDC.  Students are in a self-contained classroom.  Students are limited English speaking and require in depth ESL training in receptive-expressive language in all modalities as well as Sheltered Instruction techniques.

1. Job Title:                          Teacher
2. Dates:                              During regular school year and summer months
3. Salary:                             Not sure what it was annually
4. Hours Per Week:                     Between 20 to 30 hours per week depending on home visit or school site
5. Employers Name and Address:  MEEP program and Migrant Program
                                       Tulare County
                                       Visalia, California
6. Supervisor:                         Olga Cortez
7. Supervisor's Phone Number:   Unknown

I worked with parents and children on how to help their child learn and be prepared for school.  I also acted as a liaison between the community and school, when needed.  I provided information to parents about programs available in our community.  I provided usage of the kindergarten classroom and materials for parents and children.  I worked for the migrant program in a Developmental Kindergarten, 3-4 combination.  I worked on refining, socialization and large and fine motor skills as well as improving communication of the English Language.  I ran a high intensity program of reading, math, and language during the summer months.

1. Job Title:                          Peer Tutor
2. Dates:                              Spring and Fall Semesters at NCC
3. Salary:                             Not sure what it was annually
4. Hours Per Week:                     20 hours or less per week
5. Employers Name and Address:  Navajo Community College
                                       Tsaile, Arizona
6. Supervisor:                         I cannot remember
7. Supervisor's Phone Number:   Unknown

I worked with special services program during school semesters with students in low remedial bilingual areas of receptive/expressive language.  Skill areas included remediation in all content areas while increasing student's vocabulary and reading skills.

3

**EX 28 - 307**

**EMPLOYMENT HISTORY CONTINUED:**

1. Job Title:                     Preschool Teacher
2. Dates:                         August 1978 to May 1980
3. Salary:                        Not sure what it was annually
4. Hours Per Week:                40 or more hours per week
5. Employers Name and Address:    ONEO Headstart
                                  Chinle, Arizona
6. Supervisor:                    Anderson Tullie
7. Supervisor's Phone Number:     Unknown

I taught 18 to 25 students of preschool age and supervised staff at the center level.

**AFFILIATIONS:**

Career Development Committee, ONEO 1978-1980
West Kings County Teacher Association NEA 1989-1998
Community Advisory Committee Kings County 1990-1995
American Association of University Women 1995-1998
Ready, Set, Lets Read Trainee for Avenal 1995-1998
Kings County Partners in Early Literacy 1995-1998
Association for Supervision and Curriculum Development 1996
Kindergarten California Association 1995-1998

**STAFF DEVELOMENT/TRAININGS:**

1989-1998    I have been a role model for my fellow professional peers.  Through finding new and inventive ways to t teach our curriculum.  By being a pioneer and taking risk.

1992-1993    *    I was the 3rd grade Special Education Representive for the Program Quality Review in the areas of language arts.
             •    Outbased Education Conference for Portfolio Assessment in Fresno, California
             •    Zoophonics training
             •    Student Teaching with Tulare County at Crowley Elementary School
1993-1994    *    Program Quality Review Consultant for Lee Richmond
             •     2/3 coordinator for Avenal Elementary School
             •     Set on part of the committee for SBC days
             •    Incorporated our plan of action in the following areas:
                         The writing process
                         Reading
                         Portfolio Assessment
                         Thinking, Meaning, Centers
1994-1995    *    Zoophonics Training for Chinle Public Schools and Navajo Headstart
1995-1996    *    Action Research Project for safety on the playground
             •    Ready, Set, Lets Read Trainee for Avenal and Kings County
             •    School Site Council
             •    Reading Instruction for Early intervention at the 1st grade level
             •    Coordinating Zoophonics Workshops for Avenal

**AWARDS:**

Preschool of the year award 1978-1979
Certificate of Achievement, Creativity in the Classroom 1978-1979
Certificate of Achievement, CDC Representative 1979-1980
Certificate of Achievement, Preschool Teaching 1980

4

**EX 28 - 308**

**AWARDS CONTINUED:**

Creative Use of Materials/Dinosaurs Alive 1989
Teacher of the Year Award, Avenal Elementary School 1991
Kings County Teacher of the Year Finalist 1992
Employee of the Week at Avenal Elementary 1992-1993
Kings County Teacher of the Year Finalist 1996

5

**EX 28 - 309**

Case 3:09-cv-08089-DGC    Document 10-1    Filed 06/08/09    Page 9 of 86

**AMBULATORY CARE RECORD BRIEF**
(CONTINUATION SHEET)

| 28. DATE And CLINIC | 29. | DIAGNOSES AND CLINICAL NOTES |
|---|---|---|
| 7 81 | Admitted by birth: | BW: 8lbs. 8$\frac{3}{4}$ oz. |
| 10-21-81 | see N.B. screening | |

$$T4 = 5.95$$
$$TSH = <25$$

1. FAT NAME FISANCE

M14-45-3 (formerly HSM-45-3)
1-74

MITCHELL, LEZMOND CHARLES

FPD-AZ-01018-0006

EX 29 - 310

## NEWBORN RECORD

| 1. MOTHER'S NAME | 2. AGE | 3. TRIBE | 4. DEG. OF BLOOD | 5. REGISTER NO. | 6. EXPECTED DATE OF CONFINEMENT |
|---|---|---|---|---|---|
| Mitchell, Sherry | 23 | Nav | 4/4 | | |
| 7. FATHER'S NAME | 8. AGE | 9. TRIBE | 10. DEG. OF BLOOD | 11. MOTHER'S ABO & RH A pos | 12. CHILD'S ABO & RH |

| 13. PRENATAL CARE MONTH OF GESTATION 1ST MED. CARE REC'D. | 14. GRAVIDA 2 | 15. ABORTIONS 1 | 16. STILLBIRTHS | 17. PARITY | 18. LIVING CHILDREN | 19. SEROLOGY ☒ NEGATIVE | ☐ POS. TREATED ☐ POS. NOT TREATED |

20. PRENATAL COURSE AND COMPLICATIONS OF PREGNANCY (TOXEMIA / DIABETES / ETC.)
42 wks.

| 21. TYPE OF DELIVERY SVD | 22. DURATION 1ST STAGE 6 4/60  2ND STAGE 60 | 23. COMPLICATIONS OF DELIVERY PPH |

| 24. ANALGESIA Demerol 12.5 W 5A | 25. ANESTHESIA Local | P. Schle |

### 26. APGAR SCORE (CHECK APPROPRIATE BOX)

| VITAL SIGN | EVALUATION 0 | 1 | 2 |
|---|---|---|---|
| HEART RATE | | | 2 |
| RESPIRATORY EFFORT | | | 2 |
| MUSCLE TONE | | | 2 |
| REFLEX IRRITABILITY CATHETER IN NOSTRIL | | | 2 |
| COLOR | 0 | 1 | |
| TOTAL SCORE: | 8/9 | | |

KEY: 1st CHIT.: 3-7 FAIR; 8-10 NORM.

### 27. PHYSICAL EXAMINATION (TO BE COMPLETED WITHIN 24 HOURS)

GENERAL APPEARANCE: Handsome

| FACIES | HEAD 36.5cm | SUTURES wnl | ICTERUS none | WEIGHT 8-8¾ | LENGTH 23" | TEMP. 99² |
| NOSE | MOUTH open | THROAT | FONTANELLES ant 3x3 cm PF 1x1 | EYES | EARS wnl |
| HEART | ABDOMEN soft | LIVER non | SPLEEN palpable | CORD wnl | GENITALS ♂ | ANUS yes |
| MECONIUM no | SPINE wnl | EXTREMITIES | JOINTS ok | MUSCLE TONE good | PARALYSIS none |
| SKIN wnl | VERNIX some | SUBL CUT TISSUE yes | MORO REFLEX good | DATE AND SIGNATURE OF EXAMINING PHYSICIAN 7/18 MD |

28. DESCRIBE ABNORMAL FINDINGS
42 wks AGA term ♂ a good head of hair!

### 29. PROGRESS NOTES (SIGN AND DATE ENTRIES)

9/20

S —
O —
A —
P —

Disch'g Note
alert, active
Normal PE
Term Male
D'ischg to home

box #5 Tsaile, AZ
LOH: Pt. Rough Rock + Kayenta.

30. CONDITION ON DISCHARGE AND RECOMMENDATIONS

| 31. DISCHARGE FEEDING ☐ BREAST ☒ BREAST AND COMPLEMENT ☐ FORMULA | 32. DISCHARGE FOLLOW-UP ☐ PHN ☐ SOCIAL SERVICE ☒ CLINIC   NRS / LOCATION OF CLINIC | DATE |
| 33. BABY'S NAME Mitchell | 34. SEX Male 35. TRIBE Nav | 36. DEG. OF BLOOD 4/4 | 37. REGISTER NO. 09-78-39 |
| 38. NAME OF FACILITY 7DIH | 39. DATE AND TIME OF BIRTH /81  9:46 | 40. DISCHARGE WEIGHT |
| | 41. SIGNATURE OF PHYSICIAN | 42. DATE OF DISCH. 9/30/81 |

HSA-283 (FORMERLY NSMT-298) (1-78)

2 U.S. GOVERNMENT PRINTING OFFICE: 1976 223-505

FPD-AZ-01018-0007

EX 29 - 311

*** CONFIDENTIAL PATIENT INFORMATION ***
TUBA CITY HO
AMBULATORY CARE RECORD BRIEF
-----------------------------------

JUN 16, 1998@08:22:17                                         Page: 1
======================================================================
PATIENT: MITCHELL,SHERRY LANE                    CHART #: 22177
======================================================================
COMPUTER FILE EST: JUN 15, 1998(LBK)      LAST EDIT: JUN 15, 1998 (LBK)
----------------------------------------------------------------------
SSN:                               SSN STATUS UNKNOWN
CLASS: INDIAN/ALASKA NATIVE                        SEX: FEMALE
COMMUNITY: TUBA CITY                          BIRTHDAY:        | 1958
   COUNTY: COCONINO                                AGE: 40 YRS
HOME ADDRESS:
    TUBA CITY
    TUBA CITY, ARIZONA 86045
  HOME PHONE:                        OFFICE PHONE:
----------------------------------------------------------------------
TRIBE: NAVAJO TRIBE OF AZ, NM AND UT       INDIAN QUANTUM: FULL
BIRTHPLACE: KANSAS CITY, KANSAS
RELIGION:                                  TRIBE ENROLL #:
----------------------------------------------------------------------
FATHER: MITCHELL,GEORGE CHARLIE      BIRTHPLACE:  AZ
MOTHER: JOE,BOBBY                    BIRTHPLACE:
----------------------------------------------------------------------
EM CONTACT: MITCHELL,GEORGE CHARLIE           EM PHONE:
EM ADDRESS:
----------------------------------------------------------------------
                  *** THIRD PARTY ELIGIBILITY ***

----------------------------------------------------------------------
    ***   ELIGIBILITY FOR CARE: DIRECT ONLY  ***

----------------------------------------------------------------------
ADDITIONAL REGISTRATION INFORMATION:
    1). RECORDS IN STORAGE
    2). ENTERED 6/15/98-LB
----------------------------------------------------------------------

                *** CONFIDENTIAL PATIENT INFORMATION ***

EX 30 - 312

CLINIC RECORD

| | | 2. BENEFICIARY | 3. LOCATION OF CLINIC | 4. REGISTRATION NO. |
|---|---|---|---|---|
| 1. LAST NAME, FIRST, MIDDLE | | IND-01 | Tuba City-310 | 02-21-77 |
| Mitchell  Sherry Lane | | | 6. SPOUSE'S NAME | |
| 5. OTHER NAMES USED (Last, First, Middle) | | | | |

| | | 8. TRIBE | 9. DEGREE OF BLOOD |
|---|---|---|---|
| 7. PATIENT'S PERMANENT ADDRESS | | Navajo-62 | one-half |
| Tuba City  Arizona 02 | | | |

| 10. BIRTHPLACE | 11. BIRTH (Month, Day, Year) | 12. SEX | 13. RACE | 14. MARITAL STATUS | 15. RELIGION |
|---|---|---|---|---|---|
| Kansas City | -58 | F-2 | IND 1 | Single 1 | NS 6 |

| 16. OCCUPATION | 17. SOCIAL SECURITY NO. | 18. MILITARY STATUS (If Vet., Dates Served and/or War) | 19. IDENTIFICATION NO. |
|---|---|---|---|
| Child | | | C# 128,479 |

| 20. PERSON TO NOTIFY IN EMERGENCY | RELATIONSHIP | ADDRESS | |
|---|---|---|---|
| Parents | | | |
| 21. NEXT OF KIN—NAME | RELATIONSHIP | ADDRESS | 22. ADMITTED BY |
| | | | |

| 23. FATHER'S NAME | 24. BIRTHPLACE | 25. MOTHER'S MAIDEN NAME | 26. BIRTHPLACE |
|---|---|---|---|
| George Charlie Mitchell | Arizona | Bobby Joe | |

27. ADDITIONAL INFORMATION

| 28. DATE AND CLINIC | 29. | DIAGNOSES AND CLINICAL NOTES |
|---|---|---|
| MAY 07 1964 | | _[handwritten notes illegible]_ |
| MAY 7 1964 | | Dental Mother interested in dental care Examined. #290 chronic abscess. Tooth to be taken out at later date |

PHS-2516-1
REV. 5-61

GPO: 1961-593460

(Continue on Reverse Side)

EX 30 - 313

| 28. DATE AND CLINIC | 29. | DIAGNOSES AND CLINICAL NOTES |
|---|---|---|

**OCT 28 1977**

WT 54.8

B/P 110/70

Pt is pregnant and wants a TAB —
Has always had family misunderstand-
ings — Fear pregnancy maybe be abnormal
because of drugs (boyfriend) Counseled on
third method of BC —

Hugh FPC

pt is 14 weeks

K Agente R4    per referral

Mueller

Try

Pap

30. (LAST NAME, FIRST, MIDDLE)
Mitchell, Sherry Lane

# 22177

PHS-2516-1 (BACK)
REV. 5-61

GPO 9 1-59 17

GPO 1951-593460

EX 30 - 314

1978

******* CONFIDENTIAL PATIENT INFORMATION *******
PCC AMBULATORY ENCOUNTER RECORD
*** Computer Generated Encounter Record from GROUP FORM ***

*********************************************************************************

Visit Date: NOV 15, 2006   Primary Provider:  SMALL,KAREN
Clinic:  GROUPED SERVICES
Arrival Time:  12:00
Activity Time:  5

---

| ICD9 CODE | PURPOSE OF VISIT (POV) |
|-----------|------------------------|
| V04.81    | INFLUENZA VACCINE      |

---

HR#:  22177                    SSN:
NAME: MITCHELL,SHERRY LANE
SEX:  FEMALE                    TRIBE: NAVAJO TRIBE OF AZ, NM AND UT
DOB:          1958
RESIDENCE:  TUBA CITY
FACILITY: TUBA CITY HO                LOCATION: TUBA CITY CHAPTER HOUSE

PROVIDER SIGNATURE:

*********************************************************************************

Standard Form 514
Rev. August 1954
Circular A-32 (Rev.)

| CLINICAL RECORD | LABORATORY REPORTS |
|---|---|

ATTACH 3D REPORT ALONG HERE ↑ AND SUCCEEDING ONES ON ABOVE LINES

ATTACH 2D REPORT WITH TOP AT THIS LINE ↑

ATTACHING MARGIN

Sherry, Mitchell

02-21-77

**MICROBIOLOGY I**

SPECIMEN/LAB RPT. NO.
101726

Enter in above space: _____ PATIENT IDENTIFICATION—TREATING FACILITY—WARD NO.—DATE

REQUESTING PHYSICIAN'S SIGNATURE

REPORTED BY

DATE

LAB ID. NO.

