*UNITED STATES v. LEZMOND CHARLES MITCHELL*
CV09-8089-PCT-MHM(MEA)

EXHIBITS IN SUPPORT OF
MOTION TO VACATE SENTENCE

40.    People v. Lezmond Hemil, Orange Co., California Superior Court Case No. C51741, Sexual Battery, 1983

ORANGE C    Y AUTOMATED WARRANT SERV    SYSTEM
INVESTIGATIVE WORKSHEET

CORRECTION
091784

ORANGE COUNTY SUPERIOR COURT

WFN..0C2.07ε1
CWN..CA1741
KEY..00009375
MAILER....00
WPS........YES

NAME........HEMIL          FOSTER      LEZMOND
OTHER NAMES..LUTHER        WINDY

LOCAL CONTROL NO...C2454
OFFICER/AREA......405P

MORE NAMES..NO

DOB..070258   SEX..M    RACE..X        AGE...00/00   POB.....
HGT..507      WGT..190   HAIR..BLK     EYES..BRO     ODDITY..TAT LF ARM

ADDRESSES..1250     ADAMS          P102
           COSTA MESA       CA 0000000000

           2300     FAIRVIEW       C209
           COSTA MESA       CA 0000000000

           720   W  VICTORIA
           COSTA MESA       CA 0000092626      MORE ADR..YES

           3001     YALE
           SANTA ANA        CA 0000000000   UNKNOWN
                                            MORE BUS..NO

VEHICLES..
           219SBP      CA 74 CHEV 4D BLU
           958MXG      CA 75 CHEV 2D ONG
           610WGF      CA 79 CHEV 2D WHI
                                            MORE VEH..NO

OLN..C2039020   CA                         CII.. AD7322764
WPS..3738426000167      OCN..498747        FBI..

CRT WRNT NO..C51741                  OFFENSE DATE..000000
CRT CASE NO..C51741                  ISSUE DATE....082384
CITE NO......                        ASSIGN DATE...082384

COUNTY..ORAN        WRNT REASON..VIOL/PROB      NIGHT SERV....YES
COURT...SUP         WRNT TYPE....BW             RELEASE COND..BOOK
PSA.....OMO         DEGREE.......F              BAIL AMT......      0.00

CHARGES.. 1.  PC 459       BURGLARY
          2.  PC 261       RAPE
          3.  PC 220       ASSAULT-INTENT TO RAPE
          4.  PC 289(A)    PENETRATION BY ANY OBJECT
          5.
          6.
          7.
          8.
OTHER WARRANTS..YES                             MORE CHGS..NO
WFN..00217966/CMP

                                                MORE WRNT..NO

MESSAGES..WFN 00286701 EXTRADITION APPROVED
          DEFENDANT FAILED TO REPORT TO JAIL FOR SENTENCE
          PROB OFFICER ROBERT C SYLVESTER PH# 616-3981

COPY

FPD-AZ-03057-0225

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ORANGE

C51741

THE PEOPLE OF THE STATE OF CALIFORNIA,
                              PLAINTIFF,

VS.

HEMIL, Foster Lezmond DEFENDANT.

**FILED**

AUG 24 1984

LEE A. BRANCH, County Clerk

By_____ Deputy

COURT NO. C-51741

**BENCH WARRANT**

THE PEOPLE OF THE STATE OF CALIFORNIA TO ANY SHERIFF,

CONSTABLE, MARSHAL OR POLICEMAN IN THIS STATE:

GREETINGS:

An __Information__ having been filed in this County charging the above-named defendant with violation of Section _____

___459 PC, 261 PC, 220 PC and 289(a) PC.__ _____

NOW, THEREFORE, YOU ARE COMMANDED forthwith to arrest the above-named defendant at any time of the day or night and bring said defendant before this Court, or if the Court be not in session, to deliver said defendant into the custody of the Sheriff-Coroner of Orange County, California.
The reason for this Warrant is:

1. Defendant failed to report to the jail to serve a sentence.
2. Defendant did not register 290 PC
3. Defendant moved without notifying probation; whereabouts unknown.

Bail is fixed in the amount of $ ___None_____

Given under my hand, with the seal of said Court affixed this _____

day of ___AUG 23 1984_____ , 19_____.

LEE A. BRANCH, County Clerk-Recorder

(Dept. __47__ ) Superior Court Judge  **JAMES L. SMITH**  By: _____ Deputy

**DEFENDANT IDENTIFICATION INFORMATION**

AKA __LUTHER, WINDY_____ DOB: 7-2-58  POB: Marshall Islands

RACE: Pac. Isl.  SEX: Male  HT: 5'6"  WT: 160  HAIR: Black  EYES: Brown

CII: A07322764  FBI: _____  DL: C2039020

OC: 498747  SOC. SEC: ▆▆▆▆▆▆  PROB. #: A-128730

LAST KNOWN ADDRESS: 1250 Adams #P102, Costa Mesa, CA

DEF'S: AUTOMOBILE: MAKE Unknown  MODEL Unknown  YR. Unk  COLOR Unk  LICENSE Unknown

I.D. MARKS: Tattoos: L/Forearm and L/Arm  EXTRADITION: No

PROB. OFFICER: Robert C. Sylvester  P.O. PHONE: 646-3981

POLICE DEPT.: Costa Mesa Police - Newport Beach Police

ANY ADDITIONAL INFORMATION: _____

| Defendant informed of Right To Court Appearance Per PC 821-822 |
|---|
| Date: _____ Time: _____ |
| By: _____ Arresting Officer |

**SUSPENSE COPY**

FPD-AZ-03057-0226

# SUPERIOR COURT OF CALIFORNIA COUNTY OF ORANGE

JUDGE: JAMES L. SMITH
CLERK: SARA J. KAUFMAN
JUDGE: DEBBIE WEHUNT    REPORTER: _____    DATE: 6-13-94
CLERK   REPORTER: LINDA A. SIMPSON   BAILIFF: _____    TIME: 9:2  DEPT. 47
SHERIFF: TIM DICK  Sam Black

C 51741    PEOPLE VS  Hamil, Foster L

**HEARING RE:**   ARRAIGN PROB / VIOL PROB / MOD OF SENT / PROB

(X) DFDT IN CT W/O CSL / WITH CSL _____ DEP P.D.
( ) DFDT NOT IN CT (NOT) REP BY CSL / _____ DEP P.D.
(X) PEOPLE REP BY ___Michael Dow___ DEP D.A.
( ) DFDT FOUND IN CONTEMPT FOR FAILURE TO APPEAR, BAIL ORD FORFEITED.
( ) B/W CRD ISSUED / HELD UNTIL _____ BAIL SET AT $ _____ + .
( ) DFDT ADVISED OF HIS / HER LEGAL AND CONSTITUTIONAL RIGHTS. DFDT ARR ON VIOLATION OF PROBATION.
(X) CT APPTD P.D. TO REP DFDT __Jr. Anderson__ DEP P.D. PRESENT.

( ) Mo by Dfdt / Peo _____
( ) Mo granted / denied
( ) CT FINDS DFDT INTELL WAIVED HIS / HER LEGAL AND CONSTITUTIONAL RIGHTS.
( ) DFDT WAIVED STATUTORY TIME / WAIVED FURTHER ARRAIGNMENT OF SENTENCING.
(X) DFDT ADMITS VIOL PROB.
( ) DFDT ADVISED CT HAS READ AND CONSIDERED PROB REPORT.
(X) CT FINDS DFDT IN VIOL OF PROB / PROB REVOKED / PROB TERMINATED.
(X) PROB REINSTATED ON SAME T/C WITH ADDITIONAL CONDITION THAT DEF:
( ) pay fine in amount $ _____ plus/waive PA to County Clerk of Orange on or before _____ /$ _____
      each month commencing _____ cont until pd in full.
(X) be confined in OCJ for __30__ mos/days/yr/wkend from _____ ; _____ M to _____ M
( ) commencing defendant waives credit for time served
( ) Sentence ordered to run concurrently/consecutively with any other sentence/sentence on Case # _____
(X) Ct orders stay of execution until __7-29__ 19 _84_ at _8P_ M to apply for work furlough.
( ) Probation extended to _____
( ) _____

( ) No leg cause appear why Judgm should not now be pron, & the Dfdt having been found / pled guilty to the crime of a Misdemeanor / Felony, to wit: Viol of Sec
( ) Prob denied
( ) It is Judgm of Ct that Dfdt be sentenced to
( ) OCJ for _____ mos/days/yrs/wkends from _____ 19 _____ at _____ M to _____ 19 _____
      at _____ M commencing _____ credit for time served.
( ) Sentence to run concurrently/consecutively with any other sentence/sentence on Case # _____
( ) State Prison for term prescribed by law / pursuant to Section 1203.03, PC.
( ) Sheriff ord to del Dfdt to Cust of Dir of Corr at Calif. Inst for Men/Women at Chino/Frontera, Calif.
( ) Dfdt remanded to cust of Sheriff
( ) Dfdt ord return
( ) Dfdt ord released on own recognizance / Dfdt ord released from custody. O.R. Release signed.
( ) Contempt proceedings dismissed. B/W ord withdrawn. Bail reinstated / Bail exon / when dfdt reports to jail.

( ) Hrg. re:    Viol of Prob cont to _____ 19 _____ at _____ M Dept.
( ) Hrg re: _____
( ) Prob Dept ordered to prepare violation report.
( ) Prob Dept relieved of supervision.
( ) Court ord _____ telephone calls for def _____ minutes during daytime/business hours/night.
                 **MODIFICATION**

( ) Previous order modified as follows:
( ) Ct grants further stay of execution until _____ 19 _____ at _____ M.
( ) Ct grants stay on payment of fine until _____ 19 _____ at _____ M.
( ) _____

FPD-AZ-03057-0227    PROBATION ARRAIGNMENT / VIOLATION OF PROBATION

EX 40 - 424

**REPORT—INDETERMINATE SENTENCE,
OTHER SENTENCE CHOICE**

FORM CR 291

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ___Orange___
**BRANCH** _____

COURT I.D. | 3 0

FILED
DEC 7 1983
___ A. _____ County Clerk
CR _____ Deputy

**PEOPLE OF THE STATE OF CALIFORNIA** versus [X] PRESENT [ ] NOT PRESENT

CASE NUMBER(S): C-51741 — A / — B / — C / — D / — E

**DEFENDANT: HEMIL, Foster Lezmond**
**AKA:**

**REPORT TO JUDICIAL COUNCIL OF:** [ ] INDETERMINATE SENTENCE TO STATE PRISON [XX] SENTENCE CHOICE OTHER THAN STATE PRISON

| DATE OF HEARING (MO)(DAY)(YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 08 05 83 | 45 | JAMES K. TURNER | |

REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER

**1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:**

A. [ ] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT _____

ENHANCEMENTS (CHARGED AND FOUND)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | JURY TRIAL | COURT TRIAL | PLEA | 654 STAY | 12022(a) | 12022(b) | 12022.3(a) | 12022.3(b) | 12022.5 | 12022.6(a) | 12022.6(b) | 12022.7 | 12022.8 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 459 ** | Burglary 2nd | 83 | 08 | 05 | 83 | | | X | | | | | | | | | | |
| 2 | PC | 220 | Asslt com fel | 83 | 08 | 05 | 83 | | | X | | | | | | | | | | |

**2. A.** Number of prior prison terms charged and found

| SECTION | NUMBER |
|---|---|
| 667.5(a) | 0 |
| 667.5(b) | 0 |
| 667.6(b) | 0 |

**B.** Number of prior felony convictions

| SECTION | NUMBER |
|---|---|
| 667.6(a) | 0 |

**3.** [ ] Defendant was sentenced to death on counts _____, _____, _____, _____, _____.

**4.** [ ] Defendant was sentenced to State Prison:

A. [ ] For life, or a term such as 15 or 25 years to life, with possibility of parole, on counts _____, _____, _____, _____, _____.

B. [ ] For life without the possibility of parole on counts _____, _____, _____, _____, _____.

C. [ ] For other term prescribed by law on counts _____, _____, _____, _____, _____.

**5.** [ ] Counts _____, _____, _____, _____, were deemed misdemeanors.

A. [ ] Defendant sentenced to _____ days in county jail for all counts.

B. [ ] Defendant fined in sum of $ _____.

**6.** [X] For counts 1 , 2 , _____, _____, the defendant was placed on probation.

A. (1) [ ] Sentence pronounced and execution of sentence was suspended; or

(2) [X] Imposition of sentence was suspended.