CLINICAL INFORMATION (Include Specimen Source)

| PATIENT STATUS | INFECTION |
|---|---|
| ☐ BED | ☐ ADMITTED WITH |
| ☐ AMB | HOSPITAL ACQUIRED ☐ |
| ☑ OUT PT. | ☐ PRE-OPERATIVE |
| ☐ DOM. | POST-OPERATIVE ☐ |
| ☐ NP | ☐ NON-SURGICAL |
| | POSTPARTUM ☐ |
| | ☐ NEWBORN |
| | OTHER (Specify) ☐ |

10/30/77

ANTIBACTERIAL THERAPY

SPECIMEN TAKEN

PATIENT

DATE / TIME

EXAMINATION REQUESTED
☐ CULTURE
☐ COLONY COUNT
☐ SMEAR
☐ SENSITIVITY
REPORT:

PREDOMINANT ORGANISM(S)

SENSITIVITY

MICROBIOLOGY I
Standard Form 553 (July 1971)—GSA FPMR 101-11.8

**LABORATORY REPORTS**
**Standard Form 514**
514-104

EX 30 - 316

Standard Form 60
General Services Administration and
Interagency Committee on Medical Records
FPMR 101-11.80ba
October 1974

C/7 23434

## CLINICAL RECORD | CYTOLOGY EXAMINATION Vaginal and Cervical

| DATE SMEAR OR MATERIAL OBTAINED | LMP 1ST DAY | GRAVIDA | PARA |
|---|---|---|---|
| Oct 28 77 | July ? | 1 | 0 |

### EXAMINATION      (X THOSE ITEMS APPLICABLE TO CASE)

| HISTORY | CERVIX | UTERUS | ADNEXA | OTHER: |
|---|---|---|---|---|
| ☐ ROUTINE SMEAR | ☒ NORMAL | ☒ NORMAL | ☐ NORMAL | |
| ☐ AMENORRHEA | ☐ LACERATION | ☐ ENLARGED | ☐ THICKENING | |
| ☐ DYSMENORRHEA | ☐ EROSION | ☐ FIBROIDS | ☐ TENDERNESS | |
| ☐ DYSPAREUNIA | ☐ EVERSION | ☐ ABSENT | ☐ CYST | |
| ☐ INFERTILITY | ☐ POLYP | | ☐ FROZEN | |
| ☐ IRREGULAR MENSES | ☐ CYST | | ☐ ABSENT | |
| ☐ LEUKORRHEA | ☐ TRICHOMONAS | | | |
| ☐ MENORRHAGIA | ☐ SENILE MUCOSA | | | |
| ☐ METRORRHAGIA | ☐ LEUKOPLAKIA | | | |
| ☐ PELVIC PAIN | ☐ FUNGUS | | | |
| ☐ POST COITAL BLEEDING | ☐ ABSENT | | | |
| ☒ PREGNANCY | | | | |
| ☐ PRURITUS | | | | |

### TREATMENT

| (X AND INCLUDE DATE) | | RADIATION | SURGERY |
|---|---|---|---|
| ☐ 1. ESTROGEN | ☐ 3. 1 AND 2 COMBINED | NONE ☒ | NONE ☒ |
| ☐ 2. ANDROGEN | ☐ 4. PROGESTERONE | TYPE ____ | TYPE ____ |

| PREVIOUS CYTOLOGY REPORT | SIGNATURE AND TITLE |
|---|---|
| ☒ NO    ☐ YES    DATE: | |

## CYTOLOGY REPORT

| NAME OF LABORATORY | ACCESSION NO.(S) |
|---|---|
| | |

### CLASSIFICATION      (X APPLICABLE FINDINGS)

| ☒ NEGATIVE | ☐ SUSPICIOUS | ☐ CYTOLOGIC CRITERIA FOR MALIGN. PRESENT |
|---|---|---|
| ☐ ESTROGEN EFFECT | ☐ PARABASAL | ☐ ERYTHROCYTES |
| ☐ PROGESTERONE EFFECT | ☐ ENDOMETRIAL | ☐ CORNIFIED |
| ☐ ANDROGEN EFFECT | ☐ HYPERPLASTIC ENDOCERVICAL | ☐ DEGENERATED |
| ☐ MENOPAUSAL | ☐ STELLATE | ☐ RADIATION CHANGES |
| ☐ ATROPHIC | ☐ LEUKOPLAKIC | ☐ TRICHOMONAS |
| ☐ POST PARTUM | ☐ GRANULOCYTES | ☐ YEAST |
| ☐ BASAL | ☐ HISTIOCYTES | |

COMMENTS:

*Scott W. Jordan*

Scott W. Jordan, M.D.
UNM Cytopathology Laborat
Albuquerque, New Mexico

CYTOLOGIC FINDINGS SHOULD NEVER BE INTERPRETED AS CONCLUSIVE EVIDENCE OF MALIGNANCY, BUT RATHER AS A DETECTION AID WHICH MUST BE CONFIRMED BY A TISSUE DIAGNOSIS

| SCREENED BY | |
|---|---|
| | UB 11/8/77 |

| SIGNATURE | TITLE | DATE |
|---|---|---|

| PATIENT'S IDENTIFICATION (Name—last, first, middle; grade; date; hospital or medical facility) | IDENTIFICATION NO. | AGE | SEX | COL |
|---|---|---|---|---|
| Mitchell, Sherry Lane | | 19 | F | 4 |
| | REGISTER NO. 02·21·77 | WARD OR CLINIC OP D | | |

CYTOLOGY EXAM
Standard For
PHS INDIAN HOS

EX 30 - 317

HSA—199—1 (FORMERLY HSM—199—1)
1—74

## PATIENT REFERRAL NOTICE

INSTRUCTIONS (This form may be used by Medical, Dental, and Paramedical personnel to refer DIH Beneficiaries for medical, dental or related services.)

**1. TO** (Name, title, and address of person or organization or institution to whom referral is made.)

TCH - GYN CLINIC

| 2. NAME OF PATIENT (Last Name, First Name, Middle Name) | 3. SEX | 4. BIRTH DATE | 5. REGISTRATION NO. |
|---|---|---|---|
| Mitchell Sherry Lane | F | '58 | |

| 6. ADDRESS | 7. TRIBE | 8. RESERVATION |
|---|---|---|
| Chichiltah | Navajo | |

**9. ADDITIONAL IDENTIFICATION**

F: George Mitchell    M: Betty Jo Mitchell

**10. REASON FOR REFERRAL** (Type of service requested)

LMP 6/77 ? Please evaluate for duration of pregnancy + re: possibility of TAB. Thanks.

**11. SIGNIFICANT MEDICAL OR DENTAL FACTORS** (Including diagnosis, prognosis, treatment, etc.)

uterus is ~14 weeks. Pt is heavy + strong, but size consistent ē pregnancy late July or early August. Had neg preg test Rehoboth int / 2nd week of Aug. —

**12. REPORT BY PARAMEDICAL PERSONNEL**

recommend Saline ab. / V.io Konyenta) in about 3 weeks.

[signature]

| 13. FROM (Name, title, and address of person making referral) | 14. DATE |
|---|---|
| Ellh /Kayenta | 10/26/77 |

EX 30 - 318

**DATE OF SERVICE:** 04/26/01

**DICTATING PROVIDER:** STEVEN ARROWSMITH M.D.

**HISTORY OF PRESENT ILLNESS:** This patient is a 42-year-old with a history of frequent urinary tract infections. She states that these date back to childhood. She is generally relatively asymptomatic when she experiences a urinary tract infection. She occasionally has some dysuria and low-back discomfort. She states that she had kidney infections as a child. She also states that she saw a urologist three years ago in California, who did some evaluation and placed her on prophylactic antibiotics. She denies any urinary incontinence or difficulty urinating. She is status post hysterectomy in June of 2000.

**PAST MEDICAL HISTORY:** The patient states that she had anemia as a result of menorrhagia related to uterine fibroids. She was diagnosed with type 2 diabetes in February of last year.

**PAST SURGICAL HISTORY:** Hysterectomy, which may have been simple removal of a fibroid, which is unclear from her record.

**CURRENT MEDICATIONS:**
1.    Glucophage.
2.    Amaryl.
3.    Vasotec.

This chart is returned to me eleven months after patient's presentation for re-dictation of a partially lost clinic note.

**ALLERGIES:** To the best of my recollection, patient had no known allergies.

**PHYSICAL EXAMINATION:** BACK: On examination, there is no costovertebral angle tenderness. ABDOMEN: Soft and non-tender.

Her findings on urinalysis are not recorded in the chart. Postvoid residual was assessed with ultrasound and found to be negligible.

**IMPRESSION:** Frequent urinary tract infection.

**PLAN:**

| MITCHELL,SHERRY | REHOBOTH MCKINLEY CHRISTIAN |
|---|---|
| ACCT #:  CD0000166772 | HEALTH CLINICS |
| DOB:          '/1958 | GALLUP, NM |
| DICT:     04/26/01 | CLINIC NOTES |
| TRANS:   05/07/01/DMR | |
| MR # :    MC00907186 | |

**DATE OF SERVICE:** 11/03/00

**DICTATING PROVIDER:** DURWARD LYNCH RNC FNP

**SUBJECTIVE:** The patient is here for history of noninsulin dependent diabetes mellitus. She recently was treated with Macrodantin for a urinary tract infection. Here to recheck her urine to update her follow up for her diabetes and renew her medicines.

**PHYSICAL EXAM:** Today shows HEENT within normal limits. Lungs are clear. Heart regular rate and rhythm. Back, abdomen and extremities: normal. Foot check is normal. No ulcers or edema. Urinalysis was done and was normal. Back up culture and sensitivity is pending. Glucose was 140 this morning. Hemoglobin A1C was 7.5. Microalbumin is +20.

**ASSESSMENT:** Urinary tract infection resolved and noninsulin dependent diabetes mellitus.

**TREATMENT AND PLAN**
1. No further antibiotic treatment is indicated pending culture and sensitivity.
2. Continue Vasotec 5 mg one daily #30 and 2 refills.
3. Increase Glucophage to 500 mg 1 bid #60 and 2 refills.
4. Continue Amaryl 2mg ♥1/2 tablet q a.m. #30 and refill.
5. The patient will follow up in three months. Return to clinic otherwise prn.
Continue home glucose monitoring as discussed.
<<Signature on File>>
 DURWARD LYNCH RNC FNP

| | |
|---|---|
| MITCHELL SHERRY<br>ACCT #:  CD0000120936<br>DOB:          /1958<br>DICT:      11/03/00<br>TRANS:    11/07/00/FAG | REHOBOTH MCKINLEY CHRISTIAN<br>HEALTH CLINICS<br>GALLUP, NM<br>CLINIC NOTES |

EX 31 - 320

**DATE OF SERVICE: 10/16/00**

**CHIEF COMPLAINT:** Back pain.

**HISTORY OF PRESENT ILLNESS:** This is a 42-year-old who has had a history of multiple kidney infections in the past. She said she felt the same symptoms coming on the end of last week with some fevers, chills, initial frequency and low back pain. She said it rarely affects the bladder. She most often has infection that goes up into the kidneys. She said she started drinking a lot of cranberry juice and water and some of the frequency is improved but she is still having significant low back pain. She said this was worked up when she lived in California and she had a renal ultrasound done, which she says were negative. She denies any history of renal stones. She is diabetic. She says her blood sugars have been running below 130 most of the time. She is not having any polyuria, polydipsia or polyphagia.

**CURRENT MEDICATIONS:**
1. Amaryl
2. Glucophage
3. Vasotec

**OBJECTIVE:** This is an alert pleasant 42-year-old who is in some mild discomfort. She is obese, in no acute distress. Blood pressure 118/88. She is afebrile here in the office. Back: lungs are clear bilaterally. She does have bilateral costovertebral angle tenderness. There is no spinal tenderness or paraspinous muscle tenderness. No suprapubic tenderness.

Data: urinalysis done today in the office was completely negative.

**ASSESSMENT:** Possible pyelonephritis based on symptoms.

**PLAN:**
1. I gave her prescription for Macrobid 100 mg one po bid for 10 days. She said that Cipro made her head swell.
2. Continue with increased fluids. I asked her to make a follow up appointment with Durward D. Lynch, RNC, FNP her primary care provider after the ten day course of antibiotics or to return if she had any worsening of her symptoms before that time. If she does have recurrence she may need repeat renal ultrasound and/or IVP. Depending on the results of that consideration of urology or nephrology referral.

NAC/fgg
<<Signature on File>>
NANCY CIAVARRI M.D.

| MITCHELL, SHERRY<br>ACCT #: CD0000120881<br>DOB:        '/1958<br>DICT:      10/16/00<br>TRANS:   10/20/00/FAG | REHOBOTH MCKINLEY CHRISTIAN<br>HEALTH CLINICS<br>GALLUP, NM<br>CLINIC NOTES |
|---|---|

DATE OF SERVICE: 06/13/00

Sherry has decided on a vaginal hysterectomy. The tumor is now 6 cm instead of 8 x 7. This is still fairly large, but probably reasonable a vaginal hysterectomy can be carried out. She is instructed however, that it may be necessary to go abdominal if we cannot do it vaginally.

Risks are discussed. The patient initially was quite reluctant to have a vaginal hysterectomy because of cultural beliefs. But, in view of the fact that she got a somewhat poor reception from the office in Albuquerque, where I had referred her, she no longer wishes to go that route. She is scheduled for June 22nd.

PLK/cla No charge sheet/no chart
<<Signature on File>>
 PHILIP L. KAMPS, M.D.

| | |
|---|---|
| MITCHELL, SHERRY<br>ACCT #: CD0000088198<br>DOB:          /1958<br>DICT:     06/14/00<br>TRANS:   06/20/00/CLA | REHOBOTH MCKINLEY CHRISTIAN<br>HEALTH CLINICS<br>GALLUP, NM<br>CLINIC NOTES |

EX 31 - 322

**DATE OF SERVICE:** 06/13/00

Follow-up on anemia, uterine fibroid and menorrhagia. Patient has decided against submucus resection hysteroscopically because she was upset with Dr. Harrison's office. She also apparently was opposed to a hysterectomy because of the cutting of her body, which apparently relates more to scars that can be seen and not to a vaginal surgery. She has now requested a vaginal hysterectomy to take care of this severe bleeding problem, which we have not controlled with Lupron. Fibroid has gotten down some, to make the surgery, I think possible vaginally. She would like to spare ovaries. She is scheduled for the 22nd for a vaginal hysterectomy.

99213, 76857:PLK/dmr
<<Signature on File>>
 PHILIP L. KAMPS, M.D.

| | |
|---|---|
| MITCHELL,SHERRY<br>ACCT #:  CD0000088198<br>DOB:       (    /1958<br>DICT:      06/13/00<br>TRANS:   06/23/00/DMR | REHOBOTH MCKINLEY CHRISTIAN<br>HEALTH CLINICS<br>GALLUP, NM<br>CLINIC NOTES |

EX 31 - 323

DATE OF SERVICE: 07/24/00

The patient is here for pain in her neck, which radiates down her right arm only to about the elbow. She believes it is related to muscle spasm. She has had no previous neck or whiplash injury. She is a non insulin dependent diabetic. She is doing home glucose monitoring. This is improving. She states usually having under 140 when she does an Accu-Chek. She is under a lot of stress. She believes this is a contributing factor and her blood pressure is elevated today; whether it is related to stress or pain, her blood pressure is 130/100, higher than usual.

**PHYSICAL EXAM:** Today shows good range of motion in her neck. She does seem to have muscle spasms on the right, no weakness or numbness in the hands or grips. Lungs are clear. Heart: regular rate and rhythm. Again, blood pressure is 130/100.

**ASSESSMENT:**
1. Stable control of diabetes.
2. Hypertension, inadequate control.
3. Wryneck.

**TREATMENT & PLAN:**
1. Continue current diabetic medications and glucose home monitoring.
2. Will increase Vasotec from 2.5 mg to 5 mg one daily, #30 and a refill.
3. For the wryneck, take Naprosyn 500 mg one b.i.d. with food, take this during the day, #60 and a refill, then at night she may take three.
4. Flexeril 10 mg one at h.s. p.r.n. for muscle spasms, #30 and a refill.
5. The patient should follow-up in one to two weeks to reevaluate neck, blood pressure and progress.

DL/ps
<<Signature on File>>
DURWARD LYNCH RNC FNP

| MITCHELL,SHERRY | REHOBOTH MCKINLEY CHRISTIAN |
|---|---|
| ACCT #: CD0000098929 | HEALTH CLINICS |
| DOB: /1958 | GALLUP, NM |
| DICT: 07/24/00 | CLINIC NOTES |
| TRANS: 07/25/00/PJS | |

**DOS:** 05-05-00

Anemia and heavy menstruation and leiomyoma of the uterus. Her hemoglobin has come up to 12.5. This is a dramatic improvement now. I talked to her atlength about hysterectomy. She is adamant that she does not want a hysterectomy because of her cultural beliefs. This has to do with being cut on and losing parts, it has nothing to do with her own thoughts of how she might otherwise feel. Even though she is educated she is adamant that she strongly believes in this cultural custom. She only wants the fibroid removed. She also wants a second opinion. I have encouraged her to get that and also to get it where the possibility of someone doing a hysteroscopic removal of the fibroid could be carried out. I will recheck her with ultrasound at her next visit to see how the fibroid is. Previously it was 8x7cm. If it got down below 5cm maximum I suspect it would be possible to do a resection with a hysteroscope. We will give her Lupron again today and see her in one month. She is encouraged to see if there is a place where she would like to get a second opinion. Otherwise we will send her to Bill Harrison

PLK:dw 99213, 85018
<<Signature on File>>
PHILIP L. KAMPS, M.D.

| MITCHELL,SHERRY<br>ACCT #:  CD0000071363<br>DOB:          /1958<br>DICT:     05/05/00<br>TRANS:  05/08/00/DRW | REHOBOTH MCKINLEY CHRISTIAN<br>HEALTH CLINICS<br>GALLUP, NM<br>CLINIC NOTES |
|---|---|

**FILED**

NOV 16 1984

LEE A. BRANCH, County Clerk

By _____ Deputy



CECIL HICKS, DISTRICT ATTORNEY
BY:   MARC ROZENBERG, Deputy
Family Support Division
700 Civic Center Drive West
Santa Ana, California 92701
Telephone:  (714) 834-6904
D.A. File No. 17-14-10
Attorney for Petitioner

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

| | | |
|---|---|---|
| SHERRY L. MITCHELL, | ) | CASE NO. 40-21-32 |
| Petitioner, | ) | |
| vs. | ) | ORDER RE SUPPORT PURSUANT |
| | ) | TO UNIFORM RECIPROCAL |
| FOSTER L. HEMIL, | ) | ENFORCEMENT OF SUPPORT ACT |
| Respondent. | ) | |
| | ) | |

This cause came on regularly for hearing on October 26, 1984, in Department 38 of the above-mentioned court, the Honorable LUIS CARDENAS, Judge presiding, pursuant to a URESA petition filed on April 28, 1983; and,

WHEREAS, the petitioner was represented by MARC ROZENBERG, Deputy District Attorney, County of Orange; and,

WHEREAS, the respondent, FOSTER L. HEMIL, has been personally served with Order to Show Cause in this action, and has not answered or otherwise pleaded or appeared; and,

After having considered the evidence presented, IT IS HEREBY ORDERED, ADJUDGED AND DECREED;

I.