B. Conditions of probation included [X] Jail Time 231 days [ ] Fine

**7.** Other dispositions

A. [ ] Defendant was committed to California Youth Authority.

B. [ ] Proceedings suspended, and defendant was committed to California Rehabilitation Center.

C. [ ] Proceedings suspended, and defendant was committed as a Mentally Disordered Sex Offender.

D. [ ] Proceedings suspended, and defendant was committed as mentally incompetent.

E. [ ] Other (Specify) _____

**NOTE:** PURSUANT TO ARTICLE VI, SECTION 6 OF THE CALIFORNIA CONSTITUTION AND SECTION 68505 OF THE GOVERNMENT CODE, THE CHIEF JUSTICE REQUIRES THAT EACH SUPERIOR COURT SHALL COMPLETE THIS FORM FOR EACH INDETERMINATE SENTENCE TO STATE PRISON OR SENTENCE CHOICE OTHER THAN STATE PRISON. THE REPORTS IMPLEMENT SECTION 1170.4 OF THE PENAL CODE AND SHALL BE MAILED TO: ADMINISTRATIVE OFFICE OF THE COURTS, 350 McALLISTER, 3200 STATE BUILDING, SAN FRANCISCO, CALIFORNIA 94102

DATE: 12-28-83    SIGNATURE OF CLERK: Ethelyn Ward

**REPORT—INDETERMINATE SENTENCE,**

Const., Art. VI, § 6
Pen C. 1170.4, 1170.6

FPD-AZ-03057-0228

**EX 40 - 425**

FILED

AUG 16 1983

LEE A. BRANCH, County Clerk

By _____ Deputy

COURT OF APPEAL - 4th DIST.
FILED

AUG 12 1983

Keenan G. Casady, Clerk

_____
Deputy Clerk

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

FOSTER LEZMOND HEMIL,

    Petitioner,

         v.

SUPERIOR COURT, etc.,
COUNTY OF ORANGE,

    Respondent;

PEOPLE OF THE STATE OF
CALIFORNIA,

    Real Party in Interest.

O R D E R

4 Civ. No. 30814

(Super. Ct. No. C-51741)

*THE COURT:

    Petitioner's motion to dismiss the writ petition is GRANTED. The petition is ordered DISMISSED pursuant to California Rules of Court, rules 19, 38 and 53.

                               WALLIN, J.

                               WALLIN, Acting P.J.

*   Before Trotter, P.J., Sonenshine, J. and Wallin, J.

cc:    OCSC
        OCDA
        OCPD
        ATTORNEY GENERAL

COPY

FPD-AZ-03057-0229

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

COURT OF APPEAL - 4th DIST.
FILED
AUG 8- 1983

, Keenan G. Casady, Clerk
_____
                    Deputy Clerk

AUG 10 1983

LEE A. BRANCH, County Clerk

FOSTER LEZMOND HEMIL,

     Petitioner,

v.

SUPERIOR COURT OF THE STATE OF
CALIFORNIA, ORANGE COUNTY,

     Respondent,

PEOPLE OF THE STATE OF CALIFORNIA

     Real Party in Interest.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

4 Civ. No. 30814
(Super. Ct. No. C-51741)

O R D E R

THE COURT:

    The request for a stay is DENIED.

                 TROTTER, P.J.

               _____
               TROTTER, P.J.

CC:     ORANGE COUNTY PUBLIC DEFENDER
        ATTORNEY GENERAL
        DISTRICT ATTORNEY, Orange County
        CLERK, Orange County Superior Court



FPD-AZ-03057-0230

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

COURT OF APPEAL - 4th DIST.
FILED
AUG 8- 1983
Keenan G. Casady, Clerk

Deputy Clerk

FOSTER LEZMOND HEMIL,

    Petitioner,

v.

SUPERIOR COURT OF THE STATE OF
CALIFORNIA, ORANGE COUNTY,

    Respondent,

PEOPLE OF THE STATE OF CALIFORNIA

    Real Party in Interest.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

4 Civ. No. 30814
(Super. Ct. No. C-51741)

O R D E R

FILED

AUG 1 0 1983

LEE A. BRANCH, County Clerk
By _____ Deputy

THE COURT:

    The request for a stay is DENIED.

             TROTTER, P.J.

           TROTTER, P.J.

CC:      ORANGE COUNTY PUBLIC DEFENDER
           ATTORNEY GENERAL
           DISTRICT ATTORNEY, Orange County
           CLERK, Orange County Superior Court



FPD-AZ-03057-0231



# SHERIFF-CORONER DEPARTMENT,
## COUNTY OF ORANGE
### CALIFORNIA

**FILED**

SEP 7 1984

LEE A. BRANCH, County Clerk

By _____ Deputy

**BRAD GATES**
**SHERIFF-CORONER**

TO THE _____SUPERIOR_____ COURT OF THE _____ORANGE COUNTY_____
JUDICIAL DISTRICT, COUNTY OF ORANGE, STATE OF CALIFORNIA

RE:  STAYS OF EXECUTION

The following individual(s) were sentenced to serve time in the Orange County Jail. Subject(s) failed to appear as ordered by the Court.

| NAME | CASE # | SENTENCE | STAY DATE |
|---|---|---|---|
| BERRY, Ronald C. | C53333 | 9 mos | 07-19-84 |
| HEMIL, Foster L. | C51741-D-47 | 30 days | 07-29-84 |
| KUSKIE, Steven Douglas | C52195 | 120 days | 07-23-84 |
| PASKO, William Lee | C52636 | 6 mos | 07-20-84 |
| ~~ROBERTS, Paul Dean~~ | ~~C52200~~ | ~~1 year~~ | ~~08-06-84~~ amended |

Please find attached commitments for your further action.

I declare to the best of my knowledge and belief that particulars given on this form are correct and complete.

Dated this ___9th___ day of _____AUGUST_____, 19_84_, at Santa Ana, California.

BRAD GATES, SHERIFF-CORONER

By _____
R. A. Karr
Custodian of Jail Records

cc:  Probation Department

J-045 (Rev. 5-83)

*Bench warrant previously issued on 8-23-84 pursuant to petition for want of found filed by Probation Dept.*

*SJK*

FPD-AZ-03057-0232



COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

FOSTER LEZMOND HEMIL,

       Petitioner & Defendant,

          vs.

SUPERIOR COURT, ORANGE COUNTY

       Respondent & Plaintiff.

PEOPLE OF THE STATE OF CALIFORNIA
REPRESENTED BY DISTRICT ATTORNEY,
COUNTY OF ORANGE,

       Real Party in Interest.

)
)
)
)
)  Case No. 4 CIV 30814
)
)  County No. C-51741
)
)
)
)
)
)
)
)

MOTION FOR DISMISSAL
OF PETITION FOR ALTERNATIVE WRIT OF
PROHIBITION/MANDATE & IMMEDIATE STAY

RONALD Y. BUTLER
Public Defender
FRANK SCANLON
Assistant Public Defender
JAMES DEAN ALLEN
Deputy Public Defender
HEAD OF COURT
Writs & Appeals
THOMAS HAVLENA
Deputy Public Defender
700 Civic Center Drive West.
Santa Ana, CA 92701
(714) 834-2144
Attorneys for Petitioner

FPD-AZ-03057-0233

EX 40 - 430

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

FOSTER LEZMOND HEMIL,

      Petitioner & Defendant,

           vs.

SUPERIOR COURT, ORANGE COUNTY

      Respondent & Plaintiff.

PEOPLE OF THE STATE OF CALIFORNIA
REPRESENTED BY DISTRICT ATTORNEY,
COUNTY OF ORANGE,

      Real Party in Interest.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 4 CIV 30814

County No. C-51741

## MOTION FOR DISMISSAL
### OF PETITION FOR ALTERNATIVE WRIT OF
### PROHIBITION/MANDATE & IMMEDIATE STAY

RONALD Y. BUTLER
Public Defender
FRANK SCANLON
Assistant Public Defender
JAMES DEAN ALLEN
Deputy Public Defender
HEAD OF COURT
Writs & Appeals
THOMAS HAVLENA
Deputy Public Defender
700 Civic Center Drive West.
Santa Ana, CA 92701
(714) 834-2144
Attorneys for Petitioner

FPD-AZ-03057-0234

EX 40 - 431

COURT OF APPEAL - FOURTH DISTRICT

DIVISION III

STATE OF CALIFORNIA

FOSTER LEZMOND HEMIL,

       Petitioner & Defendant,

           vs.

SUPERIOR COURT, ORANGE COUNTY

       Respondent and Plaintiff,

PEOPLE OF THE STATE OF CALIFORNIA
REPRESENTED BY DISTRICT ATTORNEY,
COUNTY OF ORANGE,

       Real Party in Interest.

Case No. 4 CIV 30814

O.C.S.Ct. C-51741

MOTION FOR DISMISSAL OF
PETITION FOR ALTERNATIVE
WRIT OF PROHIBITION/MANDATE
AND IMMEDIATE STAY.

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

Petitioner and defendant hereby requests, through his counsel of record, that this court dismiss without prejudice his Petition for Alternative Writ of Prohibition/Mandate and Immediate Stay, filed with this court on August 4, 1983, pursuant to Rules 19, 38 and 53, California Rules of Court.

DATED:   August 10, 1983

THOMAS HAVLENA
Attorney for Petitioner/Defendant

FPD-AZ-03057-0235

EX 40 - 432

FOSTER LEAMOND HEMIL,

        Petitioner & Defendant,

              vs.

SUPERIOR COURT, ORANGE COUNTY

        Respondent & Plaintiff.

PEOPLE OF THE STATE OF CALIFORNIA
REPRESENTED BY DISTRICT ATTORNEY,
COUNTY OF ORANGE,

        Real Party in Interest.

**DECLARATION OF SERVICE**

STATE OF CALIFORNIA)
           ) ss
COUNTY OF ORANGE   )

LYNNE E. CONNER declares that she is a citizen of the United States, a resident of Orange County, over the age of 18 years, not a party to the above-entitled action and has a business address at 700 Civic Center Drive West, Santa Ana, California.

That on the __10th__ day of ___August___, 19_83_, I served a copy of the MOTION FOR DISMISSAL OF PETITION FOR ALTERNATIVE WRIT OF PROHIBITION/MANDATE & IMMEDIATE STAY. in the above-entitled action by depositing a copy thereof in a sealed envelope, postage thereon fully prepaid, in the United States Mail at Santa Ana, California, said envelopes were addressed as follows:

        JOHN VAN DE KAMP
        Attorney General
        110 West "A" Street
        San Diego, CA  92101

Further, that on the same date I personally served a copy of the above-entitled action by delivering by hand and leaving with the person hereinafter named a copy thereof:

ECIL HICKS, DISTRICT ATTORNEY        DEPUTY COUNTY CLERK
00 Civic Center Drive West           700 Civic Center Drive West
anta Ana, California               Santa Ana, California

I declare under penalty of perjury that the foregoing is true and correct.

                            *Lynne E. Conner*
                          Secretary, Public Defender's Office
                          Orange County

FPD-AZ-03057-0236

EX 40 - 433

RONALD Y. BUTLER
Public Defender
Orange County
MARGARET ANDERSON
Deputy Public Defender
700 Civic Center Drive West
Santa Ana, California

Telephone:  834-2144

Attorneys for Defendant

FILED

AUG 0 4 1983

LEE A. BRANCH, County Clerk

By_____Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

PEOPLE OF THE STATE OF CALIFORNIA, )
                                   )
                    Plaintiff,     )      Case No.  C-51741
                                   )
        v.                         )
                                   )      CLOTHING ORDER
                                   )
FOSTER HEMIL,                      )
                                   )
                                   )
                    Defendant .    )
_____)

TO:  BRAD GATES, SHERIFF/CORONER OF ORANGE COUNTY

        IT IS HEREBY ORDERED that the above-named defendant be allowed a clothing exchange and/or provided with civilian clothing at the Attorney Bond Guard Station between the hours of 9:00 AM to 11:00 AM, 1:00 PM to 4:00 PM and 6:00 PM to 11:00 PM.  This order is a continuing order and shall remain in effect until further order of this Court or a termination of the proceedings in Orange County pending against the above-named defendant.