That the respondent shall pay the sum of $150.00 per month per child for a total of $150.00, for the support of LEZMOND MITCHELL, born September 17, 1981, payable on the 1st day of each month, the first payment to be due on or before November 1, 1984, and continuing thereafter until said dependent reaches majority, becomes emancipated or until further order of the court.

II.

That the respondent owes as Blood Test reimbursement the sum of $300.00.

III.

All payments shall be made in the form of cashier's checks or money orders only, payable to County of Orange, and mailed to the Office of the District Attorney, Family Support Division, P.O. Box 448, Santa Ana, CA 92702. Respondent

F0234-106 (4/82)

**EX 32 - 326**

shall place D.A. File No. 17-14-10 on each payment.  Failure to pay pursuant to this order will result in your wages being attached (CCP 4701).

Dated: _____ NOV 0 8 1984 _____

Judge of the Superior Court

-2-

0008A-0144D

EX 32 - 327

60

IN AND FOR THE COUNTY OF ORANGE

_900_ (AM) (PM) _10-__ 19 _84_ Dept. _38_

Hon. _Luis A. Cardenas_ Judge _M. Turner_ Clerk _C. Stuart_ _____ Rptr

CASE NO. D _40-21-32, Mitchell_ VS. _Hemil_

☒ ORDER TO SHOW CAUSE RE   ☐ CONTEMPT;   ☐ MODIFICATION;   ☐ MOTION;   ☒ _Re Citation_

☒ _____. M. Rozenberg DDA_
Pet/PLTF (PRESENT) (NOT PRESENT) represented by Atty. _____

☒ Resp/DEFT (PRESENT) (NOT PRESENT) represented by Atty. _N/A_

☐ Hearing   ☐ ordered off calendar   ☐ continued to _____ 19___ at _____ (AM) (PM) in Dept._____
all parties and witnesses are ordered to return at that time. Witnesses present are: _____

_____

☐ Court advised (PET/PLTF) (RESP/DEFT) of, and (PET/PLTF) (RESP/DEFT) waived, (his) (her) Constitutional Rights and consequences of conviction if he is not a citizen.

☐ Court finds a knowing waiver of rights and a factual basis for the plea.

☐ The following persons were sworn and testified: _____

_____

_____

☐ Order pursuant to written stipulation signed this date.

☐ Bench Warrant ordered   ☐ recalled and cancelled   ☐ issued as to _____
(and held until _____ 19__).   Bail set in amount of $ _____ (     ) bail reinstated

☐ Bail ordered (FORFEITED) (EXONERATED).   ☐ (PET) (RESP) found not in contempt and ordered discharged.

☐ (PET/PLTF) (RESP/DEFT) found to have had knowledge of and ability to comply with the following orders of this Court:_____

_____

_____

_____

☐ (PET) (RESP) found to have intentionally failed to comply.

☐ (PET) (RESP) adjudged in contempt of Court's Orders on counts _____, _____, _____, _____, inclusive and ordered confined in Orange County Jail for _____ days on each count, to be served (consecutively) (concurrently); imposition of sentence suspended and (PET) (RESP) placed on ____years informal probation on following conditions: _____

_____

_____

☐ That previous order of the Court dated_____ 19__ is ordered modified as follows: _____

(X) _Court orders default judgment as prayed_
_DA to prepare order._

_____

_____

_____

_____

_____

_____

☐ Counsel for (Petitioner) (Respondent) to prepare and submit order to opposing counsel for approval as to form and content.

ORDER TO SHOW CAUSE RE CONTEMPT/MODIFICATION MINUTE ORDER

EX 32 - 328

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**IN AND FOR THE COUNTY OF ORANGE**

_____ (AM) (PM) _____ 7 13 19 84 Dept. 35 _____

Hon. _Lynn H. Cardenas_ Judge _M Turner_ Clerk _C Stewart_ _____ Rptr

CASE NO. Of _____ _Mitchell_ VS. _Hemil_ _____

☐ ORDER TO SHOW CAUSE RE   ☐ CONTEMPT;   ☐ MODIFICATION;   ☐ MOTION;   ☒ _Violation_

☒ Pet/PLTF (PRESENT) (NOT PRESENT) represented by Atty. _M Hemer DDA_

☐ Resp/DEFT (PRESENT) (NOT PRESENT) represented by Atty. _N/A_

☐ Hearing   ☐ ordered off calendar   ☒ continued to _10-26_ 19 84 at _9:00_ (AM) (PM) in Dept. _35_
all parties and witnesses are ordered to return at that time. Witnesses present are: _____

☐ Court advised (PET/PLTF) (RESP/DEFT) of, and (PET/PLTF) (RESP/DEFT) waived, (his) (her) Constitutional Rights and consequences of conviction if he is not a citizen.

☐ Court finds a knowing waiver of rights and a factual basis for the plea.

☐ The following persons were sworn and testified: _____

☐ Order pursuant to written stipulation signed this date.
☒ Bench Warrant ordered   ☐ recalled and cancelled   ☒ issued as to _Foster L Hemil_
(and held until _10-26_ 19 84 Bail set in amount of $ _____   (   ) bail reinstated

☐ Bail ordered (FORFEITED) (EXONERATED).   ☐ (PET) (RESP) found not in contempt and ordered discharged.

☐ (PET/PLTF) (RESP/DEFT) found to have had knowledge of and ability to comply with the following orders of this Court: _____

☐ (PET) (RESP) found to have intentionally failed to comply.

☐ (PET) (RESP) adjudged in contempt of Court's Orders on counts ____, ____, ____, ____, inclusive and ordered confined in Orange County Jail for _____ days on each count, to be served (consecutively) (concurrently); imposition of sentence suspended and (PET) (RESP) placed on ___ years informal probation on following conditions: _____

☐ That previous order of the Court dated _____ 19___ is ordered modified as follows: _____

☐ Counsel for (Petitioner) (Respondent) to prepare and submit order to opposing counsel for approval as to form and content.

**EX 32 - 329**

IN AND FOR THE COUNTY OF ORANGE

9⁰⁰ _____ (AM) (PM) ____ ● 4 ● 7 19 84 Dept. ● 38 ●

Hon. _Luis A. Cardenas_ Judge _M. Turner/J. Pullian_ Clerk _C. Stewart_ ____ Rptr

CASE NO. D-_40-21-32_ _Mitchell_ vs. _Hemil_

☒ ORDER TO SHOW CAUSE RE   ☐ CONTEMPT;   ☐ MODIFICATION;   ☐ MOTION;   ☒ _Citation_

_____   _M. Geiser DDA_

☒ Pet/PLTF (PRESENT) (NOT PRESENT) represented by Atty. _____

☒ Resp/DEFT (PRESENT) (NOT PRESENT) represented by Atty. _____

☒ Hearing   ☐ ordered off calendar   ☒ continued to _7/3_ 19 84 at _9_ (AM) (PM) in Dept. _38_
all parties and witnesses are ordered to return at that time. Witnesses present are: _____

_____

☐ Court advised (PET/PLTF) (RESP/DEFT) of, and (PET/PLTF) (RESP/DEFT) waived, (his) (her) Constitutional Rights and consequences
of conviction if he is not a citizen.

☐ Court finds a knowing waiver of rights and a factual basis for the plea.

☐ The following persons were sworn and testified: _____

☐ Order pursuant to written stipulation signed this date.
☒ Bench Warrant ordered , ☐ recalled and cancelled   ☒ issued as to _Foster L. Hemil_ _____
(and held until _7/3_ 19 84.   Bail set in amount of $ _2,000.00_ (   ) bail reinstated

☐ Bail ordered (FORFEITED) (EXONERATED).   ☐ (PET) (RESP) found not in contempt and ordered discharged.

☐ (PET/PLTF) (RESP/DEFT) found to have had knowledge of and ability to comply with the following orders of this Court: _____
_____
_____
_____

☐ (PET) (RESP) found to have intentionally failed to comply.

☐ (PET) (RESP) adjudged in contempt of Court's Orders on counts ____, ____, ____, ____, inclusive and ordered confined in
Orange County Jail for _____ days on each count, to be served (consecutively) (concurrently); imposition of sentence suspended
and (PET) (RESP) placed on ____ years informal probation on following conditions: _____
_____
_____

☐ That previous order of the Court dated _____ 19__ is ordered modified as follows: _____

_____
_____
_____
_____
_____
_____
_____

☐ Counsel for (Petitioner) (Respondent) to prepare and submit order to opposing counsel for approval as to form and content.

ORDER TO SHOW CAUSE RE CONTEMPT/MODIFICATION MINUTE ORDER

EX 32 - 330

FILED

FEB 17 1984

LEGAL ____ Clerk

BY _____ RALK ____ Deputy

CECIL HICKS, DISTRICT ATTORNEY
BY: BRUCE M. PATTERSON, Deputy
Family Support Division
700 Civic Center Drive West
Santa Ana, California 92701
Telephone: (714) 834-3610
D. A. File No. 17-14-10
Attorney for Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

SHERRY L. MITCHELL,

Plaintiff/Petitioner,

vs.

FOSTER L. HEMIL,

Defendant/Respondent.

CASE NO. 40-21-32

PROOF OF SERVICE OF MAIL OF:
STIPULATION AND ORDER REGARDING
PATERNITY, SUPPORT AND BLOOD TESTS

(VERIFICATION — 446, 2015.5 C. C. P.)

STATE OF CALIFORNIA
COUNTY OF ORANGE  } ss.

I am the _____

_____

in the above entitled action; I have read the foregoing _____

_____

and know the contents thereof; and I certify that the same is true of my own knowledge, except as to those

matters which are therein stated upon my information or belief, and as to those matters I believe it to be true.

_____

_____

I certify (or declare), under penalty of perjury,* that the foregoing is true and correct.

Executed on _____ at _____, California.
           (date)               (place)

_____
        Signature


(PROOF OF SERVICE BY MAIL — 1013a, 2015.5 C. C. P.)

STATE OF CALIFORNIA
COUNTY OF ORANGE  } ss.

I am a citizen of the United States and a resident of and/or an employee in the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is:

700 Civic Center Drive West, Santa Ana, California

On __February 17__, 19_84_, I served the within __STIPULATION AND ORDER__

REGARDING PATERNITY, SUPPORT AND BLOOD TESTS

on the __Interested Parties__

in said action, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid,

in the United States mail at __700 Civic Center Drive West, Santa Ana, California 92701__
addressed as follows:

MARY JO ANDERSON                       FOSTER L. HEMIL
Family Service Coordinator              2300 Fairview, #C-205
Coconino County Attorney               Costa Mesa, California
Coconino County Courthouse
Flagstaff, Arizona 86001

I certify (or declare), under penalty of perjury,* that the foregoing is true and correct.

Executed on __February 17, 1984__ at __Santa Ana__, California
           (date)              (place)

*Cheri Cumberworth*
        Signature

CHERI CUMBERWORTH

* Both the verification and proof of service by mail forms, being signed under penalty of perjury, do not require notarization.

CECIL HICKS, DISTRICT ATTORNEY
BY: TERESA A. VISCOLI
    Deputy District Attorney
Family Support Division
700 Civic Center Drive West
Santa Ana, CA   92702
Telephone:  (714) 834-3610
Attorney for Plaintiff
D.A. File #:  17-14-10

**F I L E D**

JAN 2 5 1984

LEE A. BRANCH, County Clerk

by _____ Deputy

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

SHERRY L. MITCHELL,                )
                                   )
                    Plaintiff,     )
                                   )
        vs.                        )
                                   )
                                   )
FOSTER L. HEMIL,                   )
                                   )
                    Defendant.     )
                                   )

Case No. 40-21-32

ORDER TO SHOW CAUSE
(Uniform Reciprocal Enforcement
of Support Act)

TO THE ABOVE NAMED DEFENDANT whose address is: 2300 Fairview #C205, Costa Mesa, CA.

_____

You are ordered to appear in this court, located at 700 Civic Center Drive West, Courthouse, Santa Ana, California, on **Friday, April 27 1984**

at ____9:00____ a.m., Department 38, pursuant to the California Code of Civil Procedure, Section 1680(b), to show cause why an order should not be made and entered on the basis of the petition on file herein, referred to and made a part hereon, directing you to pay such sums as the court may determine for the support of your dependent(s).

DATED: January 26, 1984

_____
        JUDGE OF THE SUPERIOR COURT

FAILURE TO APPEAR MAY RESULT IN A BENCH WARRANT BEING ISSUED FOR YOUR ARREST.

/dv

F0234-215.4

## PROOF OF SERVICE

I served the foregoing Order to Show Cause by personally handing a copy

of said Order to Show Cause to the defendant as follows:

Name of Defendant: FOSTER L. HEMIL

Date and time of service:  January 26, 1984 at 11:17 a.m.

Address where served:  700 Civic Center Dr., West, Santa Ana, CA  92701

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  January 26, 1984        at  Santa Ana        , California.

_Mary Ronne_

EX 32 - 334

48

IN AND FOR THE COUNTY OF ORANGE

9 00 (AM) (PM) ___ 1-0 19 84 Dept. 38

Hon. _Luis A. Cardenas_ Judge _M. Turner_ Clerk _S. Jones pro tem_ Rptr

CASE NO. X 40-21-32 _Mitchell_ vs. _Hemil_

ORDER TO SHOW CAUSE RE ☐ CONTEMPT; ☐ MODIFICATION; ☐ MOTION; ☒ _Citation_

Pet/PLTF (PRESENT) (NOT PRESENT) represented by Atty. _T. Viscoli DDA_

Resp/DEFT (PRESENT) (NOT PRESENT) represented by Atty. _N/A_

Hearing ☒ ordered off calendar ☐ continued to _____ 19____ at _____ (AM) (PM) in Dept. _____

all parties and witnesses are ordered to return at that time. Witnesses present are: _____

_____

☐ Court advised (PET/PLTF) (RESP/DEFT) of, and (PET/PLTF) (RESP/DEFT) waived, (his) (her) Constitutional Rights and consequences of conviction if he is not a citizen.

☐ Court finds a knowing waiver of rights and a factual basis for the plea.

☐ The following persons were sworn and testified: _____

_____

☐ Order pursuant to written stipulation signed this date.

☐ Bench Warrant ordered ☐ recalled and cancelled ☐ issued as to _____
(and held until _____ 19__). Bail set in amount of $ _____ ( ) bail reinstated

☐ Bail ordered (FORFEITED) (EXONERATED). ☐ (PET) (RESP) found not in contempt and ordered discharged.

☐ (PET/PLTF) (RESP/DEFT) found to have had knowledge of and ability to comply with the following orders of this Court: _____

_____

☐ (PET) (RESP) found to have intentionally failed to comply.

☐ (PET) (RESP) adjudged in contempt of Court's Orders on counts _____, _____, _____, _____, inclusive and ordered confined in Orange County Jail for _____ days on each count, to be served (consecutively) (concurrently); imposition of sentence suspended and (PET) (RESP) placed on ____years informal probation on following conditions: _____

_____

☐ That previous order of the Court dated_____ 19___is ordered modified as follows: _____

_____

☐ Counsel for (Petitioner) (Respondent) to prepare and submit order to opposing counsel for approval as to form and content.

ORDER TO SHOW CAUSE RE CONTEMPT/MODIFICATION MINUTE ORDER

EX 32 - 335

CECIL HICKS, DISTRICT ATTORNEY
BY: TERESA VISCOLI, Deputy
Family Support Division
700 Civic Center Drive West
Santa Ana, California 92701
D. A. File No. 17-14-10
Telephone: (714) 834-6904
Attorney for Plaintiffs

**FILED**

SEP 2 1983

LEE A. BRANCH, County Clerk

By _____ Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

CASE NO. 40-21-32

SHERRY L. MITCHELL,

Petitioner,

vs.

FOSTER L. HEMIL,

Respondent.

STIPULATION AND ORDER
REGARDING PATERNITY, SUPPORT
AND BLOOD TESTS

It is stipulated by the parties:

I.