Dated  8/4/83

_____
JUDGE OF THE SUPERIOR COURT

LUIS CARDENAS

FPD-AZ-03057-0237

AND FOR THE COUNTY OF ORANGE

C— 51741 _____ PEOPLE vs. _Fosten Lezmond Hemil_

## GUILTY PLEA IN THE SUPERIOR COURT

1. My true full name is _Fosten Lezmond Hemil_ . I am represented by _Margaret R. Anderson_ who is my attorney.

2. I understand that I am pleading guilty and admitting the following offenses, ~~prior convictions and special punishment allegations~~, carrying possible penalties as follows:

| Ct. | Charge | Sentence Range in Years (Circle if a particular sentence has been agreed on) | Enhancements | yrs | Term for Priors | yrs | Total Penalty Years |
|-----|--------|------|------|-----|------|-----|------|
| I | 459 | 2, 4, 6 | | | | | 6 |
| II | 220 | 2, 4, 6 | No Time per | | | | 654 P.C. |
| | | | | | | | |
| | | | | | | Maximum Total Punishment | 6 |

FILED

AUG - 5 1983

LEE A. BRANCH, County Clerk

By _____

2a. ☑ I understand for persons sentenced to state prison the following terms of parole apply after expiration of the prison term.

☑ Determinate sentence: 3 years parole plus 1 year maximum confinement on revocation.

☑ Life sentence: 5 years parole plus 18 months maximum confinement on revocation.

2b. ☑ I understand that the courts and the legislature have approved plea bargaining. That it is absolutely necessary all plea agreements, promises of particular sentences or sentence recommendations be completely disclosed to the court on this form.

3. ☑ I understand that I have the right to be represented by an attorney at all stages of the proceedings until the case is terminated and that if I cannot afford an attorney, one will be appointed free of charge.

4. ☑ I understand that I have a right to a speedy and public trial either by jury or by court. I hereby waive and give up this right.

5. ☑ I understand that I have the right to be confronted by the witnesses against me and to cross examine them myself or through an attorney. I hereby give up this right.

6. ☑ I understand that I have the right to testify on my own behalf but that I cannot be compelled to be a witness against myself, and may remain silent if I so choose. I hereby give up these rights.

7. ☑ I understand that I have the right to call witnesses to testify in my behalf and to invoke the compulsory process of the court to subpoena those witnesses. I hereby give up these rights.

8. ☑ I understand that if I am not a citizen of the United States the conviction for the offense charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

9. ☑ I understand that I may be required to register as a sex offender pursuant to Section 290 of the Penal Code.

10. ☑ I understand that I may be required to register as a narcotic offender pursuant to Section 11590 of the Health and Safety Code.

11. ☑ I understand that I have the right to appeal the Superior Court's denial of my Penal Code Section 1538.5 motion (suppression of evidence motion) in this case. I give up that right.

12. ☑ I understand that I have the right to receive credit for all time I have spent in custody prior to my sentencing in this case (both work time and good time). I give up that right.

13. ☑ I understand that under the Fourth and Fourteenth Amendments to the United States Constitution, I have a right to be free from unreasonable searches and seizures. I hereby give up and waive that right and request to be sentenced in accordance with pages 1, 1a and 2.

FPD-AZ-03057-0238

C - 57741

14. I understand that I have the right to reject probation and I hereby waive that right and accept probation on all the terms and conditions contained in Pages 1, 1a and 2 of this form.

15. My lawyer has told me that if I plead guilty to the above charge(s), ~~enhancement(s)~~ and ~~prior conviction(s)~~, the court will: (Circle one)

(a) Sentence me to state prison for the term prescribed by law, which term is _____ years in the penitentiary. I waive my right to make application for probation and request immediate sentence.

(b) Consider my application for probation before sentence is pronounced. I understand the court may send me to state prison for a maximum of ____6____ years.

(c) Grant me probation under the conditions set forth in page two (attached) that I have signed and initialed. I understand that if I violate my probation the court may send me to the penitentiary for a maximum of _____ years on this case.

(d) Commit me to CYA ☐   Commit me pursuant to 1203.03 PC ☐   Institute MDSO proceedings ☐ ☐   Institute CRC proceedings ☐ ☐

(e) Other _____

I certify all other cases pending against me in this County and their proposed disposition are as follows:

*Possible Child Support - appearance 9/2.*

16. ☒ I understand that the court will make me pay $_____ to the State Indemnity Fund, as part of my sentence (Section 13967 of the Government Code).

17. I have discussed the charge(s), the facts and the possible defenses with my attorney.

18. I offer my plea of "Guilty" freely and voluntarily and with full understanding of all the matters set forth in the pleading and in this form. No one has made any threats, used any force against myself, family or loved ones, or made any promises to me except as set out in this form, in order to convince me to plead guilty.

19. I offer to the court the following facts as the basis for my plea of guilty *on 3/6/83 in Kingman City I entered a residence not my own with the intent to commit a felony inside that residence. to wit an assault with the intent to commit a sexual battery and in VIOLATION of section 289 as AND DID SO Commit Such ASSAULT on L.C. STARIKOFF.*

20. I have personally initialed each of the above boxes and discussed them with my attorney. I understand each and every one of the rights outlined above and I hereby waive and give up each of them in order to enter my plea to the above charge(s). I am entering a plea of guilty because I am in fact guilty and for no other reason. I declare under penalty of perjury that the foregoing is true and correct.

DATED ___8-5-83___    SIGNED _____ Case No. _____
                                                       Defendant

21. ☐ DEFENDANT'S ATTORNEY ONLY - I am attorney of record and I have explained each of the above rights to the defendant, and having explored the facts with him/her and studied his/her possible defenses to the charge(s), I concur in his/her decision to waive the above rights and to enter a plea of guilty. I further stipulate this document may be received by the court as evidence of defendant's intelligent waiver of these rights and that it shall be filed by the clerk as a permanent record of that waiver. No promises of a particular sentence or sentence recommendation have been made by myself or to my knowledge by the prosecuting attorney or the court which have not been fully disclosed in this form.

DATED ___8/5/83___    SIGNED ___M. A. Anderson___
                                             Attorney

22. ☐ FOR THE PEOPLE: Date ___8/5/83___ DEPUTY DISTRICT ATTORNEY _____

(After reading, initialing and signing, give to courtroom clerk)

1a

FPD-AZ-03057-0239

EX 40 - 436

## IN THE SUPERIOR COURT STATE OF CALIFORNIA COUNTY OF ORANGE

JUDGE: JAMES K. TURNER    REPORTER: Carolyn Knight    DATE: 8-5-83

CLERK: Natalie Drummond    BAILIFF: Sheldon Gill    DEPT: 45  TIME: 9 am

C 51741    PEOPLE VS HEMIL, Foster Lezmond

HRG: ( ) PROCEEDING AFTER CERTIFIED PLEA  ( ) PRETRIAL
(X) CHANGE OF PLEA  (X) PRONOUNCEMENT OF JUDGMENT
(X) DEFT IN CT (W/CSL) (W/OUT CSL) Margaret Anderson
(X) PEO REP BY Robert E. Thomas    DEP D.A. _____ P.D. _____ CT INT PRESENT.
( ) DEFT FOUND IN CONTEMPT FOR FAILURE TO APPEAR. BAIL ORD FORFEITED.
( ) B/W ORD ISSUED (& HELD UNTIL _____) BAIL SET AT $ _____.
( )
( ) (IND) (INFO) AMENDED BY INTERLINEATION. DEFT & CSL WAIVE READING AND DEFECTS AND ADVISEMENT OF RIGHTS.
(X) DEFT ADVISED OF (HIS) (HER) LEGAL & CONSTITUTIONAL RIGHTS.
(X) CT FINDS DEFT INTELL WAIVED (HIS) (HER) LEGAL & CONSTITUTIONAL RIGHTS AND WAIVED TIME AND ARR FOR SENTENCING.
( ) CT ADVISED DEFT IT HAD READ (PROB) (DOCTORS) REPORTS.
( )
(X) MOT BY DEFT TO W/DRAW NG PLEA TO COUNT  1 & 2  MOTION GRANTED.
( ) CSL STIP VIOL OF SEC _____ IS A LESSER INCLUDED OFFENSE WITHIN SEC _____ CT APPROVES STIPULATION.
(X) DEFT WRITTEN WAIVER OF LEGAL & CONST. RIGHTS ON (GUILTY PLEA) (NOLO CONTENDERE PLEA) REC & ORD FILED. CT FINDS FACTUAL BASIS FOR (GUILTY PLEA) (NOLO CONTENDERE PLEA) TO THE (AMENDED) (IND) (INFO). DEFT PLEADS (GUILTY) (NOLO CONTENDERE) TO CT  1 & 2  (AS AMENDED)
( )
(X) DEFT ADV OF CONSEQUENCE OF (CONV IF HE IS NOT A CITIZEN) (VIOLATION OF PROBATION) (VIOLATION OF PAROLE).
(X) DEFT (APPLIED FOR PROB) (WAIVED PROB) (REQ IMMED SENTENCE) (AND CSL JOINS IN WAIVER) ( ) PROB DEPT TO PREPARE A REPORT.
(X) NO LEGAL CAUSE APPEARING WHY JUDGE SHOULD NOT NOW BE PRONOUNCED AND DEFT HAVING (PLED GUILTY) (PLED NOLO CONTENDERE) (BEEN FOUND GUILTY) TO, OF A (MISD) (FELONY), TO WIT: VIOL OF SEC PC 459 & 220  IT IS THE JUDGMENT OF THE COURT THAT
( ) DEFT BE SENT TO SP FOR A PERIOD OF _____ YRS. ( ) SENT SUSP FOR _____ YRS.
( ) DEFT REFERRED TO SP PURSUANT TO SEC 1203.03 PC.
( ) DEFT BE PLACED ON PROB FOR _____ YRS. UND THE FOLLOWING TERMS & COND.
(X) IMP OF SENT BE SUS FOR  3  YRS. & DEFT BE PLACED ON PROB UNDER THE FOLLOWING TERMS & COND.
(X) BE CNF IN O CJ FOR 231  (MOS) (DAYS) (WEEKENDS) FROM _____ AT _____ M TO _____ 19 ___ AT _____ M., COMMENCING _____ W/CRED FOR TIME SERVED. OF  154  DAYS, PLUS  77  DAYS GOOD TIME AND _____ DAYS WORK TIME, A TOTAL CRED OF  231  DAYS.
COURT ORDERS A STAY OF EXEC UNTIL _____ 19 _____ , AT _____ M. TO APPLY FOR WORK FURLOUGH.
( ) SENT TO RUN (CONCURRENTLY) (CONSECUTIVELY), WITH ANY OTHER SENT (WITH SENTENCE ON CASE NUMBER _____ )
( ) PAY FINE OF $ _____ (PLUS PA) (TO CO. CLERK) (PROB DEPT) (AS DIRECTED BY PROB DEPT) AT THE RATE OF $ _____ PER MO COMMENCING ON _____
( ) _____

F0182-356.3 (R4/80)(Pg 1 of 2)

FPD-AZ-03057-0240

CASE NUMBER: _C - 51741_

( ) MAKE REST AS DIRECTED BY PROB DEPT. (X) REG PURS TO (290 PC) ~~OR (11590 H&S)~~

(X) SUBMIT TO ANY TEST PROGRAM BY PROB DEPT.

( ) _____

(X) COOPERATE WITH PROB OFF IN PLAN FOR (PSYCHOLOG) (PSYCHIATRIC) (ALCOHOL OR DRUG TREATMENT) COUNSELING OR THERAPY.

( ) SUBMIT YOUR PERSON AND PROPERTY, INCLUDING ANY RESIDENCE, PREMISE, CONTAINER OR VEHICLE UNDER YOUR CONTROL TO SEARCH AND SEIZURE AT ANYTIME OF THE DAY OR NIGHT BY POLICE OR PROBATION OFFICERS WITH OR WITHOUT A WARRANT.

(X) NOT OWN, USE OR POSSESS ANY TYPE OF DANGEROUS OR DEADLY WEAPON.

(X) VIOL NO LAWS & COMPLY WITH USUAL TERMS AND COND OF PROB, COURT & JAIL.

( ) NOT BE IN PRESENCE OF M/CHILDREN UNDER AGE OF 18 UNLESS IN PRESENCE OF A RESPONSIBLE ADULT OVER 21 YRS. OF AGE UNLESS APPROV BY PROBATION.