Pursuant to Evidence Code Section 892, the respondent, FOSTER L. HEMIL, the mother, SHERRY L. MITCHELL, and the minor child, LEZMOND CHARLES MITCHELL, shall submit to blood tests, at a date and time to be agreed upon by the parties, to be performed under the control and supervision of Dr. Jeffrey W. Morris, at the Parentage Testing Center, 29th Street Regional Laboratory, 750 East 29th Street, Signal Hill, California. Dr. Morris shall be appointed as an expert witness to identify the tissue types and blood systems of those tested and to determine either that the respondent can be excluded as being the father of the child or the statistical probability that the respondent may be the father of said child.

II.

The respondent, FOSTER L. HEMIL is directed to submit to such test at the Parentage Testing Center, 29th Street Regional, 750 East 29th Street, Signal Hill, California, at a date and time to be determined for the purpose of taking said test.

III.

The minor child and the minor child's mother are to submit to a drawing of their blood as directed by the Office of the District Attorney for the purpose of shipment of their blood samples to the 29th Street Regional Laboratory.

//

F0234-106 (4/82)

IV.

A written signed report on the blood test results shall be submitted to counsel for the parties by the Parentage Testing Center. The reports and results of the tests shall be admissible as evidence without further foundation for the purpose of proving paternity in any legal proceeding, whether criminal or civil.

V.

If the blood test results indicate that the respondent cannot be the father of the child, counsel for plaintiffs shall dismiss this action with prejudice within a reasonable period of time following said determination.

VI.

In the event the analysis of the blood test indicates that there is at least ninety percent (90%) probability that the respondent is the natural father of the child, LEZMOND CHARLES MITCHELL, born September 17, 1981, judgment shall be entered for the petitioner that FOSTER L. HEMIL is the natural father and that SHERRY L. MITCHELL is the natural mother of said child. The issues of amount, duration and method of payment of support shall be reserved until time of hearing.

VII.

The expense of such test in the sum of $450.00 plus any additional charges for the drawing and shipment of blood samples of the minor child and the child's mother shall be advanced by the Prosecuting Attorney, State of Arizona. If the respondent is found to be the father of the minor child, he shall reimburse the Prosecuting Attorney, State of Arizona, for the costs of testing, drawing and shipment advanced.

VIII.

Respondent's Waiver of Rights For Stipulation and Order Regarding Admission of Paternity and Agreement to Pay Child Support and Arrearage/Welfare Reimbursement is attached hereto and incorporated by reference as though fully set forth herein.

//
//
//
//
//
//
//
//
//
//

-2-

EX 32 - 337

IX.

Judgment may be entered in accordance with this stipulation.

Dated: 9-2-83

_____
Respondent

Dated:_____

_____
Attorney for Respondent

Dated:_____

_____
Mother of Minor Child

Dated:_____

_____
Prosecuting Atty.-Initiating State

Dated:_____

_____
Deputy District Attorney

ORDER

The above stipulation is approved and it is so ordered.

Dated: Sept 2, 1983

_____
JUDGE OF THE SUPERIOR COURT

-3-

8A-4741C

EX 32 - 338

JOHN VERKAMP
Coconino County Attorney
Coconino County Courthouse
Flagstaff, Arizona 86001
Telephone:  (602) 779-6518

ATTORNEY FOR PETITIONER


IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF COCONINO

| | | |
|---|---|---|
| Sherry L. Mitchell, | ) | |
| Petitioner, | ) | No. 1502 |
| vs. | ) | TESTIMONY OF |
| Foster L. Hemil, | ) | Sherry L. Mitchell |
| Respondent. | ) | |

Sherry L. Mitchell, the Petitioner herein, being duly sworn, testifies as follows:

1.  What is your full name?  Sherry L. Mitchell

2.  What is your present address? Mailing: Box 305, Lukachukai, Az. 86507

3.  How long have you resided in Arizona? 6 yrs.  Where did you reside prior to moving to Arizona?  New Mexico.

4.  What is your Social Security number?  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

5.  Are you employed?  No  How long have you been at your present place of employment?  N/A  What are your earnings?  N/A

6.  Are you receiving any type of assistance and/or public aid?  No   If so, what type, and what amount.  N/A

7.  Do you have any other sources of income?  I have scholastic scholarships

8.  What is the full name of the Respondent? Foster L. Hemil

Page -1-

EX 32 - 339

9.  When and where were you married to the Respondent?
    N/A

10. Are you still the wife of the Respondent?  Never married

11. If you are <u>not</u> still the wife of Respondent, state date divorce was granted, county where granted, state where granted, and name of Court where granted.  None

12a. ANSWER ONLY IF CHILDREN FOR WHOM SUPPORT IS SOUGHT WERE BORN <u>IN WEDLOCK</u>.

    Were any children born of this marriage?
    What are the names, ages, and dates of birth?


    Do you have legal custody of the above named children?

    How was legal custody established?  None

12b. ANSWER ONLY IF CHILDREN FOR WHOM SUPPORT IS SOUGHT WERE BORN <u>OUT OF WEDLOCK</u>.

    State the full name, date of birth, and place of birth of each minor child of whom the respondent is the father.
    Lezmond Charles Mitchell   1 1/2 yrs.          9-17-81


    Has the paternity of any of the children been judicially determined?  No

    When and by what court?  N/A

    If paternity has not been determined by a court, have you other evidence which would supplement your allegation of paternity?  (Attach such evidence)
    N/A

    Do you have legal custody of each of the above named minor children?  I have physical custody of Lezmond.

    How was legal custody established?  N/A

13. When did Respondent last live with you?  Never lived together.

14a. If you have a court order for support, was the Respondent ordered to pay through the Clerk of the Court? No Order   If so, which Clerk?

Page -2-

EX 32 - 340



14b. Since the time your court order for support became effective (if not specified in the Order, the date the Judge signed it), how much child support money have you received directly from the Respondent and not through any Clerk's office? Please give a month to month to month breakdown including dates, amounts and whether you have any receipts to document these amounts: None

14c. Since the time your court order for support became effective (if not specified in the Order, the date the Judge signed it), has the child (children) resided with the Respondent for any period longer than two consecutive weeks? No  If yes, please specify.

15. Is there a complaint or an order for support in any court? No   If so, name the court and amount. Attach copy of order.  None.

16. Are there any other pending actions in any court? (Divorce, adoption, etc.?)  No

17. Are you in good health?  Yes

18. Are the children in good health?  Yes  If not, give details.

19. Have you any debts outstanding?  No        (Credit card balances, installment payments, etc.)

20. What do you require per month for the support of yourself and/or your children?  $150.00 per month

What is the total number of people in your household?   2

| | |
|---|---:|
| Rent | $ 156.00 |
| Groceries and household supplies | 80.00 |
| School Lunches | 0.0 |
| Clothes (this sum must be modest)_____ (includes disposable diapers) | 50.00 |
| Entertainment (sum must be modest)___ | 20.00 |
| Transportation | 0.0 |
| Auto expenses (insurance, gas, oil | 20.00 |
| Medical and Dental | 10.00 |
| Utilities | 0.0 |
| Child Care | 200.00 |
| Laundry and Cleaning | 15.00 |
| Other_____Tuition and books | 95.00 |
| TOTAL | $ 646.00 |

Page -3-

EX 32 - 341

21. If you do not receive support from Respondent, will it be necessary for you to apply to Department of Economic Security and both you and your children become public charges?  Probably

22. Where is respondent now living?  720 W. Victoria #E 2, Costa Mesa, California 92627.

23. What is respondent's usual occupation?  Student

24. Where is the Respondent employed, and what is his salary?  unknown

25. To your knowledge does Respondent have any additional income?  unknown

26. Does Respondent own any property?  unknown

27. Please describe respondent.

Age: 24 ;  Date of Birth: 7-58 ;  Weight: 160 ;

Height: 5'4" ;  Race: Marshallese (born in Marshall Islands ;  Hair:  Black ;_

Eyes: Brown ;  Place of Birth:  Marshall Islands;_

Sex: Male ;  Social Security Number: unknown ;

List any other names by which Respondent is known: None

Does Respondent have any distinguishing marks? (Scars, amputations, tatoos, etc.)  None

28. Do you have any other information which could be of value to the Court of the responding State?  (Does he own a car, and if so, what is the make and year, color, etc.)  unknown

EX 32 - 342

_Sherry L. Mitchell_
PETITIONER

STATE OF ARIZONA        )
                        )   ss.
County of Coconino      )

   SUBSCRIBED AND SWORN to before me this 12th day of

April, 1983, by Sherry L. Mitchell.

_Mary Jo Anderson_
NOTARY PUBLIC

My Commission Expires:

_July 31, 1986_

Page -5-

EX 32 - 343

JOHN VERKAMP
Coconino County Attorney
Coconino County Courthouse
Flagstaff, Arizona 86001
Telephone:  (602) 779-6518

ATTORNEY FOR PETITIONER

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF COCONINO

| | | |
|---|---|---|
| Sherry L. Mitchell, | ) | |
| PETITIONER, | ) | NO.  1502 |
| VS. | ) | CERTIFICATE |
| Foster L. Hemil, | ) | |
| RESPONDENT. | ) | |

The undersigned, a Judge of the Superior Court of the State of Arizona in and for the County of Coconino, hereby certifies:

1.  THAT on the 12th of April, 1983, a verified complaint was filed by the above named Petitioner and against the above named Respondent under the provisions of the Uniform Reciprocal Enforcement of Support Act (Chapter 34, Laws of 1953) to compel the support of the dependent(s) named in that petition.

2.  THAT the above named Respondent is believed to be present in Costa Mesa, California, and that the Court of Orange County may obtain jurisdiction of the Respondent or his property.

3.  THAT the undersigned, a Judge of the Superior Court of the State of Arizona, in and for the County of Coconino, has examined the verified complaint and finds that the dependent(s) named in the petition, are in need of support from the Respondent.

Page -1-

EX 32 - 344

4. THAT in the opinion of the undersigned Judge, the petition sets forth facts from which it may be determined that the Respondent owes a duty of support and that such Respondent should be dealt with according to law.

WHEREFORE, it is hereby ordered that this certificate together with certified copies of the petition be transmitted to the Court of Orange County, California.

DONE IN OPEN COURT this 15th day of April, 1983.

_John H. Grace_
Judge of the Superior Court

The foregoing instrument is a full, true and correct copy of the original on file in this office.

Attest_____4-19-_____19 83
JO WYCOFF, Clerk of the Superior Court of the State of Arizona, in and for the county of Coconino.

BY_____Nancy Winess_____Deputy

Page -2-

EX 32 - 345

## INTERSTATE ACTION

| A-INITIATING JURISDICTION | DATE: 4-19-83 |
|---|---|

**1. AGENCY/JURISDICTION    NAME, ADDRESS**

Coconino County Attorney
Coconino County Courthouse
Flagstaff, Az. 86001

FIPS CODE

PHONE NO.
(602) 779-6518

**2. COLLECTION LOCATION (IF NOT AS ABOVE)    NAME, ADDRESS**

Clerk of Superior Court
Coconino County Courthouse
Flagstaff, Arizona 86001

FIPS CODE

PHONE NO.
(602) 779-6541

**3.** ☐ AFDC CASE    ☒ NON AFDC CASE    CASE I.D. 1502

**4. ARREARAGE DUE (OPTIONAL)    AMOUNT $**    COURT ORDERED OR ADMIN. OBLIGATION _ AMOUNT $ FREQUENCY: N/A

**5. CUSTODIAN NAME**    Sherry L. Mitchell

| 6. NAME(S) OF CHILDREN | DOB | NAME(S) OF CHILDREN | DOB |
|---|---|---|---|
| Lezmond Charles Mitchell | 9-81 | | |
| | | | |
| | | | |

**7. ABSENT PARENT NAME, ADDRESS**

Foster L. Hemil, 720 W. Victoria #E-2, Costa Mesa, CA. 92627    SSN IF KNOWN    unknown

**8. ABSENT PARENT EMPLOYER ADDRESS IF KNOWN**

unknown

**9.    STATUS CHANGE**

| | | PAYMENT FREQUENCY |
|---|---|---|
| ☐ OBLIGATION - NEW AMOUNT $ _____ | EFF. DATE _____ | |
| ☐ TERMINATION | EFF. DATE _____ | REASON |
| ☐ AFDC TO NON AFDC    ☐ NON AFDC TO AFDC | EFF. DATE _____ | ARREARAGE OWED (Optional) $ |

**10.    INCENTIVE**

INCENTIVE AMOUNT BEING PAID    $

**11.** I CERTIFY THAT THIS CASE IS BEING INITIATED PURSUANT TO AN AUTHORIZED STATE PLAN UNDER TITLE IV-D OF THE SOCIAL SECURITY ACT    SIGNATURE

| B-RESPONDING JURISDICTION | DATE: |
|---|---|

**1. AGENCY/JURISDICTION    NAME, ADDRESS**

DA, Orange County, Family Support
P.O. Box 448
Santa Ana, CA 92702

FIPS CODE

PHONE NO.

**2. COLLECTION AMOUNT    $**    CASE I.D.

**3.    STATUS CHANGE**

☐ CHANGE IN LOCATION    NEW LOCATION (IF KNOWN)

| ☐ REQUEST FOR TERMINATION | EFF DATE | REASON | |
|---|---|---|---|
| ☐ CHANGE ON ESTABLISH OBLIGATION | | NEW AMOUNT | EFF DATE AND FREQ. |

**4.** THIS IS TO INFORM YOU THAT RECIEPT OF YOUR REQUEST TO ENFORCE AND COLLECT CHILD SUPPORT ON THE ABOVE CASE IS HEREBY ACKNOWLEDEGED.    SIGNATURE

Form OCSE-8 (2-79)

**4. RESPONDING AGENCY**

EX 32 - 346

JOHN VERKAMP
Coconino County Attorney
Coconino County Courthouse
Flagstaff, Arizona 86001
Telephone:  (602) 779-6518
ATTORNEY FOR PETITIONER

## APPLICATION

I, the undersigned, hereby acknowledge that I have requested assistance from the Coconino County Attorney's Office in collecting support due and owing from Foster L. Hemil for child support, to which I am entitled, upon application, under Federal Law and the Child Support Enforcement Program of Arizona.

I further agree that the County Attorney's Office may use any legal procedure in attempting to locate and collect the support obligation from the above named individual.  If necessary, I request use of the Federal parent locator services, and help in establishing paternity.

This confirms that any child support services I requested and/or received before this form was available, were sought and applied for under the Child Support Enforcement Program described in Public Law 93-647.

DATED this 12th day of April, 1983.

_____
Sherry L. Mitchell

Subscribed and sworn to before me this 12th day of April, 1983, by Sherry L. Mitchell.

_____
Notary Public

My Commission Expires:

_____
July 31, 1986

Page -1-

EX 32 - 347

3-083 (11-82)
replaces LS-111)

# ARTICLE 10.
## REVISED UNIFORM RECIPROCAL ENFORCEMENT OF SUPPORT ACT
### ARTICLE 10. REVISED UNIFORM RECIPROCAL ENFORCEMENT OF SUPPORT ACT

Sec. 12-1651 **Definitions.** In this article, unless the context otherwise requires:

1. "Court" means the superior court of this state and when the context requires, means the court of any other state as defined in a substantially similar reciprocal law.

2. "Duty of support" means a duty of support whether imposed or imposable by law or by order, decree, or judgment of any court, whether interlocutory or final or whether incidental to an action for divorce, separa-n, separate maintenance, or otherwise and includes the duty to pay arrearages of support past due and unpaid.

3. "Governor" includes any person performing the functions of governor or the executive authority of any state covered by this law.

4. "Initiating court" means the court in which a proceeding is commenced.

5. "Initiating state" means a state in which a proceeding pursuant to this or a substantially similar reciprocal law is commenced.

6. "Law" includes both common and statutory law.

7. "Obligee" means a person, including a state or political subdivision, to whom a duty of support is owed or a person, including a state or political subdivision, that has commenced a proceeding for enforcement of alleged duty of support or for registration of a support order. It is immaterial if the person to whom a duty of support is owed is a recipient of public assistance.

8. "Obligor" means any person owing a duty of support or against whom a proceeding for the enforcement of a duty of support or registration of a support order is commenced.

9. "Prosecuting attorney" means the public prosecutor in the appropriate county who has the duty to enforce criminal laws relating to the failure to provide for the support of any person.

10. "Register" means to file in the registry of foreign support orders.

11. "Registering court" means any court of the state in which a support order of a rendering state is registered.

12. "Rendering state" means a state in which the court has issued a support order for which registration is sought or granted in the court of another state.

13. "Responding court" means the court in which the responsive proceeding is commenced.

14. "Responding state" means a state in which any responsive proceeding pursuant to the proceeding in the initiating state is commenced.

15. "State" includes a state, territory, or possession of the United States, the District of Columbia, the Commonwealth of Puerto Rico, and any foreign jurisdiction in which this or a substantially similar reciprocal law in effect.

16. "Support order" means any judgment, decree, or order of support in favor of an obligee whether temporary or final, or subject to modification, revocation, or remission, regardless of the kind of action or proceeding in which it is entered.