( ) HAVE NO BLANK CKS IN POSSESSION. NOT WRITE ANY CHECKS, NOR HAVE CHECKING ACTG NOR USE OR POSSESS CREDIT CARDS OR OPEN CREDIT ACTG. UNLESS APPROVED BY PROB.

(X) MAINT TRAINING, SCHOOLING, EMPL, RESID & ASSOC. AS APPROVED BY PROB.

(X) NOT OPERATE MOTOR VEHICLE (WITHOUT VALID CALIF. DRIV LISC) (WITH MEASURABLE AMOUNT OF ALCOHOL IN (HIS) (HER) SYSTEM.

( ) NOT ASSOC WITH PERSONS KNOWN BY YOU TO BE NARC OR DRUG USERS OR SELLERS AND STAY AWAY FROM PLACES WHERE USERS OR SELLERS CONGREGATE.

(X) _Use no drugs_

( ) NOT DRINK ANY ALCOHOLIC BEVERAGES, STAY OUT OF PLACES WHERE THEY ARE THE CHIEF ITEMS OF SALE.

(x) _Cost of Probation not ordered at this time_

( ) _____

(X) DEFT ACCEPTS TERM OF PROB ( ) PROB DEPT RELIEVED OF SUPV.

( ) (CONTEMPT PROC DISM) (BAIL REINSTATED) (B/W ORDERED WITHDRAWN)

( ) BAIL EXONERATED.

( ) (BAIL ON APPEAL SET AT $ _____ ) (DEFT ORD REL O.R. ON APPEAL)

( ) (DEFT ORD REL FR CUSTODY) (O.R. REL SIGNED)

( ) CT FINDS DEFT (DOES) (DOES NOT) HAVE ABILITY TO PAY APPT COUNSEL IN THE SUM OF $ _____

( ) (DEFT WAIVED STATUTORY TIME) (DEFT ORD TO RETURN)

( ) DEFT REMANDED TO CUSTODY OF THE SHERIFF.

( ) MOT BY PEOPLE TO (STRIKE PRIORS) (DISMISS REMAINING COUNTS) (DISMISS USE ALLEGATION) (DISMISS ARMED ALLEGATION)
MOTION (GRANTED) (UNDER SUBM)

( ) HRG RE: _____ (CONTD TO) (SET FOR) _____ AT _____ .M IN DEPT _____ .

( ) CASE SETTLED. DELETE _____ DAYS TRIAL. VACATE JT DATE OF _____ .

( ) THE SHERIFF IS ORD TO DEL THE DEFT INTO THE CUSTODY OF THE CALIF. INSTITUTION FOR (MEN) (WOMEN) AT (CHINO) (FRONTERA), CALIF.

(x) THIS M. O. TO CONSTITUTE THE (PROBATION ORDER) ~~(AMENDED PROBATION ORDER)~~

(x) _Defendant has permission to leave this country to return to the Marshall Islands. He should notify the U.S. Consulate upon his return so that they shall write a letter to this Court telling of his return._

Defendant to report to Probation Department upon release from OCJ

FPD-AZ-03057-0241

EX 40 - 438

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ORANGE

Dept. __12__

Court convened at __4:00 P.__ M. __June 28,__ 19__83__, present

Hon. __ROBERT H. GREEN__, Judge; __MARGOT M. HARVEY__, Deputy Clerk;

__NONE__, Deputy Sheriff; __NONE__, Reporter;

and the following proceedings were had:

C-51741   PEOPLE, STATE OF CALIFORNIA VS HEMIL, FOSTER LEZMOND

GOOD CAUSE APPEARING, the court orders the Pretrial presently set

on July 8, 1983, at 9:00 A.M. in Department 12, reset in Department 45

on July 8, 1983, at 9:00 A.M. in Department 12.

The Public Defender's Office and the District Attorney's Office

are notified this date via interoffice courier delivery of a copy of

this minute order.

ENTERED:   6-28-83

THIS INSTRUMENT IS A CORRECT COPY OF
THE ORIGINAL ON FILE IN THIS OFFICE

MAR 2 1 2002

ATTEST: (DATE) _____

ALAN SLATER, EXECUTIVE OFFICER AND CLERK
OF THE SUPERIOR COURT OF THE STATE
OF CALIFORNIA IN AND FOR THE COUNTY OF ORANGE

BY _____ DEPUTY

LUCY HERNANDEZ

| Statistical Code Use Only | 1. | 2. | 3. | 4. | 5. | 6. | 7. | 8. | 9. | 10. | 11. | 12. | 13. | 14. | 15. | 16. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | |

FPD-AZ-03057-0242

EX 40 - 439

Filed in open Superior Court of the State of California, in and for the County of Orange, on motion of the District Attorney of said Orange County, this 16th day of June, 1983

LEE A. BRANCH, COUNTY CLERK

BY: _Ceilia Qukli_ Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ORANGE

THE PEOPLE OF THE STATE OF CALIFORNIA,)
                                      )
                          Plaintiff,  )    Case No.   C-51741
                                      )
             vs.                      )
                                      )    INFORMATION
                                      )
FOSTER LEZMOND HEMIL                  )
                          Defendant(s) )
_____ )

COUNT I:  The District Attorney of the County of Orange, by this Information, hereby accuses FOSTER LEZMOND HEMIL of a Felony, to-wit:  Violation of Section 459 of the Penal Code of the State of California (BURGLARY), in that on or about March 6, 1983, in the County of Orange, State of California, the said defendant(s) did willfully, unlawfully and feloniously enter the residence occupied by L. C. Starikoff, located at 720 W. Victoria St., #F-3, Costa Mesa, with the intent to commit rape and penetration of the genital and anal opening of another by a foreign object, in violation of Penal Code Sections 261, 289(a) and 220.

COUNT II:  And the said FOSTER LEZMOND HEMIL is/are hereby accused by the District Attorney of the County of Orange, by this second count of this Information, of a Felony, to-wit:  Violation of Section 220 of the Penal Code of the State of California (ASSAULT WITH INTENT TO COMMIT A FELONY), in that on or about March 6, 1983, in the County of Orange, State of California, the said defendant(s) did willfully, unlawfully and feloniously assault L. C. Starikoff, with the intent to commit rape and penetration of the genital opening of another by a foreign obect in violation of Penal Code Sections 261, 289(a) and (b), and by means of force likely to produce great bodily injury.

///

///

FPD-AZ-03057-0243

Contrary to the form, force and effect of the Statute in such cases made and provided, and against the peace and dignity of the People of the State of California.

DATED: June 16, 1983

CECIL HICKS, DISTRICT ATTORNEY
COUNTY OF ORANGE, STATE OF CALIFORNIA

BY: _____
      Deputy District Attorney

THIS INSTRUMENT IS A CORRECT COPY OF
THE ORIGINAL ON FILE IN THIS OFFICE

ATTEST: (DATE) _____ MAR 2 1 2002 _____

ALAN SLATER, EXECUTIVE OFFICER AND CLERK
OF THE SUPERIOR COURT OF THE STATE
OF CALIFORNIA IN AND FOR THE COUNTY OF ORANGE

BY _____ DEPUTY
        LUCY HERNANDEZ

FPD-AZ-03057-0244

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

JUDGE: _James K. Turner_ CLERK: _N. Drummond/A Polichette_ DATE: _7-22-83_

BAILIFF: _J. West_ _____ REPORTER: _C. Knight_ TIME: _9:00am_ DEPT: _45_

C. _51741_ People vs _Hemil, Foster Legmond_

( X ) Hrg re: ☐ Trial  ☐ Prob. Violation  ☐ Stay of Exec.

          ☒ 995 PC Motion  ☐ 1538.5 PC Motion

          ☐ Other: _____

( X ) Deft in Court (with) (without) csl _Thomas Havlena_ _____ Dep. P.D.

(   ) Deft not in court but rep by _____ Dep. P.D.

(   ) Interpreter _____ present.

( X ) Peo rep by _Steve Bickel_ _____ Dep. D.A.

(   ) Deft found in contempt for failure to appear. Bail forfeited.

(   ) B/W to issue. (and held until) (continue to hold until) _____ Bail set at $ _____

(   ) _____

     _____

     _____

     _____

     _____

( X ) Motion by (deft) (people) (granted) (denied) (under submission)

(   ) Case transferred to Dept ____ for (trial) (further proceedings)

(   ) Deft waived statutory time for (trial) (pronouncement of judgment)

(   ) Case cont. by stipulation of (People) (Deft) to _____ 19 ____ at _____ a.m. in Dept _____. Deft ordered to be present.

(   ) Motion under _____ (continued to) (set for) _____ 19 _____ at _____ a.m. in Dept. _____ .

(   ) (B/W ord withdrawn) (Bail reinstated) (Bail exonerated)

( X ) Deft remanded to the custody of the Sheriff.

(   ) Deft rel O.R. O.R. release signed.

(   ) Further stay of execution is granted until _____ 19 ____ at _____ .m. at which time he is ordered to report to the Orange County Jail. A temporary commitment order forwarded to the jail this date.

(   ) This minute order to constitute the Amended Probation Order.

(   ) _____

     _____

     _____

FPD-AZ-03057-0245

**EX 40 - 442**

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
### IN AND FOR THE COUNTY OF ORANGE

Dept: _____ 45 _____

Court convened at __ 9:00 A __ M. _____ 8 July _____ 19 83 __, present

Hon. ___ JAMES K. TURNER ___, Judge; ___ Natalie Drummond ___, Deputy Clerk;

___ Jack West ___, Deputy Sheriff; __ C rolyn Knight ___, Reporter;

and the following proceedings were had:

C-51741  PEOPLE VS HEMIL, Foster Lezmond

Hearing re:  Pretrial

Defendant in holding area and not present but represented by

counsel Margaret Anderson, Deputy PD.  People in court by counsel

Jeff Robinson, Deputy DA.  Pretrial continued until 7-22-83 at

9:00 A.M.  Trial date of 8-8-83 to remain.  ENTERED 7-8-83

THIS INSTRUMENT IS A CORRECT COPY OF
THE ORIGINAL ON FILE IN THIS OFFICE

MAR 2 1 2002

ATTEST: (DATE)
ALAN SLATER, EXECUTIVE OFFICER AND CLERK
OF THE SUPERIOR COURT OF THE STATE
OF CALIFORNIA IN AND FOR THE COUNTY OF ORANGE

BY _____ DEPUTY
LUCY HERNANDEZ

| Statistical Code Use Only | 1. | 2. | 3. | 4. | 5. | 6. | 7. | 8. | 9. | 10. | 11. | 12. | 13. | 14. | 15. | 16. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |

FPD-AZ-03057-0246

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

JUDGE: _James K. Turner_ CLERK: _U. Drummond/Lapolichette_ DATE: _7-22-83_
BAILIFF: _J. West_ REPORTER: _C. Knight_ TIME: _9 00 am_ DEPT: _45_
C- _51741_ People vs _Hemil, Foster, Lezmond_

( X ) Hrg re: ☐ Trial ☐ Prob. Violation ☐ Stay of Exec.
       ☐ 995 PC Motion ☐ 1538.5 PC Motion
       ☒ Other: _Discovery Motion & Pre-trial_

( X ) Deft in Court (with) (~~without~~) csl _Margaret Anderson_ _____ Dep. P.D.

(   ) Deft not in court but rep by _____ Dep. P.D.

(   ) Interpreter _____ present.

( X ) Peo rep by _Jeoff Robinson_ . Dep. D.A.

(   ) Deft found in contempt for failure to appear. Bail forfeited.

(   ) B/W to issue. (and held until) (continue to hold until) _____ Bail set at $ _____

(   ) _____

_____

_____

( X ) _Discovery_ Motion by (deft) ~~(people)~~ (granted) ~~(denied) (under submission)~~ & _Discovery Order granted as signed._

(   ) Case transferred to Dept ____ for (trial) (further proceedings)

(   ) Deft waived statutory time for (trial) (pronouncement of judgment)

(   ) Case cont. by stipulation of (People) (Deft) to ____ 19 ____ at ____ a.m. in Dept ____. Deft ordered to be present.

( X ) ~~Motion under~~ _Pretrial_ (continued to) ~~(set for)~~ _8-5_ 19 _83_ at _9:00_ a.m. in Dept. _45_ .