Section 12-1652 **Remedies additional to those now existing.** The remedies provided in this article are in addition to and not in substitution for any other remedies.

Sec. 12-1653 **Extent of duties of support.** Duties of support arising under the law of this state, when applicable under section 12-1656, bind the obligor present in this state regardless of the presence or residence of the obligee.

Section 12-1654 **Interstate rendition.** A. The governor of this state may: 1. Demand the governor of another state the surrender of a person found in that state who is charged criminally in this state with failing to provide for the support of any person.

2. Surrender on demand by the governor of another state a person found in this state who is charged criminally in that state with failing to provide for the support of any person.

B. Provisions for extradition of criminals not inconsistent with this article apply to the demand even if the person whose surrender is demanded was not in the demanding state at the time of the commission of the crime and has not fled therefrom.

C. The demand, the oath, and any proceedings for extradition pursuant to this section need not state or show that the person whose surrender is demanded has fled from justice or at the time of the commission of the ime was in the demanding state.

Sec. 12-1655. **Conditions of interstate rendition.** A. Before making the demand upon the governor of another state for the surrender of a person charged criminally in this state with failing to provide for the support a person, the governor of this state may require any prosecuting attorney of this state to satisfy him that at least sixty days prior thereto the obligee initiated proceedings for support under this article, or that any proceeding would be of no avail.

B. If, under a substantially similar law, the governor of another state makes a demand upon the governor of this state for the surrender of a person charged criminally in that state with failure to provide for the support of a person, the governor may require any prosecuting attorney to investigate the demand and to report to him whether proceedings for support have been initiated or would be effective. If it appears to the governor that a proceeding would be effective but has not been initiated, he may delay honoring the demand for a reasonable time to permit the initiation of a proceeding.

C. If proceedings have been initiated and the person demanded has prevailed therein, the governor may decline to honor the demand. If the obligee prevailed and the person demanded is subject to a support order, the governor may decline to honor the demand if the person demanded is complying with the support order.

Sec. 12-1656 **Choice of law.** Duties of support applicable under this article are those imposed under the laws of any state where the obligor was present for the period during which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown.

Sec. 12-1657 **Remedies of state or political subdivision furnishing support.** If a state or a political subdivision furnishes support to an individual obligee, it has the same right to initiate a proceeding under this article as the individual obligee for the purpose of securing reimbursement for support furnished and of obtaining continuing support.

Sec. 12-1658 **How duties of support enforced.** All duties of support, including the duty to pay arrearages, are enforceable by a proceeding under this article, including a proceeding for civil contempt. The defense that the parties are immune to suit because of their relationship as husband and wife or parent and child is not available to the obligor.

Sec. 12-1659 **Jurisdiction.** Jurisdiction of any proceeding under this article is vested in the superior court.

Sec. 12-1660 **Contents and filing of complaint for support; venue.** A. The complaint shall be verified and shall state the name and, so far as known to the obligee, the address and circumstances of the obligor and the persons for whom support is sought, and all other pertinent information. The obligee may include in or attach to the complaint any information which may help in locating or identifying the obligor, including a photograph of the obligor, a description of any distinguishing marks on this person, other names and aliases by which he has been or is known, the name of his employer, his fingerprints, and his social security number.

B. The complaint may be filed in the appropriate court of any state in which the obligee resides. The court shall not decline or refuse to accept and forward the complaint on the ground that it should be filed with some other court of this or any other state where there is pending another action for divorce, separation, annulment, dissolution, habeas corpus, adoption, or custody between the same parties or where another court has already issued a support order in some other proceeding and has retained jurisdiction for its enforcement.

Sec. 12-1661 **Officials to represent obligee.** If this state is acting as an initiating state, the prosecuting attorney upon the request of the court shall represent the obligee in any proceeding under this article. If the prosecuting attorney neglects or refuses to represent the obligee the attorney general may undertake the representation.

Section 12-1662 **Complaint for a minor.** A complaint on behalf of a minor obligee may be executed and filed by a person having legal custody of the minor without appointment as guardian ad litem.

Sec. 12-1663 **Duty of initiating court.** If the initiating court finds that the complaint sets forth facts from which it may be determined that the obligor owes a duty of support and that a court of the responding state may obtain jurisdiction of the obligor or his property, it shall so certify and cause three copies of the complaint and its certificate and one copy of this article to be sent to the responding court. Certification shall be in accordance with the requirements of the initiating state. If the name and address of the responding court is unknown and the responding state has an information agency comparable to that established in the initiating state, it shall cause the copies to be sent to the state information agency or other proper official of the responding state, with a request that the agency or official forward them to the proper court and that the court of the responding state acknowledge their receipt to the initiating court.

Sec. 12-1664 **Costs and fees.** An initiating court shall not require payment of either a filing fee or other costs from the obligee but may request the responding court to collect fees and costs from the obligor. A responding court shall not require payment of a filing fee or other costs from the obligee but it may direct that all fees and costs requested by the initiating court and incurred in this state when acting as a responding state, including fees for filing of pleadings, service of process, seizure of property, stenographic or duplication service, or other service supplied to the obligor, be paid in whole or in part by the obligor or by the state. Such costs or fees do not have priority over amounts due the obligee.

Sec. 12-1665 **Jurisdiction by arrest.** If the court of this state believes that the obligor may flee it may:

1. As an initiating court, request in its certificate that the responding court obtain the person of the obligor by appropriate process.

2. As a responding court, obtain the person of the obligor by appropriate process. Thereupon it may release him upon his own recognizance or upon his giving a bond in an amount set by the court to assure his appearance at the hearing.

Sec. 12-1666 **State information agency.** A. The attorney general is designated as the state information agency under this article, and he shall:

1. Compile a list of the courts and their addresses in this state having jurisdiction under this article and transmit it to the state information agency of every other state which has adopted this or a substantially similar law. Upon the adjournment of each session of the legislature the agency shall distribute copies of any amendments to this article and a statement of their effective date to all other state information agencies.

2. Maintain a register of lists of courts received from other states and transmit copies thereof promptly to every court in this state having jurisdiction under this article.

3. Forward to the court in this state which has jurisdiction over the obligor or his property petitions, certificates and copies of the law it receives from courts or information agencies of other states.

B. If the state information agency does not know the location of the obligor or his property in this state and no state location service is available, it shall use all means at its disposal to obtain this information, including the examination of official records in the state and other sources such as telephone directories, real property records, vital statistics records, police records, requests for the name and address from employers who are able or willing to cooperate, records of motor vehicle license offices, requests made to the tax offices, both state and federal, where such offices are able to cooperate, and requests made to the social security administration as permitted by the social security acts as amended.

C. After the deposit of three copies of the complaint and certificate and one copy of the law of the initiating state with the clerk of the appropriate court, if the state information agency knows or believes the prosecuting attorney is not prosecuting the case diligently, the attorney general may undertake the representation.

Sec. 12-1667 **Duty of the court and officials of this state as responding state.** A. After the responding court receives copies of the complaint, certificate and law from the initiating court, the clerk of the court shall

EX 32 - 348

CS-083 (11-82) - REVERSE

docket the case and notify the prosecuting attorney of his action.

B. The prosecuting attorney shall prosecute the case diligently. He shall take all action necessary in accordance with the laws of this state to enable the court to obtain jurisdiction over the obligor or his property and shall request the court to set a time and place for a hearing and give notice thereof to the obligor in accordance with law.

C. If the prosecuting attorney neglects or refuses to represent the obligee, the attorney general may undertake the representation.

Sec. 12-1668 Further duties of court and officials in the responding state. A. The prosecuting attorney on his own initative shall use all means at his disposal to locate the obligor or his property, and if because of inaccuracies ifn the complaint or otherwise the court cannot obtain jurisdiction, the prosecuting attorney shall inform the court of what he has done and request the court to continue the case pending receipt of more accurate information or an amended complaint from the initiating court.

B. If the obligor or his property is not found in the county, and the prosecuting attorney discovers that the obligor or his property may be found in another county of this state or in another state he shall so inform the court. Thereupon the clerk of the court shall forward the documents received from the court in the initiating state to a court in the other county or to a court in the other state or to the information agency or other proper official of the other state with a request that the documents be forwarded to the proper court. All powers and duties provided by this article apply to the recipient of the documents so forwarded. If the clerk of a court of this state forwards documents to another court he shall forthwith notify the initiating court.

C. If the prosecuting attorney has no information as to the location of the obligor or his property he shall so inform the initiating court.

Sec. 12-1669 Hearing and continuance. If the obligee is not present at the hearing and the obligor denies owing the duty of support alleged in the complaint or offers evidence constituting a defense, the court, upon request of either party, shall continue the hearing to permit evidence relative to the duty to be adduced by either party by deposition or by appearing in person before the court. The court may designate the judge of the initiating court as a person before whom a deposition may be taken.

Sec. 12-1670 Immunity from criminal prosecution. If at the hearing the obligor is called for examination as an adverse party and he declines to answer upon the ground that his testimony may tend to incriminate him, the court may require him to answer, in which event he is immune from criminal prosecution with respect to matters revealed by his testimony, except for perjury committed in this testimony.

Sec. 12-1671 Evidence of husband and wife. Laws attaching a privilege against the disclosure of communications between husband and wife are inapplicable to proceedings under this article. Husband and wife are competent witnesses to testify to any relevant matter, including marriage and parentage.

Sec. 12-1672 Rules of evidence. In any hearing for the civil enforcement of this article the court is governed by the rules of evidence applicable in a civil court action in the superior court. If the action is based on a support order issued by another court, a certified copy of the order shall be received as evidence of the duty of support, subject only to any defenses available to an obligor with respect to paternity under section 12-1676 or to a defendant in an action or a proceeding to enforce a foreign money judgment. The determination or enforcement of a duty of support owed to one obligee is unaffected by any interference by another obligee with rights of custody or visitation granted by a court.

Sec. 12-1673 Order of support. If the responding court finds a duty of support, it may order the obligor to furnish support or reimbursement therefor and subject the property of the obligor to the order. Support orders made pursuant to this article shall require that payments be made to the clerk of the court of the responding state. The court and prosecuting attorney of any county in which the obligor is present or has property have the same powers and duties to enforce the order as have those of the county in which it was first issued. If enforcement is impossible or cannot be completed in the county in which the order was issued, the prosecuting attorney shall send a certified copy of the order to the prosecuting attorney of any county in which it appears that proceedings to enforce the order would be effective. The prosecuting attorney to whom the certified copy of the order is forwarded shall proceed with enforcement and report the results of the proceedings to the court first issuing the order.

Sec. 12-1674 Responding court to transmit copies to initiating court. The responding court shall cause a copy of all support orders to be sent to the initiating court.

Sec. 12-1675 Additional powers of responding court. In addition to other powers granted to the court in this article, a responding court may subject the obligor to any terms and conditions proper to assure compliance with its orders, and in particular to:

1. Require the obligor to furnish a cash deposit or a bond of a character and amount to assure payment of any amount due:

2. Require the obligor to report personally and to make payments at specified intervals to the clerk of the court, and

3. Punish under the power of contempt the obligor who violates any order of the court.

Sec. 12-1676 Paternity. If the obligor asserts as a defense that he is not the father of the child for whom support is sought and it appears to the court that the defense is not frivolous, and if both of the parties are present at the hearing or the proof required in the case indicates that the presence of either or both of the parties is not necessary, the court may adjudicate the paternity issue. Otherwise the court may adjourn the hearing until the paternity issue has been adjudicated.

Sec. 12-1677 Additional duties of responding court. A responding court has the following duties which may be carried out through the clerk of the court:

1. To transmit to the initiating court any payment made by the obligor pursuant to any order of the court or otherwise, and

2. To furnish to the initiating court upon request a certified statement of all payments made by the obligor.

Sec. 12-1678 Additional duty of initiating court. An intiating court shall receive and disburse forthwith all payments made by the obligor or sent by the responding court. Such duty may be carried out through the clerk of the court.

Sec. 12-1679 Proceedings not to be stayed. A responding court shall not stay the proceeding or refuse a hearing under this article because of any pending or prior action or proceeding for divorce, separation, annulment, dissolution, habeas corpus, adoption, or custody in this or any other state. The court shall hold a hearing and may issue a support order pendente lite. In aid thereof it may require the obligor to give a bond for the prompt prosecution of the pending proceeding. If the other action or proceeding is concluded before the hearing in the instant proceeding and the judgment therein provides for the support demanded in the complaint being heard, the court shall conform the support order to the amount allowed in the other action or proceeding. Thereafter the court shall not stay enforcement of its support order because of the retention of jurisdiction for enforcement purposes by the court in the other action or proceeding.

Sec. 12-1680 Application of payments. A support order made by a court of this state pursuant to this article does not nullify and is not nullified by a support order made by a court of this state pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance, unless otherwise specifically provided by the court. Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this state.

Sec. 12-1681 Effect of participation in proceeding. Participation in any proceeding under this article does not confer jurisdiction upon any court over any of the parties thereto in any other proceeding.

Sec. 12-1682 Intrastate application. This article applies if both the obligee and the obligor are in this state but in different counties. If the court of the county in which the complaint is filed finds that the complaint sets forth facts from which it may be determined that the obligor owes a duty of support and finds that a court of another county in this state may obtain jurisdiction over the obligor or his property, the clerk of the court shall send the complaint and a certification of the findings to the court of the county in which the obligor or his property is found. The clerk of the court of the county receiving the documents shall notify the prosecuting attorney of their recipt. The prosecuting attorney and the court in the county to which the copies are forwarded then shall have duties corresponding to those imposed upon them when acting for this state as a responding state.

Sec. 12-1683 Appeals. If the attorney general is of the opinion that a support order is erroneous and presents a question of law warranting an appeal in the public interest, he may:

1. Perfect an appeal to the proper appellate court if the support order was issued by a court of this state.

2. If the support order was issued in another state, cause the appeal to be taken in the other state. In either case expenses of appeal may be paid on his order from funds appropriated for his office.

Sec. 12-1684 Additional remedies. If the duty of support is based on a foreign support order, the obligee has the additional remedies provided in this article.

Sec. 12-1685 Registration. The obligee may register the foreign support order in a court of this state in the manner, with the effect, and for the purposes provided in this article.

Sec. 12-1686 Registry of foreign support orders. The clerk of the court shall maintain a registry of foreign support orders in which he shall file foreign support orders.

Sec. 12-1687 Official to represent. If this state is acting either as a rendering or a registering state, the prosecuting attorney upon the request of the court shall represent the obligee in proceedings under sections 12-1684 to 12-1689, inclusive. If the prosecuting attorney neglects or refuses to represent the obligee, the attorney general may undertake the representation.

Sec. 12-1688 Registration procedure; notice. A. An obligee seeking to register a foreign support order in a court of this state shall transmit to the clerk of the court three certified copies of the order with all modifications thereof, one copy of the reciprocal enforcement of support law of the state in which the order was made, and a statement verified and signed by the obligee, showing the post office address of the obligee, the last known place of residence and post office address of the obligor, the amount of support remaining unpaid, a description and the location of any property of the obligor available upon execution, and a list of the states in which the order is registered. Upon receipt of these documents the clerk of the court, without payment of a filing fee or other cost to the obligee, shall file them in the registry of foreign support orders. The filing constitutes registration under this article.

B. Promptly upon registration, the clerk of the court shall send by certified or registered mail to the obligor at the address given a notice of the registration with a copy of the registered support order and the post office address of the obligee. He shall also docket the case and notify the prosecuting attorney of his action. The prosecuting attorney shall proceed diligently to enforce the order.

Sec. 12-1689 Effect of registration; enforcement procedure. A. Upon registration the registered foreign support order shall be treated in the same manner as a support order issued by a court of this state. It has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a support order of this state and may be enforced and satisfied in like manner.

B. The obligor has twenty days after the mailing of notice of the registration in which to petition the court to vacate the registration or for other relief. If he does not so petition, the registered support order is confirmed.

C. At the hearing to enforce the registered support order the obligor may present only matters that would be available to him as defenses in an action to enforce a foreign money judgment. If he shows to the court that an appeal from the order is pending or will be taken or that a stay of execution has been granted the court shall stay enforcement of the order until the appeal is concluded, the time for appeal has expired, or the order is vacated, upon satisfactory proof that the obligor has furnished security for payment of the support ordered as required by the rendering state. If he shows to the court any ground upon which enforcement of a support order of this state may be stayed, the court shall stay enforcement of the order for an appropriate period if the obligor furnishes the same security for payment of the support ordered that is required for a support order of this state.

Sec. 12-1690 Uniformity of interpretation. This article shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it.

Sec. 12-1691 Short title. This article may be cited as the revised uniform reciprocal enforcement of support act.

EX 32 - 349

CECIL HICKS, DISTRICT ATTORNEY
BY:  TERESA A. VISCOLI, Deputy
Family Support Division
700 Civic Center Drive West
Santa Ana, California 92701
D. A. File No. 17-14-10
Telephone:  (714) 834-6904
Attorney for Plaintiffs



FILED

FEB 8 1984

LEE A. BRANCH, County Clerk

By _____ Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

SHERRY L. MITCHELL,

                    Petitioner,

        vs.