(   ) (B/W ord withdrawn) (Bail reinstated) (Bail exonerated)

( X ) Deft remanded to the custody of the Sheriff.

(   ) Deft rel O.R. O.R. release signed.

(   ) Further stay of execution is granted until ____ 19 ____ at ____ .m. at which time he is ordered to report to the Orange County Jail. A temporary commitment order forwarded to the jail this date.

(   ) This minute order to constitute the Amended Probation Order.

(   ) _____

_____

_____

FPD-AZ-03057-0247

RONALD Y. BUTLER,
Public Defender
Orange County
THOMAS HAVLENA
Deputy Public Defender
700 Civic Center Drive West
Santa Ana, California

Telephone:   834-2144

Attorneys for Defendant

Dept. 45
20 Mins.
7/22/83
IN CUSTODY

ORIGINAL

FILED

JUL 22 1983

LEE A. BRANCH, County Clerk

By _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

PEOPLE OF THE STATE OF CALIFORNIA, )
                                   )
                    Plaintiff,     )        Case No.   C-51741
                                   )
     v.                            )
                                   )        NOTICE OF MOTION TO SET
                                   )        ASIDE PURSUANT TO PENAL
                                   )        CODE § 995.
FOSTER HEMIL,                      )
                                   )
                    Defendant .    )

TO THE DISTRICT ATTORNEY, COUNTY OF ORANGE:

You will please take notice that on Friday, the 22nd day of    July  , 197 83 at 9:00 a.m. of said day or as soon thereafter as counsel can be heard in Department 45 of the above-entitled court, in the City of Santa Ana, County of Orange, State of California, the above-named defendant will move the Court for an order setting aside

of the accusatory pleading.

This motion will be made pursuant to Penal Code, § 995 upon the ground:

( x )   that there is no reasonable or probable cause;

(   )   that the indictment was not found endorsed and

FPD-AZ-03057-0248

-1-

EX 40 - 445

**COPY**

COURT OF APPEAL – FOURTH DISTRICT

DIVISION III

STATE OF CALIFORNIA

FILED

AUG 5 1989

LEE A. BRANCH, County Clerk
_____Deputy
By _____

FOSTER LEZMOND HEMIL,                    )
                                         )
     Petitioner & Defendant,            )
                                         )
             vs.                   )    O.C.S.Ct. No. C-51741
                                         )
SUPERIOR COURT, ORANGE COUNTY            )    4 Civil
                                         )
     Respondent & Plaintiff.            )
                                         )
PEOPLE OF THE STATE OF CALIFORNIA,       )
                                         )
     Real Party in Interest.            )
_____)

PETITION FOR ALTERNATIVE WRIT OF

PROHIBITION/MANDATE & IMMEDIATE STAY

RONALD Y. BUTLER
Public Defender
FRANK SCANLON
Assistant Public Defender
JAMES DEAN ALLEN
Deputy Public Defender
HEAD OF COURT
Writs & Appeals
THOMAS HAVLENA
Deputy Public Defender
700 Civic Center Drive West.
Santa Ana, CA 92701
(714) 834-2144
Attorneys for Petitioner

FPD-AZ-03057-0249

EX 40 - 446

# TABLE OF CONTENTS

PAGES:

Table of Authorities...........................................ii

Petition for Alternative Writ of Prohibition/Mandate and
Immediate Stay................................................2

Verification..................................................9a

Points, Authorities and Argument..............................10

Conclusion....................................................26

Declaration of Service

i

FPD-AZ-03057-0250

EX 40 - 447

TABLE OF AUTHORITIES

CASES:                                                                PAGES:


Gallaher v. Superior court (1980) 103 Cal.App.3d 666..........24

Garabedian v. Superior Court (1963) 59 Cal.2d 124.............11

Jennings v. Superior Court (1967) 66 Cal.2d 867...........23, 25

People v. Bard (1968) 70 Cal.2d 3.............................14

People v. Cortez, (1970) 13 Cal.App.3d 317....................15

People v. Kittrelle (1951) 102 Cal.App.2d 149.............14, 15

People v. Pompa-Ortiz (1980) 27 Cal.3d 519....................23

People v. Superior Court (Mendella) (1983) 33 Cal.3d 754......22

People v. Tidmore (1963) 218 Cal.App.2d 716..............13, 15

Williams v. Superior Court (1969) 71 Cal.2d 1144..........10, 11


STATUTES:

Penal Code §220................2, 3, 10, 12, 15, 16, 17, 18, 22

Penal Code §261............................12, 16, 17, 18, 21, 22

Penal Code §261(1)............................................21

Penal Code §261(4)............................................21

Penal Code §264.1.............................................17

Penal Code §288...............................................17

Penal Code §289...............................................17

Penal Code §289(a)..........2, 3, 12, 15, 16, 17, 18, 19, 20, 22

Penal Code §289(b)............................2, 17, 18, 20, 21, 22

Penal Code §459.................2, 3, 10, 11, 16, 17, 25

Penal Code §995....................................3, 9, 14, 25

ii

COURT OF APPEAL - FOURTH DISTRICT

DIVISION III

STATE OF CALIFORNIA

FOSTER LEZMOND HEMIL,

      Petitioner & Defendant,

           vs.

SUPERIOR COURT, ORANGE COUNTY

      Respondent and Plaintiff,

PEOPLE OF THE STATE OF CALIFORNIA
REPRESENTED BY DISTRICT ATTORNEY,
COUNTY OF ORANGE,

      Real Party in Interest.

O.C.S.Ct. C-51741

PETITION FOR
ALTERNATIVE WRIT OF
PROHIBITION/MANDATE
AND IMMEDIATE STAY.

TO:  THE HONORABLE PRESIDING JUSTICE OF THE DISTRICT COURT OF APPEAL OF THE STATE OF CALIFORNIA AND TO THE ASSOCIATE JUSTICES OF THE DISTRICT COURT OF APPEAL OF THE STATE OF CALIFORNIA:

Petitioner above-named seeks an Alternative Writ of Prohibiton/Mandate and alleges that:

I

By complaint dated March 11, 1983, (Case No. F-10574), Petitioner was charged with violating Penal Code §289(a) (Count I), Penal Code §289(b) (Count II), Penal Code §220 (Count III), and Penal Code §459 (Count IV).

II

On March 25, 1983, a preliminary examination was held in the Orange County Harbor Municipal Court before the Honorable Selim S. Franklin, Judge. Mr. Hemil was held to answer as to Counts III and IV above.

III

An Information dated April 7, 1983, (Case No. C-51350) was filed in

-2-

FPD-AZ-03057-0252

EX 40 - 449

Respondent Court charging Petitioner with violating Penal Code §459 (Count I), Penal Code §289(a) (Count II), and Penal Code §220 (Count III).

IV

On May 2, 1983, Petitioner filed a motion to dismiss the Information pursuant to Penal Code §995, and on May 13, 1983, said motion was granted, and Case No. C-51350 was dismissed.

V

By complaint dated May 13, 1983, (Case No. F-10643), Petitioner was again charged with violating Penal Code §459 (Count I), and Penal Code §220 (Count II).

VI

On June 2, 1983, a preliminary examination was held in the Orange County Harbor Municipal Court before the Honorable Calvin P. Schmidt, Judge. Mr. Hemil was held to answer as to both counts.

VII

An Information dated June 16, 1983, (Case No. C-51741) was filed in Respondent Court charging Petitioner with violating Penal Code §459 (Count I), and Penal Code §220 (Count II).

VIII

On July 11, 1983, Petitioner filed a motion to dismiss the Information pursuant to Penal Code §995, and on July 22, 1983, said motion was denied.

The facts relevant to the issues raised in this petition are as follows:

STATEMENT OF FACTS

Alex Beverly Starikoff testified on behalf of the People.   (RT:4:17-20)

On March 6, 1983 she lived at 720 W. Victoria Street, Costa Mesa,

-3-

FPD-AZ-03057-0253

with Kelli Sakkas. (RT:4:26-5:12) The petitioner did not have permission to enter that apartment on that date. (RT:5:13-19) Prior to March 6, 1983 the witness knew the petitioner by his first name, as he was a neighbor and they said "hi" sometimes. (RT:5:24-6:17) The petitioner had been a guest in the apartment nine days before March 6, 1983, when he visited the witness and Kelli. (RT:6:22-7:6)

The following exchange occurred when defense counsel sought to elicit testimony concerning marijuana use by Alex, Kelli and the petitioner nine days prior to the incident, and the issue of "intent" upon entry as to Count I (P.C.§459):

"Q  On the occasion that he was in your premise, did you and your roommate smoke some marijuana together?
MR. McKINNON:  Object as irrelevant.
MS. GIRITSKY:  Your Honor, it goes to the theory of defense.
THE COURT:  You're talking about nine days before?
MS. GIRITSKY:  Yes, your Honor.
THE COURT:  You better make an offer of proof.  I don't quite understand the theory of defense.
MS. GIRITSKY:  Your Honor, at this time we would make an offer of proof that at that time, nine days earlier, the defendant was in the residence, they were smoking marijuana together, and we have reason to believe that the reason why Mr. Hemil did return to that premise, those premises nine days later was for the purpose of obtaining more marijuana; so it would be relevant whether or not they did smoke marijuana together as to whether or not he would have reason to believe that he would be able to obtain some there.
THE COURT:  To that question the way you asked it, sustained.
BY MS. GIRITSKY:  Q. On the occasion that Mr. Hemil was in your home nine days prior to March 6th, did anyone in the apartment at that time partake in smoking marijuana?
MR. McKINNON:  I'll make the same objection as irrelevant.  Your Honor, the witness has already testified that on the date here on March 6th, the date of this incident, the defendant did not have permission to be in that apartment complex.  It would only be a relevant issue to that as far as

-4-

FPD-AZ-03057-0254

EX 40 - 451

that goes; but what happened nine days prior is just too remote.

MS. GIRITSKY: It has to do with the intent in which he entered. He is charged with a burglary. The question is what was the intent when he entered, the question is to what was his intent when he entered. It's very relevant, it goes to the crux of the charge.

THE COURT: People?

MR. McKINNON: Submit it.

THE COURT: I'm just going through the elements of burglary is what I am thinking about.

MS. GIRITSKY: The intent to enter is not a felony.

MR. McKINNON: It is without the permission of the residents. The witness also testified the defendant did not have consent. Even hypothetically speaking if what happened prior as the Public Defender believes, it's still not relevant on this day when the witness indicated the defendant did not have permission.

MS. GIRITSKY: Your Honor, entry without permission is not an element of defense. The crucial element of defense is there's a certain intent at the time of entry, not whether or not there's a permission.

THE COURT: Certain intent to what?

MS. GIRITSKY: The instance of the burglary is the defendant's intent at the time of entry. If it's entry and he does not have intent to commit a felony or whatever that felony is, it may be a trespassing, but it's not a burglary.

THE COURT: You can answer the question?

THE WITNESS: Can you — I don't remember.

BY MS. GIRITSKY: Q. Nine days prior to March 6th when Mr. Bemil was in your apartment, did you and Mr. Bemil smoke marijuana together?

THE COURT: Sustained.

MS. GIRITSKY: Could the reporter be requested to read back the question?

THE COURT: Yes.

(Whereupon, the record was read by the court reporter.)

THE WITNESS: Yes.

BY MS. GIRITSKY: Q. And was Mr. Bemil one of the people?

A. Yes.

Q. Were you one of the people?

A. Yes.

Q. Was your roommate also one of the people?

A. No.

THE COURT: Actually I sustained the objection on this line of questioning. On the prior question it was objected to, and I sustained that objection previously.

sb

-5-

FPD-AZ-03057-0255

MR. McKINNON: I would make a motion to strike.

THE COURT: The motion to strike is granted.

MS. GIRITSKY: Your Honor, at this time I would indicate I feel the Court is unduly restricting my cross examination by making a motion to strike this witness' testimony.

THE COURT: It may be, but whether she smoked marijuana, even under your theory as described to me previously, it's not germaine. Motion to strike is granted." (RT:7:10-10:20)

"MS. GIRITSKY: However, your Honor, I would like to renew my motion to strike her testimony on the grounds that my cross examination was restricted.

THE COURT: As to whether or not she was smoking marijuana?

MS. GIRITSKY: Yes.