FOSTER L. HEMIL,

                    Respondent.

CASE NO. 40-21-32

STIPULATION AND ORDER
REGARDING PATERNITY, SUPPORT
AND BLOOD TESTS

It is stipulated by the parties:

I.

Pursuant to Evidence Code Section 892, the respondent, FOSTER L. HEMIL, the mother, SHERRY L. MITCHELL, and the minor child, LEZMOND CHARLES MITCHELL, shall submit to blood tests, at a date and time to be agreed upon by the parties, to be performed under the control and supervision of ARIZONA BLOOD SERVICES, P.O. Box 1541, 6220 East Oak, Scottsdale, Arizona 85257.  ARIZONA BLOOD SERVICES shall be appointed as an expert witness to identify the tissue types and blood systems of those tested and to determine either that the respondent can be excluded as being the father of the child or the statistical probability that the respondent may be the father of said child.

II.

The respondent, FOSTER L. HEMIL is directed to submit to such test at the Orange County Human Services Agency, Child Health Clinic, 1725 West 17th Street, Santa Ana, California, at a date and time to be determined for the purpose of taking said test.

//
//
//
//
//

F0234-106 (4/82)

EX 32 - 350

III.

A written signed report on the blood test results shall be submitted to counsel for the parties by the ARIZONA BLOOD SERVICES. The reports and results of the tests shall be admissible as evidence without further foundation for the purpose of proving paternity in any legal proceeding, whether criminal or civil.

IV.

If the blood test results indicate that the respondent cannot be the father of the child, counsel for plaintiffs shall dismiss this action with prejudice within a reasonable period of time following said determination.

V.

In the event the analysis of the blood test indicates that there is at least ninety percent (90%) probability that the respondent is the natural father of the child, LEZMOND CHARLES MITCHELL, born September 17, 1981, judgment shall be entered for the petitioner that FOSTER L. HEMIL is the natural father and that SHERRY L. MITCHELL is the natural mother of said child. The issues of amount, duration and method of payment of support shall be reserved until time of hearing.

VI.

The expense of such test in the sum of $300.00, plus any additional charges for the drawing and shipment of blood samples of the respondent shall be advanced by the Prosecuting Attorney, Coconino County, Arizona.

VII.

Respondent's Waiver of Rights For Stipulation and Order Regarding Admission of Paternity and Agreement to Pay Child Support and Arrearage/Welfare Reimbursement is attached hereto and incorporated by reference as though fully set forth herein.

//
//
//
//
//
//
//
//
//
//
//
//

-2-

F0234-106 (4/82)

## VIII.

Judgment may be entered in accordance with this stipulation.

Dated: JAN 26 1984

_____
Respondent

Dated: _____

_____
Mother of Minor Child

Dated: _____

_____
Prosecuting Atty.-Initiating State

Dated: 1/27/84

_____
Deputy District Attorney

## O R D E R

The above stipulation is approved and it is so ordered.

Dated: 1/31/84

_____
JUDGE OF THE SUPERIOR COURT

ROBERT A. KNOX

-3-

8A-4741C

EX 32 - 352

DEFENDANT'S WAIVER OF RIGHTS FOR 90% BLOOD TEST STIPULATION

CASE NO. 40-21-32    DEFENDANT'S NAME  Foster L. Hamil

1. I understand that by signing the Blood Test Stipulation, I am agreeing that in the event the test results indicate at least a ninety percent 90% probability that I am the father of minor child(ren) Leymond Charles Mitchell   9-17-81 a judgment of paternity will be entered against me in the Superior Court.

2. I understand that if the court finds that I am the father of said child(ren) pursuant to the 90% Stipulation, I will then have a duty to contribute to the support of said child(ren). The court may also hold me responsible for past child support and/or welfare reimbursement. I also understand that when the court orders child support payments, it has continuing authority to make an order increasing or decreasing, or eliminating the amount previously ordered.

3. I understand that if the court enters a judgment of paternity against me and orders me to pay child support, past child support or welfare reimbursement, the court may also order my employer to withhold the support from my wages and pay them to the person named by the court.

4. Pro Per Defendant Only: I understand that I have the right to be represented in this matter by a lawyer at all stages of these proceedings until the case is terminated. I understand that, if I cannot afford to hire a lawyer, one will be appointed to represent me in this matter, free of charge, if I wish one. I hereby give up these rights. I understand that the District Attorney does not represent me.

5. I understand that I have the right to a jury trial, or a court trial, in any proceeding brought to determine whether I am the father of this child(ren). I understand that at a trial I would have the right to be confronted by witnesses against me and to cross examine them myself or through an attorney. I also understand that I would have the right to call witnesses to testify on my behalf and to invoke the compulsory process of the court for obtaining witnesses in my behalf. I hereby give up these rights if the blood test results indicate at least a 90% probability of paternity.

6. I sign the Blood Test Stipulation freely and voluntarily and with a full understanding of all the matters set forth thereon, in the pleadings, and on this form. No one has made any threats, used any force against me, my family, or loved ones, or made any promises to me except as set forth in this form and the stipulation, in order to convince me to sign the stipulation.

7. I understand the consequences of signing the stipulation. After discussing this stipulation with a Child Support Officer, I understand each and every one of the rights outlined, I have personally initialed each of the spaces on this form, and I hereby waive or give up each of them in order to sign the Blood Test Stipulation. I consent to the entry of judgment against me if the Blood Test results indicate at least 90% probability of paternity.

DATED: MAY 20 1984    SIGNED  Foster Hamil

JAN 26 1984    WITNESS  Mary Ronne

8. DEFENDANT'S ATTORNEY CERTIFICATION   I am the defendant's attorney and I have examined the proposed Blood Test Stipulation and have advised my client concerning his rights in connection with this matter and the consequences of signing or not signing the agreement for the entry of judgment, conditioned on the Blood Test results. My client, after being so advised, has agreed to the terms of the stipulation. I have explained each of the above rights to my client and having explored the facts with him, and studied his possible defenses to the allegations of paternity, I concur in his decision to enter into the stipulation.

DATED: _____    SIGNED _____

(0058C-3160C)
7/21/81

EX 32 - 353

DEFENDANT'S WAIVER OF RIGHTS FOR 90% BLOOD TEST STIPULATION    **FILED**

CASE NO. 40-21-32    DEFENDANT'S NAME  Foster L. Henie

1. I understand that by signing the Blood Test Stipulation, I am agreeing that in the event the test results indicate at least a ninety percent 90% probability that I am the father of minor child(ren)

SEP 2 1983

LEE A. BRANCH, County Clerk

Lezmond Charles Mitchell  DOB 9-17-81  By _____ Deputy

a judgment of paternity will be entered against me in the Superior Court.

2. I understand that if the court finds that I am the father of said child(ren) pursuant to the 90% Stipulation, I will then have a duty to contribute to the support of said child(ren). The court may also hold me responsible for past child support and/or welfare reimbursement. I also understand that when the court orders child support payments, it has continuing authority to make an order increasing or decreasing, or eliminating the amount previously ordered.

3. I understand that if the court enters a judgment of paternity against me and orders me to pay child support, past child support or welfare reimbursement, the court may also order my employer to withhold the support from my wages and pay them to the person named by the court.

4. Pro Per Defendant Only: I understand that I have the right to be represented in this matter by a lawyer at all stages of these proceedings until the case is terminated. I understand that, if I cannot afford to hire a lawyer, one will be appointed to represent me in this matter, free of charge, if I wish one. I hereby give up these rights. I understand that the District Attorney does not represent me.

5. I understand that I have the right to a jury trial, or a court trial, in any proceeding brought to determine whether I am the father of this child(ren). I understand that at a trial I would have the right to be confronted by witnesses against me and to cross examine them myself or through an attorney. I also understand that I would have the right to call witnesses to testify on my behalf and to invoke the compulsory process of the court for obtaining witnesses in my behalf. I hereby give up these rights if the blood test results indicate at least a 90% probability of paternity.

6. I sign the Blood Test Stipulation freely and voluntarily and with a full understanding of all the matters set forth thereon, in the pleadings, and on this form. No one has made any threats, used any force against me, my family, or loved ones, or made any promises to me except as set forth in this form and the stipulation, in order to convince me to sign the stipulation.

7. I understand the consequences of signing the stipulation. After discussing this stipulation with a Child Support Officer, I understand each and every one of the rights outlined, I have personally initialed each of the spaces on this form, and I hereby waive or give up each of them in order to sign the Blood Test Stipulation. I consent to the entry of judgment against me if the Blood Test results indicate at least 90% probability of paternity.

DATED:  9-2-83    SIGNED _____

WITNESS _____

8. DEFENDANT'S ATTORNEY CERTIFICATION  I am the defendant's attorney and I have examined the proposed Blood Test Stipulation and have advised my client concerning his rights in connection with this matter and the consequences of signing or not signing the agreement for the entry of judgment, conditioned on the Blood Test results. My client, after being so advised, has agreed to the terms of the stipulation. I have explained each of the above rights to my client and having explored the facts with him, and studied his possible defenses to the allegations of paternity, I concur in his decision to enter into the stipulation.

DATED: _____    SIGNED _____

AND FOR THE COUNTY OF ORANGE

9:00 _____ (AM) (PM) 9 2 _____ 19 83 Dept. 7 _____

Hon. M S Brown _____ Judge S Kuzka _____ Clerk C Costa _____ Rptr

CASE NO. 40-21-32 Mitchell VS. Afarnil

☐ ORDER TO SHOW CAUSE RE   ☐ CONTEMPT;   ☐ MODIFICATION;   ☐ MOTION;   ☒ Citation

☒ Pet/PLTF (PRESENT) (NOT PRESENT) represented by Atty. T. Vassilee, DDA

☒ Resp/DEFT (PRESENT) (NOT PRESENT) represented by Atty. C Simms, DPD

☒ Hearing ☐ ordered off calendar   ☒ continued to 1-20- 19 84 at 8:30 (AM) (PM) in Dept. 7
all parties and witnesses are ordered to return at that time. Witnesses present are: _____

☐ Court advised (PET/PLTF) (RESP/DEFT) of, and (PET/PLTF) (RESP/DEFT) waived, (his) (her) Constitutional Rights and consequences of conviction if he is not a citizen.

☐ Court finds a knowing waiver of rights and a factual basis for the plea.

☐ The following persons were sworn and testified: _____

☐ Order pursuant to written stipulation signed this date.

☐ Bench Warrant ordered ☐ recalled and cancelled ☐ issued as to _____
(and held until _____ 19__). Bail set in amount of $ _____ ( ) bail reinstated

☐ Bail ordered (FORFEITED) (EXONERATED).   ☐ (PET) (RESP) found not in contempt and ordered discharged.

☐ (PET/PLTF) (RESP/DEFT) found to have had knowledge of and ability to comply with the following orders of this Court: _____

☐ (PET) (RESP) found to have intentionally failed to comply.

☐ (PET) (RESP) adjudged in contempt of Court's Orders on counts _____, _____, _____, _____, inclusive and ordered confined in Orange County Jail for _____ days on each count, to be served (consecutively) (concurrently); imposition of sentence suspended and (PET) (RESP) placed on __ years informal probation on following conditions: _____

☐ That previous order of the Court dated _____ 19__ is ordered modified as follows: _____

☐ Counsel for (Petitioner) (Respondent) to prepare and submit order to opposing counsel for approval as to form and content.

ORDER TO SHOW CAUSE RE CONTEMPT/MODIFICATION MINUTE ORDER

EX 32 - 355



**CERTIFICATE**
of
**PERSONAL SERVICE**

FILED

AUG 1 1 1983

LEE A. BRANCH, County Clerk

By_____Deputy

(Keep space above for Clerk's filing stamp)

IN THE  ☐ MUNICIPAL COURT  ☒ SUPERIOR COURT

_____Judicial District   COUNTY OF ORANGE_____

SHERRY L. MITCHELL                 vs   FOSTER L. HEMIL                 402132
_____Plaintiff_____                      _____Defendant_____            _Case Number_

I, the undersigned, Sheriff of Orange County, State of California, do hereby certify that I personally served the ORDER TO SHOW CAUSE (UNIFORM RECIPROCAL ENFORCEMENT OF SUPPORT ACT); LETTER; BLANK FINANCIAL STATEMENT; URESA PETITION; PATERNITY COMPLAINT-UNIFORM RECIPROCAL OF SUPPORT ACT; TESTIMONY OF SHERRY L. MITCHELL; CERTIFICATE; ACKNOWLEDGEMENT; APPLICATION; REVISED UNIFORM RECIPROCAL ENFORCEMENT OF SUPPORT ACT

as follows:

1. Name: __FOSTER L. HEMIL_____

2. Person served and title: __FOSTER L. HEMIL_____

3. Date and time of delivery: __7/29/83 @ 2:40 p.m._____

4. Address: __Orange County Jail, 550 N. Flower, Santa Ana, Ca. 92702__
   ORDER TO TRANSPORT DEFENDANT SERVED TO RAY KARR/SGT OF RECORDS ON
   7/29/83 @ 2:45 p.m.

Dated: 8/1/83                              BRAD GATES, Sheriff-Coroner

At Santa Ana, California

                                          By _____
                                             D. Stephenson      Deputy /sh

FEES: $ 14.00 N/C

Date of Hearing _____9-2_____, 19_83__.
Time of Hearing _____9:00 a.__M.
X~~DIVISION OF~~ Dept. ____7____

                                          IT IS THE PLAINTIFF'S RESPONSIBILITY TO
                                          FILE THE ORIGINAL PROOF OF SERVICE
                                          WITH THE COURT

Viscoll X6904

FILE

JUL 27 1983

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF ORANGE

LEE A. BRANCH, County Clerk

By_____ Deputy

~~THE PEOPLE OF THE STATE OF CALIFORNIA,~~
SHERRY L. MITCHELL

                                Plaintiff,

        vs.

FOSTER L. HEMIL

                                Defendant

Case No. 40-21-32

Facility No. 692711

ORDER TO TRANSPORT DEFENDANT

TO:   BRAD GATES, SHERIFF-CORONER, COUNTY OF ORANGE
      SANTA ANA, CALIFORNIA

                                        served with an Order to Show
        WHEREAS, the above-named defendant was ~~convicted of (charged with)~~
Cause (URESA)          in the Superior Court of the County of Orange; and

        WHEREAS, there is now pending criminal proceedings against said
defendant in Orange County Superior Court, set for 9:00 A.M. on
FRI. SEPTEMBER 2    , 19 83, in Department   7   thereof; that it is
necessary that said defendant be and appear at said time and place;
and that the clerk of the said court is directed to place on calendar
said defendant for the following hearing: ORDER TO SHOW CAUSE          .

        IT IS HEREBY ORDERED that the above-named Sheriff-Coroner go to the
facility indicated below, to receive said defendant and return him to
Orange County to be present for said proceedings:
        ( )   California Institution for Men, Chino, California
        ( )   California Rehabilitation Center, Corona, California
        ( )   Patton State Hospital, Patton, California
        (x)   ORANGE COUNTY JAIL                                    
        ( )   _____

        FURTHER IT IS ORDERED that the Superintendent of the above-indicated
facility deliver said defendant to said Sheriff-Coroner forthwith;

        (x)   Upon completion of proceedings in Orange County, the
              Sheriff-Coroner is further directed to return defendant
              to the aforementioned facility.

        DATED:   7/26/83          

                                        _____
                                        Judge of the Superior Court

CERTIFIED A TRUE COPY
LEE A. BRANCH, County Clerk

BY_____
        Deputy

CECIL HICKS, DISTRICT ATTORNEY
BY: Teresa A. Viscoli, Deputy
    Deputy District Attorney
Family Support Division
700 Civic Center Drive West
Santa Ana, CA   92702
Telephone:   (714) 834-3610
Attorney for Plaintiff
DA File # 17-14-10

FILED

JUL 19 1983

LEE A. BRANCH, County Clerk
By_____ Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

SHERRY L. MITCHELL )
                    Plaintiff, )
                               )
         vs.                   )
                               )
FOSTER L. HEMIL                )
                    Defendant. )
                               )

Case No. 40-21-32

ORDER TO SHOW CAUSE
(Uniform Reciprocal Enforcement
of Support Act)

TO THE ABOVE NAMED DEFENDANT whose address is: 2880 La Salle #2, Costa Mesa, CA

You are ordered to appear in this court, located at 700 Civic Center Drive West, Courthouse, Santa Ana, California, on September 2, 1983 at 9:00 a.m., Department 7, pursuant to the California Code of Civil Procedure, Section 1680(b), to show cause why an order should not be made and entered on the basis of the petition on file herein, referred to and made a part hereon, directing you to pay such sums as the court may determine for the support of your dependent(s).

DATED: July 19, 1983

_____
JUDGE OF THE SUPERIOR COURT

FAILURE TO APPEAR MAY RESULT IN A BENCH WARRANT BEING ISSUED FOR YOUR ARREST.