THE COURT: Motion to strike is still not granted." (RT:16:25-17:5)

Alex Starikoff was not home the evening of March 5, 1983, and she returned about midnight. (RT:11:4-11) Kelli was not home when Alex arrived home, but Kelli arrived about ten minutes later. (RT:11:12-20) Alex's mother was asleep in Kelli's room when Alex returned home. (RT:11:21-26)

About 2:00 a.m. she heard noises from the room her mother was in, and she ran to the room and saw the petitioner there. (RT:12:1-13:4) She called the police. (RT;13:22-24) She had a "stick", and she had Mr. Hemil wait for the police to arrive. (RT:15:4-10) Mr. Hemil waited for the police to arrive and he did not try to get away or struggle. (RT:15:11-14) Mr. Hemil asked her not to call the police, and said that he thought it was Kelli. (RT:15:19-16:1) Mr. Hemil made no threats to anyone, nor did he physically grab anyone while she was in the room. (RT:16:2-7)

Maureen Carol Starikoff testified on behalf of the People. (RT:17:6-9) Mrs. Starikoff was the weekend guest at her daughter's apartment, and on the evening of March 5, 1983, near midnight, she retired in the bedroom of her daughter's roommate. (RT:17:18-18:23) She was wearing a long flannel nightgown, and no underclothing. (RT:19:1-6) The light was off but some light

sb

-6-

FPD-AZ-03057-0256

was coming through the drapes from outside. (RT:19:7-14) She fell asleep very quickly. (RT:19:15-16)

Mrs. Starikoff came back to consciousness gradually, was lying on her stomach, and the lights were still off. (RT:20:1-18) As she awoke she felt something moving in and out inside her vagina. (RT:20:19-21:9) As she came to full consciousness she turned to look over her left shoulder, and saw a man kneeling beside her bed toward the lower half of her body. (RT:21:22-22:17) The blankets were still covering her. (RT:22:20-24) She assumed that it was his finger or fingers inside her vagina. (RT:23:8-15)

Mrs. Starikoff asked "who are you, what are you doing here". (RT:23:25-26) The man replied "Don't worry, I'm your friend". (RT:24:1-4) She then screamed "You're not my friend" and he said "Yes" "I'm your friend, I'm your friend". (RT:24:25-25:5) Mrs. Starikoff then hit the man, slapping him across the face, and the man said "I'm sorry, I thought you were Kelli". (RT:25:6-13) Kelli is her daughter's roommate. (RT:25:14-17)

The man no longer had his finger in her vagina after she hit him. (RT:25:18-20) Shortly after, her daughter and Kelli entered and the lights were turned on. (RT:26:2-9) The man in her room was the petitioner. (RT:26:0-23) The petitioner was wearing levi-type jeans, no shirt and was barefoot, and there were white sneakers and socks and a T-shirt on the floor. (RT:26:24-27:11)

Mrs. Starikoff's daughter was beating the petitioner on the back and yelling "That's my mother, that's my mother". (RT:27:24-28:3) [The daughter, Alex Starikoff, testified: "'That's my fucking mother' is all I kept saying, and I kept telling him to shut up". (RT:14:10-16).]

The petitioner did not touch Mrs. Starikoff in any other manner, and made no threats. (RT:28:21-26) During the "in and out" movement the witness felt no pain. (RT:30:14-17) There was no choking, no threats, no weapon

FPD-AZ-03057-0257

EX 40 - 454

displayed, and she was not pushed around or roughed up.    (RT:30:18-26)

Mrs. Starikoff returned to the room for a moment and saw her daughter "standing over and yelling at him" and he was "talking to her".    (RT:31:12-19)

IX

No other petition for writ or any other remedy for the denial of such motion has been filed.

X

The order of Respondent Court denying petitioner's motion to dismiss under §995 was erroneous and in excess of its jurisdiction and may properly be reviewed by pretrial writ of prohibition/mandate (§1510).

XI

Petitioner's jury trial in this matter is presently set for August 8, 1983.

X

Petitioner is in custody at Orange County Jail and is being held in lieu of $25,000 bail.

XI

Unless a pretrial writ of prohibition/mandate is issued, Petitioner will be required to undergo a jury trial estimated to consume five days. He will be in jeopardy of being convicted; he may be held without bail pending appeal; he may be sentenced to six years and could suffer additional incarceration; and he may be required to register as a sex offender if the relief sought is not granted.

XII

Petitioner has no plain, speedy or adequate remedy at law save by writ of prohibition/mandate.  No pretrial appeal lies from the order of Respondent Court denying Petitioner's motion.

WHEREFORE, Petitioner prays that a peremptory Writ of

-8-

sb

FPD-AZ-03057-0258

Prohibition/Mandate issue compelling Respondent Court to set aside the order which is the subject of this petition and enter a new order granting the motion of Petitioner, or in the alternative:

Petitioner prays that an alternative Writ of Prohibition/Mandate issue ordering Respondent Court to vacate its order of July 22, 1983, denying Petitioner's motion under Penal Code §995 to dismiss, or in the alternative, staying all proceedings in the Respondent Court against Petitioner until such time as Respondent Court can appear and show cause why it should not forever be prohibited from taking any action against Petitioner other than vacating its order denying Petitioner's said motion to dismiss and entering a new order granting said motion;

For an immediate stay of proceedings pending the determination of the merits of the instant petition;

For such other and further relief as the Court deems proper.

DATED:   August 4, 1983

Respectfully submitted,

RONALD Y. BUTLER
Public Defender
FRANK SCANLON
Assistant Public Defender
JAMES DEAN ALLEN
Deputy Public Defender
Head of Court
Writs & Appeals

THOMAS HAVLENA
Deputy Public Defender

-9-

FPD-AZ-03057-0259

EX 40 - 456

STATE OF CALIFORNIA )
                    )        ss
COUNTY OF ORANGE    )

I, the undersigned say:

I am an attorney, licensed to practice in the State of California, and a Deputy Public Defender in Orange County. I represent the Petitioner in this action; the above document is true of my knowledge, except as to those matters that are stated in it on my information and belief, and as to those matters I believe them to be true.

Executed on this 4th day of August , 19. , at Santa Ana, California.

I declare under penalty of perjury that the foregoing is true and correct.

FPD-AZ-03057-0260

<u>ISSUES</u>

I

IS THE EVIDENCE SUFFICIENT TO SUPPORT EACH COUNT IN THE INFORMATION?

II

IS THE EVIDENCE SUFFICIENT FROM WHICH THE MAGISTRATE COULD REASONABLY HAVE INFERRED THE EXISTENCE OF EACH ELEMENT OF A VIOLATION OF PENAL CODE §459, AS ALLEGED IN COUNT I OF THE INFORMATION?

III

IS THE EVIDENCE SUFFICIENT FROM WHICH THE MAGISTRATE COULD REASONABLY HAVE INFERRED THE EXISTENCE OF EACH ELEMENT OF A VIOLATION OF PENAL CODE §220, AS ALLEGED IN COUNT II OF THE INFORMATION?

IV

DID THE MAGISTRATE'S RESTRICTION OF CROSS-EXAMINATION DENY THE PETITIONER A SUBSTANTIAL RIGHT, AND RESULT IN HIS ILLEGAL COMMITMENT?

<u>POINTS, AUTHORITIES AND ARGUMENT</u>

I

THE EVIDENCE IS INSUFFICIENT TO SUPPORT EACH COUNT IN THE INFORMATION.

In <u>Williams v. Superior Court</u> (1969) 71 Cal.2d 1144 the California Supreme Court states:

> "Sufficient cause and reasonable and probable cause means (sic) such a state of facts as would lead a man of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused (<u>People v. Nagle</u> 25 Cal.2d 216, 221) (<u>People v. Superior Court</u> (1955) 46 Cal.2d). 3.) When the evidence produced at the preliminary examination does not meet the test, the order holding a defendant to answer should be set aside on motion pursuant to §995 of the Penal Code." <u>Williams v. Superior Court</u> 71 Cal.2d 1144, 1147.

This is the generally accepted test for the sufficiency of the evidence presented at a preliminary examination in support of an Information. (See <u>Witkin, California Criminal Procedure</u>, (1963) §144, p. 137.) However,

-10-

FPD-AZ-03057-0261

EX 40 - 458

there is authority to aid this court in determining in more detail when evidence is or is not sufficient under Penal Code §995.

In <u>Garabedian v. Superior Court</u> (1963) 59 Cal.2d 124, the California Supreme Court explicated the standard as including a requirement that each element of the crime charged be evidenced. In that case, the Court held that the state failed to establish probable cause, because at the preliminary examination they had failed to present:

> "...any evidence, direct or indirect, of an essential element or ingredient of the offense charged." <u>Garabedian v. Superior Court</u> (1963) 59 Cal.App.2d 124, 125.

Again in <u>Williams v. Superior Court</u>, supra, the California Supreme Court makes it clear that an Information will be set aside unless:

> "...the evidence presented at the preliminary examination discloses circumstances from which the magistrate might reasonably have inferred the existence of <u>each element</u> of the charged crime." (Emphasis added) <u>Williams v. Superior Court</u>, supra, at 1148-1149.

## II

THERE IS INSUFFICIENT EVIDENCE FROM WHICH THE MAGISTRATE COULD REASONABLY HAVE INFERRED THE EXISTENCE OF EACH ELEMENT OF A VIOLATION OF PENAL CODE §459, AS ALLEGED IN COUNT I OF THE INFORMATION.

To support an allegation of violation of Penal Code §459 there must be evidence from which the magistrate might reasonably have inferred 1) entry, 2) into a structure as defined in the section, and 3) such entry with the intent to commit grand or petit larceny or any felony.

In the instant case the events leading to these charges occurred in a 2 bedroom apartment, and the witness had not seen the petitioner prior to the events in question, which is "some evidence" to support elements 1 and 2 above, "entry" into a "defined structure".

As to the third <u>necessary</u> element, however, entry with <u>intent</u> to

sb
FPD-AZ-03057-0262

EX 40 - 459

commit a felony, the evidence is insufficient to support this element (hence, insufficient to support Count I).

The People allege entry with intent to violate Penal Code §§261, 289(a), and 220.

There is evidence that Mr. Hemil may have intended to "contact" Kelli, but an inference that he intended to commit a felony (upon entry or otherwise) is simply not reasonable by the evidence.

There cannot be intent to commit a specific felony unless there is intent to do an act which supplies all of the necessary elements of that felony.

a. Alleged entry with intent to violate PC§261:

There is no evidence of intent to commit rape, at time of entry or any other time. Since no act of sexual intercourse occurred, no violation of Penal Code §261 is alleged. The petitioner was found kneeling beside the bed, with his pants on. It is also clear that the petitioner mistakenly believed it was Kelli in Kelli's room, and that he had been a guest of Alex Starikoff and Kelli in the apartment nine days earlier. At most, we have evidence of intent to seduce.

In Count I of the Information in the present case, Mr. Hemil is charged with a burglary, in that he entered "with the intent to commit rape." The rule with respect to burglaries predicated on an intent to commit rape is the same as that governing assaults with intent to commit rape. (See Issue III below.)

> "Similar considerations govern the offense of burglary (Pen. Code, §459) when, as here, the felonious intent is claimed to be the intent to commit rape. (See, People v. Failla (1966) 64 Cal.2d 560, 564-566 [51 Cal.Rptr. 103, 414 P.2d 39]; and People v. Tidmore (1963) 218 Cal. App.2d 716, 720 [32 Cal.Rptr. 444].) If the entry was effected with the intent 'to commit one or more misdemeanors (e.g., indecent exposure or battery) or acts which

EX 40 - 460

are not crimes (e.g., masturbation)' (People v. Failla, supra, 64 Cal.2d at p. 565), or with the intent to seduce the victim (People v. Tidmore, supra, 218 Cal.App.2d at p. 720), no burglary was committed." People v. Cortez (1970) 13 Cal.App.3d 317, 327.