EX 32 - 358

FILED

APR 28 1983

LEE A. BRANCH, County Clerk

By _____ Deputy

CECIL HICKS, DISTRICT ATTORNEY
BY: TERESA A. VISCOLI, Deputy
Family Support Division
700 Civic Center Drive West
Santa Ana, California  92701
Telephone:  (714) 834-3610
D.A. File No. 17-14-10
Attorney for Petitioner/Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

SHERRY L. MITCHELL,

               Petitioner,

        VS

FOSTER L. HEMIL,

               Respondent.

CASE NO. 40-21-32

URESA Petition

CLU RSL OOO

     The attached document is hereby filed with the Orange County Clerk pursuant to Section 1680a of the California Code of Civil Procedure.

_____
Deputy District Attorney

/da

PTD104

F0234-55(URESA)(10/79)

JOHN VERKAMP
Coconino County Attorney
Coconino County Courthouse
Flagstaff, Arizona 86001
Telephone:   (602) 779-6518

ATTORNEY FOR PETITIONER

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF COCONINO

| | |
|---|---|
| Sherry L. Mitchell )<br><br>Petitioner, )<br><br>vs. )<br><br>Foster L. Hemil )<br><br>Respondent. ) | No. *1502*<br><br>PATERNITY COMPLAINT-UNIFORM<br>RECIPROCAL OF SUPPORT ACT |

The State of Arizona, by and through the Coconino County Attorney, JOHN VERKAMP, and his deputy, Mickaela Therrian, complains and alleges:

I.

That Sherry L. Mitchell is the mother of Lezmond Charles Mitchell born out of lawful wedlock on September 17, 1981.

II.

That Foster L. Hemil the above-named respondent, is the father of the aforesaid child.

III.

That the mother is a resident of Coconino County, Arizona.

Page -1-

EX 32 - 360

IV.

That the mother of the child is not receiving public assistance or aid to provide for the said child.

V.

That the Petitioner is informed and believes, and therefore alleges that the Respondent is within the Jurisdiction of Orange County, State of California.

VI.

That the duly verified Testimony of the Petitioner is attached hereto and is hereby incorporated herein.

WHEREFORE, the State of Arizona demands that the Court.

1. Adjudge the respondent, Foster L. Hemil. to be the father of said child.

2. Determine the amount that the respondent shall pay for the support of said child and the manner of such payments.

3. Determine the amount of expenses the respondent shall pay for lying-in, support and attendance upon the mother during confinement.

4. Determine the amount of expenses the respondent shall pay for past care and support of the child.

5. Determine the amount of expenses the respondent shall pay for costs of prosecution, including blood tests.

6. That the mother shall have custody of said child.

Page -2-

EX 32 - 361

7.  That the Arizona Department of Health Services, Vital Records Sections reflect the foregoing establishment of paternity.

8.  For such other costs as are reasonable and just.

JOHN VERKAMP
Coconino County Attorney

By _____
Mickaela Therrian
Deputy County Attorney

STATE OF ARIZONA  )

County of Coconino)

The undersigned, being first duly sworn, deposes and says:

That she has read the foregoing Complaint and knows the contents thereof; that the same is true to her own knowledge, except as to those matters which are therein stated upon information or belief, and as to those matters, she believes it to be true.

_____
Petitioner

SUBSCRIBED AND SWORN to by Sherry L. Mitchell before me on April 12, 1983.

_____
Notary Public

My Commission expires: July 31, 1986

Page -3-

EX 32 - 362

DECEMBER 15, 1987

TO WHOM IT MAY CONCERN:

THIS LETTER IS TO INFORM YOU THAT BOBBI JO MITCHELL, GRANDMOTHER
OF LEZMOND CHARLES MITCHELL HAS FULL GUARDIANSHIP.    SHE HAS FULL
DECISION MAKING FOR HIM IN ALL AREAS THAT CONCERN HIM.    AND HAS
SUPPORTED HIM FOR 6 YEARS AND HAS CLAIMED HIM ON INCOME TAX FORMS
SINCE HE WAS A BABY, DUE TO SUPPORT OF HIM.

SIGNATURE OF:

SHERRY LANE MITCHELL, MOTHER OF LEZMOND MITCHELL

DATE: 12-27-87

NOTARIZED BY _Michael M. McDonald_ on _Dec 27 1987_
IN THE COUNTY OF _Apache_ ,STATE OF ARIZONA.
DATE: _Dec 27 1987_

My commission expires
March 15, 1990

FPD-AZ-02024-0016

EX 33 - 363

9/4/98

To Whom It may concern:

I am Lezmond Charles Mitchell legal guardian (Parent). I have in the past had Bobbi + George C. Mitchell as the Lezmond's Legal Guardian, due to the fact that I was living in California. I am now revoking their right as legal guardians for my son Lezmond Charles Mitchell.

Thank you for your cooperation.

Shuy Lane Mitchell

FPD-AZ-02024-0086

## POWER OF ATTORNEY AND
## PARENTAL CONSENT TO TEMPORARY GUARDIANSHIP

STATE OF ARIZONA )

             :SS

County of Apache    )

I, Sherry Lane Mitchell, reside in Shonto Prep Tech Middle/High School House #774, in Shonto , Arizona, do depose and solemnly swear that:

1.    I am the natural mother of Lezmond Charles Mitchell, DOB 9-17-81.

2.    I authorize George C. Mitchell and Bobbi Jo Mitchell, an adult, whose address is Post Office Box 67, Lukachukai, Arizona 86507, on whose care the minor child has been entrusted, the powers that I have regarding the care, custody, and control of my minor child.

3.    This consent is to assure that school officials of_____. That the temporary custodian, George C. Mitchell and Bobbi Jo Mitchell, is authorized to act on behalf with full parental authority on any matter, including my minor child's education, health care, athletic activities, social activities, other extracurricular pursuits, and any public benefits my minor child may be entitled to under law.

4.    I further authorize George C. Mitchell and Bobbi Jo Mitchell to consent to x-ray examination, anesthetic, medical, surgical, or dental diagnosis or treatment, and hospital care to be rendered to minor child under the general or special supervision and on the advice of any physician, surgeon or dentist licensed to practice and, further, to consent to any other matters in which George C. Mitchell and Bobbi Jo Mitchell judgement is necessary or beneficial to the child.

5.    I further appoint George C. Mitchell and Bobbi Jo Mitchell, my true and lawful attorney solely for the purpose of performing all the parental responsibilities as I might perform myself with regard to my minor child.

6.    This guardianship arrangement will begin September 14, 1998, and will expire automatically on August 1, 2002, unless I revoke it at an earlier time.

7.    I have given this consent of my own free will.

_____
Sherry Lane Mitchell

SWORN TO and SUBSCRIBED before me this 14th day of Sept. 1998

_____
NOTARY PUBLIC
STATE OF ARIZONA
COCONINO COUNTY
LAURA J. NEKOLEK
MY APPOINTMENT EXPIRES 1/15/99

FPD-AZ-04059-0098

EX 33 - 365





Adaline & Sherry



TYPE OR PRINT IN
PERMANENT INK
SEE HANDBOOK FOR
INSTRUCTIONS



# Ministry of Health Services
## REPUBLIC OF THE MARSHALL ISLANDS

## CERTIFICATE OF DEATH

FILE NUMBER BY REGISTRAR
*Majro 200-119*

**DECEASED**

| DECEASED - NAME FIRST | MIDDLE | LAST | SEX | DATE OF DEATH (MONTH, DAY, YEAR) |
|---|---|---|---|---|
| 1 Foster | | EMIL | 2 Male | 3 December 01, 2002 |

| AGE - LAST BIRTHDAY YEARS | UNDER 1 YEAR MOS / DAYS | UNDER 1 DAY (CHECK) | DATE OF BIRTH (MONTH, DAY, YEAR) | COUNTRY OF DEATH |
|---|---|---|---|---|
| 4a 43 | 4b | 4c | 5 July 03, 1959 | 6a Marshalls |

| ATOLL OR ISLAND GROUP OF DEATH | HOSPITAL OR DISPENSARY NAME (IF NOT IN EITHER, GIVE VILLAGE MUNICIPALITY, ISLAND) | HOSPITAL UNIT RECORD NUMBER |
|---|---|---|
| 6b Majuro | 6c Majuro Hospital | 6d #16747 |

| ATOLL/ISLAND OF BIRTH | CITIZEN OF WHAT COUNTRY | MARRIED, NEVER MARRIED, WIDOWED, DIVORCED, (SPECIFY) | SURVIVING SPOUSE (IF WIFE, GIVE MAIDEN NAME) |
|---|---|---|---|
| 7 Kwajalein, Marshalls | 8 RepMar | 9 Married | 10 Diana Jamodre |

| SOCIAL SECURITY NUMBER | USUAL OCCUPATION (GIVE KIND OF WORK DONE DURING MOST OF WORKING LIFE, EVEN IF RETIRED) | KIND OF BUSINESS OR INDUSTRY |
|---|---|---|
| 11 04-052685 | 12a Chief Food-Services | 12b Education (RMI) |

| RESIDENCE - MARSHALL ISLANDS | ATOLL OR ISLAND GROUP | VILLAGE OR HAMLET, MUNICIPALITY, ISLAND |
|---|---|---|
| 13a Marshalls | 13b Majuro | 13c Darrit, Majuro |

**PARENTS**

| FATHER - NAME FIRST | MIDDLE | LAST | MOTHER - MAIDEN NAME FIRST | MIDDLE | LAST |
|---|---|---|---|---|---|
| 14 Emil | | Lejmon | 15 Aibe | | Zackios |

| INFORMANT - NAME | ADDRESS | DATE INFORMATION WAS GIVEN |
|---|---|---|
| 16a Diana J. Hemil | 16b Darrit, Majuro, Marshall Islands | 16c December 02, 2002 |

**CAUSE**

PART I DEATH WAS CAUSED BY (ENTER ONLY ONE CAUSE PER LINE FOR (a), (b) AND (c) )

APPROXIMATE INTERVAL BETWEEN ONSET AND DEATH

17 IMMEDIATE CAUSE

CONDITIONS, IF ANY WHICH GAVE RISE TO IMMEDIATE CAUSE (a), STATING THE UNDERLYING CAUSE LAST

(a) **LIVER FAILURE**

DUE TO, OR AS A CONSEQUENCE OF

(b) **CHRONIC LIVER DISEASE**

DUE TO, OR AS A CONSEQUENCE OF

(c) **CHRONIC ACTIVE HEPATITIS B-INFECTION**

PART II OTHER SIGNIFICANT CONDITIONS CONDITIONS CONTRIBUTING TO DEATH BUT NOT RELATED TO CAUSE GIVEN IN PART I (a)

| AUTOPSY (YES OR NO) |
|---|
| 18 NO |

**MEDICAL ATTENDANT**

| I CERTIFY THAT I ATTENDED THE DECEASED AND THAT DEATH OCCURRED ON THE DATE AND TO THE BEST OF MY KNOWLEDGE FROM THE CAUSES SHOWN | NAME OF PHYSICIAN | SIGNATURE | DATE SIGNED (MONTH, DAY, YEAR) |
|---|---|---|---|
| | 19a Virgilio Villaroya, MD 19b | | 19c December 02, 2002 |

**NO MEDICAL ATTENDANT**

| OFFICIAL REPORT AND FINDINGS OF INVESTIGATION WHERE APPLICABLE WERE REVIEWED BY | NAME OF PHYSICIAN | SIGNATURE | |
|---|---|---|---|
| | 20a | 20b | 20c |

| ACCIDENT, SUICIDE, HOMICIDE, OR UNDETERMINED (SPECIFY) | DATE OF INJURY (MONTH, DAY, YEAR) | HOW INJURY OCCURRED (ENTER NATURE OF INJURY IN PART I OR PART II, ITEM 17) | |
|---|---|---|---|
| 21a | 21b | 21c | |

**INJURY**

| INJURY AT WORK (YES OR NO) | PLACE OF INJURY HOME, FARM, ROAD, DOCK, ETC | | LOCATION (VILLAGE, HAMLET, ETC) |
|---|---|---|---|
| 21d | 21e | | 21f |

**DIST. HEALTH SERVICES**

| I CERTIFY THAT I HAVE REVIEWED THIS CERTIFICATE FOR COMPLETENESS AND ACCURACY (I HAVE ADDED INFORMATION ON INJURY WHEN APPLICABLE) | SIGNATURE OF SECRETARY OF HEALTH SERVICES OR AUTHORIZED DEPUTY | DATE SIGNED (MONTH, DAY, YEAR) |
|---|---|---|
| 22a | Kenner Briand, MBBS | 22b December 03, 2002 |

| NAME OF REGISTRAR | SIGNATURE | DATE RECEIVED BY REGISTRAR (MONTH, DAY, YEAR) |
|---|---|---|
| 23a *Cbul* | 23b | 23c 12-3-2002 |

1990 Revision

EX 35 - 368

**A R M E R   I S H O D A   M E M O R I A L   H O S P I T A L**
MAJURO, REPUBLIC OF THE MARSHALL ISLANDS
96960

TT Form 623
Micronitor

## FACE SHEET — OUT PATIENT RECORD

| Name of Patient | Date of First Visit | Hospital Number |
|---|---|---|
| Foster Hamil | 1/9/85 | 1677 |

| Present Home Address: (Village and/or Municipality) | Islands & Atoll or Islands Group |
|---|---|
| 1. | A-laplap |
| 2. | |
| 3. | |

| Date of Birth | Age | Sex | Birth Place (Islands of Country) | Marital Status |
|---|---|---|---|---|
| 7/2/58 | | M | Ebeye Kwaj | |

Name of Mother or Father (Cross out one) for identification:

Hamil T Aibe

Past Medical History (Include Tuberculosis, and other communicable diseases)

**REMARKS:**

## BIOCHEMISTRY – MAJURO HOSPITAL LABORATORY

| PATIENT: | LAST NAME FOSTER | FIRST NAME HEMIL | MIDDLE NAME | REGISTER OR UNIT NO. | ROOM NO. | ☐ IN PATIENT ☐ OUT PATIENT |
|---|---|---|---|---|---|---|
| | | | | REQUESTED BY AND DATE | | DATE & HRS COLLECTED |

| TEST | RESULTS | REFERENCE INTERVAL | TEST | RESULTS | REFERENCE INTERVAL |
|---|---|---|---|---|---|
| ☐ GLUCOSE | 465 | 70-110 mg/dL | ☐ CALCIUM | | 8.5-10.1 mg/dL |
| ☐ SODIUM | 130 | 140-148 mmol/L | ☐ CHOLESTEROL | | 0-200 mg/dL |
| ☐ POTASSIUM | 4.8 | 3.6-5.2 mmol/L | ☐ TRICLYCERIDE | | 30-200 mg/dL |
| ☐ CHLORIDE | 96 | 100-108 mmol/L | ☐ HDL | | 32-96 mg/dL |
| ☐ TCO2 | 32.0 | 21-32 mmol/L | ☐ LDL | | 70-130 mg/dL |
| ☐ UREA NITROGEN | 9 | 7-18 mg/dL | ☐ TOTAL PROTEIN | 7.7 | 6.4-8.2 mg/dL |
| ☐ CREATININE | 4.0 | 0.6-1.3 mg/dL | ☐ ALBUMIN | 1.6 | 3.4-5.0 mg/dL |
| ☐ AMYLASE | | 25-115 U/L | ☐ URIC ACID | | 2.6-7.2 mg/dL |
| ☐ LIPASE | | 114-286 U/L | ☐ DIRECT BILIRUBIN | | 0-0.30 mg/dL |
| ☐ CK | | 21-232 U/L | ☐ TOTAL BILIRUBIN | 3.91 | 0-1.0 mg/dL |
| ☐ CKMB | | 0-6 U/L | | | |
| ☐ AST | 97 | 15-37 U/L | | | |
| ☐ ALT | 07 | 30-65 U/L | | | |
| ☐ ALP | 716 | 50-136 U/L | | | |

| DATE REPORTED: 11/26/02 | TIME: Copy | TECH: |
|---|---|---|

EX 36 - 370



LABORATORY REPORT

**DIAGNOSTIC LABORATORY SERVICES, INC.**

| CLIENT |
|---|
| ALOHA LABORATORIES |
| ATTN: DAVID AMBERGER, M.D. |
| 2036 HAU STREET |
| HONOLULU, HI 96819 |

| PATIENT |
|---|
| HEMIL, FOSTER |
| DR.: RIKLON |
| REC'D 09/24/02 |
| Hosp.# 16742 |
| PAT.TEL#: 0~625~1203 |

| AGE, DATE OF BIRTH | SEX |
|---|---|
| 43,07/03/1959 | M |

| PATIENT ID |
|---|
| B-2-237 |

| DATE COLL. | REPORT DATE |
|---|---|
| NO DATE | 09/06/2002 |
| NO TIME | 04:06AM |

| ACCESSION |
|---|
| P4497414 |
| PAGE 1 |

| Tests | Results | Reference Values |
|---|---|---|
| **Hepatitis Be Ab** | | |
| HBeAb | NEGATIVE | *NEGATIVE* |
| **HBcAb (Core Ab)** | POSITIVE | *NEGATIVE* |
| **HBsAb (Surface Ab)** | POSITIVE | *NEGATIVE* |
| **Hepatitis C Ab** | NEGATIVE | *NEGATIVE* |

*** FINAL REPORT ***

*Immunohematology, Coagulation testing regularly performed at 1301 Punchbowl Street; all other testing performed at 650 Iwilei Road unless otherwise indicated.*

**EX 36 - 371**

HOSPITAL ROOM NO: _ER_

**MAJURO HOSPITAL**
**EMERGENCY ROOM RECORD**

| | | | | |
|---|---|---|---|---|
| 12 | 01 | 09 | 5:06 | |
| Today's Date | | Time | | |

HOSPITAL No. | 1 | 6 | 7 | 4 | 7 |

AGE: _48 yrs_

Name of Patient: _Foster - Hemil_ [X] Male [ ] Female

Address: _Jenrik Majau_

Complaint? _Semi - conscious , Known case of H-B⁺_

_Jaundice_ Since when? _Early AM_

Allergies: [✓] None Known [ ] Yes. (List). _NKDA_

Current Medications: [ ] None [ ] Yes. (List). ........