In People v. Tidmore (1963) 218 Cal.App.2d 716, the court discussed the necessary element of specific intent in a rape charge:

"That element of the offense consists of an intent to have sexual intercourse with the victim and to use force to overcome her resistance. (People v. Nye, 38 Cal.2d 34, 37 [237 P.2d 1]; People v. Meichtry, 37 Cal.2d 385, 388-389 [231 P.2d 847].) Such specific intent, like any other essential fact, must be proved by evidence or inferences reasonably deducible therefrom. (See People v. Snyder, 15 Cal.2d 706, 708 [104 P.2d 639].) 'It is not enough to prove merely a purpose to have intercourse.' (1 Witkin, California Crimes, §262, p. 247; see Roberts v. State, 136 Tex.Cr.Rep. 138 [124 S.W.2d 128, 129].)
     An analysis of the evidence in the light most favorable to the People compels the conclusion that nothing more was shown as to the defendant's intent than that he desired to have sexual intercourse with Mrs. Hughes. While his conduct was reprehensible, there was no proof that he intended to accomplish his purpose by use of force rather than by persuasion. Apropos are the words of this court in People v. Blackwell, 193 Cal.App.2d 420 [14 Cal.lRptr. 224], at page 425: 'That the circumstances were suspicious may be conceded, but mere surmise and conjecture are not enough.'"
(Emphasis added) People v. Tidmore, supra, 720.

In Tidmore the question was sufficiency of evidence to convict, and the People have a lesser burden in a preliminary examination.

Nevertheless, as in the instant case, where there is no evidence of a necessary element of the crime of rape, they have failed to meet that lesser burden. (See Issue I above.)

"It was also noted in connection with the parallel offense of burglary predicated upon an unlawful entry with intent to commit rape: 'If the entry was effected with the intent' to commit one or more misdemeanors (e.g., indecent exposure or battery) or acts which are not crimes (e.g., masturbation)' (People v. Failla, supra, 64 Cal.2d

-13-

sb
FPD-AZ-03057-0264

EX 40 - 461

at p. 565), <u>or with the intent to seduce the victim</u> (People v. Tidmore, <u>supra</u>, 218 Cal.App.2d at p. 720), <u>no burglary was committed.</u>'" (Emphasis added) <u>People v. Greene</u> (1973) 34 Cal. App.3d 622, 648.

Had Kelli been a stranger to Mr. Hemil, there <u>might</u> be a suggestion of rape as his intention, but the evidence points to seduction, if indeed intercourse was his intent at all. There must be some evidence to show intent to commit the rape to sustain the allegation in the Information, but such is not the state of the evidence.

If the petitioner had exhibited any threats or force, his actions could be shown as going beyond "seduction", but no such intent existed, and thus was not exhibited. Even before the petitioner knew the true identity of the person in Kelli's room, he said he was a "friend". He made no verbal threats, and no physical attempts to restrain the person. His actions may have been seductive, but were not such as to bring him within Penal Code §261, nor is there evidence of abandonment of intent to rape (although there is evidence of abandonment of intent to seduce Kelli).

The cases of <u>People v. Bard</u> (1968) 70 Cal.2d 3, and <u>People v. Kittrelle</u> (1951) 102 Cal.App.2d 149 (relied upon by Real Party in Interest in their Points and Authorities in Opposition to the §995 motion) are both distinguishable from the instant case.

The facts of <u>Bard</u> differ significantly from the instant case. In <u>Bard</u> there were signs of possible entry through a bathroom window, the defendant was <u>in</u> bed with the victim, and she believed that she had never seen the defendant before (Id. 4). The last point is especially significant because Petitioner knew Kelli, had been a guest of Alex and Kelli in that apartment nine days before the incident, and the evidence shows that Petitioner thought it was Kelli in Kelli's bed, in Kelli's room.

". . .the fact that the victim was a complete

sb
FPD-AZ-03057-0265

EX 40 - 462

> stranger to defendant makes it more reasonable to conclude from his actions that he intended to rape her than that he intended only to seduce her."
> People v. Bard, supra, 6.

Since the issue in question is intent upon entry (or intent as to the Penal Code §220 allegation) it is irrelevant that Mrs. Starikoff was in fact a stranger, when the evidence is clear that Petitioner thought it was no stranger in that bed, but rather the person he knew, Kelli. Since he thought he knew the person in that bed, it is more reasonable to assume he intended seduction rather than rape, when the additional evidence shows a complete lack of intent to use force to overcome resistance, both before and after Petitioner learns that it is not Kelli in Kelli's bed People v. Tidmore, supra, 720.

The facts of People v. Kittrelle, supra, are similarly distinguishable. There is no evidence that the defendant knew the (intended) victims (or had ever been a guest of the victims), so of course, there was little reason to believe he intended seduction rather than rape (or theft).

The facts of the instant case are stronger than the facts of People v. Cortez, supra, and People v. Tidmore, supra, where there was an absence of "intent" to commit rape.

b.  Alleged entry with intent to violate PC§289(a):

A violation of Penal Code §289(a) is not alleged, because a necessary element of that charge is totally absent.

Penal Code §289(a) states:

> "Every person who causes the penetration, however slight, of the genital or anal openings of another person, by any foreign object, substance, instrument, or device when the act is accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person for the purpose of sexual arousal, gratification, or abuse, shall be punished by imprisonment in the state prison for three, six, or eight years."  (Emphasis added)

FPD-AZ-03057-0266

EX 40 - 463

There is not the slightest evidence that the petitioner accomplished the act "...against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury..." or that he intended to.

Mr. Hemil was clearly mistaken in who he believed to be in the bed, but even before his knowledge of the mistake is made known he says he is a "friend", makes no threats, causes no physical "pain", and does not restrain the person in any manner whatsoever. Even when struck by Mrs. Starikoff he does not resist to defend himself, nor does he resist the successful efforts of Alex Starikoff to hold him for the police, either before or after she arms herself with a stick.

It is clear that Mr. Hemil never intended to use force of any kind, upon entry, or once in the apartment.

He did not attempt to induce "cooperation" as to a PC§289(a) [or PC§261] by force or fear. The petitioner had the opportunity to attempt to induce such cooperation once she awoke, but he did not do so. He retreated, he apologized, he expressed surprise at finding she wasn't Kelli, but he did not attempt to induce cooperation "against the victim's will be means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury..." either before or after he learned of the mistaken identity.

Since the evidence is lacking to show a violation of PC§289(a), and he had the opportunity to commit the act, and there is no evidence of abandonment of intent when the opportunity arose, we are left with a state of evidence showing no such intent.

There is no intent to violate PC §289(a), because there is no intent to "induce cooperation" by the means necessary to come within the statute, and it is illogical and unsupported by the evidence to infer such intent in the broader context of PC §459 when it's not shown in the narrow context.

-16-

EX 40 - 464

c. <u>Alleged entry with intent to violate PC§220</u>:

The evidence is insufficient to allege violation of PC§220, or to allege it was intended upon entry.  (See Issue III below, hereby incorporated by reference into this part of Petitioner's brief.)

d. <u>Alleged violation of PC§459, intent to violate PC§§220, 261 or 289(a)</u>:

Since the evidence is insufficient to show a violation of PC §§220, 261, or 289(a), or an attempted violation, we cannot legally infer the broader concept, that <u>entry</u> was made with such feloneous intent.

> "...the crucial inquiry is 'whether the evidence presented at the preliminary examination discloses circumstances from which the magistrate might <u>reasonably have inferred</u> (original emphasis) the existence of each element of the charged crime' (<u>Williams v. Superior Court</u> (1969) 71 Cal.2d 1144, 1148-1149 [80 Cal.Rptr. 747, 81 Cal.Rptr. 761, 458 P.2d 987] (italics added)).  Neither the trial court in a section 995 proceeding, nor an appellate court on review thereof, may substitute its judgment as to the weight of the evidence for that of the committing magistrate (<u>People v. Hall, supra</u>, 3 Cal.3d at p. 996); <u>but it is the duty of all three tribunals to discard — as unreasonable — inferences which derive their substance from guesswork, speculation, or conjecture</u>".  (Emphasis added)  <u>Birt v. Superior Court</u> (1973) 34 Cal.App.3d 934, 937-938.

### III

THERE IS INSUFFICIENT EVIDENCE FROM WHICH THE MAGISTRATE COULD HAVE INFERRED THE EXISTENCE OF EACH ELEMENT OF A VIOLATION OF PENAL CODE §220, AS ALLEGED IN COUNT II OF THE INFORMATION.

To support an allegation of violation of Penal Code §220 there must be evidence from which the magistrate might reasonably have inferred (1) assault, (2) with <u>intent</u> to commit mayhem, rape, sodomy, oral copulation or violation of Penal Code §§264.1, 288 or 289.  In the Information here the People <u>only</u> allege assault with intent to commit rape, or sexual battery a violation of Penal Code §§261, 289(a), or 289(b).

-17-

sb
FPD-AZ-03057-0268

EX 40 - 465

There cannot be intent to commit a specific felony (PC§§261, 289(a) or (b)) unless there is intent to do an act which supplies all of the necessary elements of that felony. (i.e. "force...fear" where it is an element.)

There is insufficient evidence from which to reasonably infer the existence of the necessary element of intent to commit PC§261, PC§289(a), or PC§289(b).

a.  Alleged assault with intent to commit rape (PC§261):

Assault with intent to commit rape exists only if there is evidence to show that the petitioner intended to act in a way which provides all of the necessary elements of rape. As shown above in Issue II.a., Mr. Hemil at no time showed a willingness to accomplish intercourse by use of force, or in any way to overcome resistance of the person.

It is not a violation of Penal Code §220 to commit an assault with intent to "persuade" someone to have intercourse. It is not clear whether or not Mr. Hemil intended to try to persuade Kelli to have intercourse with him, but it is clear that there is no evidence that he intended to force intercourse upon her or Mrs. Starikoff, and absent that evidence, no violation of PC§220 with intent to rape is shown.

> "That element of the offense consists of an intent to have sexual intercourse with the victim and to use force to overcome her resistance....Such specific intent, like any other essential fact, must be proved by evidence or inferences reasonably deducible therefrom....It is not enough to prove merely a purpose to have intercourse.' (1 Witkin, California Crimes, §262, p. 247; see Roberts v. State, 136 Tes.Cr.Rep. 138 [124 S.W.2d 128, 129].)
> An analysis of the evidence in the light most favorable to the People compels the conclusion that nothing more was shown as to the defendant's intent than that he desired to have sexual intercourse with Mrs. Hughes. While his conduct was reprehensible, there was no proof that he intended to accomplish his purpose by use of force rather than by persuasion." (Emphasis added) People v. Tidmore, supra, 720.

sb
FPD-AZ-03057-0269

EX 40 - 466

While Mr. Hemil's alleged conduct "...was reprehensible, there is no [evidence] that he intended to accomplish his [possible] purpose by use of force rather than persuasion."

"In People v. Cortez, supra, [13 Cal.App.3d 317], this court collated earlier cases as follows: 'To support a conviction for...[assault with intent to commit rape], the prosecution must prove the assault and an intent on the part of the defendant to use whatever force is required to complete the sexual act against the will of the victim [citations]. It is the state of mind of the defendant...which is in issue.' (People v. Roth (1964) 228 Cal.App.2d 522, 532..." (Emphasis added) People v. Greene, supra, 34 Cal.App.3d 622, 648.

In the instant case there is no evidence to show that the petitioner ever intended to use even the slightest force to accomplish intercourse, and the People have not met the more limited burden required at a preliminary examination.

The evidence fails to show the necessary element of intent to use force to rape, and absent such evidence there is no assault with intent to rape shown. In examining the evidence, at all times when we might expect to see signs of "force", the petitioner acted in a contrary manner. He said he was a "friend" (no threats, weapons, or restraint), he retreated, he submitted when confronted by Alex, (before Alex armed herself with a stick), he failed to resist when Mrs. Starikoff struck him, he made no attempt to escape, he apologized. He didn't even yell back when Alex yelled at him. The only reasonable inference to be drawn is that he was not inclined to use force, and no evidence exists to indicate he ever had that intent and later abandoned it.

"...a distinction is recognized between the intent to rape, and lewdness, indecency and lasciviousness either alone or accompanied by an intent to seduce. (Cf. People v. Mullen, supra, and People v. Nye, supra, 38 Cal.2d at p. 38.) (13 Cal.App.3d at p. 326.)" People v. Greene, supra, 648.

There may have been intent to seduce, but there is no evidence of

EX 40 - 467

intent to rape.

b. Alleged assault with intent to violate PC§289(a):

There is no evidence of intent to commit a violation of Penal Code §289(a). (The part of this brief in Issue II., b., above, discussing "entry" with intent to violate §289(a) is relevant to "assault" with intent to violate §289(a), and is hereby incorporated by reference into this part of petitioner's brief.)