VITAL SIGNS: WEIGHT: ................

| Time | BP | Temp. | Pulse | Resp. | NURSING NOTES |
|---|---|---|---|---|---|
| 09:5th | 120/60 | 96.4°F | 70 | 18 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

MEDICATIONS:

| Time | Medication, I.V. | Dose | Route/Drip Rate | Reaction / Response |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Physician's Note: _HX: a known case of Hep B. (chart not available)_
_was staying at home, in state for abdominal pain_
_and swellings of the legs._
_Woke up this morning and started vomiting and_
_later on stopped talking, only staring but not_
DIAGNOSIS: _responding back verbally._
PLAN: _P/E: lying comfortably in gurney_
_afebrile , hydration ok_
_jaundice , bg_
_JVP_

Disposition: _chest / abd. liver ↓ / edema lower extrem._
_mild ascites_
[ ] Admitted [ ] Discharged Home [ ] Left Against [ ] DOA [ ] DIED (Died in Emergency Dept.)
Medical Advice

_plan — admit_

Signature of Nursing Staff

Signature of Physician

EX 36 - 372

HOSPITAL ROOM NO: ER

**MAJURO HOSPITAL**
**EMERGENCY ROOM RECORD**

HOSPITAL No. 16747

| 11 | 18 | 07 | 5:05 pm |
|---|---|---|---|
| Today's Date | | Time | |

Name of Patient: Foster, Homu Jenrik          [X] Male  [ ] Female          AGE: 43 yrs

Address: ...........................................

Complaint? abd pain + radiate to the back

Since when? 4 day

Allergies: [✓] None Known   [ ] Yes. (List) ...........

Current Medications: [ ] None [✓] Yes. (List) Tylenol

VITAL SIGNS: WEIGHT: ...............

| Time | BP | Temp. | Pulse | Resp. | NURSING NOTES |
|---|---|---|---|---|---|
| 5:05 | 130/70 | 100 | 76 | 18 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

MEDICATIONS:

| Time | Medication, I.V. | Dose | Route/Drip Rate | Reaction / Response |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Physician's Note: 43 y. of man came with a acut onset of intolent penile pain radiat to groin. w/ ē fever, and chill. No polyuria w/ [illegible] in cm. No dysurea, vomiting.

DIAGNOSIS: GE febrile, dehydrated

PLAN: [illegible] No colic. Pt [illegible] Colic. + Pyelonephr IV PCN/ LR 120 cc/r

Disposition:
[ ] Admitted  [✓] Discharged Home  [ ] Left Against Medical Advice  [ ] DOA  [ ] DIED (Died in Emergency Room)

Dx: UA — BUN. creatin. Uricaud. K11R. IKL. [illegible]

Signature of Nursing Staff

Signature of Physician Dr Kabua.

HOSPITAL ROOM NO: _ER_

MAJURO HOSPITAL
EMERGENCY ROOM RECORD

| 1 | 15 | 02 | |
|---|---|---|---|
| Today's Date | | Time | |

| 1 | 6 | 7 | 4 | 7 |
|---|---|---|---|---|
| HOSPITAL No. | | | | |

Name of Patient: _Foster Emen_ ............................ [✓] Male [ ] Female          AGE: _2_

Address: ............................................................

Complaint? ..... _Abd pain radiate to his flank_ ..................

.......................................................... Since when? _2 days_

Allergies: [✓] None Known   [ ] Yes. (List) ........................

Current Medications: [✓] None [ ] Yes. (List) .....................

VITAL SIGNS:  WEIGHT: ................

| Time | BP | Temp. | Pulse | Resp. | NURSING NOTES |
|---|---|---|---|---|---|
| 11:10 | 110/70 | 101 | 84 | 24 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

MEDICATIONS:

| Time | Medication, I.V. | Dose | Route/Drip Rate | Reaction / Response |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Physician's Note: _S/ patient c c/o of abd pain / flank pain x 2 dy_
_known Hx of Hepatitis B_

_O/ Aust. Smeared_
_clin: clr c good A€_
_Skin: no acute lesion noted_
_vap:_

DIAGNOSIS: _UTI, S/P Hepatitis B_

PLAN (1) _Bactrim = foster c. B w x 1c/7_

(2) _Tiul 2 p c Ø q° prn_

(3) _U/A_

Disposition:
[ ] Admitted [✓] Discharged Home [ ] Left Against [ ] DOA [ ] DIED (Died in Emergency Dept)
Medical Advice

...............................................          ...............................................
Signature of Nursing Staff                               Signature of Physician

EX 36 - 374

# REPUBLIC OF THE MARSHALL ISLANDS

| DATE | OUT PATIENT NOTES |
|---|---|
| 11/22/02 | wt - 160# BP - 110/60 |
| | [illegible] |
| | Dx: ? Chronic Hep. B |
| | [illegible] |
| | ✓ Adalat [illegible] 25, BD x 1/52 |
| | ✓ [illegible] 11/25/02 @ OPD - to see Dr. BUTUKA |
| | ✓ RTC sooner if any problem |
| | + Valium 5, [illegible] #5 |

| NAME | VILLAGE | ISLAND | REGISTRATION NO. |
|---|---|---|---|
| | | | |

RMI Printshop Fm.

RMI Printshop

| NAME | VILLAGE | ISLAND | REGISTRATION NO. |
|---|---|---|---|

11/25/02    W <    B/P —..

S) Here for f/u on lab tests.

~) $\frac{130}{4.8}$ / $\frac{96}{32}$ / $\frac{9}{1.0}$ (AVS)    AST 97    TProt 7.7
                                    ALT 67    Alb 1.6
                                    A∅ 716    TBili 3.91

#) Hep BsAg (+)    HBeAb ⊖    (HBeAg not done)
   HBsAb (+)       HCV — ⊖
   HBcAb (+)

A)# Chronic Hepatitis B
   & DMII poor control on no meds

P) 1. Start Glybenclamide 5 mg BID
   2. f/u 2 days for abd U/S

11/28/02
S) Here for abd U/S Scan.

O) Gen: thin ♂
   HEENT: (+) (B) Scleral icterus
   Heart: RMR
   Lng: CTA (B)
   Abd: Soft, Protuberant, (+) fluid w >>e
        otal

A) Chronic Hep B
   DMII
P) 1. RF Aldactone 50 mg BID
   2. To See _____ in Am for
      abdominal US.

EX 36 - 376

## REPUBLIC OF THE MARSHALL ISLANDS

| DATE | OUT PATIENT NOTES |
|---|---|
| 10/19/02 | Wt - 175# BP 100/70 |
| | [illegible] |
| | [illegible] |
| | [illegible] |
| 11/19/02 | Urology Review |
| | Referred from ER with [illegible] |
| | no more [illegible] |
| | Pt with [illegible] |
| | [illegible] Ache [illegible] |
| | Infrequent bowel motion. |
| | [illegible] |
| | KUB X-Ray: no evidence of calculi. [illegible] colon [illegible] |

| NAME | VILLAGE | ISLAND | REGISTRATION NO. |
|---|---|---|---|
| | | | |

RMI Printshop Fm.

| DATE | OUT PATIENT NOTES |
|------|-------------------|
| | *[handwritten notes, largely illegible]* |

NAME

VILLAGE

ISLAND

REGISTRATION NO.

RMI Printshop Fm.

EX 36 - 378

# REPUBLIC OF THE MARSHALL ISLANDS

| DATE | OUT PATIENT NOTES |
|------|-------------------|
| 8/29/02 | S) Here for f/u. Better |

O)

| 147 | 7 | 278 | AST 52 | TC 132 |
| 3.4 | 1.0 | | ALT 51 | TG 887 |
| | | | Aφ 181 | HDL 15 |
| | | | CA 9.2 | LDL 60.4 |
| | | | TProt 7.8 | nd 6.3 |
| | | | Alb 3.7 | |
| | | | TBili 0.75 | DBili 0.45 |

HBs Ag (+)

HBs Ab
HBe Ag
HBc Ab    Sent
HCV Ab

abd: Sft, NT, +BS, +hs tender

A/Sent: (+) Scleral icterus

A) # R/o Hepatitis B — labs approve
     & clinically improved.

P) 1. D/C Lamp
   2. Aldactone 25 g BID x 3/7
   3. f/u 1 mo for results

| NAME | VILLAGE | ISLAND | REGISTRATION NO. |
|------|---------|--------|------------------|

RMI Printshop Fm.

## THE REPUBLIC OF THE MARSHALL ISLANDS

| DATE | OUT PATIENT NOTES |
|------|-------------------|
| 8/27/02 | (Cont') |

Abd: distended, ⊕ BS, somewhat soft, ⊕ fluid wave, ∅ HSM

Labs: UA: 2000 glu + 4.0 mobilitogen

$\dfrac{14.8}{44.5}$   ESR: 59

PT/INR: 25.2/3.66

$\dfrac{9}{1.7}$   AST: 101   Tprot 7.6
ALT: 82   Alb: 2.1
Aφ: 552   ratio: 3.1
HBsAg: ? (not done)   TBili: 5.33
DBili: 2.72

A) # Liver Disease c̄ possible Ascites: ↑ LFT's
s̄ Coagulopathy. R/O hepatitis.
Clinically stable.

P) 1. Lasix 40 mg QD x 7/7
2. ✓ Hepatitis serology
3. No u/s currently covailable or no surgeon
4. ✓ Abd u/s @ next visit c̄ Surgery
5. F/u 2 days c̄ report LFT's & PT/INR.

| NAME | VILLAGE | ISLAND | REGISTRATION NO. |
|------|---------|--------|------------------|
|      |         |        |                  |

Microzier Form 207

EX 36 - 380

| DATE | OUT PATIENT NOTES |
|---|---|
| 11/27/99 | Wt 126 BP 110/66 |
| | C/ follow up |
| 8/26/02 | Wt 128 # B/P 110/60 |
| (Mhoy) | S – Thys nm – Diabetic fem – Here c/o [illegible] c/c of gallbladder discomfort [illegible] |
| | [illegible] |
| | → Had Hx of [illegible] infection 11/99 [illegible] |
| | → [illegible] Hx of [illegible] Hepatitis or Hep infections |
| | → No [illegible] or HIV infections |
| | → [illegible] no ETOH abuse |
| | O – Stable [illegible] jaundice |
| | [illegible] |
| | Abdomen [illegible] |
| 8/27/02 | S) Here to f/u on Abd pain from yesterday – labs. C/o abd pain generalized x ~ 1-2 wks. ⊕ wt loss – #260's ~ 1 yr ago. Quit ETOH 2 weeks ago. ⊕ longtime hx of ETOH abuse. Meds: None NKDA. PMHx DMII. ⊕ scleral ~~[illegible]~~ icterus x 3 wks. |
| | O) Gen: NAD |
| | HEENT: ⊕ scleral icterus, OP clear |
| | Lungs: CTA ⓑ Heart: RRR s m noted |

| NAME | VILLAGE | ISLAND | REGISTRATION NO. |
|---|---|---|---|
| | | | |

Micronesian Form 207

# THE REPUBLIC OF THE MARSHALL ISLANDS

| DATE | OUT PATIENT NOTES |
|------|-------------------|

W-2-94  WX—197-5                    BP 130—80

Painful period condition + 2 kg.

No bleeding
No prolapse.

No Past Hx of Similar attack.

tender induration +

JR could not be proceeded.

Rx - Iceflax 500mg P.O. BID + 5/7
— Tot Tylenol 355mg P.O. tid + 7c.
— To Falls 11.04. 94

| NAME | VILLAGE | ISLAND | REGISTRATION NO. |
|------|---------|--------|------------------|

Micronesian Form 207

EX 36 - 382

FORM TT-207
DEPT. OF PH
(Rev. 1/58)

| DATE | OUT-PATIENT NOTES |
|---|---|
| 4/4/68 | old injury |
| | [illegible] |
| 12/30/[illegible] | nasal discharge |
| | with [illegible] |
| | [illegible] |
| | Dx [illegible] |
| | [illegible] (500 mg) [illegible] |
| | x 4 days |
| | Neo Synephrine |
| 1/9/85 | [illegible] diarrhea |
| | 1. [illegible] |
| | 2. [illegible] |
| | 3. [illegible] |
| 4/22/85 | [illegible] |
| | 1. Pro. [illegible] 600,000 u daily x 7 days |
| | Dx: Scabies c Pyoderma |
| 7-1-85 | [illegible] |
| | x 10 days |
| | Lindane lotion 1% |
| | apply at bedtime once |
| | only |

NAME: Foster 9m.
VILLAGE:
ISLAND:
REG. NO. 17216

FORM TT-207
(Rev. 1/58)

| DATE | OUT-PATIENT NOTES |
|---|---|
| 8-2-89 | WT 206.5 lbs          B/P 130/80 |
| 7/26/90 | Pt candidate for US Army Induction. Noted on physical examination ~~that~~ by US Army that he is Hep B carrier. Asked by US Army to do PE + LFT's. Pt asymptomatic. No jaundice, no liver tenderness, no discolored stool or urine. |
| | O. – Eyes – a/o icterus |
| | – Abd – good B.S |
| | liver nl size + consistency |
| | – Skin – not icteric |
| | Labs – See attached slip |
| | PT/ alb / alk phos / T bili – normal |
| | SGOT / SGPT – minimally elevated |
| | A. – Hep B Carrier |
| | P. – Advise to do E70H antibodies |
| | – Sent PE to ~~the~~ US Army          PLP |
| 5/28/92 | S. Pt c/ 2 day hx of (R) sided chest pain Focal area of tenderness. Complaint of pleuritic ~/ breathing No SOB no fever |
| | O. Tenderness over (R) chest lower sternal area 4th 2-3 ICС ↑ lungs clear |
| | COR – clr |
| | A. musculoskeletal p pain |
| | P. Indocin 25 mg tid x 5 d          PLP |

EX 36 - 384

| DATE | OUT PATIENT NOTES |
|------|-------------------|

8/3/86 — S - Skin Sore very painful (L) Posterior Leg. No other ass - Sym

O - Redness, Tender Skin Sore (L) Posterior Leg

A - Septic Wound

P - Clean Wound & Dress ē Antibiotic Topical cong

— tylns

— Augmentin                    [signature]

12/26/85 — [illegible] disturbed x Mar [illegible] Urethral [illegible] ♂ G.C.

[illegible]

[illegible]

6/1/80 — Tatoo [illegible]

NAME _____    VILLAGE _____    ISLAND _____    REGISTRATION NO.

Micronitor Form 207

EX 36 - 385

Micromitor Form 207

| REGISTRATION NO. | ISLAND | VILLAGE | NAME |
|---|---|---|---|

3/11/97    WT 205    B/P 110/70

IX ① Kite

Rx ① chloro ___

② ___

③ ___

OUT PATIENT NOTES    DATE

EX 36 - 386

| DATE | OUT PATIENT NOTES |
|---|---|
| 10/26/90 | 15 X 12 - 0 mm B/P 130/90 HT 5'5" WT 210 L - 20/20 R - 20/20 |
| S | Physical exam for education abroad |
| | Denies complaint |
| O | Head - |
| | EENT - |
| | Neck - |
| | Chest - |
| | Abd - |
| | Skin - |
| | Genitalia - |
| | Ext. wnl |
| | RPR |
| | Sputum |
| | PPD 15 X 12 mm |
| | Smear for gram stain |
| A | St |
| P | Healthy card |
| 8/29/91 | Wt - 201# B/P - sitting 110/80 lying 130/70 Vision - (L) 20/20 (R) 20/20 |
| | CC. Of Island Student - |
| | No illnesses / |
| | Exam Head - ō |
| | EENT - Neg |
| | Neck - |
| | Chest - clear |
| | Heart - Neg |
| | abd - LSK ō |
| | Ext - ō |

| NAME | VILLAGE | ISLAND | REGISTRATION NO. |
|---|---|---|---|
| | | | |

Micronitor Form 207