There is no evidence of an assault with intent to violate PC §289(a). If there is assault with intent to violate PC§289(a), then the violation of 289(a) should have occurred, because there was ample opportunity. The necessary element of PC§289(a) (inducing cooperation by "force...fear") is totally lacking in Count II. When victim awakens, and the need to exert coercion (if intended) through "force...fear" arises, instead of doing so, the petitioner says he is a "friend", then retreats, apologizes, and expresses shock at discovering his mistake in identity. He is struck by Mrs. Starikoff, but even then does not resist or exert force in any way.

If the evidence justifies any inference it is that such intent did not exist, because when intent should have led to action, such action did not occur (petitioner did not attempt to coerce cooperation once victim awoke). There is not one iota of evidence of abandonment of intent (the only logical way to explain no action where intent was supposed to have been present).

It defies logic to infer assault with intent to violate PC§289(a), when the petitioner's own actions do not violate that section and only because he, himself, did not attempt to coerce cooperation as required to have such violation.

Petitioner did not attempt to obtain cooperation by the means specified in the statute, even though the opportunity to do so arose, and there is no evidence of abandonment of intent. There is no evidence that he intended

FPD-AZ-03057-0271

EX 40 - 468

to coerce cooperation by "force...fear" and no evidence of assault with that intent.

c.  <u>Alleged assault with intent to violate Penal Code §289(b)</u>:

Penal Code §289(b) states:

> "Every person who causes the penetration, however slight, of the genital or anal openings of another person by any foreign object, substance, instrument, or device when the victim is at the time incapable, <u>through lunacy or other unsoundness of mind</u>, whether temporary or permanent, of giving legal consent, and this is known or reasonably should be known to the person committing the act for the purpose of sexual arousal, gratification, or abuse, shall be punished by imprisonment in the state prison, or in a county jail for a period of not more than one year."  (Emphasis added)

It is apparently the People's theory that "...other unsoundness of mind..." includes one who is asleep, when determining the meaning of this section.  Sleep, however, is not an "unsoundness of mind" (similar to lunacy), but sleep <u>is</u> a form of unconsciousness.

The meaning of that language, and the legislative intent, can be learned by examining the language of Penal Code §261.

PC§261 subsection (1) is nearly identical to PC§289(b):

> "(1)  Where a person is incapable, through lunacy or other unsoundness of mind, whether temporary or permanent, of giving legal consent."  PC§261(1)

PC§261 subsection (4), however, seems to refer to one who is asleep:

> "(4)  Where a person is at the time unconscious of the nature of the act, and this is known to the accused."  PC§261(4)

Since PC§289(b) contains language identical to PC§261(1), but not at all like PC§261(4), we must assume that a person can be the victim of PC§289(b) if suffering from "lunacy" or other mental defect severe enough to be "unsoundness of mind", but mere unconsciousness, whether due to sleep or not, is not included therein.

sb
FPD-AZ-03057-0272

EX 40 - 469

There is not one iota of evidence that Mr. Hemil thought Kelli (or Mrs. Starikoff) was a lunatic or of unsound mind.

There is clearly no evidence of assault with intent to violate PC§289(b).

d.   Alleged violation of PC§220, with intent to violate PC§§261, 289(a) and 289(b):

Since the evidence is insufficient to show a violation of PC§§261, 289(a) or 289(b), or an attempted violation thereof, or an intent to so violate the law, we cannot legally infer the broader concept, that there was an assault with such feloneous intent.

> "...the crucial inquiry is 'whether the evidence presented at the preliminary examination discloses circumstances from which the magistrate might reasonably have inferred (original emphasis) the existence of each element of the charged crime' (Williams v. Superior Court (1969) 71 Cal.2d 1144, 1148-1149 [80 Cal.Rptr. 747, 81 Cal.Rptr. 761, 458 P.2d 987] (italics added)). Neither the trial court in a section 995 proceeding, nor an appellate court on review thereof, may substitute its judgment as to the weight of the evidence for that of the committing magistrate (People v. Hall, supra, 3 Cal.3d at p. 996); but it is the duty of all three tribunals to discard — as unreasonable — inferences which derive their substance from guesswork, speculation, or conjecture" (Emphasis added) Birt v. Superior Court, supra, at 937-938.

e.   Assault...by means likely to produce great bodily injury.

There is no evidence that the petitioner exerted, or intended to exert force likely to produce "bodily injury", much less "great bodily injury".

The touching alleged did not even cause pain, and there is no evidence of a physical injury sustained by Mrs. Starikoff, and no evidence that any treatment was needed or sought.

The "great bodily injury" allegation is pure fantasy, and an example of "over-charging" condemned in People v. Superior Court (Mendella) (1983) 33

-22-

sb
FPD-AZ-03057-0273

EX 40 - 470

Cal.3d 754.

## IV

### THE MAGISTRATE'S RESTRICTION OF CROSS-EXAMINATION DENIED THE PETITIONER A SUBSTANTIAL RIGHT, AND RESULTED IN HIS ILLEGAL COMMITMENT.

It is well-established that the "denial of a substantial right at the preliminary examination renders the ensuing commitment illegal and entitles a defendant to dismissal of the information on timely motion." (People v. Pompa-Ortiz (1980) 27 Cal.3d 519, 523; Jennings v. Superior Court (1967) 66 Cal.2d 867, hereinafter cited as Jennings; see Penal Code §995[1].)

In the Jennings case a defendant charged with narcotics possession was denied the right to present an affirmative defense at the preliminary hearing where the magistrate ruled that his cross-examination of police officer witnesses was not relevant. In finding that the restriction of defendant's cross-examination constituted a denial of a substantial right, the California Supreme Court held the commitment to be unlawful, despite sufficient evidence supporting probable cause to hold the defendant to answer. The Court explained at page 877 as follows:

> "But it is settled that even the cross-examination
> of a defendant who chooses to take the stand need
> not be 'confined to a mere categorical review of the
> matters, dates or times mentioned in the direct
> examination. [citations] It may be directed to the
> eliciting of any matter which may tend to overcome
> or qualify the effect of the testimony given by him
> on his direct examination.' (People v. Zerillo
> (1950) 36 Cal.2d 222, 228 [223 P.2d 223].) This
> rule applies a fortiori when the witness is not the
> defendant but his accuser." (Emphasis supplied)

[1] See, People v. Elliot (1960) 54 Cal.2d 498, where the California Supreme Court held that the denial of a substantial right during the preliminary examination is not lawful commitment and hence within the purview of Penal Code §995.

sb
FPD-AZ-03057-0274

EX 40 - 471

Moreover, after noting the purpose and function of the preliminary hearing, the Court concluded at page 880:

> "To effectuate this constitutional and statutory purpose the defendant must be permitted, if he chooses, to elicit testimony or introduce evidence tending to overcome the prosecution's case or establish an affirmative defense."

Accordingly, in <u>Gallaher v. Superior Court</u> (1980) 103 Cal.App.3d 666 a magistrate refused to permit defense counsel's cross-examination of a witness concerning the events following a purported shooting. In issuing a writ of prohibition, the First District Court of Appeal held that defendant was denied due process of law as guaranteed by the Fourteenth Amendment as the result of the magistrate's limitation of his right to cross-examination at the hearing. The court summarized the applicable decisional law, in part, as follows at page 671:

> "It is well established that the defendant at a preliminary examination has the right to examine and cross-examine witnesses for the purpose of overcoming the prosecution's case or establishing an affirmative defense. (Jones v. Superior Court, supra, 4 Cal.3d 660, 667.) This right, at one's preliminary examination, is essential to the 'due process of law' guaranteed by the Fourteenth Amendment. (Jennings v. Superior Court, supra, 66 Cal.2d 867, 875.) It is as critical as the right to cross-examine witnesses at one's trial, for at the preliminary examination also, it is the judicial responsibility 'to weight the evidence, resolve conflicts and give or withhold credence to particular witnesses.' (Jones v. Superior Court, supra, p. 667)
> 'It is well established that the scope of proper cross-examination may extend to the whole transaction of which the witness has testified, or it may be employed to elicit any matter which may tend to overcome, qualify or explain the testimony given by a witness on his direct examination.' (People v. Dotson (1956) 46 Cal.2d 891, 898 [299 P.2d 875]; Marshall v. Marshall (1965) 232 Cal.App.2d 232, 255 [42 Cal.Rptr. 686]; People v. Swayze (1963) 220 Cal.App.2d 476, 497 [34 Cal.Rptr. 5].) 'He can be cross-examined with respect to facts or denials which are necessarily implied from

-24-

sb
FPD-AZ-03057-0275

EX 40 - 472

the testimony in chief, as well as with respect to facts which he expressly states.' (People v. Zerillo (1950) 36 Cal.2d 222, 229 [223 P.2d 223], italics added.)  And a 'witness may be cross-examined as to any facts stated in his direct examination or connected therewith.' (People v. Bigelow (1951) 104 Cal.App.2d 380, 387 [231 P.2d 881]."

In the present case, petitioner asserts that the denial by the magistrate of his right to cross-examine Ms. Alex Starikoff has resulted in his unlawful commitment.

The evidence established that Mr. Hemil was a guest in the home of the witness nine days prior to March 6, 1983.  It also appears that he entered the residence on March 6, 1983, and his intent upon entry is very much an issue as to Count I (PC§459).  No direct evidence of intent upon entry having been presented, the intent, if any, must be inferred from other evidence (or absence thereof).  Thus, if he had used marijuana there with the residents on a prior occasion, and if his entry may have been for purposes of obtaining marijuana, the testimony striken and the line of questioning restricted are indeed relevant.

The magistrate's ruling that "it's not germaine" (RT:10:18-20) and his sustaining of the prosecutor's relevancy objections were erroneous under the established test of relevance.[2]

The denial of Mr. Hemil's right to cross-examine Alex Starikoff has resulted in an illegal commitment, and the Information should have been dismissed pursuant to the mandate of Jennings and Penal Code §995.

[2] "Relevant evidence is evidence (a) that has any tendency in reason to prove or disprove any disputed fact, that is of consequence to the determination of the action, or (b) that has any tendency in reason to prove or disprove the truthfulness of a witness's testimony or of a declarant's hearsay statement." (Jefferson, California Evidence Benchbook, 2d Ed. §19.2; California Evidence Code §210)  (Emphasis supplied.)

sb

-25-

FPD-AZ-03057-0276

EX 40 - 473

## CONCLUSION

For the reasons stated herein, this honorable Court is respectfully urged to grant the relief Petitioner seeks.

DATED: August 4, 1983

Respectfully submitted,

RONALD Y. BUTLER
Public Defender
FRANK SCANLON
Assistant Public Defender
JAMES DEAN ALLEN
Deputy Public Defender
Head of Court
Writs & Appeals

THOMAS HAVLENA
Deputy Public Defender

-26-

sb
FPD-AZ-03057-0277

EX 40 - 474

FOSTER LEMOND HEMI,

      Petitioner & Defendant,

SUPERIOR COURT, ORANGE COUNTY,

      Respondent & Plaintiff,

PEOPLE OF THE STATE OF CALIFORNIA,

      Real Party in Interest.

DECLARATION OF SERVICE

STATE OF CALIFORNIA)
                ) ss
COUNTY OF ORANGE  )

Sherlyn Balmer declares that she is a citizen of the United States, a resident of Orange County, over the age of 18 years, not a party to the above-entitled action and has a business address at 700 Civic Center Drive West, Santa Ana, California.

That on the __4th__ day of __August__, __1983__, I served a copy of the PETITION FOR ALTERNATIVE WRIT OF PROHIBITION/MANDATE & IMMEDIATE STAY

in the above-entitled action by depositing a copy thereof in a sealed envelope, postage thereon fully prepaid, in the United States Mail at Santa Ana, California, said envelopes were addressed as follows:

    Attorney General
    110 West "A" Street
    Suite 600
    San Diego, CA  92101

Further, that on the same date I personally served a copy of the above-entitled action by delivering by hand and leaving with the person hereinafter named a copy thereof:

CECIL HICKS, DISTRICT ATTORNEY
700 Civic Center Drive West
Santa Ana, California

DEPUTY COUNTY CLERK
700 Civic Center Drive West
Santa Ana, California

I declare under penalty of perjury that the foregoing is true and correct.

_Sherlyn Balmer_
Secretary, Public Defender's Office
Orange County

FPD-AZ-03057-0278

EX 40 - 475