*UNITED STATES v. LEZMOND CHARLES MITCHELL*
CV09-8089-PCT-MHM(MEA)

EXHIBITS IN SUPPORT OF
MOTION TO VACATE SENTENCE

Court Records of Lezmond Hemil

40.    People v. Lezmond Hemil, Orange Co., California Superior Court Case No. C51741, Sexual Battery, 1983

41.    People v. Lezmond Hemil, Orange Co., California Superior Court Case No. 84CS03093, DWI Administrative Record Only, 1984

**GEORGE MITCHELL**

Vital Records

42.    Affidavit of Birth, 3/2/1923

43.    Marriage Certificate, 12/9/1956

DEPT: 45
HRG.DATE: 7/22/83
EST.TIME: 20 MINS.

CECIL HICKS, DISTRICT ATTORNEY
COUNTY OF ORANGE, STATE OF CALIFORNIA
MICHAEL R. CAPIZZI, ASSISTANT DISTRICT ATTORNEY
WILLIAM BEDSWORTH, DEPUTY DISTRICT ATTORNEY
HEAD OF COURT, WRITS & APPEALS SECTION
BY: MARTIN G. ENGQUIST, DEPUTY DISTRICT ATTORNEY
P. O. BOX 808
SANTA ANA, CA.  92702
TELEPHONE: 741-834-3600

Attorneys for Plaintiff

**FILED**

JUL 22 1983

LEE A. BRANCH, County Clerk

By _____ Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ORANGE

THE PEOPLE OF THE STATE OF CALIFORNIA,)
                                       )
                          Plaintiff,  ) CASE NO. C-51741
                                       )
        vs.                            )
                                       ) PEOPLE'S OPPOSITION TO
FOSTER LEZMOND HEMIL                   ) DEFENDANT'S MOTION TO SET
                                       ) ASIDE THE INFORMATION
                                       ) PURSUANT TO PENAL CODE §995
                          Defendant.  )
_____)

STATEMENT OF FACTS

The People adopt the defendant's Statement of Facts with the following additional facts:

Alex Starikoff testified she had a stick with her so the defendant would not get away.  While waiting for the police to arrive the defendant kept standing up and the witness kept making him sit down. (RT:15:7-18).

While waiting for the police to arrive the witness and the defendant had a conversation during which time the defendant said "He thought it was Kelli, he was saying my wife is pregnant",  and he kept repeating himself. (RT:15-16:25-1).

Victim Maureen Starikoff testified that upon seeing the defendant he was naked from the waist up and he was barefoot. There was some white sneakers and socks and a white T-shirt on the floor that she did not recognize as belonging to the residents of

FPD-AZ-03057-0279

that apartment. (RT:27:2-16).

After the victim's daughter and roommate came into the room the defendant was at the side of the bed trying to get up but her daughter was preventing him (defendant) from getting up by beating him on the back with a night stick. (RT:27-28:18-9).

The victim had never seen the defendant before this incident (RT:29:1-3). After the defendant got up the victim saw him starting to put on his T-shirt which had been seen on the floor earlier. (RT29:18-23).

## ISSUES

I. WHETHER THERE IS SUFFICIENT EVIDENCE TO SUPPORT CHARGES OF 459 PC AND 220 PC IN THE INFORMATION.

II. DID THE MAGISTRATE DENY THE DEFENDANT THE RIGHT TO CROSS-EXAMINATION OF THE PEOPLE'S WITNESSES?

## POINTS, AUTHORITIES, AND ARGUMENT

I

## THERE IS SUFFICIENT EVIDENCE TO SUPPORT THE CHARGES FILED IN THE INFORMATION.

In People v. Bard (1968) 70 Cal.2d 3, the defendant was convicted of first degree burglary (P.C. §459) on the following facts:

> At approximately 2:55 a.m. on May 16, 1967, Miss E.M. awoke to find a man in bed with her. The man, whom she later identified as defendant, was fondling her private parts with his hands underneath the pajamas and underclothes she was wearing. She did not believe that she had ever seen the man before. She got out of bed and told the defendant he would have to leave. He did so. She later determined that a screen on a bathroom window had been removed. She had shut all her doors before retiring.
> (People v. Bard, supra, p.4.)

///

-2-

FPD-AZ-03057-0280

EX 40 - 477

In that case, the defendant argued (id., pp. 5-6):

> It is just as consistent to speculate that the defendant felt, albeit erroneously, that he could arouse sexual desires of the complaining witness by fondling her private parts and thereby place her in a cooperative mood to gratify his own sexual desire, as
>
> it is to speculate that he intended to use force to accomplish his purpose.

The California Supreme Court found at 70 Cal.2d 6:

> . . . the fact that the victim was a complete stranger to defendant makes it more reasonable to conclude from his actions that he intended to rape her than that he intended only to seduce her.

The Bard case cited People v. Kittrelle (1951) 102 Cal.App.2d 149, with approval. Kittrelle was charged with the burglary of two different premises. As it related to victim Moye, the Court said, at 102 Cal.App.2d 156:

> The defendant was identified as the person who uninvited, before 5 o'clock in the morning, made his entry into the Moyes' house and into their bedroom. Obviously, he was not there for any legitimate purpose. He awakened Mrs. Moye by pulling at the bed-clothes and she opened her eyes when "finally it felt like a lifting of the bed covers at the foot of my bed." When his presence was discovered he fled. The evidence and the reasonable inferences therefrom justify the conclusion that defendant entered the house with the intent to commit larceny and rape. (Emphasis added.)

///
///
///

-3-

FPD-AZ-03057-0281

EX 40 - 478

It is the defendant's intention at the time he made the entry that is determinative, since burglary arises when a person enters the house of another with the intent to commit a felony. What occurs later -- completion of the felony, abandonment, or capture -- is irrelevant to the original crime. People v. Elder (1969) 274 CA 2d, 381 at 398. If there is an intent to use force to complete the sexual act against the will of the victim, the abandonment of that intent before consummation of the act will not erase the felonious nature of the assault. People v. Soto 74 Cal.App.3d, 267.

In People v. Bard, supra, the court said, "By climbing into the victim's bed, thrusting his hand beneath her underwear, and fondling her private parts, defendant assaulted her [citations]; and there would appear to be no reason why a potential rapist must exceed this degree of unwarranted physical contact before it can be said he intended to take his victim against her will."

In the instant matter we have a stranger being awakened by a partially dressed man who assaults the female by penetrating her vagina. Evidence supports the inference that the defendant re-moved most of his clothing in the bedroom of the victim after gaining entry into the residence. The clothes obviously belonged to the defendant since he was observed to be putting them on after the police were summoned. During this time the defendant repeated the fact that his wife was pregnant. If intercourse was not intended, why would that statement be offered to excuse the defendant's conduct?

Clearly there is sufficient evidence to support Count II charging a violation of PC §220.

Is there sufficient evidence to support Count I of the Information (459 PC)? To support a violation of Penal Code §459 there must be evidence from which the magistrate might reasonably have inferred (A) entry, (B) into a defined structure, and (C) intent to either commit a theft or a felony. In this matter the People have alleged entry to commit a felony: to wit, to violate Penal Code Sections 261, 289, and 220.

///

-4-

FPD-AZ-03057-0282

"The rule requiring specification of the intended felony is merely a rule of pleading, designed to give the accused notice of the offense of which he is accused (Penal Code §952); it is not a rule of substantive law and does not mean that an entry with an intent to commit oral copulation is in any sense a different crime from the same entry with an intent to commit, for example, felonious assault.  In both cases the conduct falls within the statuatory definition of burglary . . . ."  People v. Failla (1966) 64 C 2d, 560 and People v. Morlock (1956) 46 C 2d, 141.

It follows that in prosecutions for burglary, the jurors need not be instructed that to return a verdict of guilty that they must all agree on the specific "theory" of the entry -- i.e.: what particular felony the defendant intended at the time.

For the reasons and cases cited previously the People submit the record is adequate to support the charge of PC §459.

II

**THE DEFENDANT WAS NOT DENIED A SUBSTANTIAL RIGHT AT THE PRELIMINARY HEARING BECAUSE THE MAGISTRATE PROPERLY DISALLOWED THE DEFENDANT'S ATTEMPTS TO INTRODUCE IRRELEVANT EVIDENCE WHEN KENNETH ZINE WAS EXAMINED.**

In discussing the scope of a Penal Code section 995 motion the court in People v. Robinson, 196 Cal.App.2d 384, 387 stated:

To construe section 995 of the Penal Code as providing for a full-scale review of the evidentiary rulings of the magistrate would be contrary to the purpose of the preliminary examination.  The scope of review is simply to determine whether the magistrate has held the defendant to answer without reasonable or probable cause to believe a public offense has been committed with which the defendant is connected and not whether the magistrate erred on questions of admissibility of evidence.  The only qualification

-5-

FPD-AZ-03057-0283

to this principle is that a defendant has been held to answer without reasonable or probable cause if his commitment is based entirely on incompetent evidence. (_Priestly v. Superior Court_, 50 Cal.2d 812 [330 P.2d 39]; _Rogers v. Superior Court_, 46 Cal.2d 3 [291 P.2d 929]; _People v. Wilson_, 183 Cal.App.2d 149 [6 Cal.Rptr. 872].) (Emphasis added.)

Most recently our own Fourth District Court of Appeal has restated that principle enunciated in _Robinson_, _supra_. In _People v. Stone_ (1983) 139 Cal.App.3d 216, 221, the Court stated:

Not every error in procedure or erroneous evidentiary ruling by a magistrate at a preliminary hearing requires an information to be set aside. However, the denial to the defendant of a "substantial right," such as disallowance of cross-examination on a vital issue, will invalidate the commitment. (_Jennings v. Superior Court_ (1967) 66 Cal.2d 867, 874, 879 [59 Cal.Rptr. 440, 428 P.2d 304]; _People v. Barrett_ (1969) 2 Cal.App.3d 142, 148 [82 Cal.Rptr. 424].)

With regard to the defendant's claim that he was denied the right of cross-examination the People refer to the Reporter's Transcript pages 7 and 10, lines 10 through 20, and pages 16 and 17, lines 25 through 5.

The defendant made a lengthy offer of proof indicating he felt he should be allowed to show that nine days prior to the offenses charged in the Information, the defendant and the victim's daughter smoked marijuana together at the home where the alleged violations occurred. During this offer of proof the defendant said such information, if true, would support the fact that no felonious intent was present when the defendant entered nine days later since it was reasonable to believe he would just obtain

-6-

FPD-AZ-03057-0284

EX 40 - 481

more marijuana from the victim's daughter, and therefore no burglary was committed.  The defendant never once suggested that the daughter of the victim furnished or sold narcotics on any occasion -- just that the defendant and the female consumed marijuana together.  It is just as reasonable to conclude that the defendant or some unknown third party furnished the marijuana on the previous occasion.

The court's attention is directed to Section 11360(a) Health and Safety Code which says:

> §11360.  Unlawful transportation, sale, etc.
>
> (a) Except as otherwise provided by this section or as authorized by law, every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any marijuana shall be punished by imprisonment in the state prison for a period of two, three or four years.

If when the defendant entered the premises he intended to become involved in such activity his entry would constitute burglary since the proscribed activity is a felony.  More importantly, however, is the fact that the offer of proof fails to establish relevancy.  Whether or not the defendant consumed marijuana on a previous date is not relevant to whether marijuna had been obtained at the residence on a previous date -- a fact silent in the record and therefore not relevant.  The defendant merely stated that under Jennings v. Superior Court (1967) 66 Cal. 2d 867 he was entitled to cross-examine as to this item.

///

///

///

-7-

FPD-AZ-03057-0285

With regard to Jennings, supra, the Fourth District Court of Appeal in People v. Stone, supra, recently discussed extensively what does and does not constitute Jennings error. Starting at page 322 the Court stated:

> Jennings and Gallaher thus demonstrate that denial of cross-examination concerning events which were part of the actual criminal transaction itself denies the defense a substantial right. By contrast, case law also reveals that a trial judge, and a fortiori, a magistrate conducting a preliminary hearing, is within his discretion in denying cross-examination of a prosecution witness as to matters not relating to the criminal event itself and which only affect the weight of the direct testimony.

The court went on to state at page 223:

> The cases also show that a judge may exclude extrinsic evidence concerning events or transactions for which the defendant is not prosecuted, though relevant to the credibility of a prosecution witness.
>
> In People v. Lavergne (1971) 4 Cal.3d 735 [94 Cal.Rptr. 405, 484 P.2d 77], our Supreme Court held the refusal by the magistrate to allow the defense to introduce testimony showing that a prosecution witness had stolen the automobile which he had previously testified he had bought was within the discretion of the magistrate.
>
> Likewise, in People v. Moses (1972) 24 Cal.App.3d 384 [100 Cal.Rptr. 907], the appellate court held the trial court was within the proper scope of its discretion in excluding evidence which would have shown that the prosecution witness had lied in

-8-

FPD-AZ-03057-0286

EX 40 - 483

court when he told the jury that he had never made any misidentifications and that he had lied in his report to police officers when he had said that he made a certain narcotics purchase from a particular individual. (Id., at p.394.)

The court went on to conclude at page 224 that:

Exclusion of cross-examination which "only go[es] to the weight of the direct evidence" does not deny the defendant a fair hearing. (People v. Wilson (1960) 183 Cal.App. 2d 149, 152-153 [6 Cal.Rptr.872]; see also People v. Lipinski (1976) 65 Cal.App.3d 566, 577 [135 Cal.Rptr. 451] ("the proffered testimony would have created but a conflict in the evidence . . . .").)

Here, the evidence sought to be introduced didn't bear on the weight of the evidence on direct. To this date the defendant has failed to articulate how the items he sought to introduce were relevant.

In conclusion, the defendant has cited no applicable case law which entitled him to inquire into the irrelevant and collateral matters towards which his examination was directed. On the contrary, this Court's decision in People v. Stone, supra, makes it abundantly clear that the defendant's motion was properly denied by the magistrate.

Accordingly, the People respectfully urge this Honorable Court to deny the defendant's motion pursuant to Peanl Code Section 995.

Dated this 18th day of July, 1983.

Respectfully submitted,

Receipt of the above is hereby acknowledged by:

CECIL HICKS, DISTRICT ATTORNEY
COUNTY OF ORANGE, STATE OF CALIFORNIA

BY: _____
        MARTIN G. ENGQUIST
        DEPUTY DISTRICT ATTORNEY

Public Defender's Office
Date: 7/19/83

-9-

FPD-AZ-03057-0287

EX 40 - 484

presented as prescribed by the Penal Code;

( x )  that the defendant was not legally committed by a magistrate.

This motion will be based upon the transcript of proceedings leading to the accusatory pleading in this case and on the accusatory pleading itself.

DATED: 7/7/83

Respectfully submitted,

RONALD Y. BUTLER
Public Defender

*Thomas Havlena /lc*

THOMAS HAVLENA
Deputy Public Defender

Receipt of the above Notice is hereby acknowledged.

CECIL HICKS, DISTRICT ATTORNEY

By *Pat Ray*

Date *7/7/83*

F 0622-76.1 (2/2)
FPD-AZ-03057-0288

<u>PROOF OF SERVICE BY MAIL</u>

STATE OF CALIFORNIA )
                     )  ss
COUNTY OF ORANGE     )

I am a citizen of the United States and a resident of the County aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is: Post Office Box 808, Santa Ana, California   92702.

On __July 18, 1983_____, I served the within ____PEOPLE'S OPPOSITION TO DEFENDANT'S MOTION TO SET____ ____ASIDE THE INFORMATION PURSUANT TO PENAL CODE §995____ _____ on __the following_____ in said action by placing a true copy thereof enclosed in a sealed envelope, postage thereon fully prepaid, in the United States mail at Santa Ana, California, addressed as follows:

      The Honorable Calvin P. Schmidt
      Orange County Harbor Judicial District
      4601 Jamboree Boulevard
      Newport Beach, CA.   92663

I certify (or declare) under penalty of perjury that the foregoing is true and correct.

Executed on ___July 18, 1983_____, at Santa Ana, California.

_____
        Pat Ray

FPD-AZ-03057-0289

**EX 40 - 486**

ORIGINAL

RONALD Y. BUTLER
Public Defender
Orange County
MARGARET R. ANDERSON
Deputy Public Defender
700 Civic Center Drive West
Santa Ana, California 92701

Telephone:   (714) 834-2144

Attorneys for Defendant

Dept. 45
7/22/83
IN CUSTODY

F I L E D

JUL 22 1983

LEE A. BRANCH, County Clerk

By _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

PEOPLE OF THE STATE OF CALIFORNIA, )
                                   )
                    Plaintiff,     )
                                   )        Case No.   C-51741
         v.                        )
                                   )        NOTICE OF MOTION
FOSTER HEMIL,                      )        FOR DISCOVERY.
                                   )
                    Defendant.     )

TO THE DISTRICT ATTORNEY, COUNTY OF ORANGE:

YOU WILL PLEASE TAKE NOTICE that on    Friday, the 22nd day of    July , 19 83 at 9:00 a.m. in Department 45 of the above-entitled court, in the City of Santa Ana, County of Orange, State of California, the above-named defendant will move the Court for an order granting discovery.

Dated:  July 8, 1983

Receipt of the above Notice
is hereby acknowledged.

CECIL HICKS, DISTRICT ATTORNEY
By _____
Date _7/8/83__

Respectfully submitted,

RONALD Y. BUTLER
Public Defender

Margaret R. Anderson/kc

MARGARET R. ANDERSON
Deputy Public Defender

FPD-AZ-03057-0290

EX 40 - 487

ORIGINAL

RONALD Y. BUTLER
Public Defender
Orange County
THOMAS HAVLENA
Deputy Public Defender
700 Civic Center Drive West
Santa Ana, California 92701

Telephone: (714) 834-2144

Attorneys for Defendant

Dept. 45
7/22/83
20 Mins.
IN CUSTOD

FILED

JUL 22 1983

LEE A. BRANCH, County Clerk

By _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

PEOPLE OF THE STATE OF CALIFORNIA, )
                                       )
                   Plaintiff, )   Case No. C-51741
                                       )
        vs.                 )   MOTION TO SET ASIDE THE
                                       )   INFORMATION PURSUANT TO
FOSTER LEZMOND HEMIL,         )   PENAL CODE §995; POINTS,
                                     )   AUTHORITIES AND ARGUMENT
                  Defendant. )   IN SUPPORT THEREOF.
_____ )

     Defendant above-named, by and through his attorney, hereby moves this court for an order setting aside the Information on the ground that defendant has not been legally committed. Said motion is based on all papers in the court's file, the transcript of the preliminary examination, these moving papers, Points and Authorities, and any argument of counsel at the hearing thereon.

### STATEMENT OF FACTS

     The preliminary examination in this matter was had in the Orange County Harbor Municipal Court, on June 2, 1983, before the Honorable Calvin P. Schmidt, Judge. (RT:1)

     Alex Beverly Starikoff testified on behalf of the People. (RT:4:17-20)

     On March 6, 1983 she lived at 720 W. Victoria Street, Costa Mesa, with Kelli Sakkas. (RT:4:26-5:12) The defendant did

-1-

1c

FPD-AZ-03057-0291

EX 40 - 488

not have permission to enter that apartment on that date. (RT:5:13-19)  Prior to March 6, 1983 the witness knew the defendant by his first name, as he was a neighbor and they said "hi" sometimes.  (RT:5:24-6:17)  The defendant had been a guest in the apartment nine days before March 6, 1983, when he visited the witness and Kelli.  (RT:6:22-7:6)

The following exchange occurred when defense counsel sought to elicit testimony concerning marijuana use by Alex, Kelli and the defendant nine days prior to the incident, and the issue of "intent" upon entry as to Count I (P.C.§459):

"Q  On the occasion that he was in your premise, did you and your roommate smoke some marijuana together?
MR. McKINNON:  Object as irrelevant.
MS. GIRITSKY:  Your Honor, it goes to the theory of defense.
THE COURT:  You're talking about nine days before?
MS. GIRITSKY:  Yes, your Honor.
THE COURT:  You better make an offer of proof.  I don't quite understand the theory of defense.
MS. GIRITSKY:  Your Honor, at this time we would make an offer of proof that at that time, nine days earlier, the defendant was in the residence, they were smoking marijuana together, and we have reason to believe that the reason why Mr. Hemil did return to that premise, those premises nine days later was for the purpose of obtaining more marijuana; so it would be relevant whether or not they did smoke marijuana together as to whether or not he would have reason to believe that he would be able to obtain some there.
THE COURT:  To that question the way you asked it, sustained.
BY MS. GIRITSKY:  Q.  On the occasion that Mr. Hemil was in your home nine days prior to March 6th, did anyone in the apartment at that time partake in smoking marijuana?
MR. McKINNON:  I'll make the same objection as irrelevant.  Your Honor, the

1c

-2-

FPD-AZ-03057-0292

witness has already testified that on the date here on March 6th, the date of this incident, the defendant did not have permission to be in that apartment complex. It would only be a relevant issue to that as far as that goes; but what happened nine days prior is just too remote.

MS. GIRITSKY: It has to do with the intent in which he entered. He is charged with a burglary. The question is what was the intent when he entered, the question is to what was his intent when he entered. It's very relevant, it goes to the crux of the charge.

THE COURT: People?

MR. McKINNON: Submit it.

THE COURT: I'm just going through the elements of burglary is what I am thinking about.

MS. GIRITSKY: The intent to enter is not a felony.

MR. McKINNON: It is without the permission of the residents. The witness also testified the defendant did not have consent. Even hypothetically speaking if what happened prior as the Public Defender believes, it's still not relevant on this day when the witness indicated the defendant did not have permission.

MS. GIRITSKY: Your Honor, entry without permission is not an element of defense. The crucial element of defense is there's a certain intent at the time of entry, not whether or not there's a permission.

THE COURT: Certain intent to what?

MS. GIRITSKY: The instance of the burglary is the defendant's intent at the time of entry. If it's entry and he does not have intent to commit a felony or whatever that felony is, it may be a trespassing, but it's not a burglary.

THE COURT: You can answer the question?

THE WITNESS: Can you -- I don't remember.

BY MS. GIRITSKY: Q. Nine days prior to March 6th when Mr. Hemil was in your apartment, did you and Mr. Hemil smoke marijuana together?

THE COURT: Sustained.

MS. GIRITSKY: Could the reporter be requested to read back the question?

-3-

1c
FPD-AZ-03057-0293

EX 40 - 490

THE COURT: Yes.

(Whereupon, the record was read by the court reporter.)

THE WITNESS: Yes.

BY MS. GIRITSKY: Q. And was Mr. Hemil one of the people?

A. Yes.

Q. Were you one of the people?

A. Yes.

Q. Was your roommate also one of the people?

A. No.

THE COURT: Actually I sustained the objection on this line of questioning. On the prior question it was objected to, and I sustained that objection previously.

MR. McKINNON: I would make a motion to strike.

THE COURT: The motion to strike is granted.

MS. GIRITSKY: Your Honor, at this time I would indicate I feel the Court is unduly restricting my cross examination by making a motion to strike this witness' testimony.

THE COURT: It may be, but whether she smoked marijuana, even under your theory as described to me previously, it's not germaine. Motion to strike is granted." (RT:7:10-10:20)

"MS. GIRITSKY: However, your Honor, I would like to renew my motion to strike her testimony on the grounds that my cross examination was restricted.

THE COURT: As to whether or not she was smoking marijuana?

MS. GIRITSKY: Yes.

THE COURT: Motion to strike is still not granted." (RT:16:25-17:5)

Alex Starikoff was not home the evening of March 5, 1983, and she returned about midnight. (RT:11:4-11) Kelli was not home when Alex arrived home, but Kelli arrived about ten minutes later. (RT:11:12-20) Alex's mother was asleep in Kelli's room when Alex returned home. (RT:11:21-26)

About 2:00 a.m. she heard noises from the room her mother was in, and she ran to the room and saw the defendant

-4-

1c
FPD-AZ-03057-0294

there.  (RT:12:1-13:4)  She called the police.  (RT:13:22-24)  She had a "stick", and she had Mr. Hemil wait for the police to arrive.  (RT:15:4-10)  Mr. Hemil waited for the police to arrive and he did not try to get away or struggle.  (RT:15:11-14)  Mr. Hemil asked her not to call the police, and said that he thought it was Kelli.  (RT:15:19-16:1)  Mr. Hemil made no threats to anyone, nor did he physically grab anyone while she was in the room.  (RT:16:2-7) -

Maureen Carol Starikoff testified on behalf of the People.  (RT:17:6-9)Mrs. Starikoff was the weekend guest at her daughter's apartment, and on the evening of March 5, 1983, near midnight, she retired in the bedroom of her daughter's roommate.  (RT:17:18-18:23)  She was wearing a long flannel nightgown, and no underclothing.  (RT:19:1-6)  The light was off but some light was coming through the drapes from outside.  (RT:19:7-14)  She fell asleep very quickly.  (RT:19:15-16)

Mrs. Starikoff came back to consciousness gradually, was lying on her stomach, and the lights were still off.  (RT:20:1-18)  As she awoke she felt something moving in and out inside her vagina.  (RT:20:19-21:9)  As she came to full consciousness she turned to look over her left shoulder, and saw a man kneeling beside her bed toward the lower half of her body.  (RT:21:22-22:17)  The blankets were still covering her.  (RT:22:20-24)  She assumed that it was his finger or fingers inside her vagina.  (RT:23:8-15)

Mrs. Starikoff asked "who are you, what are you doing here".  (RT:23:25-26)  The man replied "Don't worry, I'm your friend".  (RT:24:1-4)  She then screamed "You're not my friend"

1c

-5-

FPD-AZ-03057-0295

EX 40 - 492

and he said "Yes" "I'm your friend, I'm your friend". (RT:24:25-25:5) Mrs. Starikoff then hit the man, slapping him across the face, and the man said "I'm sorry, I thought you were Kelli". (RT:25:6-13) Kelli is her daughter's roommate. (RT:25:14-17)

The man no longer had his finger in her vagina after she hit him. (RT:25:18-20) Shortly after, her daughter and Kelli entered and the lights were turned on. (RT:26:2-9) The man in her room was the defendant. (RT:26:0-23) The defendant was wearing levi-type jeans, no shirt and was barefoot, and there were white sneakers and socks and a T-shirt on the floor. (RT:26:24-27:11)

Mrs. Starikoff's daughter was beating the defendant on the back and yelling "That's my mother, that's my mother". (RT:27:24-28:3) [The daughter, Alex Starikoff, testified: "'That's my fucking mother' is all I kept saying, and I kept telling him to shut up". (RT:14:10-16).]

The defendant did not touch Mrs. Starikoff in any other manner, and made no threats. (RT:28:21-26) During the "in and out" movement the witness felt no pain. (RT:30:14-17) There was no choking, no threats, no weapon displayed, and she was not pushed around or roughed up. (RT:30:18-26)

Mrs. Starikoff returned to the room for a moment and saw her daughter "standing over and yelling at him" and he was "talking to her". (RT:31:12-19)

### ISSUES

#### I

**IS THE EVIDENCE SUFFICIENT TO SUPPORT EACH COUNT IN THE INFORMATION?**

lc

-6-

FPD-AZ-03057-0296

EX 40 - 493

II

IS THE EVIDENCE SUFFICIENT FROM WHICH THE MAGISTRATE COULD REASONABLY HAVE INFERRED THE EXISTENCE OF EACH ELEMENT OF A VIOLATION OF PENAL CODE §459, AS ALLEGED IN COUNT I OF THE INFORMATION?

III

IS THE EVIDENCE SUFFICIENT FROM WHICH THE MAGISTRATE COULD REASONABLY HAVE INFERRED THE EXISTENCE OF EACH ELEMENT OF A VIOLATION OF PENAL CODE §220, AS ALLEGED IN COUNT II OF THE INFORMATION?

IV

DID THE MAGISTRATE'S RESTRICTION OF CROSS-EXAMINATIN DENY THE DEFENDANT A SUBSTANTIAL RIGHT, AND RESULT IN HIS ILLEGAL COMMITMENT?

POINTS, AUTHORITIES AND ARGUMENT

I

THE EVIDENCE IS INSUFFICIENT TO SUPPORT EACH COUNT IN THE INFORMATION.

In Williams v. Superior Court (1969) 71 Cal.2d 1144 the California Supreme Court states:

> "Sufficient cause and reasonable and probable cause means (sic) such a state of facts as would lead a man of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused (People v. Nagle 25 Cal.2d 216, 221) (People v. Superior Court (1955) 46 Cal.2d). 3.) When the evidence produced at the preliminary examination does not meet the test, the order holding a defendant to answer should be set aside on motion pursuant to §995 of the Penal Code." Williams v. Superior Court 71 Cal.2d 1144, 1147.

This is the generally accepted test for the sufficiency of the evidence presented at a preliminary examination in support of an Information. (See Witkin, California Criminal Procedure,

-7-

FPD-AZ-03057-0297

EX 40 - 494

(1963) §144, p. 137.)  However, there is authority to aid this court in determining in more detail when evidence is or is not sufficient under Penal Code §995.

In <u>Garabedian v. Superior Court</u> (1963) 59 Cal.2d 124, the California Supreme Court explicated the standard as including a requirement that each element of the crime charged be evidenced.  In that case, the Court held that the state failed to establish probable cause, because at the preliminary examination they had failed to present:

> "...any evidence, direct or indirect, of an essential element or ingredient of the offense charged." <u>Garabedian v. Superior Court</u> (1963) 59 Cal.App.2d 124, 125.

Again in <u>Williams v. Superior Court, supra</u>, the California Supreme Court makes it clear that an Information will be set aside unless:

> "...the evidence presented at the preliminary examination discloses circumstances from which the magistrate might reasonably have inferred the existence of <u>each element</u> of the charged crime."  (Emphasis added)  <u>Williams v. Superior Court, supra</u>, at 1148-1149.

II

THERE IS INSUFFICIENT EVIDENCE FROM WHICH THE MAGISTRATE COULD REASONABLY HAVE INFERRED THE EXISTENCE OF EACH ELEMENT OF A VIOLATION OF PENAL CODE §459, AS ALLEGED IN COUNT I OF THE INFORMATION.

To support an allegation of violation of Penal Code §459 there must be evidence from which the magistrate might reasonably have inferred 1) entry, 2) into a structure as defined in the section, and 3) such entry with the intent to commit grand or petit larceny or any felony.

lc

-8-

FPD-AZ-03057-0298

EX 40 - 495

In the instant case the events leading to these charges occurred in a 2 bedroom apartment, and the witness had not seen the defendant prior to the events in question, "some evidence" to support elements 1 and 2 above, "entry" into a "defined structure".

As to the third necessary element, however, entry with intent to commit a felony, the evidence is insufficient to support this element (hence, insufficient to support Count I).

The People allege entry with intent to violate Penal Code §§261, 289(a), and 220.

There is evidence that Mr. Hemil may have intended to "contact" Kelli, but an inference that he intended to commit a felony (upon entry or otherwise) is simply not reasonable by the evidence.

There cannot be intent to commit a specific felony unless there is intent to do an act which supplies all of the necessary elements of that felony.

a.  Alleged entry with intent to violate PC§261:

There is no evidence of intent to commit rape, at time of entry or any other time.  Since no act of sexual intercourse occurred, no violation of Penal Code §261 is alleged.  The defendant was found kneeling beside the bed, with his pants on. It is also clear that the defendant mistakenly believed it was Kelli in Kelli's room, and that he had been a guest of Alex Starikoff and Kelli in the apartment nine days earlier.  At most, we have evidence of intent to seduce.

In Count I of the Information in the present case, Mr. Hemil is charged with a burglary, in that he entered "with the

-9-

FPD-AZ-03057-0299

intent to commit rape." The rule with respect to burglaries predicated on an intent to commit rape is the same as that governing assaults with intent to commit rape. (see Issue III below)

> "Similar considerations govern the offense of burglary (Pen. Code, §459) when, as here, the felonious intent is claimed to be the intent to commit rape. (See, People v. Failla (1966) 64 Cal.2d 560, 564-566 [51 Cal.Rptr. 103, 414 P.2d 39]; and People v. Tidmore (1963) 218 Cal. App.2d 716, 720 [32 Cal.Rptr. 444].) (5) If the entry was effected with the intent 'to commit one or more misdemeanors (e.g., indecent exposure or battery) or acts which are not crimes (e.g., masturbation)' (People v. Failla, supra, 64 Cal.2d at p. 565), or with the intent to seduce the victim (People v. Tidmore, supra, 218 Cal.App.2d at p. 720), no burglary was committed." People v. Cortez (1970) 13 Cal.App.3d 317, 327.

In People v. Tidmore (1963) 218 Cal.App.2d 716, the court discussed the necessary element of specific intent in a rape charge:

> "That element of the offense consists of an intent to have sexual intercourse with the victim and to use force to overcome her resistance. (People v. Nye, 38 Cal.2d 34, 37 [237 P.2d 1]; People v. Meichtry, 37 Cal.2d 385, 388-389 [231 P.2d 847].) Such specific intent, like any other essential fact, must be proved by evidence or inferences reasonably deducible therefrom. (See People v. Snyder, 15 Cal.2d 706, 708 [104 P.2d 639].) 'It is not enough to prove merely a purpose to have intercourse.' (1 Witkin, California Crimes, §262, p. 247; see Roberts v. State, 136 Tex.Cr.Rep. 138 [124 S.W.2d 128, 129].)
> An analysis of the evidence in the light most favorable to the People compels the conclusion that nothing more was shown as to the defendant's intent than that he desired to have sexual

-10-

1c
FPD-AZ-03057-0300

EX 40 - 497

> intercourse with Mrs. Hughes. While his conduct was reprehensible, there was no proof that he intended to accomplish his purpose by use of force rather than by persuasion. Apropos are the words of this court in People v. Blackwell, 193 Cal.App.2d 420 [14 Cal.lRptr. 224], at page 425: 'That the circumstances were suspicious may be conceded, but mere surmise and conjecture are not enough.'" (Emphasis added) People v. Tidmore, supra, 720.

In Tidmore the question was sufficiency of evidence to convict, and the People have a lesser burden in a preliminary examination.

Nevertheless, as in the instant case, where there is no evidence of a necessary element of the crime of rape, they have failed to meet that lesser burden. (see Issue I above)

> "It was also noted in connection with the parallel offense of burglary predicated upon an unlawful entry with intent to commit rape: 'If the entry was effected with the intent' to commit one or more misdemeanors (e.g., indecent exposure or battery) or acts which are not crimes (e.g., masturbation)' (People v. Failla, supra, 64 Cal.2d at p. 565), or with the intent to seduce the victim (People v. Tidmore, supra, 218 Cal.App.2d at p. 720), no burglary was committed.'" (Emphasis added) People v. Greene (1973) 34 Cal. App.3d 622, 648.

Had Kelli been a stranger to Mr. Hemil, there might be a suggestion of rape as his intention, but the evidence points to seduction, if indeed intercourse was his intent at all. There must be some evidence to show intent to commit the rape to sustain the allegation in the Information, but such is not the state of the evidence.

If the defendant had exhibited any threats or force, his actions could be shown as going beyond "seduction", but no such

-11-

1c

FPD-AZ-03057-0301

EX 40 - 498

intent existed, and thus was not exhibited. Even before the defendant knew the true identity of the person in Kelli's room, he said he was a "friend". He made no verbal threats, and no physical attempts to restrain the person. His actions may have been seductive, but were not such as to bring him within Penal Code §261, nor is there evidence of abandonment of intent to rape (although there is evidence of abandonment of intent to seduce Kelli).

b.   Alleged entry with intent to violate PC§289(a):

A violation of Penal Code §289(a) is not alleged, because a necessary element of that charge is totally absent.

Penal Code §289(a) states:

> "Every person who causes the penetration, however slight, of the genital or anal openings of another person, by any foreign object, substance, instrument, or device when the act is accomplished against the victim's will <u>by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person</u> for the purpose of sexual arousal, gratification, or abuse, shall be punished by imprisonment in the state prison for three, six, or eight years."
> (Emphasis added)

There is not the slightest evidence that the defendant accomplished the act "...against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury..." or that he intended to.

Mr. Hemil was clearly mistaken in who he believed to be in the bed, but even before his knowledge of the mistake is made known he says he is a "friend", makes no threats, causes no physical "pain", and does not restrain the person in any manner

1c

-12-

FPD-AZ-03057-0302

EX 40 - 499

whatsoever. Even when struck by Mrs. Starikoff he does not resist to defend himself, nor does he resist the successful efforts of Alex Starikoff to hold him for the police, either before or after she arms herself with a stick.

It is clear that Mr. Hemil never intended to use force of any kind, upon entry, or once in the apartment.

He did not attempt to induce "cooperation" as to a PC§289(a) [or PC§261] by force or fear. The defendant had the opportunity to attempt to induce such cooperation once she awoke, but he did not do so. He retreated, he apologized, he expressed surprise at finding she wasn't Kelli, but he did not attempt to induce cooperation "against the victim's will be means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury..." either before or after he learned of the mistaken identity.

Since the evidence is lacking to show a violation of PC§289(a), and he had the opportunity to commit the act, and there is no evidence of abandonment of intent when the opportunity arose, we are left with a state of evidence showing no such intent.

There is no intent to violate PC §289(a), because there is no intent to "induce cooperation" by the means necessary to come within the statute, and it is illogical and unsupported by the evidence to infer such intent in the broader context of PC §459 when it's not shown in the narrow context.

c. Alleged entry with intent to violate PC§220:

(See Issue III below). Evidence is insufficient to allege violation of PC§220, or to allege it was intended upon

lc

-13-

FPD-AZ-03057-0303

EX 40 - 500

entry.

d. <u>Alleged violation of PC§459, intent to violate PC§§220, 261 or 289(a)</u>:

Since the evidence is insufficient to show a violation of PC §§220, 261, or 289(a), or an attempted violation, we cannot legally infer the broader concept, that <u>entry</u> was made with such feloneous intent.

> "...the crucial inquiry is 'whether the evidence presented at the preliminary examination discloses circumstances from which the magistrate might <u>reasonably have inferred</u> (original emphasis) the existence of each element of the charged crime' (<u>Williams v. Superior Court</u> (1969) 71 Cal.2d 1144, 1148-1149 [80 Cal.Rptr. 747, 81 Cal.Rptr. 761, 458 P.2d 987] (italics added)). Neither the trial court in a section 995 proceeding, nor an appellate court on review thereof, may substitute its judgment as to the weight of the evidence for that of the committing magistrate (<u>People v. Hall</u>, <u>supra</u>, 3 Cal.3d at p. 996); <u>but it is the duty of all three tribunals to discard -- as unreasonable -- inferences which derive their substance from guesswork, speculation, or conjecture</u>". (Emphasis added) <u>Birt v. Superior Court</u> (1973) 34 Cal.App.3d 934, 937-938.

### III

**THERE IS INSUFFICIENT EVIDENCE FROM WHICH THE MAGISTRATE COULD HAVE INFERRED THE EXISTENCE OF EACH ELEMENT OF A VIOLATION OF PENAL CODE §220, AS ALLEGED IN COUNT II OF THE INFORMATION.**

To support an allegation of violation of Penal Code §220 there must be evidence from which the magistrate might reasonably have inferred (1) assault, (2) with <u>intent</u> to commit mayhem, rape, sodomy, oral copulation or violation of Penal Code §§264.1, 288 or 289. In the Information here the People <u>only</u> allege assault with

1c

-14-

FPD-AZ-03057-0304

intent to commit rape, or sexual battery a violation of Penal Code §§261, 289(a), or 289(b).

There cannot be intent to commit a specific felony (PC§§261, 289(a) or (b)) unless there is intent to do an act which supplies all of the necessary elements of that felony. (i.e. "force...fear" where it is an element.)

There is insufficient evidence from which to reasonably infer the existence of the necessary element of intent to commit PC§261, PC§289(a), or PC§289(b).

a. Alleged assault with intent to commit rape (PC§261):

Assault with intent to commit rape exists only if there is evidence to show that the defendant intended to act in a way which provides all of the necessary elements of rape. As shown above in Issue II.a., Mr. Hemil at no time showed a willingness to accomplish intercourse by use of force, or in any way to overcome resistance of the person.

It is not a violation of Penal Code §220 to commit an assault with intent to "persuade" someone to have intercourse. It is not clear whether or not Mr. Hemil intended to try to persuade Kelli to have intercourse with him, but it is clear that there is no evidence that he intended to force intercourse upon her or Mrs. Starikoff, and absent that evidence, no violation of PC§220 with intent to rape is shown.

> "That element of the offense consists of an intent to have sexual intercourse with the victim and to use force to overcome her resistance....Such specific intent, like any other essential fact, must be proved by evidence or inferences reasonably deducible therefrom....It is not enough to prove merely a purpose to have intercourse.' (1

-15-

FPD-AZ-03057-0305

EX 40 - 502

Witkin, California Crimes, §262, p. 247; see Roberts v. State, 136 Tes.Cr.Rep. 138 [124 S.W.2d 128, 129].)

An analysis of the evidence in the light most favorable to the People compels the conclusion that nothing more was shown as to the defendant's intent than that he desired to have sexual intercourse with Mrs. Hughes. While his conduct was reprehensible, there was no proof that he intended to accomplish his purpose by use of force rather than by persuasion." (Emphasis added) People v. Tidmore, supra, 720.

While Mr. Hemil's alleged conduct "...was reprehensible, there is no [evidence] that he intended to accomplish his [possible] purpose by use of force rather than persuasion."

"In People v. Cortez, supra, [13 Cal.App.3d 317], this court collated earlier cases as follows: 'To support a conviction for...[assault with intent to commit rape], the prosecution must prove the assault and an intent on the part of the defendant to use whatever force is required to complete the sexual act against the will of the victim [citations]. It is the state of mind of the defendant...which is in issue.' (People v. Roth (1964) 228 Cal.App.2d 522, 532..." (Emphasis added) People v. Greene, supra, 34 Cal.App.3d 622, 648.

In the instant case there is no evidence to show that the defendant ever intended to use even the slightest force to accomplish intercourse, and the People have not met the more limited burden required at a preliminary examination.

The evidence fails to show the necessary element of intent to use force to rape, and absent such evidence there is no assault with intent to rape shown. In examining the evidence, at all times when we might expect to see signs of "force", the defendant acted in a contrary manner. He said he was a "friend" (no threats, weapons, or restraint), he retreated, he submitted

-16-

1c
FPD-AZ-03057-0306

EX 40 - 503

when confronted by Alex, (before Alex armed herself with a stick), he failed to resist when Mrs. Starikoff struck him, he made no attempt to escape, he apologized. He didn't even yell back when Alex yelled at him. The only reasonable inference to be drawn is that he was not inclined to use force, and no evidence exists to indicate he ever had that intent and later abandoned it.

"...a distinction is recognized between the intent to rape, and lewdness, indecency and lasciviousness either alone or accompanied by an intent to seduce. (Cf. People v. Mullen, supra, and People v. Nye, supra, 38 Cal.2d at p. 38.)   (13 Cal.App.3d at p. 326.)"  People v. Greene, supra, 648.

There may have been intent to seduce, but there is no evidence of intent to rape.

b.  Alleged assault with intent to violate PC§289(a):

There is no evidence of intent to commit a violation of Penal Code §289(a). (The part of this brief in Issue II., b., above, discussing "entry" with intent to violate §289(a) is relevant to "assault" with intent to violate §289(a), and is hereby incorporated by reference into this part of defendant's brief.)

There is no evidence of an assault with intent to violate PC §289(a). If there is assault with intent to violate PC§289(a), then the violation of 289(a) should have occurred, because there was ample opportunity. The necessary element of PC§289(a) (inducing cooperation by "force...fear") is totally lacking in Count II. When victim awakens, and the need to exert coercion (if intended) through "force...fear" arises, instead of doing so, the defendant says he is a "friend", then retreats,

lc

-17-

FPD-AZ-03057-0307

EX 40 - 504

apologizes, and expresses shock at discovering his mistake in identity. He is struck by Mrs. Starikoff, but even then does not resist or exert force in any way.

If the evidence justifies any inference it is that such intent did <u>not</u> exist, because when intent should have led to action, such action did not occur (defendant did <u>not</u> attempt to coerce cooperation once victim awoke). There is not one iota of evidence of <u>abandonment</u> of intent (the only logical way to explain no action where intent was supposed to have been present).

It defies logic to infer assault with intent to violate PC§289(a), when the defendant's own actions do <u>not</u> violate that section and <u>only</u> because he, himself, did not attempt to coerce cooperation as required to have such violation.

Defendant did not attempt to obtain cooperation by the means specified in the statute, even though the opportunity to do so arose, and there is no evidence of abandonment of intent. There is no evidence that he intended to coerce cooperation by "force...fear" and no evidence of assault with that intent.

c.  <u>Alleged assault with intent to violate Penal Code §289(b)</u>:

Penal Code §289(b) states:

> "Every person who causes the penetration, however slight, of the genital or anal openings of another person by any foreign object, substance, instrument, or device when the victim is at the time incapable, <u>through lunacy or other unsoundness of mind</u>, whether temporary or permanent, of giving legal consent, and this is known or reasonably should be known to the person committing the act for the purpose of sexual arousal, gratification, or abuse, shall be punished by imprisonment in the state prison, or in a county jail for a period of not more than one year." (Emphasis

-18-

1c
FPD-AZ-03057-0308

EX 40 - 505

added)

It is apparently the People's theory that "...other unsoundness of mind..." includes one who is asleep, when determining the meaning of this section. Sleep, however, is not an "unsoundness of mind" (similar to lunacy), but sleep _is_ a form of unconsciousness.

The meaning of that language, and the legislative intent, can be learned by examing the language of Penal Code §261.

PC§261 subsection (1) is nearly identical to PC§289(b):

"(1)  Where a person is incapable, through lunacy or other unsoundness of mind, whether temporary or permanent, of giving legal consent."  PC§261(1)

PC§261 subsection (4), however, seems to refer to one who is asleep:

"(4)  Where a person is at the time unconscious of the nature of the act, and this is known to the accused."  PC§261(4)

Since PC§289(b) contains language identical to PC§261(1), but not at all like PC§261(4), we must assume that a person can be the victim of PC§289(b) if suffering from "lunacy" or other mental defect severe enough to be "unsoundness of mind", but mere unconsciousness, whether due to sleep or not, is not included therein.

There is not one iota of evidence that Mr. Hemil thought Kelli (or Mrs. Starikoff) was a lunatic or of unsound mind.

There is clearly no evidence of assault with intent to violate PC§289(b).

d.  Alleged violation of PC§220, with intent to violate PC§§261,

lc                                      -19-

FPD-AZ-03057-0309

EX 40 - 506

289(a) and 289(b):

Since the evidence is insufficient to show a violation of PC§§261, 289(a) or 289(b), or an attempted violation thereof, or an intent to so violate the law, we cannot legally infer the broader concept, that there was an assault with such feloneous intent.

> "...the crucial inquiry is 'whether the evidence presented at the preliminary examination discloses circumstances from which the magistrate might reasonably have inferred (original emphasis) the existence of each element of the charged crime' (Williams v. Superior Court (1969) 71 Cal.2d 1144, 1148-1149 [80 Cal.Rptr. 747, 81 Cal.Rptr. 761, 458 P.2d 987] (italics added)). Neither the trial court in a section 995 proceeding, nor an appellate court on review thereof, may substitute its judgment as to the weight of the evidence for that of the committing magistrate (People v. Hall, supra, 3 Cal.3d at p. 996); but it is the duty of all three tribunals to discard -- as unreasonable -- inferences which derive their substance from guesswork, speculation, or conjecture" (Emphasis added) Birt v. Superior Court, supra, at 937-938.

e.   Assault...by means likely to produce great bodily injury.

There is no evidence that the defendant exerted, or intended to exert force likely to produce "bodily injury", much less "great bodily injury".

The touching alleged did not even cause pain, and there is no evidence of a physical injury sustained by Mrs. Starikoff, and no evidence that any treatment was needed or sought.

The "great bodily injury" allegation is pure fantasy, and an example of "over-charging" condemned in People v. Superior Court (Mendella) (1983) 33 Cal.3d 754.

-20-

1c

FPD-AZ-03057-0310

EX 40 - 507

## IV

## THE MAGISTRATE'S RESTRICTION OF CROSS-EXAMINATION DENIED THE DEFENDANT A SUBSTANTIAL RIGHT, AND RESULTED IN HIS ILLEGAL COMMITMENT.

It is well-established that the "denial of a substantial right at the preliminary examination renders the ensuing commitment illegal and entitles a defendant to dismissal of the information on timely motion." (People v. Pompa-Ortiz (1980) 27 Cal.3d 519, 523; Jennings v. Superior Court (1967) 66 Cal.2d 867, hereinafter cited as Jennings; see Penal Code §995[1])

In the Jennings case a defendant charged with narcotics possession was denied the right to present an affirmative defense at the preliminary hearing where the magistrate ruled that his cross-examination of police officer witnesses was not relevant. In finding that the restriction of defendant's cross-examination constituted a denial of a substantial right, the California Supreme Court held the commitment to be unlawful, despite sufficient evidence supporting probable cause to hold the defendant to answer. The Court explained at page 877 as follows:

> "But it is settled that even the cross-examination of a defendant who chooses to take the stand need not be 'confined to a mere categorical review of the matters, dates or times mentioned in the direct examination. [citations]  It may be directed to the eliciting of any matter which may tend to overcome or qualify the effect of the testimony given by him on his direct examination.' (People v. Zerillo (1950) 36 Cal.2d 222, 228 [223 P.2d 223].)  This rule applies a fortiori

[1]  See, People v. Elliot (1960] 54 Cal.2d 498, where the California Supreme Court held that the denial of a substantial right during the preliminary examination is not lawful commitment and hence within the purview of Penal Code §995.

-21-

FPD-AZ-03057-0311

EX 40 - 508

when the witness is not the defendant but his accuser." (Emphasis supplied)

Moreover, after noting the purpose and function of the preliminary hearing, the Court concluded at page 880:

"To effectuate this constitutional and statutory purpose the defendant must be permitted, if he chooses, to elicit testimony or introduce evidence tending to overcome the prosecution's case or establish an affirmative defense."

Accordingly, in Gallaher v. Superior Court (1980) 103 Cal.App.3d 666 a magistrate refused to permit defense counsel's cross-examination of a witness concerning the events following a purported shooting. In issuing a writ of prohibition, the First District Court of Appeal held that defendant was denied due process of law as guaranteed by the Fourteenth Amendment as the result of the magistrate's limitation of his right to cross-examination at the hearing. The court summarized the applicable decisional law, in part, as follows at page 671:

"It is well established that the defendant at a preliminary examination has the right to examine and cross-examine witnesses for the purpose of overcoming the prosecution's case or establishing an affirmative defense. (Jones v. Superior Court, supra, 4 Cal.3d 660, 667.) This right, at one's preliminary examination, is essential to the 'due process of law' guaranteed by the Fourteenth Amendment. (Jennings v. Superior Court, supra, 66 Cal.2d 867, 875.) It is as critical as the right to cross-examine witnesses at one's trial, for at the preliminary examination also, it is the judicial responsibility 'to weight the evidence, resolve conflicts and give or withhold credence to particular witnesses.' (Jones v. Superior Court, supra, p. 667)
'It is well established that the scope of proper cross-examination may extend to the whole transaction of which

.1c

-22-

FPD-AZ-03057-0312

EX 40 - 509

the witness has testified, or it may be employed to elicit any matter which may tend to overcome, qualify or explain the testimony given by a witness on his direct examination.' (People v. Dotson (1956) 46 Cal.2d 891, 898 [299 P.2d 875]; Marshall v. Marshall (1965) 232 Cal.App.2d 232, 255 [42 Cal.Rptr. 686]; People v. Swayze (1963) 220 Cal.App.2d 476, 497 [34 Cal.Rptr. 5].) 'He can be cross-examined with respect to facts or denials which are necessarily implied from the testimony in chief, as well as with respect to facts which he expressly states.' (People v. Zerillo (1950) 36 Cal.2d 222, 229 [223 P.2d 223], italics added.) And a 'witness may be cross-examined as to any facts stated in his direct examination or connected therewith.' (People v. Bigelow (1951) 104 Cal.App.2d 380, 387 [231 P.2d 881]."

In the present case, defendant asserts that the denial by the magistrate of his right to cross-examine Ms. Alex Starikoff has resulted in his unlawful commitment.

The evidence established that Mr. Hemil was a guest in the home of the witness nine days prior to March 6, 1983. It also appears that he entered the residence on March 6, 1983, and his intent upon entry is very much an issue as to Count I (PC§459). No direct evidence of intent upon entry having been presented, the intent, if any, must be inferred from other evidence (or absence thereof). Thus, if he had used marijuana there with the residents on a prior occasion, and if his entry may have been for purposes of obtaining marijuana, the testimony striken and the line of questioning restricted are indeed relevant.

The magistrate's ruling that "it's not germaine" (RT:10:18-20) and his sustaining of the prosecutor's relevancy objections were erroneous under the established test of relevance.[2]

1c

-23-

FPD-AZ-03057-0313

EX 40 - 510

The denial of Mr. Hemil's right to cross-examine Alex Starikoff has resulted in an illegal commitment, and the Information herein must be dismissed pursuant to the mandate of <u>Jennings</u> and Penal Code §995.

CONCLUSION

For the reasons stated herein, this honorable court is respectfully urged to grant defendant's motion pursuant to Penal Code §995.

DATED:  July 11, 1983

Receipt of the above Motion
is hereby acknowledged:
CECIL HICKS, DISTRICT ATTORNEY

By _Alma A. Aquarta_
Date _7-11-83_

Respectfully submitted,

RONALD Y. BUTLER
Public Defender
FRANK SCANLON
Assistant Public Defender
JAMES DEAN ALLEN
Deputy Public Defender
Head of Court
Writs & Appeals

_Thomas Havlena_
THOMAS HAVLENA
Deputy Public Defender

2  "Relevant evidence is evidence (a) that has any tendency in reason to prove or disprove any <u>disputed fact, that is of consequence</u> to the determination of the action, or (b) that has any tendency in reason to prove or disprove the truthfulness of a witness's <u>testimony</u> or of a declarant's hearsay statement." (Jefferson, California Evidence Benchbook, 2d Ed. §19.2; California Evidence Code §210)  (Emphasis supplied)

lc

FPD-AZ-03057-0314

EX 40 - 511

RONALD Y. BUTLER
Public Defender
Orange County
MARGARET R. ANDERSON
Deputy Public Defender
700 Civic Center Drive West
Santa Ana, California 92701

Telephone: (714) 834-2144

Attorneys for Defendant

Dept. 45
IN CUSTODY
7-22-83

FILED

JUL 22 1983

LEE A. BRANCH, County Clerk
By _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ORANGE

PEOPLE OF THE STATE OF CALIFORNIA,    )    Case No.  C-51741
                                      )
                          Plaintiff,  )    NOTICE OF MOTION FOR DISCOVERY,
                                      )    MOTION FOR DISCOVERY,
              v.                      )    DECLARATION IN SUPPORT OF
                                      )    MOTION FOR DISCOVERY, POINTS,
FOSTER LEZMOND HEMIL,                 )    AUTHORITIES AND ARGUMENT,
                          Defendant.  )    ORDER FOR DISCOVERY
_____)

TO:   CECIL HICKS, ESQ., DISTRICT ATTORNEY OF ORANGE COUNTY,
      BRAD GATES, SHERIFF/CORONER OF ORANGE COUNTY,
      LARRY RAGLE, SUPERVISOR, ORANGE COUNTY CRIME LAB
      COSTA MESA POLICE DEPARTMENT

NOTICE IS HEREBY GIVEN that on Friday, the 22nd day of July, 1983, at 9:00 a.m. or as soon thereafter as counsel can be heard in Department 45 of the above-entitled Court, Defendant Foster Lezmond Hemil will move the court for an order directing law enforcement personnel who have assisted or are assisting in the investigation and prosecution of the above-entitled action to make available to defendant's counsel for examination, hearing, analysis, and copying all of the objects and information set out in the accompanying proposed ORDER FOR

-1-

sh
FPD-AZ-03057-0315

EX 40 - 512

DISCOVERY which are or will be under your control and possession.

DEFENDANT MOVES THIS HONORABLE COURT FOR AN ORDER directing respondents to make available to defendant's counsel for examination, hearing, analysis and copying all of the objects and information set out in the accompanying Proposed Order for Discovery.

The provisions of this Motion and proposed Order are severable as to the objects and the means of discovery mentioned above. This motion may be granted on such other, further or different terms or conditions as are reasonable and just. This motion will be based upon the accompanying Notice, Points and Authorities, Proposed Order for Discovery, Declaration in Support of Motion for Discovery, the Pleading, records, files, documents and evidence, whether oral or written presented at the hearing upon this Motion.

DATED:  July 11, 1983

Receipt of the above Motion
is hereby acknowledged:

CECIL HICKS, DISTRICT ATTORNEY

By _Alma Almanza_

Date_ 7-11-83_

_Margaret R. Anderson_
MARGARET R. ANDERSON
Deputy Public Defender

-2-

sh
FPD-AZ-03057-0316

EX 40 - 513

POINTS AND AUTHORITIES

In addition to the authorities cited in defendant's Proposed Order for Discovery, defendant submits for the Court's consideration the following general principles:

A.    The role of the Prosecutor:

1.    "The prosecuting attorney is both an officer of the state and of the court, and his duty extends no further than an impartial, fair, and just trial of defendant . . . .That is was desired that the state's evidence remain undisclosed, partakes of the nature of a game, rather than judicial procedure.  The state in its might and power ought to be and is too jealous of according a defendant a fair and impartial trial to hinder him in intelligently preparing his defense and in availing himself of all competent material and relevant evidence that tends to throw light on the subject-matter on trial."  State v. Tippett (1927) 317 Mo. 319, quoted with approval by the California Supreme Court in Powell v. Superior Court (1957) 48 Cal.2d 704,709.)

2.    "The duty of the district attorney is not merely that of an advocate. . . .His duty is not to obtain convictions, but to fully and fairly present to the court the evidence material to the charge upon which the defendant stands trial, and it is the solemn duty of the trial judge to see that the facts material to the charge are fairly presented.  (People v. Kiihoa, 53 Cal.2d 748, 753 [3 Cal.Rptr.1, 349 P.2d 673]; People v. Sheffield, 108 Cal.App. 721, 732 [293 P.72].)  In the light of the great resources at the command of the district attorney and our commitment that justice be done to the individual, restraints are placed on him to assure that the power committed to his care is used to further the administration of justice in our courts and not to subvert our procedures in criminal trials designed to ascertain the truth.
     The search for truth is not served but hindered by the concealment of relevant and material evidence. Although our system of administering criminal justice is adversary in nature, a trial is not a game.  Its ultimate goal is the ascertainment of truth, and where furtherance of the adversary system comes in conflict with the ultimate goal, the adversary system must give way to reasonable restraints designed to further that goal."  (In re Ferguson (1971) 5 Cal.3d 525, 531.)

B.    The general policy of the California Appellate Courts regarding discovery in criminal cases:

1.    "Absent some governmental requirement that information be kept confidential for purposes of effective law enforcement, the state has no interest in

sh

FPD-AZ-03057-0317

-3-

EX 40 - 514

denying the accused access to all evidence that can throw light on issues in the case, and in particular it has no interest in convicting on the testimony of witnesses who have not been as rigorously cross-examined and as thoroughly impeached as the evidence permits." (People v. Riser (1956) 47 Cal.2d 566; quoted with approval in virtually every subsequent California case, viz: Engstrom v. Superior Court (1971) 20 Cal.App.3d 240, 243; People v. Campbell (1972) 27 Cal.App.3d 849, 857; Norton v. Superior Court (1959) 173 Cal.App.2d 133, 135.)

2. "The fundamental judicial policy of this country requires that each defendant, young or old, rich or poor, be given a fair trial. A fair trial includes the right to have produced in open court all evidence material to the question of guilt or innocence which may be feasibly obtained." (People v. Vigghiany (1960) 181 Cal.App.2d 621, 626.)

C. What standards should the Court use in determining whether to exercise its discretion in favor of granting or denying the proposed discovery.

1. Generally speaking, the Court should order discovery of information which is:

a. described with adequate specificity to preclude the possibility that defendant is engaged in a 'fishing expedition'"; (Pitchess v. Superior Court (1974) 11 Cal.3d 531, 538);

b. supported by a showing of "good cause."

2. "Good cause" has been held to require a showing of:

a. more than a "mere desire for the benefit of all information which has been obtained by the People in their investigation of the crime." (People v. Cooper (1960) 53 Cal.2d 755, 770; Joe Z. v. Superior Court (1970) 3 Cal.3d 797, 804; Pitchess v. Superior Court (1974) 11 Cal.3d 531, 537;

b. "a plausible justification for inspec-tion." (Joe Z. v. Superior Court (1970) 3 Cal.3d 797 804).

3. "Good cause" or "plausible justification"

-4-

sh
FPD-AZ-03057-0318

EX 40 - 515

does not necessarily require a showing that:

a.    the information sought in fact exists (Hill v. Superior Court (1974) 10 Cal.3d 812, 817; Cash v. Superior Court (1959) 53 Cal.2d 72; People v. Campbell (1973) 27 Cal.App.3d 849);

b.    such information cannot be readily obtained by the defendant, at least where any effort to obtain such information might have a detrimental effect upon the defense (Hill v. Superior Court (1974) 10 Cal.3d 812,819) or is unlikely to be successful (Pitchess v. Superior Court (1974) 11 Cal.3d 531,537-538);

c.    the information sought would be admissible at trial (People v. Cooper (1960) 53 Cal.2d 757, 770; People v. Silberstein (1958) 159 Cal.App.2d Supp. 848, 851; Powell v. Superior Court (1957) 48 Cal.2d 704; Funk v. Superior Court (1959) 52 Cal.2d 423; People v. Chapman (1959) 52 Cal.2d 95);

d.    statements of prosecution witnesses which are sought are inconsistent with the witnesses' testimony (People v. Estrada (1960) 54 Cal.2d 713, 716; People v. Chapman (1959) 52 Cal.2d 95, 98);

e.    statements of prosecution witnesses which are sought are signed or otherwise acknowledged as accurate by said witnesses (People v. Estrada, supra and People v. Chapman, supra);

f.    statements of the defendant are necessary to refresh the defendant's recollection (Joe Z. v. Superior Court (1970) 3 Cal.3d 797, 802).

D.    Additional considerations:

1.    Any information which is discoverable at trial is also discoverable pre-trial. (Funk v. Superior Court (1959) 52 Cal.2d 423, 424; Norton v. Superior Court (1959) 173 Cal.App.2d 133, 136);

2.    The court may order the district attorney to obtain for the defense information from other agencies within the criminal justice system where the information is discoverable and is available to the prosecutor but is not readily available to the defense (People v. Renchie (1962) 201 Cal.App.2d 1;

sh
FPD-AZ-03057-0319

EX 40 - 516

Enstrom v. Superior Court (1971) 20 Cal.App.3d 240, 243);

3.  The Court should analyze challenged requests for discovery by determining whether:

> a.  the requested information might assist the defendant in preparing "an intelligent defense in light of all relevant and reasonably accessible information." (Pitchess v. Superior Court (Escheveria) (1974) 11 Cal..3d 531, 535);
>
> b.  the defendant's request has "adequate specificity to preclude the possibility that defendant is engaging in a 'fishing expedition'" (Pitchess v. Superior Court, supra, at p. 538);
>
> c.  the defendant has shown "good cause" or a "plausible justification" for discovery;
>
> d.  the information is not discoverable pursuant to Evidence Code §1040 et seq;
>
> e.  if otherwise discoverable information is made nondiscoverable under Evidence Code §1040 et seq, what is the appropriate "order or finding of fact adverse to the public entity" which Evidence Code §1042 mandates?

4.  In determining whether any given information in the possession of the People is subject to the discovery order, the Court must allow the defendant's counsel to see the questioned information and argue its discoverability to the court before the Court rules thereon.  As the Court held in People v. Vigghiany (1960) 181 Cal.App.2d 621, 627-628, to allow the court to make such an ex parte ruling would deny the accused due process of law:

> "allowing the trial judge to pass upon defendant's motion [for discovery] on the basis of evidence and documents not available to defendant or his counsel... had the effect of substituting the judge for defendant's counsel, insofar as defendant was to be represented by counsel, in arguing the admissibility or effect of the documents with respect to his motion.
>
> "They were before the judge as a basis for the judge's rulings but were never available to defendant.

sh

FPD-AZ-03057-0320

-6-

EX 40 - 517

"Such a procedure was violative of defendant's right to due process of law. It permitted the judge to base his ruling upon evidence prepared by the prosecution, but denied to defendant and his counsel the right to inspect and know what such evidence was.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"It is a denial of due process of law and fundamental fairness for a court to determine such issues upon the basis of evidence available to it and the prosecution but not also available to the defendant and his counsel. It is analogous to denying to the accused his right to cross-examine or confront witnesses produced against him. In fact, it is more akin to a procedure whereby a defendant and his counsel would be prevented from even seeing the witnesses or hearing their testimony or examining physical evidence."

///

///

///

///

///

///

///

///

///

sh

-7-

FPD-AZ-03057-0321

EX 40 - 518

PROPOSED ORDER FOR DISCOVERY

ORDER FOR DISCOVERY

POINTS AND AUTHORITIES

1.  All written statements made by          Ordered_____
    the defendant to the People.            Ordered as
    (People v. Riser (1956) 47 Cal.2d       Modified_____
    566, 588; Powell v. Superior            Refused_____
    Court (1957) 48 Cal.2d 704;
    Schindler v. Superior Court
    (1958) 161 Cal.App.2d 513, 518)

2.  The contents of any oral state-         Ordered_____
    ment made by the defendant.             Ordered as
    (People v. Campbell (1973) 27           Modified_____
    Cal.App.3d 849, 858)                    Refused_____

3.  All tape recordings of state-           Ordered_____
    ments made by the defendant to          Ordered as
    the People. (People v. Cartier          Modified_____
    (1959) 51 Cal.2d 849; Vance v.          Refused_____
    Superior Court (1958) 51 Cal.2d
    92)

4.  All tape recordings of con-             Ordered_____
    versations in which the defen-          Ordered as
    dant participated. (Cash v.             Modified_____
    Superior Court (1959) 52 Cal.2d         Refused_____
    72)

5.  All transcripts made of defen-          Ordered_____
    dant's tape recorded statements         Ordered as
    and conversations. (Powell v.           Modified_____
    Superior Court (1957) 48 Cal.2d         Refused_____
    704, 709; People v. Cartier
    (1959) 51 Cal.2d 849; Cash v.
    Superior Court (1959) 52 Cal.2d
    72)

6.  All notes or memoranda, hand-           Ordered_____
    written or typed, which were            Ordered as
    prepared by the People based            Modified_____
    upon statements made by the             Refused_____
    defendant except the work prod-
    uct of any attorney for the
    People. (Joe Z. v. Superior
    Court (1970) 3 Cal.3d 797, 804.

sh

-8-

FPD-AZ-03057-0322

EX 40 - 519

7.    All statements of any person which were shown, read, played or paraphrased to the defendant during any interrogation conducted by the People.

Ordered_____
Ordered as
Modified_____
Refused_____

8.    The content of any statements made by the People to the defendant or anyone else in the defendant's presence (a) which was made in order to encourage the defendant to cooperate with the People and/or (b) which might reasonably be expected to have the effect of encouraging the defendant to cooperate with the People. (People v. Haydel (1974) 12 Cal.3d 190; Napue v. Illinois (1959) 360 U.S. 264).

Ordered_____
Ordered as
Modified_____
Refused_____

9.    Any photographs taken or sketches made of defendant or any portion of the defendant's body. (Norton v. Superior Court (1959) 173 Cal.App.2d 133, 136).

Ordered_____
Ordered as
Modified_____
Refused_____

10.    Dates, times and locations of any physical examination or viewing of any portion of defendant's body.

Ordered_____
Ordered as
Modified_____
Refused_____

11.    Identities, including names, addresses, phone numbers, badge numbers and present assignments of all persons who physically examined or viewed any portion of defendant's body.

Ordered_____
Ordered as
Modified_____
Refused_____

12.    Any substance taken from defendant's person, including, but not limited to specimens of hair, blood, tissue, breath or urine. (Walker v. Superior Court (1957) 155 Cal.App.2d, 134).

Ordered_____
Ordered as
Modified_____
Refused_____

sh

-9-

FPD-AZ-03057-0323

EX 40 - 520

13. Any samples of defendant's personal charateristics, including but not limited to defendant's fingerprints, defendant's voice-prints and specimens of defendant's handwriting which were obtained by the People for use in establishing the identity of the perpetrator of the offenses charged by the People in the above-entitled case.

Ordered_____
Ordered as Modified_____
Refused_____

14. Any items of clothing and personal effects worn by the defendant at the time of the alleged crime or at the time of his arrest. (Walker v. Superior Court (1957) 155 Cal.App.2d 134; Schindler v. Superior Court (1958) 161 Cal.App.2d 513).

Ordered_____
Ordered as Modified_____
Refused_____

15. Any books, papers, documents, photographs or tangible objects which the People intend to use in the trial or which were obtained from or belong to the defendant. (American Bar Association Project on Standards for Criminal Justice, Standards Relating to Discovery Procedure Before Trial, Prosecutor's Obligations [approved draft, 1970], hereinafter cited as "A.B.A. Standards," §2.1(a)(v)).

Ordered_____
Ordered as Modified_____
Refused_____

16. The defendant's arrest and conviction record (i.e. "rap sheet"). (Engstrom v. Superior Court (1971) 20 Cal.App.3d 240.

Ordered_____
Ordered as Modified_____
Refused_____

17. The names and addresses of all witnesses the prosecution intends to call at the trial.

Ordered_____
Ordered as Modified_____
Refused_____

sh

-10-

FPD-AZ-03057-0324

EX 40 - 521

18.    The content of all statements and tape recordings of statements made by all persons the People intend to call as witnesses at the trial People v. Estrada (1960) 54 Cal.2d 713; Funk v. Superior Court (1959) 52 Cal.2d 423; Cash v. Superior Court (1959) 53 Cal.2d 72, 75-76; People v. Chapman (1959) 52 Cal.2d 95.)

Ordered_____
Ordered as Modified_____
Refused_____

19.    Names and addesses of all eye-witnesses to the alleged crime whether or not the prosecution intends to call them at the trial.  (Norton v. Superior Court (1959) 173 Cal.App.2d 133).

Ordered_____
Ordered as Modified_____
Refused_____

20.    Statements and tape recordings of statements made by all eye-witnesses to the alleged crime whether or not the prosecution intends to call them at the trial.  (Vetter v. Superior Court (1961) 189 Cal.App.2d 132, 136).

Ordered_____
Ordered as Modified_____
Refused_____

21.    All crime reports prepared in relation to the investigation and prosecution of this case.

Ordered_____
Ordered as Modified_____
Refused_____

22.    All police officer's notes of their activities and observations during the period of the investigation of this case. (People v. Gallegos (1960) 180 Cal.App.2d 274, 277 (dictum)).

Ordered_____
Ordered as Modified_____
Refused_____

23.    All notes made by police officers regarding their conversations with prosecution witnesses.  (Funk v. Superior Court (1959) 52 Cal.2d 423, 424).

Ordered_____
Ordered as Modified_____
Refused_____

sh

-11-

FPD-AZ-03057-0325

EX 40 - 522

| | | |
|---|---|---|
| 24. | All notes made by prospective witnesses relating to matters covered in their testimony at trial. (People v. Norman (1960) 177 Cal.App.2d 59, 63). | Ordered _____ Ordered as Modified _____ Refused _____ |
| 25. | All photographs and/or diagrams of the scene of the crime prepared by the People. | Ordered _____ Ordered as Modified _____ Refused _____ |
| 26. | All reports of scientific analysis performed at the request of the People upon any physical evidence (Walker v. Superior Court (1957) 155 Cal.App.2d 134, 141; Schindler v. Superior Court (1958) 161 Cal.App.2d 513) whether favorable to the defense (In re Ferguson (1971) 5 Cal.3d 525), unfavorable or inconclusive. (People v. Johnson (1974) 38 Cal.App.3d 228, 235). | Ordered _____ Ordered as Modified _____ Refused _____ |
| 27. | Latent fingerprints, if any, which were discovered at the scene of the alleged crime. | Ordered _____ Ordered as Modified _____ Refused _____ |
| 28. | Photographs of latent prints, if any, which were discovered at the scene of the alleged crime. | Ordered _____ Ordered as Modified _____ Refused _____ |
| 29. | Names and addresses of all persons detained or arrested as suspects in the investigation of this case. | Ordered _____ Ordered as Modified _____ Refused _____ |
| 30. | All photographs taken by the People of the victims of the alleged crime or otherwise relating to this case. | Ordered _____ Ordered as Modified _____ Refused _____ |
| 31. | All tangible evidence which relates to this case. (Schindler v. Superior Court (1958) 161 Cal.App.2d 513; Walker v. Superior Court (1957) 155 Cal.-App.2d 134). | Ordered _____ Ordered as Modified _____ Refused _____ |

sh

-12-

FPD-AZ-03057-0326

EX 40 - 523

32.    All exhibits the People intend to present at the trial.

Ordered_____
Ordered as Modified_____
Refused_____

33.    The prosecution attorney shall inform defense counsel:
a. of any information he has which is favorable to the defense in that it tends to exonerate the defendant, minimize his probable sentence or constitutes information that the defense might use to impeach or contradict prosecution witnesses. (Brady v. Maryland (1963) 373 U.S. 87; Napue v. Illinois (1959) 360 U.S. 264; In re Ferguson (1971) 5 Cal.3d 525, 535).

Ordered_____
Ordered as Modified_____
Refused_____

34.    All requests, whether in writing or oral, for analysis of physical evidence between or amongst the named parties to this order, excluding work product.

Ordered_____
Ordered as Modified_____
Refused_____

35.    All names and addresses and reports of all expert witnesses consulted by the prosecution in preparation for trial.

Ordered_____
Ordered as Modified_____
Refused_____

36.    All prior felony convictions whether or not resulting in a state prison commitment which the People intend to introduce in their case in chief or for purposes of impeachment.

Ordered_____
Ordered as Modified_____
Refused_____

37.    Investigation reports, whether written or oral, by District Attorney investigators. (Vetter v. Superior Court (1961) 189 Cal.App.2d 132; Craig v. Superior Court (1976) 54 Cal.App.3d 416).

Ordered_____
Ordered as Modified_____
Refused_____

38.    All notes concerning the investigation of the above-entitled case prepared by the served parties or their deputies, agents or personnel. (People v. Vigghiany (1960) 181 Cal.App.2d 621).

Ordered_____
Ordered as Modified_____
Refused_____

sh

-13-

FPD-AZ-03057-0327

EX 40 - 524

39.    All oral or written statements of witnesses to those crimes charged in the information given to or taken by Deputy District Attorneys, their investigators or agents. (People v. Moore (1975) 50 Cal.App.3d 989; Robinson v. Superior Court (1978) 76 Cal.App.3d 968).

Ordered_____
Ordered as Modified_____
Refused_____

40.    The parties shall meet and confer on or before 7-27-83 to accomplish the discovery hereinabove ordered.

Ordered_____
Ordered as Modified_____
Refused_____

41.    This order is a continuing order and requires the parties thereto to inform the attorney for defendant forthwith of any information covered by this order which comes to their attention after the discovery conference. (Hill v. Superior Court (1974) 10 Cal.3d 812, 821; In re Ferguson (1972) 5 Cal.3d 525; Brady v. Maryland (1963) 373 U.S. 87; A.B.A. Standards, §4.2).

Ordered_____
Ordered as Modified_____
Refused_____

42.    This Order binds "the People," viz: all parties named in the accompanying Notice of Motion for Discovery, their deputies, employees and agents and all other law enforcement personnel who have assisted or are assisting in the investigation or prosecution of this case. (People v. Renchle (1962) 201 Cal.App.d 1,5; Engstrom v. Superior Court (1972) 20 Cal.App.3d 240).

Ordered_____
Ordered as Modified_____
Refused_____

-14-

sh

FPD-AZ-03057-0328

EX 40 - 525

43.     This order permitting discovery is directed to the following on going investigations as delineated by "DR" numbers:

DR:   83-09916

THE ABOVE ARE ORDERED AS INITIALED OR AS MODIFIED BY THE COURT BY INTERLINEATION AS FULLY SET OUT ABOVE.

Dated:

_____
JUDGE OF THE SUPERIOR COURT

sh

FPD-AZ-03057-0329

EX 40 - 526

RONALD Y. BUTLER
Public Defender
Orange County
MARGARET R. ANDERSON
Deputy Public Defender

Telephone: (714) 834-2144

Attorneys for Defendant

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ORANGE

PEOPLE OF THE STATE OF CALIFORNIA,)
                                )
           Plaintiff,      )   Case No.  C-51741
                                )
  vs.                       )   DECLARATION IN SUPPORT
                                )            OF
                                )   MOTION FOR DISCOVERY
FOSTER LEZMOND HEMIL,       )
                                )
           Defendant.     )

I, Foster Lezmond Hemil declare:

1.  That I am a deputy public defender for the County of Orange and as such I have been assigned to represent the defendant in the above-entitled action;

2.  That I am informed and believe that an investigation of the charges alleged against defendant herein has been made by officers or agents of the District Attorney of the County of Orange and of the Law Enforcement Agencies which are mentioned in the Notice of Motion attached hereto;

3.  That I am informed and believe that some or all of said officers or agencies have in their possession or under their control some or all of the information and material described in the Notice of Motion attached hereto and that they can obtain some or all of said information and material by communication

sh

-16-

FPD-AZ-03057-0330

EX 40 - 527

with other agencies within the Criminal Justice System;

4. That it is necessary that such information and material be made available to defendant's attorney in order that he may properly prepare said case for trial;

5. That the information and material requested is material and relevant to the trial of said action. Some of said information is solely under the control of the People and is not known by or otherwise readily available to the defendant or his counsel;

6. That it is necessary in order to prepare for trial that counsel for defendant be afforded prompt and reasonable access to all such information and material which is available to the People and which fits the description set forth in the attached Notice of Motion for Discovery, Motion for Discovery and Proposed Order for Discovery.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Santa Ana, California, on this 11th day of July, 1983.

_Margaret R. Anderson_
MARGARET R. ANDERSON
Deputy Public Defender
Declarant

THIS INSTRUMENT IS A CORRECT COPY OF
THE ORIGINAL ON FILE IN THIS OFFICE

**MAR 2 1 2002**

ATTEST: (DATE) _____
ALAN SLATER, EXECUTIVE OFFICER AND CLERK
OF THE SUPERIOR COURT OF THE STATE
OF CALIFORNIA IN AND FOR THE COUNTY OF ORANGE

BY _____ DEPUTY
LUCY HERNANDEZ



sh

-17-

FPD-AZ-03057-0331

EX 40 - 528

```
                ORANGE COUNTY AUTOMATED WARRANT SERVICE SYSTEM
                          INVESTIGATIVE WORKSHEET
                                              ORANGE COUNTY SUPERIOR COURT
082464                                                      WFN..00286701
                                                           CWN..C51741
                                                           KEY..CC009375
NAME.........HEMIL       FOSTER       LEZMOND              MAILER....NO
OTHER NAMES..LUTHER      WINDY                             WPS.......YES
                                                    LOCAL CONTROL NO..
                                                    OFFICER/AREA......

                                                             MORE NAMES..NC

DOB..070258  SEX..M     RACE..X      AGE...00/00   POE.....
HGT.(507)  WGT.(190)    HAIR..BLK    EYES..BRO     ODDITY..TAT LF ARM
        5'6"      160
ADDRESSES..1250     ADAMS       P102
           COSTA MESA      CA 0000000000

           2300    FAIRVIEW      C205
           COSTA MESA      CA 0000000000

           720   W VICTORIA
           COSTA MESA      CA 0000092626                      MORE ADR..YES

           3001    YALE
           SANTA ANA       CA 0000000000   UNKNOWN           MORE BUS..NO

VEHICLES..
        219SBP      CA 74 CHEV 4D BLU
        958MXG      CA 75 CHEV 2D BNG
        610WGF      CA 79 CHEV 2D WHT                         MORE VEH..NC

OLN..C2039020  CA        SSN..            CII.. AC7322764
WPS..3738423600808       OAN..498747      FBI..

CRT WRNT NO..C51741      OFFENSE DATE..000000
CRT CASE NO..C51741      ISSUE DATE....082384
CITE NO.....             ASSIGN DATE...082384

COUNTY..ORAN    WRNT REASON..VIOL/PROB    NIGHT SERV....YES
COURT...SUP     WRNT TYPE....BW           RELEASE COND..BOOK
PSA.....OMO     DEGREE.......F            BAIL AMT......      0.00

CHARGES.. 1.  PC 459      BURGLARY
          2.  PC 261      RAPE
          3.  PC 220      ASSAULT-INTENT TO RAPE
          4.  PC 289(A)   PENETRATION BY ANY OBJECT
          5.
          6.
          7.
          8.                                               MORE CHGS..NO
OTHER WARRANTS..YES
WFN..00217966/CMP

                                                           MORE WRNT..NO


MESSAGES..DEFENDANT FAILED TO REPORT TO JAIL FOR SENTENCE
          PROB OFFICER ROBERT C SYLVESTER PH# 616-3981
```

COPY

FPD-AZ-03057-0332

**EX 40 - 529**

INSTRUCTIONS:
1. Original to Court Clerk
2. Copy to District Attorney
3. Copy to probationer or his attorney
4. Copy to Probation file

For use of Clerk only.

**FILED**

IN THE    SUPERIOR    COURT,    AUG 2 3 1984

COUNTY OF ORANGE, STATE OF CALIFORNIA

LEE A. BRANCH, County Clerk

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

vs.

HEMIL, Foster Lezmond

Defendant.

DEPT XXXX ———— 47 ———— Deputy

C NO. 51741    A NO. 128730

PETITION FOR
WARRANT OF ARREST

TO THE HONORABLE JUDGE OF THE    SUPERIOR    COURT OF
COUNTY OF ORANGE, STATE OF CALIFORNIA:

Your petitioner respectfully represents that on  August 5, 1983    the above-named
Defendant xxxxxxxxxxxxxx the crime of  459 PC (Burglary) and 220 PC (Assault)
pleaded guilty to
in the Superior  Court of  Honorable James K. Turner    , County of Orange, State of California.
That afterwards, to-wit: on    8-5-83    he was placed on probation by said Court for the term
of three years   for said crime.
That since being placed on probation as aforesaid,    he, the said Defendant, has violated the terms of said
probation by:

1. Specific condition: "30 days jail...stay of execution until 7-29-84 at 9 p.m."
The defendant did not report to the jail to serve his sentence.

2. Specific condition: "register pursuant to 290 PC."
The defendant changed residence on or about 7-30-84. The defendant, nor the California Bureau of Identification has reported 290 PC registration to the Probation Department as ordered.

(CONTINUED ON PAGE 2)

WHEREFORE, your Petitioner prays that probation be revoked and that a warrant be issued for the arrest of said Defendant and that ___ he be brought before this Court to be dealt with as provided by law. I declare under penalty of perjury that the foregoing is true and correct.
Done this  17th   of   August    19 84 , in Orange, California.

MICHAEL A. SCHUMACHER, Ph.D.,
Chief Probation Officer

By _____
Robert C. Sylvester  Deputy

RCS:rg

ORDER OF THE COURT

It is the Order of the Court that probation in the above case be revoked and that a warrant be issued for the arrest of said defendant.

Dated  8/22/84

Judge of the above-entitled Court
JAMES L. SMITH

PETITION FOR WARRANT OF ARREST
SUPERIOR COURT/MUNICIPAL COURT

FPD-AZ-03057-0333

**EX 40 - 530**

PETITION FOR WARRANT                     -2-                        August 17, 1984
OF ARREST

HEMIL, Foster Lezmond
C-51741, A-128730


3. <u>Specific condition</u>: "comply with the usual terms and conditions of
   probation."
   Written directive executed 2-24-84, directing the defendant to
   notify probation officer "72 hours prior to any change" of residence.
   The defendant moved on or about 7-30-84 without notifying probation
   officer.  Whereabouts unknown.

RCS:rg

FPD-AZ-03057-0334

EX 40 - 531

## PROBATION DEPARTMENT

### ORANGE COUNTY

TO   Honorable Judge of the Superior Court

FROM   MICHAEL SCHUMACHER Chief Probation Officer by Robert C. Sylvester

DATE   August 17, 1984

Reply Requested ☐ Yes ☐ No

MOB (floor)
___2nd
___3rd
___4th
___5th

___520 W. Santa Ana Blvd.
___WCCSC
___NCCSC
___SACSC
___HACSC

___Juvenile Hall
___YGC
___Joplin
___Los Pinos

SUBJECT:   HEMIL, Foster Lezmond: C-51741, A-128730

Mr. Hemil was given the benefit of probation after pleading guilty to a very serious sexual battery to an unsuspecting female victim.

He did not comply with a stay of execution on a jail sentence resulting from a probation violation, and he has made his whereabouts unknown.

This defendant has been given every opportunity to comply with probation and Court orders, and he has failed. He has clearly demonstrated his inability to succeed on continued probation supervision.

Because of the seriousness of the original offense, the maximum local jail time (134 days) will be recommended.

RECOMMENDATION

It is respectfully recommended that the defendant be found in violation of probation, that probation be terminated and the maximum jail sentence be imposed.

RCS:rg

THIS INSTRUMENT IS A CORRECT COPY OF
THE ORIGINAL ON FILE IN THIS OFFICE

MAR 2 1 2002

ATTEST: (DATE)

ALAN SLATER, EXECUTIVE OFFICER AND CLERK
OF THE SUPERIOR COURT OF THE STATE
OF CALIFORNIA IN AND FOR THE COUNTY OF ORANGE

BY _____ DEPUTY
LUCY HERNANDEZ

FPD-AZ-03057-0335

EX 40 - 532

ORANGE COUNTY AUTOMATED WARRANT SYSTEM
INVESTIGATIVE WORKSHEET

CORRECTION                                          ORANGE COUNTY SUPERIOR COURT
122084                                                          WFN..CC286701
                                                               CWN..C51741
                                                               KEY..CCCC9375
NAME.........HEMIL          FOSTER      LEZMOND        MAILER....NO
OTHER NAMES..LUTHER         WINDY                      WPS.......YES
                                               LOCAL CONTROL NO..0824844
                                               OFFICER/AREA......4CMF

                                                        MORE NAMES..NO


DOB..070258   SEX..M      RACE..X        AGE...00/00    POB.....
HGT..507      WGT..190     HAIR..BLK      EYES..BRO      ODDITY..TAT LF ARM

ADDRESSES..1250    ADAMS        P102
           COSTA MESA       CA C000C00000

           2300    FAIRVIEW      C205
           COSTA MESA       CA C000000000

           720   W VICTORIA
           COSTA MESA       CA C000092626          MORE ADR..YES

           3001    YALE                     UNKNOWN
           SANTA ANA        CA C000C000000          MORE BUS..NO

VEHICLES..
           180W351    CA 76 TOYT     BRO
           219SBP     CA 74 CHEV 40 BLU
           95EMXG     CA 75 CHEV 20 ONG           MORE VEH..YES

CLN..C203902C   CA      SSN..          CII.. AC7322764
WPS..3736426C00167      OCN..956747    FBI..

CRT WRNT NO..C51741            OFFENSE DATE..C00000
CRT CASE NO..C51741            ISSUE DATE....082384
CITE NO......                  ASSIGN DATE...082384

COUNTY..ORAN      WRNT REASON..VIOL/PROB     NIGHT SERV....YES
COURT...SUP       WRNT TYPE....BW            RELEASE COND..BOOK
PSA.....OMO       DEGREE.......F             BAIL AMT......      0.00

CHARGES.. 1.   PC 459       BURGLARY
          2.   PC 261       RAPE
          3.   PC 220       ASSAULT-INTENT TO RAPE
          4.   PC 289(A)    PENETRATION BY ANY OBJECT
          5.
          6.
          7.
          8.                                   MORE CHGS..NO
OTHER WARRANTS..YES
WFN..0033589C/OMO    0C217966/CMP

                                               MORE WRNT..NO

MESSAGES..WFN 00286701 EXTRADITION APPROVED
          DEFENDANT FAILED TO REPORT TO JAIL FOR SENTENCE
          PROB OFFICER ROBERT C SYLVESTER PH# 616-3981


0500                                              MORE MSG..NO

FPD-AZ-03057-0336

EX 40 - 533

INSTRUCTIONS:
1. Original to Court Clerk.
2. Copy to District Attorney.
3. Copy to Probation file.
4. Copy to Probationer/Attorney.

**IN THE** SUPERIOR COURT

**COUNTY OF ORANGE, STATE OF CALIFORNIA**

JUN 1 3 1984

For Use of Clerk or Deputy Clerk

By _____ Deputy

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

vs.

HEMIL, Foster Lezmond ..........

D.O.B.: 7-2-58              Defendant.

DEPT. DIV. 47

C # 51741

A # 120730

**PETITION FOR ARRAIGNMENT
ON
PROBATION VIOLATION**

TO THE HONORABLE JUDGE OF THE SUPERIOR COURT OF THE
COUNTY OF ORANGE, STATE OF CALIFORNIA:

Your petitioner respectfully represents that on August 5, 1983 the above-named

Defendant ~~was found guilty of~~ pleaded guilty to the crime of 459 PC (Burglary); 220 PC (Assault with Intent to Rape)

in the Superior Court of Honorable James K. Turner, County of Orange, State of California.

That afterwards, to-wit, on 8-5-83 he was placed on probation by said Court for the term of three years for said crime.

That since being placed on probation, the Defendant has violated the terms of said probation by:

1. Specific condition: "Register pursuant to Section 290 PC."
The defendant changed residence on or about 5-1-84 and has not registered his residence address with the Costa Mesa Police Department pursuant to Section 290 PC as of 6-5-84 despite verbal directives on 5-8-84 and 5-15-84.
2. Specific condition: "Violate no laws" and "not operate a motor vehicle with a measurable amount of alcohol in his system."
The defendant was driving an automobile N/B on the 55 Freeway at the I-5 Freeway at 1:40 a.m. on 5-27-84 while under the influence of alcohol (breath alcohol .17), in violation of Section 23152b CVC. Central Orange County Municipal Court C-84CS03093 (Pled guilty 5-30-84).

WHEREFORE, your Petitioner prays that arraignment of the Probationer for probation violation occur and that he appear before this Court to be dealt with as provided by law.
I declare under penalty of perjury that the foregoing is true and correct.

Done this ____6th____ day of ___June___, 19_84_, in Orange, California.

On 6-4-84 , the Defendant was notified ~~by letter/telephone/or~~ in person to appear for arraignment
on 6-13-84 at 9 a.m. in Department 47, Superior Court.

MICHAEL A. SCHUMACHER, Ph.D.
Chief Probation Officer

By: _Robert C. Sylvester by (CR)_
Robert C. Sylvester:mv Deputy Probation Officer
Phone # 646-3981

Clerk of the above-entitled Court, County of Orange,
State of California

By _____
            Deputy Clerk

Dated: _____

F0502-2001.6 (R8/82)    **PETITION FOR ARRAIGNMENT ON PROBATION VIOLATION**

FPD-AZ-03057-0337

**PROBATION DEPARTMENT**

**ORANGE COUNTY**

TO ___ Honorable Judge of the Superior Court

FROM ___ MICHAEL SCHUMACHER Chief Probation Officer by Robert C. Sylvester

DATE ___ June 6, 1984

Reply Requested ☐ Yes ☐ No

| MOB (floor) | 520 W.Santa Ana Blvd. | Juvenile Hall |
|---|---|---|
| __2nd | __WCCSC | __YGC |
| __3rd | __NCCSC | __Joplin |
| __4th | __SACSC | __Los Pinos |
| __5th | __HACSC | |

SUBJECT:   HEMIL, Foster Lezmond; C-51741; A-128730

Mr. Hemil was given the benefit of probation after committing an extremely serious offense. On March 6, 1983, at 2:05 a.m., the victim awoke in a darkened apartment, with the defendant (unknown to her) kneeling beside her bed with his finger in her vagina.

Mr. Hemil has basically been performing satisfactorily on probation until now, with the exception that he has a lackadaisical attitude toward probation, and with no concept of the seriousness of the supervised probation.

Mr. Hemil told the arresting officer at the time of the arrest that he was drunk when he committed the offense. He also conveyed that to the deputy probation officer. Now he is charged with another offense involving alcohol abuse.

In reference to the 290 PC registration, Mr. Hemil adopted the attitude that he would update his registration only if and when he got around to it.

The deputy probation officer feels that a short jail sentence should be imposed to clarify the importance of the probation grant to the defendant. Also, it is felt that because of the ongoing alcohol-criminal offense syndrome, a condition of probation that he abstain from alcohol should be imposed.

RECOMMENDATION

It is respectfully recommended that the defendant be found in violation of probation; that he be continued on probation under the original terms and conditions; with an added condition that he serve 45 days in the Orange County Jail; and an added condition that he "not drink any alcoholic beverages, stay out of places where they are the chief items of sale."

As of arraignment, the defendant has served 231 days in custody on this matter, and three days in custody on the alleged probation violation.

RCS:mv

FPD-AZ-03057-0338

**EX 40 - 535**

Filed in open Superior Court of the State of California, in and for the County of Orange, on motion of the District Attorney of said Orange County, this 16th day of June, 1983

LEE A. BRANCH, COUNTY CLERK

BY:_____DEBRA A. WEHUNT_____Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ORANGE

THE PEOPLE OF THE STATE OF CALIFORNIA,)
                                      )
                         Plaintiff,  ) Case No.  C-51741
                                      )
              vs.                     )
                                      ) INFORMATION
                                      )
FOSTER LEZMOND HEMIL                  )
                         Defendant(s) )
_____)

COUNT I:  The District Attorney of the County of Orange, by this Information, hereby accuses FOSTER LEZMOND HEMIL of a Felony, to-wit:  Violation of Section 459 of the Penal Code of the State of California (BURGLARY), in that on or about March 6, 1983, in the County of Orange, State of California, the said defendant(s) did willfully, unlawfully and feloniously enter the residence occupied by L. C. Starikoff, located at 720 W. Victoria St., #F-3, Costa Mesa, with the intent to commit rape and penetration of the genital and anal opening of another by a foreign object, in violation of Penal Code Sections 261, 289(a) and 220.

COUNT II:  And the said FOSTER LEZMOND HEMIL is/are hereby accused by the District Attorney of the County of Orange, by this second count of this Information, of a Felony, to-wit:  Violation of Section 220 of the Penal Code of the State of California (ASSAULT WITH INTENT TO COMMIT A FELONY), in that on or about March 6, 1983, in the County of Orange, State of California, the said defendant(s) did willfully, unlawfully and feloniously assault L. C. Starikoff, with the intent to commit rape and penetration of the genital opening of another by a foreign obect in violation of Penal Code Sections 261, 289(a) and (b), and by means of force likely to produce great bodily injury.

///

///

FPD-AZ-03057-0339

Contrary to the form, force and effect of the Statute in such cases made and provided, and against the peace and dignity of the People of the State of California.

DATED: June 16, 1983

CECIL HICKS, DISTRICT ATTORNEY
COUNTY OF ORANGE, STATE OF CALIFORNIA


BY: _____
Deputy District Attorney


THIS INSTRUMENT IS A CORRECT COPY OF
THE ORIGINAL ON FILE IN THIS OFFICE

ATTEST: (DATE)    MAR 2 1 2002

ALAN SLATER, EXECUTIVE OFFICER AND CLERK
OF THE SUPERIOR COURT OF THE STATE
OF CALIFORNIA IN AND FOR THE COUNTY OF ORANGE

BY _____ DEPUTY
LUCY HERNANDEZ

FPD-AZ-03057-0340

EX 40 - 537

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF ORANGE

THE PEOPLE OF THE STATE OF )
CALIFORNIA, )
            PLAINTIFF, )
        v. )
Foster Lezmond Hemil )
        DEFENDANT. )
_____ )

**FILED**

JUN 17 1983

LEE A. BRANCH, County Clerk
By_____Deputy

CASE NO. C- 51741

PRELIMINARY DISCOVERY ORDER

IT IS HEREBY ORDERED that the People shall make available for inspection and copying the following:

1. All statements made by the defendant to or in the presence of the District Attorney of Orange County, his deputies, employees, and agents, or any peace officer (herein "the People") which:

    (a)  have been reduced to writing or otherwise recorded, or which

    (b)  the People intend to introduce in their case-in-chief at the trial.

2. All police, arrest, and crime reports prepared in connection with the investigation or prosecution of this case except those portions of any such reports which contain privileged information. If privileged information is withheld, the People shall forthwith inform the defendant or his counsel of that fact.

3. All physical evidence which is not reasonably accessible to the defense and which was obtained by the People for use in the prosecution of this case.

4. All photographs, transparencies, sketches, and diagrams which depict the crime scene, the accused, or the victim(s), or which are relevant to a material issue and are not reasonably accessible to the defense.

5. A list of witnesses the People intend to call in their case-in-chief.

6. All information or material known to the People which is substantial, material, and favorable to the defense in that it tends to exonerate the defendant, minimize his probable sentence or constitutes information that tends to impeach or contradict a prosecution witness.

This Order is a continuing Order.

Compliance with paragraph 2 of this Order shall be completed within two calendar days of this date. Compliance with paragraphs 1, 3, 4 and 6 of this Order, shall be completed within fifteen (15) days of this date. Compliance with paragraph 5 of this Order shall be completed not less than ten (10) days before the trial.

DATED:    6-16-83

_____
JUDGE OF THE SUPERIOR COURT

FPD-AZ-03057-0341

SUPERIOR COURT OF CALIFORNIA COUNTY OF ORANGE

JUDGE: DONALD A. McCARTIN    REPORTER: KATHY J. LANGHAUSER, CSR    DATE: _____

CLERK: _____    BAILIFF: _____    TIME: _____ DEPT. _____

C _____ PEOPLE VS _____

HEARING RE:    ARRAIGNMENT / ANS TO ARR (AMENDED) INF / ~~INDICT~~

( ) DFDT IN CT W/O CSL / WITH CSL _____ DEP P.D. _____

( ) DFDT NOT IN CT (NOT) REP BY CSL _____ DEP P.D. _____

( ) PEOPLE REP BY _____ DEP D.A. _____

( ) DFDT FOUND IN CONTEMPT FOR FAILURE TO APPEAR. BAIL ORD FORFEITED.

( ) B/W ORD ISSUED / HELD UNTIL _____. BAIL SET AT $ _____.

---

(X) (~~AMENDED~~) INFO / INDICT PRESENTED TO DFDT AND ORD FILED.

( ) DFDT ADVISED OF HIS / HER LEGAL AND CONSTITUTIONAL RIGHTS. DFDT ARRAIGNED.

( ) CT APPTD P. D. TO REP DFDT _____ DEP P. D. PRESENT.

( ) Mo by Dfdt / Peo _____ .

( ) Mo granted / denied.

( ) HEARING RE: ANS TO (AMENDED) ARR INFO / INDICT CONT TO _____ 19___ at _____ M    DEPT _____

---

(X) DFDT WAIVED READING OF (AMENDED) INFOR / INDICT

(X) TO (AMENDED) INFO / ~~INDICT~~ DFDT NOW PLEADS NOT GUILTY EACT CT / ~~GUILTY TO CT~~ _____ .

( ) AND NOT GUILTY BY REASON OF INSANITY

( ) Dfdt denied alleged prior convictions / use / armed allegations as set forth in the (amended) info / indict.

( ) Dfdt waived statutory time for trial / arraignment

( ) DFDT DEMANDS / WAIVES TRIAL BY JURY

(X) CASE SET FOR TRIAL ON _____ 19___ AT _____ M    IN DEPT. ___

(X) PRETRIAL SET FOR _____ 19___ AT _____ IN DEPT. ___

( ) MOT UNDER SEC 995 PC / 1538.5 PC _____ set for _____ 19___ AT ____ DEPT _____

(X) PRETRIAL MOTIONS RESERVED.

( ) Mo. _____

---

( ) Court ord _____ telephone calls for def _____ minutes during daytime / business hours / night

( ) Case remanded to Harbor / Central / West / South / North Muni Court and Dfdt ord to appear on _____

at _____ M in Div. _____ .

( ) Bail ord fixed at $ _____

( ) Contempt proceed ord set aside. B/W ord withdrawn. Bail reinstated. Bail exon / when def reports to jail.

(X) Dfdt remanded to custody of Sheriff.

( ) Dfdt ord released on own recognizance / Dfdt ord released from custody. O. R. Release signed.

(X) Dfdt ord to return.

(X) ADDITIONAL INFORMATION: _____

---

FPD-AZ-03057-0342

HARBOR JUDICIAL DISTRICT

COUNTY OF ORANGE, STATE OF CALIFORNIA

THE PEOPLE OF THE STATE OF CALIFORNIA, )
Plaintiff, )
)
)
)
FOSTER LEZMOND HEMIL )
DOB: 7-2-58 )
)
Defendant(s), )

Re-filing of EC10574
FELONY COMPLAINT - CRIMINAL

'83 MAY 17 A9:33 NO. CMH F10643

C51741

Personally appearing before me on _____ May 13, 1983 _____,
A. Polsky, D.D.A.    C.M.P.D. who, being first duly sworn, deposes and says:
That on or about _____ March 6, 1983 _____,
at and within Orange County, California, the crime of FELONY, to-wit: Violation of Section
459 of the Penal Code _____ was committed by
FOSTER LEZMOND HEMIL _____
_____ ,who at the time
and place last aforesaid, did then and there willfully, unlawfully and feloniously

enter a residence located at 720 W. Victoria Street, #F-3, Costa Mesa, occupied
by L.C. Starikoff, with intent to commit rape and penetration of the genital
and anal opening of another by a foreign object, in violation of Penal Code
Sections 261 and 289(a) and 220.

Count II: That on or about March 6, 1983, at and within Orange County, Calif-
ornia, the crime of FELONY, to-wit: Violation of Section 220 of the Penal Code
was committed by FOSTER LEZMOND HEMIL, who at the time and place last afore-
said, did then and there willfully, unlawfully and feloniously assault L.C.
Starikoff, with the intent to commit rape and the penetration of the genital
opening of another by a foreign object in violation of Penal Code Sections 261
and 289(a) and (b), and by means of force likely to produce great bodily injury.

ASP/vlb/CMPD    83F00506
Wherefore, and based upon the declaration attached, said complainant prays that a warrant
may be issued for the arrest of the defendant(s) herein named, and that said defendant(s)
be dealt with according to law.

Subscribed and sworn to before me,

On  May 13, 1983 _____

CECIL HICKS, DISTRICT ATTORNEY
OF ORANGE COUNTY, STATE OF CALIFORNIA

By _____ Deputy

Bail Recommendation - $ _____

_____ Complainant

_____ Judge

_____ Clerk

of the Municipal Court,
County of Orange, State of California.

_____ Deputy

F-0232-66.5
FPD-AZ-03057-0343

**EX 40 - 540**

# IN THE MUNICIPAL COURT
## OF ORANGE COUNTY HARBOR   JUDICIAL DISTRICT
### COUNTY OF ORANGE, STATE OF CALIFORNIA

F10643

| The People of the State of California | | VS | FOSTER LEZMOND HEMIL |
|---|---|---|---|
| Plaintiff, | | | Defendant(s) |

**CERTIFIED PLEA**

Defendant(s) .........
in the presence of his/their counsel .........
and with the consent of the magistrate and deputy district attorney .........
having entered a plea of guilty to the offense(s) in the within complaint mentioned FELONY, to wit: .........

I order that the defendant(s) and the proceedings in the case be certified to the Superior Court and further that the defendant(s) appear in Dept. #........ of the Superior Court at ...........M. on.................19 ......

**WAIVER OF PRELIMINARY HEARING**

Defendant(s) .........
in the presence of his/their counsel .........
and with the consent of the magistrate and deputy district attorney .........
having waived ..... right to preliminary hearing to the offense(s) in the within complaint mentioned FELONY, to wit: .........

the motion of the deputy district attorney, that the defendant(s) be held to answer to counts # .........
.........is hereby granted and the defendant(s) ................. ordered held to answer to the same, and further ordered to appear in Dept. #........of the Superior Court at .........M.on .........,19........

**XX PRELIMINARY HEARING HELD**

Defendant(s) FOSTER LEZMOND HEMIL
present and in court with counsel KATYA GIRITSKY D.P.D.
It appearing to me from the examination that the public offense(s) in the within complaint mentioned FELONY, to wit: CT.I-459 PC, CT.II-220 PC

has been committed, and that there is sufficient cause to believe the within named defendant(s) FOSTER LEZMOND HEMIL CRAIG MCKINNON guilty thereof, the motion of the deputy district attorney that the defendant(s) be held to answer to count(s) # CT.I-459 PC, CT.II-220PC is granted and the defendant(s) FOSTER LEZMOND HEMIL ordered held to answer to the same, and further ordered to appear in Dept. #...5.... of the Superior Court at .......9:00AM. on JUNE 16.....19 83.

## CONDITION OF RELEASE

**O.R.**

and that defendant(s) .........
he released on ..................own recognizance.

**BAIL TO REMAIN**

and that as to defendant(s) .........
the present bail of $ .............is sufficient and shall remain.
and that as to defendant(s) .........
the present bail of $ .............is sufficient and shall remain.

**XX BAIL FIXED**

and that defendant(s) FOSTER LEZMOND HEMIL
shall be admitted to bail in the sum of $25,000.00 and ......he.... be committed to the custody of the Sheriff of Orange County until ......he...... gives such bail.
and that defendant(s) .........
shall be admitted to bail in the sum of $ .............and ......he.... be committed to the custody of the Sheriff of Orange County until .......he...... gives such bail.

**HELD WITHOUT BAIL**

and that defendant(s) .........
shall be committed to the Sheriff of Orange County WITHOUT BAIL until ......he ......legally discharged.

Date 6-3-83 .........

CALVIN P. SCHMIDT ..........Judge
of the........ HARBOR .......... Judicial District,
County of Orange State of California

FPD-AZ-03057-0344

ORIGINAL

RONALD Y. BUTLER
Public Defender
Orange County
THOMAS HAVLENA
Deputy Public Defender
700 Civic Center Drive West
Santa Ana, California 92701

Telephone: (714) 834-2144

Attorneys for Defendant

Dept. 46
5/13/83
20 mins.
In Custody

**FILED**

MAY  2 1983

SUPERIOR COURT OF THE STATE OF CALIFORNIA
LEE A. BRANCH, County Clerk

FOR THE COUNTY OF ORANGE By _____/s/ ____ Deputy

PEOPLE OF THE STATE OF CALIFORNIA,        )
                                          )
                        Plaintiff,        )   Case No.C-51350
                                          )
            vs.                           )   MOTION TO SET ASIDE THE
                                          )   INFORMATION PURSUANT TO
FOSTER LEZMOND HEMIL,                     )   PENAL CODE §995; POINTS,
                                          )   AUTHORITIES AND ARGUMENT
                        Defendant.        )   IN SUPPORT THEREOF.
                                          )

Defendant above-named, by and through his attorney, hereby moves this court for an order setting aside the Information on the ground that defendant has not been legally committed. Said motion is based on all papers in the court's file, the transcript of the preliminary examination, these moving papers, Points and Authorities, and any argument of counsel at the hearing hereon.

                        STATEMENT OF FACTS

The preliminary examination in this matter was had in the Orange County Harbor Municipal Court, on March 25, 1983, before the Honorable Selim S. Franklin, Judge (RT:1).

In the felony Complaint filed in Municipal Court Mr. Hemil was charged in Count I with violating Penal Code §289(a), in Count II with violating Penal Code §289(b),in Count III with violating Penal Code §220 alleging assault with intent to violate

-1-

FPD-AZ-03057-0345

Penal Code sections 261, 289(a) and 289(b), and in Count IV with violating Penal Code §459, entry with intent to violate Penal Code sections 261, 289(a) and 289(b). (Fel. Complaint No. F10574; in Court File.)

After hearing testimony and argument Judge Franklin dismissed Counts I and II (PC§ 289(a),§ 289(b)), and held Mr. Hemil to answer as to Counts III and IV (PC§ 220,§ 459) (RT: 54:12-24).

The People filed the Information in this case April 7, 1983 and alleged in Count I a violation of Penal Code §459, entry with intent to violate Penal Code sections 261, 220 and 289(a), in Count II with a violation of Penal Code §289(a), and in Count III with a violation of Penal Code §220, assault with intent to violate Penal Code sections 261 and 289(a). Lorraine Starikoff testified that on March 6, 1983 she was staying as a guest in the 2 bedroom apartment where her daughter Alex had lived for about a year, and her daughter's roommate Calli had lived for about 10 months (RT: 6:2-17; 28:15-19). She was spending her second night there as a guest of her daughter and Calli (RT:22:13-17; 23:4-7). She had never been to the apartment before (RT:23:11-13). About midnight the witness went to bed in Calli's bedroom (RT:7:6-18). There was no one else in the apartment when she retired as Alex and Calli were not yet home (RT:7:19-21; 23:17-22). The bedroom lights were off when Ms. Starikoff retired to Calli's bed (RT:23:4-6). The witness went to bed wearing a long flannel nightgown and no underclothing (RT:7:22-8:2). She fell asleep very quickly (RT:8:3-4).

The witness came back to consciousness, opened her eyes,

1c

-2-

FPD-AZ-03057-0346

EX 40 - 543

and noticed no lights on in the room (RT:8:5-24). She was lying on her stomach (RT:24:26-25:1). Something strange was happening, something was moving in and out, up and down inside her vagina (RT:10:2-6; 10:21-11:4). A finger or fingers were inside her vagina (RT:15:22-16:3). The witness observed a man kneeling beside her bed with his knees on the floor (RT:12:1-4; 13:4-6), in the area by her lower body (RT:13:12-15). The witness was covered by the blanket, and couldn't remember if the condition of her nightgown was different (RT:14:4-9). The man's hands were under the covers (RT:14:20-22). Ms. Starikoff said that the man was not hurting her, and she didn't feel any pain (RT:30:24-31:4). The man did not try to turn her over, nor touch her in any other way (RT:25:15-20). Ms. Starikoff turned to look at him and said "who are you?" (RT:14:23-26). The man said "I'm your friend," and she said "You are not my friend, get out of here" (RT:15:1-5). The witness then hit the man across his face (RT:16:7-13). As she kept hitting him, he was saying "I'm your friend, don't worry, I'm your friend" (RT:17:9-12).

After she yelled, Alex and Calli came into the room, Alex turned on the lights, and the man said "I thought it was Calli. I'm sorry. I thought it was Calli." (RT:17:23-18:11; 20:18-22).

The man was wearing blue jeans, no shirt or shoes (RT:19:2-7). She did not see or feel an erection and no attempt was made to insert his penis into her vagina (RT: 26:1-13).

The defendant was identified as the man in her room (RT:20:23-21:11). There was no evidence that the door to the apartment was forced open, and no evidence that any window was

lc                                    -3-

FPD-AZ-03057-0347

EX 40 - 544

forced open (RT:28:22-29:1).

ISSUES

I

IS THE EVIDENCE SUFFICIENT TO SUPPORT EACH COUNT IN THE INFORMATION?

II

IS THE EVIDENCE SUFFICIENT FROM WHICH THE MAGISTRATE COULD REASONABLY HAVE INFERRED THE EXISTENCE OF EACH ELEMENT OF A VIOLATION OF PENAL CODE §459, AS ALLEGED IN COUNT I OF THE INFORMATION?

III

IS THE EVIDENCE SUFFICIENT FROM WHICH THE MAGISTRATE COULD REASONABLY HAVE INFERRED THE EXISTENCE OF EACH ELEMENT OF A VIOLATION OF PENAL CODE §289(a), AS ALLEGED IN COUNT II OF THE INFORMATION?

IV

IS THE EVIDENCE SUFFICIENT FROM WHICH THE MAGISTRATE COULD REASONABLY HAVE INFERRED THE EXISTENCE OF EACH ELEMENT OF A VIOLATION OF PENAL CODE §220, AS ALLEGED IN COUNT III OF THE INFORMATION?

POINTS, AUTHORITIES AND ARGUMENT

I

THE EVIDENCE IS INSUFFICIENT TO SUPPORT EACH COUNT IN THE INFORMATION.

In Williams v. Superior Court (1969) 71Cal.2d 1144 the California Supreme Court states:

"Sufficient cause and reasonable and probable cause means (sic) such a state of facts as would lead a man of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused (People v. Nagle 25 Cal.2d 216, 221)

-4-

FPD-AZ-03057-0348

EX 40 - 545

(People v. Superior Court (1955) 46 Cal.2d. When the evidence produced at the preliminary examination does not meet the test, the order holding a defendant to answer should be set aside on motion pursuant to §995 of the Penal Code." Williams v. Superior Court 71 Cal.2d 1144,1147.

This is the generally accepted test for the sufficiency of the evidence presented at a preliminary examination in support of an Information. (See Witkin, California Criminal Procedure, (1963) §144, p.137.) However, there is authority to aid this court in determining in more detail when evidence is or is not sufficient under Penal Code §995.

In Garabedian v. Superior Court (1963) 59 Cal.2d 124, the California Supreme Court explicated the standard as including a requirement that each element of the crime charged be evidenced. In that case, the Court held that the state failed to establish probable cause, because at the preliminary examination they had failed to present:

"...any evidence, direct or indirect, of an essential element or ingredient of the offense charged." Garabedian v. Superior Court (1963) 59 Cal.App.2d 124,125.

Again in Williams v. Superior Court, supra, the California Supreme Court makes it clear that an Information will be set aside unless:

"...the evidence presented at the preliminary examination discloses circumstances from which the magistrate might reasonably have inferred the existence of each element of the charged crime." (Emphasis added) Williams v.

-5-

FPD-AZ-03057-0349

EX 40 - 546

Superior Court, supra, at 1148-1149.

II

THERE IS INSUFFICIENT EVIDENCE FROM WHICH
THE MAGISTRATE COULD REASONABLY HAVE
INFERRED THE EXISTENCE OF EACH ELEMENT OF
A VIOLATION OF PENAL CODE §459, AS
ALLEGED IN COUNT I OF THE INFORMATION.

To support an allegation of violation of Penal Code §459 there must be evidence from which the magistrate might reasonably have inferred 1) entry, 2) into a structure as defined in the section, and 3) such entry with the intent to commit grand or petit larceny or any felony.

In the instant case the events leading to these charges occurred in a one-story 2 bedroom apartment, and the witness had not seen the defendant prior to the events in question, "some evidence" to support elements 1 and 2 above, "entry" into a "defined structure". There is little evidence of how entry was made. There is no forced entry (RT:28:22-29:1), and when the victim goes to bed she is alone in the apartment, and when awakened four people are present, but it is clear he did enter.

As to the third necessary element, however, entry with intent to commit a Felony, the evidence is insufficient to support this element (hence, insufficient to support Count I).

The People allege entry with intent to violate Penal Code §§220, 261 or 289(a).

There is evidence that defendant intended to "contact" Calli, but an inference that he intended to commit a felony (upon entry or otherwise) is simply not reasonable by the evidence.

There cannot be intent to commit a specific felony

lc

-6-

FPD-AZ-03057-0350

EX 40 - 547

unless there is intent to do an act which supplies <u>all</u> <u>of</u> <u>the</u> <u>necessary</u> <u>elements</u> of that felony.

a.  <u>Alleged entry with intent to violate PC§261:</u>

Judge Franklin made a factual finding that there was no assault with intent to commit rape (RT:53:24-54:3).  There is also no evidence of intent to commit rape, at time of entry <u>or</u> <u>any</u> <u>other</u> <u>time</u> (see issue IVa. below).

b.  <u>Alleged entry with intent to violate PC§220:</u>

(See issue IV below).  Evidence is insufficient to allege violation of PC §220, or to allege it was intended.

c.  <u>Alleged entry with intent to violate PC§289(a):</u>

(See issue III below).  Judge Franklin also dismissed the Count alleging violation of Penal Code §289(a) (RT:54:12-24), because the "necessary element" (cooperation induced by "force...fear") was totally absent.  The defendant <u>had</u> the opportunity to attempt to induce such cooperation once she awoke, <u>but</u> <u>he</u> <u>did</u> <u>not</u> <u>do</u> <u>so</u>.  He retreated, he apologized, he expressed surprise at finding she wasn't Calli, but he did <u>not</u> attempt to induce cooperation "against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury..." either <u>before</u> <u>or</u> <u>after</u> he learned of the mistaken identity.

Since the evidence is lacking to show a violation of PC §289(a), and he had the <u>opportunity</u> to commit the act, and there is no evidence of abandonment of intent when the opportunity arose, we are left with a state of evidence showing no such intent.

There is no intent to violate PC §289(a), because there

1c

-7-

FPD-AZ-03057-0351

is no intent to "induce cooperation" by the means necessary to come within the statute, and it is illogical and unsupported by the evidence to infer such intent in the broader context of PC §459 when it's not shown in the narrow context.  (This issue is discussed in issue III below.)

d.  Alleged violation of PC§459, intent to violate PC§§220, 261 or 289(a):  Since the evidence is insufficient to show a violation of PC §§220, 261 or 289(a), or an attempted violation, we cannot legally infer the broader concept, that _entry_ was made with such feloneous intent.

### III

THERE IS INSUFFICIENT EVIDENCE FROM WHICH THE MAGISTRATE COULD REASONABLE HAVE INFERRED THE EXISTENCE OF EACH ELEMENT OF A VIOLATION OF PENAL CODE §289(a), AS ALLEGED IN COUNT II OF THE INFORMATION.

Penal Code section 289(a):

"Every person who causes the penetration, however slight, of the genital or anal openings of another person, by any foreign object, substance, instrument, or device when the act is accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim or another person for the purpose of sexual arousal, gratification, or abuse, shall be punished by imprisonment in the state prison for three, six, or eight years." (Emphasis added)

To support this allegation of violation of Penal Code §289(a) there must be evidence from which the magistrate might resonably have inferred:  (1) Penetration of the genital opening by another with a foreign object, (2) Committed against the victim's will, (3) "by means of force, violence, duress, menace

-8-

FPD-AZ-03057-0352

EX 40 - 549

or fear of immediate and unlawful bodily injury on the victim or another..." (4) For the purpose of sexual arousal, gratification or abuse.

There is evidence of penetration by a finger or fingers, but it was neither <u>against</u> nor <u>according</u> to the will of the witness, as she was asleep when the penetration was initiated and for all but the last moments thereof. The evidence shows absence of consent, but falls short of being "against her will", because the sleep of the witness prevented her from having an opinion one way or the other. We can assume she wouldn't have consented, but in a legal sense it was neither in accordance with nor against her will. If she'd have had an opportunity to consent or not, defendant would have learned she was not Calli, and presumably none of this would have happened.

The third element is totally unsupported. Judge Franklin recognized this in his analysis:

> "Well, let's take the fact she's asleep, somebody comes in and sticks their finger or fingers in her vagina without her permission but without force, threat, fear, any of that sort of stuff. She's totally unconscious at the time." (RT:44:5-9)
> "He enters a darkened room, sees a body in the bed, kneels down by the bed, sticks his hand under the covers and proceeds to go about what he apparently is there to do. Okay?
> All this time, there's nothing to indicate that he even knows who the person is. He might assume who it is but he doesn't know. Up to this point in time there is no force, threats, fear, violence, duress, anything in terms of those words to take place. Right?
> Now, in the midst of this activity, the person wakes up, realizes what is happening and starts to react. There is a very quick colloquy between --

-9-

FPD-AZ-03057-0353

EX 40 - 550

> confrontation between the parties.  It
> happens bing, bing, bing, bing.  And in
> the process, he gets hit by her.
>      She gets up.  The activity ceases.
> She screams.  People rush in and the
> whole incident is through."  (RT:44:24-
> 45:13)
>      "The People are saying that very
> small bit of time that takes place, the
> end of the middle of the sequence, is
> sufficient to make a violation of Count
> One.  That's essentially what they're
> saying.
>      We know what they're saying.  The
> question is is that a correct argument.
> I don't know at this point in time.  My
> tendency is to feel it isn't."
> (RT:45:16-22).

In discussing whether or not there was assault with intent to rape, the Judge's analysis applies also to the issue of force or fear necessary to 289(a).

> "In fact, from what the testimony
> sounds like, as soon as he found out he
> made a mistake, he starts backing off and
> here he is a big man and here's three
> women and he's as meek as a lamb,
> apparently.
>      It would strike me he has realized
> he made a mistake and is horrified...His
> horror might be from the fact he made a
> mistake, not that he was committing an
> illegal act.  I don't think that's
> necessarily the horror."  (RT:54:4-9; 12-
> 15)

When this issue is discussed in rape cases, it is clear that this element (force, violence, duress, menace, fear) pertains to _how_ the defendant induces "cooperation" from the victim.

> "As regards the definition of
> 'threats' for purposes of Penal Code
> section 261, subdivision 3, it is of
> course well established that they need
> not be expressed by words, that they may
> be inferred from conduct as well.
> (citations)  In the typical case,
> however, the implication of threat is
> fairly clear, based upon normal response
> to overt conduct.  'If one were met in a

-10-

FPD-AZ-03057-0354

lonely place by four big men and told to hold up his hands or to do anything else, he would be doing the reasonable thing if he obeyed, even if they did not say what they would do to him if he refused.'" People v. St. Andrew (1980) 101 Cal.App.3d 450, 465.

It is clear that defendant is inducing cooperation in St. Andrew, an element not present in the case before us. There was no intent to induce cooperation. It wasn't necessary.

"It is well established, however, that the threats required by the statute need not be express. The mere fact that defendant here did not put into words that great and immediate bodily harm would befall the mother or child if the mother did not cooperate, does not mean that the crime of rape was not committed. 'We are unable to agree with the view that there can be no threat within the meaning of this statute unless it is expressed in words or through the exhibition of a gun, knife or other deadly weapon. A threat may be expressed by acts and conduct as well as by words.' (People v. Flores (1944) 62 Cal.App.2d 700, 703 [145 P.2d 318]; People v. Winters (1958) 163 Cal.App.2d 619, 623 [329 P.2d 743].)

The evidence in the case before us establishes that defendant put his hand on Christy's leg and tried to pull her over to his side of the car; that he told her that her child would "have to go"; that he grabbed hold of her wrists when he put her into the back seat of the car, and kept a tight grip on her wrists while demanding that she have sex with him. Christy indicated that she did not cry out or fight back, because she was afraid that if she did so, defendant would hurt her, and then she would be unable to get to her daughter. The instant case is not unlike that of People v. Cassandras (1948) 83 Cal.App.2d 272 [188 P.2d 546], in which the court found sufficient threats to justify the victim's lack of resistence, and upheld a rape conviction where defendant took the victim to a hotel on a pretext of obtaining

-11-

lc

FPD-AZ-03057-0355

EX 40 - 552

employment for her, and, when she was reluctant to enter the room, pushed her, telling her she was not going to get out until she undressed and went to bed with him. The victim in that case <u>testified</u> <u>that she was scared he would hurt her</u> and that she didn't care about being hurt, but wanted to get home with her kids. The court held that the evidence was reasonably susceptible of the interpretation that threats to do great bodily harm were made, and that the <u>consent of the victim was secured as a</u> <u>result of such threats.</u>" <u>People v.</u> <u>LaSalle</u> (1980) 103 Cal.App.3d 139,148.

Again, though a rape case, it is clear that this element focuses on <u>how</u> defendant coerced cooperation where the victim would otherwise not cooperate. In our case there was no need to induce cooperation, thus this element does not exist. When finally awake, the witness says that he did not hurt her, that she felt no pain (RT:30:24-31:4). The cited cases also indicate that what is important is how the victim interpreted defendant's actions.

In <u>La Salle</u> the victim was afraid defendant would hurt her, and afraid for the safety of her child.

In <u>St. Andrew</u> the victim, a mental patient, feared she would be harmed or that defendant would have her restrained and put in a locked room alone with him.

In the instant case Ms. Starikoff was asleep. No cooperation was sought or necessary. The act was accomplished by "stealth" or, more likely, in the mistaken belief that "victim" was Calli, whose name defendant knew, and in whose room and bed victim slept. There is no evidence that this (force...fear) element existed, and the evidence we have leads to the <u>opposite</u> inference. He retreated, he apologized, he expressed surprise at

-12-

1c

FPD-AZ-03057-0356

EX 40 - 553

finding she wasn't Calli, but he did not attempt to induce cooperation, against the victim's will by means of "force, violence, duress, menace, or fear of immediate and unlawful bodily injury..." either before or after he learned of the mistaken identity.

An Information will be set aside unless:

"...the evidence presented at the preliminary examination discloses circimstances from which the magistrate might reasonably have inferred the existence of each element of the charged crime." (emphasis added) Williams v. Superior Court, supra, at 1148-1149.

IV

THE MAGISTRATE COULD HAVE INFERRED THE EXISTENCE OF EACH ELEMENT OF A VIOLATION OF PENAL CODE §220, AS ALLEGED IN COUNT III OF THE INFORMATION.

To support an allegation of violation of Penal Code §220 there must be evidence from which the magistrate might reasonable have inferred (1) assault, (2) with intent to commit mayhem, rape, sodomy, oral copulation or violation of Penal Code §§264.1, 288 or 289. In the Information here the People only allege assault with intent to commit rape, or sexual battery a violation of Penal Code §§261 or 289(a).

There is insufficient evidence from which to reasonably infer the existence of the necessary element of intent to commit PC§261 or PC§289(a).

a. Alleged assault with intent to commit rape (PC§261):

Judge Franklin made a factual finding that there was no assault with intent to commit rape (RT:53:24-54:3). The state of the evidence confirms this. The defendant was on the floor, on

1c

FPD-AZ-03057-0357

-13-

EX 40 - 554

his knees, (victim covered), with his arm beneath the blanket, with pants on. There is no evidence of other touching, no evidence of an erection, he was not on the victim or on the bed, there was no attempt of intercourse, there were no actual or implied threats and no weapons. Indeed contrary evidence exists. Defendant was shocked, apologetic and retreated "meek as a lamb" (RT:54:4-7) when the lights came on and he learned that the person in Calli's bed, in Calli's room, in Calli's apartment was not Calli. This evidence shows that defendant knew Calli, and knew the location of her room. It is no more reasonable to infer that he intended to rape, (or commit battery upon Calli) than to infer that he intended to do what he did to a person he knew. Would Calli have objected? How well does he know Calli? Calli never testified, so we do not know, but we know her name and room were not unknown to the defendant.

b. <u>Alleged assault with intent to violate PC§289(a):</u>

There is no evidence of intent to commit a violation of Penal Code §289(a), and no evidence of assault with such intent.

Judge Franklin dismissed the PC§289(a) count at the preliminary examination (RT:54:12-24), and rightly so, as pointed out herein. (See issue III.)

Nevertheless, he inconsistently made the ruling that there was an assault with intent to commit that violation. We must reject this inference as unbelieveable, illogical, and unsupportable on the evidence.

If there is assault with <u>intent</u> to violate PC§289(a), then the violation of 289(a) <u>should have occurred</u>, because there was ample opportunity. The necessary element of PC§289(a)

1c

-14-

FPD-AZ-03057-0358

EX 40 - 555

(inducing cooperation by "force...fear") is totally lacking in Count II. When victim awakens, and the need to exert coercion (if intended) through "force..fear" arises, instead of doing so, defendant retreats, apologizes, and expresses shock at discovering his mistake-in identity.

If the evidence justifies any inference it is that such intent did _not_ exist, because when intent should have led to action, such action did not occur (defendant did _not_ attempt to coerce cooperation once victim awoke). There is not one iota of evidence of _abandonment_ of intent (the only logical way to explain no action where intent was suppose to have been present).

It defies logic to infer assault with intent to violate PC§289(a), when the defendant's own actions do _not_ violate that section and _only_ because he, himself, did not attempt to coerce cooperation as required to have such violation.

Defendant did not attempt to obtain cooperation by the means specified in the statute, even though the opportunity to do so arose, and there is no evidence of abandonment of intent. There is no evidence that he intended to coerce cooperation by "force...fear" and no evidence of assault with that intent.

//

//

//

//

lc

-15-

FPD-AZ-03057-0359

EX 40 - 556

//

## CONCLUSION

For reasons stated above this honorable court is urged to set aside the Information in this case.

DATED:  May 2, 1983

Respectfully submitted,

Receipt of the above Motion is hereby acknowledged:
CECIL HICKS, DISTRICT ATTORNEY

By ~~Pat Ray~~

Date  5/2/83

RONALD Y. BUTLER
Public Defender
FRANK SCANLON
Assistant Public Defender
JOHN DEAN ALLEN
Deputy Public Defender
Head of Court
Writs & Appeals

THOMAS HAVLENA
Deputy Public Defender

THIS INSTRUMENT IS A CORRECT COPY OF
THE ORIGINAL ON FILE IN THIS OFFICE

**MAR 2 1 2002**

ATTEST: (DATE)

ALAN SLATER, EXECUTIVE OFFICER AND CLERK
OF THE SUPERIOR COURT OF THE STATE
OF CALIFORNIA IN AND FOR THE COUNTY OF ORANGE

BY_____ DEPUTY

LUCY HERNANDEZ

-16-

FPD-AZ-03057-0360

EX 40 - 557

ORIGINAL

CECIL HICKS, DISTRICT ATTORNEY
COUNTY OF ORANGE, STATE OF CALIFORNIA
MICHAEL R. CAPIZZI, ASSISTANT DISTRICT ATTORNEY
WILLIAM W. BEDSWORTH, DEPUTY DISTRICT ATTORNEY
HEAD OF COURT, WRITS AND APPEALS SECTION
BY:   ROBERT E. THOMAS, III, DEPUTY DISTRICT ATTORNEY
POST OFFICE BOX 808
SANTA ANA, CALIFORNIA   92702
TELEPHONE:   (714) 834-3600

Attorneys for Plaintiff

Dept.: 46
Date: 5/13/83
Time Est.: 10 mins.

**FILED**

MAY 1 0 1983

LEE A. BRANCH, County Clerk

By _____ Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ORANGE

THE PEOPLE OF THE STATE OF CALIFORNIA,)
                                      )
                          Plaintiff,  )  Case No. C-51350
                                      )
              vs.                     )  PEOPLE'S OPPOSITION TO
                                      )  DEFENDANT'S MOTION TO SET
FOSTER LEZMOND HEMIL,                 )  ASIDE THE INFORMATION
                                      )  PURSUANT TO P.C. §995
                          Defendant.  )
_____

STATEMENT OF FACTS

The People adopt the defendant's Statement of Facts with the following additional facts:  When the lights in the bedroom came on, the victim, Mrs. Starikoff, saw that the defendant's shoes and socks were at the foot of the bed and his shirt was lying on the floor (19:8-14).

ISSUES

I.   WHETHER THERE IS SUFFICIENT EVIDENCE TO SUPPORT
     THE COUNT OF ASSAULT WITH INTENT TO COMMIT A
     FELONY AS CHARGED.

II.  WHETHER THERE IS SUFFICIENT EVIDENCE TO SUPPORT
     THE COUNT OF BURGLARY AS CHARGED.

///
///
///
///

FPD-AZ-03057-0361

ARGUMENT

I

<u>THERE IS SUFFICIENT EVIDENCE TO SUPPORT THE
COUNT OF ASSAULT WITH INTENT TO COMMIT A
FELONY, AS CHARGED.</u>

<u>A</u>

<u>There is Sufficient Evidence to Support the
Penal Code §§220/261 Allegation.</u>

The defendant makes a two-pronged attack on Count III, alleging a violation of Penal Code section 220.  The first is that there was no assault with intent to commit rape (P.C. §261) because the magistrate below made a "factual finding" that none existed.  The magistrate is wrong as a matter of law.

In <u>People v. Bard</u> (1968) 70 Cal.2d 3, the defendant was con-victed of first degree burglary (P.C. §459) on the following facts:

> At approximately 2:55 a.m. on May 16,
> 1967, Miss E.M. awoke to find a man in bed
> with her.  The man, whom she later identi-
> fied as defendant, was fondling her private
> parts with his hands underneath the pajamas
> and underclothes she was wearing.  She did
> not believe that she had ever seen the man
> before.  She got out of bed and told the
> defendant he would have to leave.  He did
> so.  She later determined that a screen on
> a bathroom window had been removed.  She
> had shut all her doors before retiring.
> (<u>People v. Bard</u>, <u>supra</u>, p. 4.)

In that case, the defendant argued (<u>id.</u>, pp. 5-6):

> It is just as consistent to speculate
> that the defendant felt, albeit erroneously,
> that he could arouse sexual desires of the
> complaining witness by fondling her private
> parts and thereby place her in a cooperative
> mood to gratify his own sexual desire, as

///

-2-

FPD-AZ-03057-0362

it is to speculate that he intended to use force to accomplish his purpose.

The California Supreme Court found at 70 Cal.2d 6:

. . . the fact that the victim was a complete stranger to defendant makes it more reasonable to conclude from his actions that he intended to rape her than that he intended only to seduce her.

The Bard case cited People v. Kittrelle (1951) 102 Cal.App.2d 149, with approval. Kittrelle was charged with the burglary of two different premises. As it related to victim Moye, the Court said, at 102 Cal.App.2d 156:

The defendant was identified as the person who uninvited, before 5 o'clock in the morning, made his entry into the Moyes' house and into their bedroom. Obviously, he was not there for any legitimate purpose. He awakened Mrs. Moye by pulling at the bed-clothes and she opened her eyes when "finally it felt like a lifting of the bed covers at the foot of my bed." When his presence was discovered he fled. The evidence and the reasonable inferences therefrom justify the conclusion that defendant entered the house with the intent to commit larceny and rape. (Emphasis added.)

In People v. Padilla (1962) 210 Cal.App.2d 541, the defendant had entered the bedroom of Mrs. Bonilla about 5:30 a.m. Mrs. Bonilla awoke, and asked, "Who is it?" The defendant replied, "It's me."

Mrs. Bonilla tried to get up. The defendant pushed a hand-kerchief over her face. Mrs. Bonilla struggled to get up and screamed. Padilla fled. Mrs. Bonilla later found another woman's undergarments and handkerchief in her room which had not been there when she retired for the night.

At 210 Cal.App.2d 544, the Court said:

///

-3-

FPD-AZ-03057-0363

The evidence is <u>clearly sufficient</u> to warrant the conclusion that appellant entered the house for the purpose of <u>raping</u> Mrs. Bonilla.  [Emphasis added.]

Were the state of the law such as the defendant argues, the only "clear" inference which can be drawn is that the defendant in Padilla placed the handkerchief over Mrs. Bonilla's face to prevent her from recognizing him.  However, as quoted above, greater minds than this writer's said that the intent to rape was there and the conclusion that Padilla's purpose was to rape Mrs. Bonilla was proper and supported by the evidence.

In <u>People v. Johnson</u> (1901) 131 Cal. 511, the defendant enticed two young girls (one was 12 years, the age of the other unknown) into his room, unbuttoned the clothes of the 12 year old, put her on the bed, unbuttoned his clothes, exposed his private parts, and "touched and fondled the private parts of the little girl in a manner too shocking and disgusting to be repeated in an opinion of this court." (131 Cal. at 513.)  The defendant did not enter nor touch the victims' persons with his private parts, but "could have done so." (<u>Ibid.</u>)  The defendant was convicted of assault to commit rape, and the conviction was affirmed.

At 131 Cal. 514, the California Supreme Court said:

We must suppose that his acts were done with the purpose and desire that would ordinarily characterize the acts of an individual of the male sex when such acts were done with one of the female sex . . . .
If the defendant made an assault as charged in the information with the intent to commit rape, the offense was complete. He could <u>not</u> afterward purge himself of the crime he had committed <u>by ceasing to continue the attempt.</u>  (Emphasis added.)

The error that both the defendant and magistrate make below and which defendant makes herein is that the fact that the defendant abandoned his attempt does not change the fact of the

-4-

FPD-AZ-03057-0364

EX 40 - 561

assault. That truth has been around for a long time (As noted in Bard, Johnson, and Padilla). The Court's attention is invited to People v. Moore (1909) 155 Cal. 237, where the defendant, on a public street, at night, grabbed his 16 year old victim, they fell to the ground, and, in the brief scuffle tore some of her under-clothing (no pun intended). The California Supreme Court affirmed Moore's conviction for assault to commit rape, even though the scuffle was apparently far more brief in time than the fondling of the victim in this case.

What the defendant artfully ignores is the testimony that his shoes and socks were at the foot of the bed and his shirt was on the floor. The only reasonable inference these facts raise is the defendant's purpose in being where he was was sexual.

In summary, there is more than sufficient evidence to hold the defendant to answer to assault with intent to commit rape.

True, the defendant herein "turned meek as a lamb," but that was after he was confronted by Alex and Calli, and after the lights were on, and after he saw his 'mistake.' The "I'm sorry, I thought it was Calli," does not negate the fact of the assault with intent to commit rape, only that he intended his victim to be a younger girl, not a much older lady (the magistrate could see that Mrs. Starikoff was in her forties). That did not relieve his liability (People v. Johnson, supra). Thus, looking at the facts and the reasonable inferences which can be drawn therefrom, the only reasonable conclusion is that the battery the defendant committed upon Mrs. Starikoff was part of his plan to have forcible sex with the occupant of that bed, whom said defendant presumed to be "Calli."

The People's realleging the P.C. §261 portion of Count III was therefore proper under Penal Code section 739.

B

There is Sufficient Evidence to Support the

280/289 P.C. Allegation.

In like manner, the defendant's attack on the P.C. §289(a) portion of Count III should be denied. The defendant advances two erroneous theories to bolster his contention that this Honorable

-5-

FPD-AZ-03057-0365

EX 40 - 562

Court should dismiss the count. The first is that because the magistrate did not hold the defendant to answer on the substantive charges of 289(a) and (b), the portion of the P.C. §220 charge which refers to the P.C. §289(a) should be dismissed. That argument fails to distinguish between the substantive offense of sexual battery and the assault which is supposed to increase the chances of success in committing a sexual battery.

The second erroneous contention is that, "(w)hen victim awakens . . . . defendant retreats, apologizes, and expresses shock at discovering his mistake in identity." That warps the facts substantially.

The defendant only retreated and apologized <u>after</u> he was confronted by Alex and Calli, <u>after</u> the lights were turned on, and <u>after</u> the victim told one of the girls to call the police (20:11-22). At that point, who would raise a ruckus? If the defendant had sufficient familiarity with Calli to know who she was, then she could probably identify him. He is cornered by two to three women, and the police are on their way. In that situation, all anyone would say would be the most exculpatory things he (or she) could think of.

Turning to the facts presented herein, it is clear that the defendant did penetrate the victim's genital opening with a foreign object, his finger. The only element missing by testimony is that the defendant did not use "force, violence, duress, menace, or fear of immediate unlawful bodily injury on the victim." However, what is charged here is an assault with <u>intent</u> to use "force . . . fear" (as the defendant's papers put it). There is nothing in the statute which requires that the intent be carried out, only that, at the time of the assault, there is the intent to use "force . . . fear" if necessary. The facts here are similar to those of <u>People v. Woods</u> (1946) 75 Cal.App.2d 246, where the intended crime (rape) was not completed because the victim was rescued (vice successfully defending herself). Here, Mrs. Starikoff was rescued by Alex and Calli. It would be really a travesty of justice to say that there was "no crime" because the victim was rescued.

///

-6-

FPD-AZ-03057-0366

For the reasons cited in the previous part, the use of force can be presumed, and the defendant's motion as to Count III should be denied.

II

THERE IS SUFFICIENT EVIDENCE TO SUPPORT
COUNT I, ALLEGING A VIOLATION OF PENAL CODE
SECTION 459.

The defendant takes a passing swipe at the lack of testimony concerning the unlawfulness of the entry. It is obvious that Mrs. Starikoff did not give the defendant permission to enter. That would leave either her daughter, Alex, as the one who granted the permission, or the roommate, Calli. As the defendant "thought" his victim was Calli, that means that he was not with her, so she could not have given permission.

The remaining person who could have given permission to enter was Alex. She did not because she was with Calli. Had the defendant been with her and obtained permission to enter from Alex, then he would have known Calli was with Alex and not in bed. Thus, there is no one left to give permission. The entry was without the occupants' permission.

The defendant has made a big deal stating, "There is also no evidence of intent to commit rape . . ." In light of the fact that the defendant's shirt was off, his shoes and socks were off, and it was about 2:30 a.m., in light of the cases cited above, what other intent could there be? That he had not removed his trousers only shows that he followed the old adage, "Don't get caught with your pants down."

Thus, even if this Honorable Court should disagree with the People's Argument I, supra, the cases cited therein (and incorporated herein by reference), are sufficient to withstand the defendant's motion to set aside the information.

///
///
///
///
///

-7-

FPD-AZ-03057-0367

For these and all the foregoing reasons, the defendant's motion should be denied.1/

DATED this 9th day of May, 1983.

Respectfully submitted,

CECIL HICKS, DISTRICT ATTORNEY
COUNTY OF ORANGE, STATE OF CALIFORNIA
MICHAEL R. CAPIZZI
ASSISTANT DISTRICT ATTORNEY
WILLIAM W. BEDSWORTH
DEPUTY DISTRICT ATTORNEY
HEAD OF COURT, WRITS AND APPEALS SECTION

BY: _____
ROBERT E. THOMAS, III
DEPUTY DISTRICT ATTORNEY

RECEIPT OF THE ABOVE IS
HEREBY ACKNOWLEDGED BY:

_____
PUBLIC DEFENDER'S OFFICE
DATE: 5/10/83

1/   Conspicuous by its absence is any argument against setting aside Count II, the sexual battery.  The People concede that no sexual battery, as defined in Penal Code §289(a), was shown at the Preliminary Hearing.  Count II should be set aside and Count III renumbered "Count II."

-8-

FPD-AZ-03057-0368

EX 40 - 565

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA )
                    ) ss
COUNTY OF ORANGE    )

I am a citizen of the United States and a resident of the County aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is: Post Office Box 808, Santa Ana, California  92702.

On ___ MAY 9, 1983 _____, I served the within ___ PEOPLE'S OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE THE INFORMATION PURSUANT TO PENAL CODE §995 _____ on ___ the following ___ in said action by placing a true copy thereof enclosed in a sealed envelope, postage thereon fully prepaid, in the United States mail at Santa Ana, California, addressed as follows:

HONORABLE SELIM S. FRANKLIN   (Case No. F10574)
Orange County Harbor Judicial Dist.
4601 Jamboree Boulevard
Newport Beach, CA  92663

I certify (or declare) under penalty of perjury that the foregoing is true and correct.

Executed on ___ MAY 9, 1983 _____, at Santa Ana, California.

A. A. Sifuentes

FPD-AZ-03057-0369

**EX 40 - 566**

Filed in open Superior Court of the State of California, in and for the County of Orange, on motion of the District Attorney of said Orange County, this 7th day of April, 1983

LEE A. BRANCH, COUNTY CLERK

BY: _Vstelle M. Turner_ Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ORANGE

THE PEOPLE OF THE STATE OF CALIFORNIA, )
                                       )
                          Plaintiff, ) Case No.  C-51350
                                       )
            vs.                        )
                                       ) INFORMATION
                                       )
FOSTER LEZMOND HEMIL                    )
                          Defendant(s) )
_____)

COUNT I:   The District Attorney of the County of Orange, by this Information, hereby accuses FOSTER LEZMOND HEMIL of a Felony, to-wit:  Violation of Section 459 of the Penal Code of the State of California (BURGLARY), in that on or about March 6, 1983, in the County of Orange, State of California, the said defendant(s) did willfully, unlawfully and feloniously enter the residence occupied by L. C. Starikoff, located at 720 W. Victoria Street, #F-3, Costa Mesa, with the intent to commit rape and penetration of the genital and anal opening of another by a foreign object, in violation of Penal Code Sections 261, 220 and 289(a).

COUNT II:  And the said FOSTER LEZMOND HEMIL is/are hereby accused by the District Attorney of the County of Orange, by this second count of this Information, of a Felony, to-wit:  Violation of Section 289(a) of the Penal Code of the State of California (SEXUAL BATTERY), in that on or about March 6, 1983, in the County of Orange, State of California, the said defendant(s) did willfully, unlawfully and feloniously cause the penetration of the genital and anal openings of L. C. Starikoff by a foreign object, substance, instrument, and device, to-wit:  finger, against the will of said victim and by force, violence, duress, menace, and fear of immediate and unlawful bodily injury to said victim and to another.

///

COUNT III:  And the said FOSTER LEZMOND PEMIL is/are hereby accused by the District Attorney of the County of Orange, by this third count of this Information, of a Felony, to-wit:  Violation of Section 220 of the Penal Code of the State of California (ASSAULT WITH INTENT TO COMMIT FELONY), in that on or about March 6, 1983, in the County of Orange, State of California, the said defendant(s) did willfully, unlawfully and feloniously assault L. C. Starikoff, with the intent to commit rape and sexual battery in violation of Penal Code Sections 261 and 289(a).

Contrary to the form, force and effect of the Statute in such cases made and provided, and against the peace and dignity of the People of the State of California.

DATED: April 7, 1983

CECIL HICKS, DISTRICT ATTORNEY
COUNTY OF ORANGE, STATE OF CALIFORNIA

BY: _A. C. N____
Deputy District Attorney

THIS INSTRUMENT IS A CORRECT COPY OF
THE ORIGINAL ON FILE IN THIS OFFICE
ATTEST: (DATE) MAR 2 1 2002
ALAN SLATER, EXECUTIVE OFFICER AND CLERK
OF THE SUPERIOR COURT OF THE STATE
OF CALIFORNIA IN AND FOR THE COUNTY OF ORANGE
BY LUCY HERNANDEZ DEPUTY

FPD-AZ-03057-0371

EX 40 - 568

Filed in open Superior Court of the State of California, in and for the County of Orange, on motion of the District Attorney of said Orange County, this 7th day of April, 1983

LEE A. BRANCH, COUNTY CLERK

BY: ___ESTELLE M. TURNER_____Deputy


                IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

                   IN AND FOR THE COUNTY OF ORANGE


THE PEOPLE OF THE STATE OF CALIFORNIA,)
                                      )
                          Plaintiff, )   Case No.  C-51350
                                      )
               vs.                    )
                                      )   INFORMATION
                                      )
FOSTER LEZMOND HEMIL                  )
                          Defendant(s) )
_____)

    COUNT I:  The District Attorney of the County of Orange, by this Information, hereby accuses FOSTER LEZMOND HEMIL of a Felony, to-wit:  Violation of Section 459 of the Penal Code of the State of California (BURGLARY), in that on or about March 6, 1983, in the County of Orange, State of California, the said defendant(s) did willfully, unlawfully and feloniously enter the residence occupied by L. C. Starikoff, located at 720 W. Victoria Street, #F-3, Costa Mesa, with the intent to commit rape and penetration of the genital and anal opening of another by a foreign object, in violation of Penal Code Sections 261, 220 and 289(a).

    COUNT II:  And the said FOSTER LEZMOND HEMIL is/are hereby accused by the District Attorney of the County of Orange, by this second count of this Information, of a Felony, to-wit:  Violation of Section 289(a) of the Penal Code of the State of California (SEXUAL BATTERY), in that on or about March 6, 1983, in the County of Orange, State of California, the said defendant(s) did willfully, unlawfully and feloniously cause the penetration of the genital and anal openings of L. C. Starikoff by a foreign object, substance, instrument, and device, to-wit:  finger, against the will of said victim and by force, violence, duress, menace, and fear of immediate and unlawful bodily injury to said victim and to another.

///

FPD-AZ-03057-0372

COUNT III:   And the said FOSTER LEZMOND HEMIL is/are hereby accused by the District Attorney of the County of Orange, by this third count of this Information, of a Felony, to-wit:  Violation of Section 220 of the Penal Code of the State of California (ASSAULT WITH INTENT TO COMMIT FELONY), in that on or about March 6, 1983, in the County of Orange, State of California, the said defendant(s) did willfully, unlawfully and feloniously assault L. C. Starikoff, with the intent to commit rape and sexual battery in violation of Penal Code Sections 261 and 289(a).

Contrary to the form, force and effect of the Statute in such cases made and provided, and against the peace and dignity of the People of the State of California.

DATED: April 7, 1983

CECIL HICKS, DISTRICT ATTORNEY
COUNTY OF ORANGE, STATE OF CALIFORNIA

BY: _____
Deputy District Attorney

THIS INSTRUMENT IS A CORRECT COPY OF
THE ORIGINAL ON FILE IN THIS OFFICE
MAR 2 1 2002
ATTEST: (DATE) _____
ALAN SLATER, EXECUTIVE OFFICER AND CLERK
OF THE SUPERIOR COURT OF THE STATE
OF CALIFORNIA IN AND FOR THE COUNTY OF ORANGE
BY _____ DEPUTY
LUCY HERNANDEZ

FPD-AZ-03057-0373



FILED

APR 08 1983

LEE A. BR...

By _____ Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF ORANGE

THE PEOPLE OF THE STATE OF
CALIFORNIA,

         PLAINTIFF,

         v.

Foster Henri DEFENDANT.

CASE NO. **C 51350**

PRELIMINARY DISCOVERY ORDER

IT IS HEREBY ORDERED that the People shall make available for inspection and copying the following:

1. All statements made by the defendant to or in the presence of the District Attorney of Orange County, his deputies, employees, and agents, or any peace officer (herein "the People") which:

    (a) have been reduced to writing or otherwise recorded, or which

    (b) the People intend to introduce in their case-in-chief at the trial.

2. All police, arrest, and crime reports prepared in connection with the investigation or prosecution of this case except those portions of any such reports which contain privileged information. If privileged information is withheld, the People shall forthwith inform the defendant or his counsel of that fact.

3. All physical evidence which is not reasonably accessible to the defense and which was obtained by the People for use in the prosecution of this case.

4. All photographs, transparencies, sketches, and diagrams which depict the crime scene, the accused, or the victim(s), or which are relevant to a material issue and are not reasonably accessible to the defense.

5. A list of witnesses the People intend to call in their case-in-chief.

6. All information or material known to the People which is substantial, material, and favorable to the defense in that it tends to exonerate the defendant, minimize his probable sentence or constitutes information that tends to impeach or contradict a prosecution witness.

This Order is a continuing Order.

Compliance with paragraph 2 of this Order shall be completed within two calendar days of this date. Compliance with paragraphs 1, 3, 4 and 6 of this Order, shall be completed within fifteen (15) days of this date. Compliance with paragraph 5 of this Order shall be completed not less than ten (10) days before the trial.

DATED: **4/7/83**

_____
JUDGE OF THE SUPERIOR COURT

FPD-AZ-03057-0374

**EX 40 - 571**

RONALD Y. BUTLER,
Public Defender
Orange County
THOMAS HAVLENA
Deputy Public Defender
700 Civic Center Drive West
Santa Ana, California

Telephone:  834-2144

Attorneys for Defendant

Dept. 46
20 mins.
5/13/83
In Custody

ORIGINAL

FILED

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

APR 2 8 1983

LEE A. BRANCH, County Clerk

By _____ Deputy

PEOPLE OF THE STATE OF CALIFORNIA, )
                                    )
                        Plaintiff,  )
                                    )
        v.                          )
                                    )
    FOSTER HEMIL                     )
                                    )
                                    )
                                    )
                        Defendant . )

Case No.  C-51350

NOTICE OF MOTION TO SET
ASIDE PURSUANT TO PENAL
CODE § 995.

TO THE DISTRICT ATTORNEY, COUNTY OF ORANGE:

        You will please take notice that on  Friday, the 13th day of    May    , 1983 , at 9:00 a.m. of said day or as soon thereafter as counsel can be heard in Department 46  of the above-entitled court, in the City of Santa Ana, County of Orange, State of California, the above-named defendant will move the Court for an order setting aside

of the accusatory pleading.

        This motion will be made pursuant to Penal. Code, § 995 upon the ground:

        ( X )   that there is no reasonable or probable cause;

        (   )   that the indictment was not found endorsed and

-1-

Time req: 20 mins

F 0622-76.1 (1/2)

FPD-AZ-03057-0375

EX 40 - 572

presented as prescribed by the Penal Code;

( x ) that the defendant was not legally committed by a magistrate.

This motion will be based upon the transcript of proceedings leading to the accusatory pleading in this case and on the accusatory pleading itself.

DATED:  4/28/83

Respectfully submitted,

RONALD Y. BUTLER
Public Defender


*Thomas Havlena /lc*

Deputy Public Defender

Receipt of the above Notice
is hereby acknowledged.

CECIL HICKS, DISTRICT ATTORNEY

By *Pat Ray*

Date 4/28/83

THIS INSTRUMENT IS A CORRECT COPY OF
THE ORIGINAL ON FILE IN THIS OFFICE

**MAR 2 1 2002**

ATTEST: (DATE)
ALAN SLATER, EXECUTIVE OFFICER AND CLERK
OF THE SUPERIOR COURT OF THE STATE
OF CALIFORNIA IN AND FOR THE COUNTY OF ORANGE

BY_____ DEPUTY

LUCY HERNANDEZ

F 0622-76.1 (2/2)
FPD-AZ-03057-0376

EX 40 - 573

HARBOR
MUNICIPAL COURT OF THE
COUNTY OF ORANGE
ORANGE COUNTY HARBOR  of M 120482 LEO A. GINTY, County Clerk

Filing off

By

Deputy

THE PEOPLE OF THE STATE OF CALIFORNIA,
Plaintiff,

FELONY COMPLAINT – CRIMINAL

FOSTER LEZMOND HEMIL    07-02-58

'83 MAR 11 AM 10:32

J. PETERSON, CLERK

NO. MHF10574
C 51350

Defendant(s).    BY_____DEPUTY

Personally appearing before me on March 11, 1983,

A. Polsky, DDA    CMPD

who, being first duly sworn, deposes and says:

Ct I: That on or about March 6, 1983, the crime of FELONY, to-wit: Violation of Section 289(a) of the Penal Code was committed by FOSTER LEZMOND HEMIL at and within Orange County, California,

,who at the time and place last aforesaid, did then and there willfully, unlawfully and feloniously cause the penetration of the genital and anal openings of L.C. Starikoff by a foreign object, substance, instrument, and device, to-wit: finger, against the will of said victim and by force, violence, duress, menace, and fear of immediate and unlawful bodily injury to said victim and to another.

Ct II: That on or about March 6, 1983, at and within Orange County, California, the crime of FELONY, to-wit: Violation of Section 289(b) of the Penal Code was committed by FOSTER, LEZMOND HEMIL, who at the time and place last aforesaid, did then and there willfully, unlawfully and feloniously cause the penetration of the genital and anal openings of L.C. Starikoff, by a foreign object, substance, instrument, and device, to-wit: finger when the victim is at the time incapable, through unsoundness of mind, to-wit: asleep, of giving legal consent, and this is known or reasonably should have been known to the defendant, FOSTER LEZMOND HEMIL, committing the act for the purpose of sexual arousal, gratification, or abuse.

Ct III: That on or about March 6, 1983, at and within Orange County, California, the crime of FELONY, to-wit: Violation of Section 220 of the Penal Code was committed by FOSTER LEZMOND HEMIL, who at the time and place last aforesaid, did then and there willfully, unlawfully and feloniously assault L.C. Starikoff, with the intent to commit rape and the penetration of the genital and anal openings of another by a foreign object in violation of Penal Code Sections 261 and 289(a) (b) and by means of force likely to produce great bodily injury.

FPD-AZ-03057-0377

FOSTER LEZMOND HEMIL     SECOND PAGE

Ct IV:  That on or about March 6, 1983, at and within Orange County, California
the crime of FELONY, to-wit:  Violation of Section 459 of the Penal Code
was committed by FOSTER LEZMOND HEMIL, who at the time and place last afore-
said, did then and there willfully, unlawfully and feloniously enter a
residence located at 720 W. Victoria Street, #F-3, Costa Mesa, occupied
by L.C. Starikoff, with intent to commit rape and penetration of the genital
and anal openingof another by a foreign object, in violation of Penal Code
Sections 261 and 289(a) and 289(b).

Wherefore, and based upon the declaration attached, said complainant prays that a warrant
may be issued for the arrest of the defendant(s) herein named, and that said defendant(s)
be dealt with according to law.
ASP:sk   83F 00506
Subscribed and sworn to before me,

On March 11, 1983

    CECIL HICKS, DISTRICT ATTORNEY
OF ORANGE COUNTY, STATE OF CALIFORNIA

By _____ Deputy

Bail Recommendation - $_____

F-0232-81.3 (Last) ⊛

FPD-AZ-03057-0378

_____ Complainant
DDA    CMPD
_____ Judge

_____ Clerk
of the Municipal Court,
County of Orange, State of California.

_____ Deputy

EX 40 - 575

IN THE MUNICIPAL COURT
OF ORANGE COUNTY HARBOR JUDICIAL DISTRICT
COUNTY OF ORANGE, STATE OF CALIFORNIA

F10574

The People of the State of California

VS

Plaintiff,

FOSTER, LEXMOND, HEMIL

Defendant(s)

### CERTIFIED PLEA

Defendant(s) .........................................................
in the presence of his/their counsel ...........................................
and with the consent of the magistrate and deputy district attorney ...................
having entered a plea of guilty to the offense(s) in the within complaint mentioned FELONY, to wit: ...........
.................................................................................
.................................................................................
I order that the defendant(s) and the proceedings in the case be certified to the Superior Court and further that
the defendant(s) appear in Dept. #........ of the Superior Court at ...........M. on ...............19 ......

### WAIVER OF PRELIMINARY HEARING

Defendant(s) .........................................................
in the presence of his/their counsel ...........................................
and with the consent of the magistrate and deputy district attorney ...................
having waived ..... right to preliminary hearing to the offense(s) in the within complaint mentioned FELONY,
to wit: ...........................................................................
.................................................................................
the motion of the deputy district attorney, that the defendant(s) be held to answer to counts # ...............
.................................is hereby granted and the defendant(s) ................. ordered held
to answer to the same, and further ordered to appear in Dept. #........of the Superior Court at ..........M..on
......................., 19........

### PRELIMINARY HEARING HELD

Defendant(s) ..FOSTER LEXMOND HEMIL ....................................................
present and in court with counsel ....... THOMAS HAVLENA DPD ....................................
It appearing to me from the examination that the public offense(s) in the within complaint mentioned FELONY,
to wit: .....Ct. I. 289(a)PC. II. 289(b)PC. III 220PC. IV 459PC...........................
.................................................................................
has been committed, and that there is sufficient cause to believe the within named defendant(s) ................
.............is.......................................................................
...........CRAIG mcKINNON.................. guilty thereof, the motion of the deputy district attorney
.................................................that the defendant(s) be held to answer to
count(s) # ..III ..IV................................................................
is granted and the defendant(s) .............is............... ordered held to answer to the same, and further
ordered to appear in Dept. #...5... of the Superior Court at .......9A.....M. on .....4-7-83...19......

## CONDITION OF RELEASE

### O.R.
and that defendant(s) .........................................................
be released on ....................own recognizance.

### BAIL TO REMAIN
and that as to defendant(s) .........................................................
the present bail of $ ...........is sufficient and shall remain.
and that as to defendant(s) .........................................................
the present bail of $ ...........is sufficient and shall remain.

### BAIL FIXED
and that defendant(s) ..HEMIL.......................................................
shall be admitted to bail in the sum of $ 5,000.......and ......he.... be committed to the custody of the Sheriff
of Orange County until ......he......gives such bail.
and that defendant(s) .........................................................
shall be admitted to bail in the sum of $ ............, and ......he.... be committed to the custody of the Sheriff
of Orange County until ......he......gives such bail.

### HELD WITHOUT BAIL
and that defendant(s) .........................................................
shall be committed to the Sheriff of Orange County WITHOUT BAIL until ....he....legally discharged

Date ......3-29-83..............

SELIM S. FRANKLIN ....................Judge
of the.......HARBOR........... Judicial District,
County of Orange, State of California

FPD-AZ-03057-0379

JUDGE: _____ REPORTER: _____ DATE: _____

CLERK: DEBRA A. WEHUNT _____ BAILIFF: _____ TIME: _____ DEPT. 5

c 51350 _____ PEOPLE VS _Hemil Friely L_____

**HEARING RE:** ARRAIGNMENT / ANS TO ARR (AMENDED) INF / ~~INDICT~~

(X) DFDT IN CT W/~~O CSL~~ / WITH CSL _____ DEP P.D. _____

( ) DFDT NOT IN CT (NOT) REP BY CSL _____ DEP P.D. _____

(X) PEOPLE REP BY _____ DEP D.A. _____

( ) DFDT FOUND IN CONTEMPT FOR FAILURE TO APPEAR. BAIL ORD FORFEITED.

( ) B/W ORD ISSUED / HELD UNTIL _____. BAIL SET AT $ _____.

( ) (~~AMENDED~~) INFO / ~~INDICT~~ PRESENTED TO DFDT AND ORD FILED.

(X) DFDT ADVISED OF HIS / ~~HER~~ LEGAL AND CONSTITUTIONAL RIGHTS. DFDT ARRAIGNED.

( ) CT APPTD P. D. TO REP DFDT _____ DEP P. D. PRESENT.

( ) Mo by Dfdt / Peo _____.

( ) Mo granted / denied.

( ) HEARING RE: ANS TO (AMENDED) ARR INFO / INDICT CONT TO _____ 19 ___ at _____ M  DEPT _____

(X) DFDT WAIVED READING OF (~~AMENDED~~) INFOR / ~~INDICT~~

(X) TO (~~AMENDED~~) INFO / ~~INDICT~~ DFDT NOW PLEADS NOT GUILTY EACT CT / ~~GUILTY TO CT~~ _____.

( ) AND NOT GUILTY BY REASON OF INSANITY

(X) Dfdt denied alleged prior convictions / use / armed allegations as set forth in the (~~amended~~) info / ~~indict~~.

( ) Dfdt waived statutory time for trial / arraignment

( ) DFDT DEMANDS / WAIVES TRIAL BY JURY

(X) CASE SET FOR TRIAL ON _____ 19 __ AT ___ M  IN DEPT. _____

(X) PRETRIAL SET FOR _____ 19 __ AT ___ , IN DEPT. _____

( ) MOT UNDER SEC 995 PC / 1538.5 PC _____ set for _____ 19 __ AT ____ DEPT _____

(X) PRETRIAL MOTIONS RESERVED.

( ) Mo. _____

( ) Court ord _____ telephone calls for def _____ minutes during daytime / business hours / night

( ) Case remanded to Harbor / Central / West / South / North Muni Court and Dfdt ord to appear on _____

at _____ M in Div. _____.

( ) Bail ord fixed at $ _____

( ) Contempt proceed ord set aside. B/W ord withdrawn. Bail reinstated. Bail exon / when def reports to jail.

(X) Dfdt remanded to custody of Sheriff.

( ) Dfdt ord released on own recognizance / Dfdt ord released from custody. O. R. Release signed.

(X) Dfdt ord to return.

(X) ADDITIONAL INFORMATION: _____

_____

_____

F 0182-109.6          **ARRAIGNMENT / ANSWER TO ARRAIGNMENT**

FPD-AZ-03057-0380

EX 40 - 577

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

JUDGE: _J. J. Alfano_ CLERK: _B. Cardui_ DATE: _4-29-83_
BAILIFF: _J. Stanley_ REPORTER: _C. Henrin_ TIME: _9AM_ DEPT: _46_
C- _51350_ People vs _HEMIL, Foster Seymour_

(X) Hrg re: ☐ Trial ☐ Prob. Violation ☐ Stay of Exec.
      ☐ 995 PC Motion ☐ 1538.5 PC Motion
      ☑ Other: _Pretrial_

( ) Deft in Court (with) (without) csl _____ Dep. P.D.
(X) Deft not in court but rep by ___ B. NOVEMBER ___ Dep. P.D.
( ) Interpreter _____ present.
(X) Peo rep by ___ T. BORRIS ___ Dep. D.A.
( ) Deft found in contempt for failure to appear. Bail forfeited.
( ) B/W to issue. (and held until) (continue to hold until) _____ Bail set at $ _____
(X) _P.T ordered off calendar_
⊗ _JT Date of 5/31/83 remains_

( ) Motion by (deft) (people) (granted) (denied) (under submission)
( ) Case transferred to Dept ____ for (trial) (further proceedings)
( ) Deft waived statutory time for (trial) (pronouncement of judgment)
( ) Case cont. by stipulation of (People) (Deft) to _____ 19 ____ at _____ a.m. in Dept ____. Deft ordered to be present.
( ) Motion under _____ (continued to) (set for) _____ 19 ____ at _____ a.m. in Dept. ____ .

( ) (B/W ord withdrawn) (Bail reinstated) (Bail exonerated)
(X) Deft remanded to the custody of the Sheriff.
( ) Deft rel O.R. O.R. release signed.
( ) Further stay of execution is granted until _____ 19 ____ at _____ .m. at which time he is ordered to report to the Orange County Jail. A temporary commitment order forwarded to the jail this date.
( ) This minute order to constitute the Amended Probation Order.
( ) _____

F0182-390.1 (R5/80)

FPD-AZ-03057-0381

EX 40 - 578

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

JUDGE: _J.J. Alfano_ CLERK: _B Cardiel_ DATE: _5-13-53_

BAILIFF: _J. Stanley_ REPORTER: _C Hennen_ TIME: _9AM_ DEPT: _46_

C-_51350_ People vs _HEMIL, Ester Seymond_

☒ ) Hrg re: ☐ Trial ☐ Prob. Violation ☐ Stay of Exec.

　　　　☒ 995 PC Motion ☐ 1538.5 PC Motion

　　　　☐ Other: _____

☒ ) Deft in Court (with) (~~without~~) csl _T. HAULENA_ _____ Dep. P.D.

( ) Deft not in court but rep by _____ Dep. P.D.

( ) Interpreter _____ present.

☒ ) Peo rep by _Robert Thomas III_ Dep. D.A.

( ) Deft found in contempt for failure to appear. Bail forfeited.

( ) B/W to issue. (and held until) (continue to hold until) _____ Bail set at $ _____

☒ ) _995 motion granted. Case ordered dismissed_
_+ defendant ordered released._
_____
_____
_____

( ) Motion by (deft) (people) (granted) (denied) (under submission)

( ) Case transferred to Dept ____ for (trial) (further proceedings)

( ) Deft waived statutory time for (trial) (pronouncement of judgment)

( ) Case cont. by stipulation of (People) (Deft) to ____ 19 ____ at ____ a.m. in Dept ____. Deft ordered to be present.

( ) Motion under _____ (continued to) (set for) ____ 19 ____ at ____ a.m. in Dept. ____ .

( ) (B/W ord withdrawn) (Bail reinstated) (Bail exonerated)

( ) Deft remanded to the custody of the Sheriff.

( ) Deft rel O.R. O.R. release signed.

( ) Further stay of execution is granted until ____ 19 ____ at ____ .m. at which time he is ordered to report to the Orange County Jail. A temporary commitment order forwarded to the jail this date.

( ) This minute order to constitute the Amended Probation Order.

☒ ) _JT date of 5-31-83 vacated_
_____
_____

F0182-390.1 (R5/80)

FPD-AZ-03057-0382

EX 40 - 579



FPD-AZ-03056-0451



# Superior Court of California
# County of Orange

### - Central Justice Center -
**K107 Records - Criminal Division**
**700 Civic Center Drive West, Room K107**
**P.O. Box 1138**
**Santa Ana CA 92701**
**PHONE: (714) 834-4029**
**http://www.occourts.org**

Re:   Record Check - Limited Jurisdiction                                    May 9, 2002

The Superior Court of California, Central Justice Center, has completed a criminal record search for the period of

| 1984 | Through | 1984 |
|------|---------|------|

Name:   Foster Lezmond Heinil                 AKA:

Date of Birth:   N/A                    CA Driver's License:   N/A

☐ No Criminal record found.

☒ Criminal Case(s) found and listed below:

| VIOLATION / ISSUE DATE | CASE # | CHARGE(S) |
|---|---|---|
| 1984 | 84CS03093 | N/A |
|  |  |  |
|  |  |  |
|  |  |  |

Records are checked for the above individual within the jurisdiction of the entitled Justice Center.

☒  The copies you are requesting are no longer maintained by this court pursuant to Government Code §71008 A.C.

Destruction of Misdemeanor records pursuant to Government Code §68152:

Misdemeanor records are destroyed 5 years after date of disposition. Exceptions are violations 23103, 23152, or 23153 of the Vehicle Code which will be destroyed 7 years after disposition. Records for violations of 11360 or 11357(b), (c), (d) or (e) of the Health and Safety Code are destroyed 2 years after final disposition or, if no conviction, from the date of arrest. For all information on Criminal records that have been destroyed, you may contact the following:

CALIFORNIA DEPARTMENT OF JUSTICE
BUREAU OF CRIMINAL IDENTIFICATION
P.O. Box 903417
Sacramento, CA 94203-4170
(916) 227-2222

Sincerely,
ALAN SLATER, CLERK OF THE COURT

By: _____, Deputy Clerk
*Linda Hazencomb*



FPD-AZ-03056-0452



# THE NAVAJO NATION

KELSEY A. BEGAYE
PRESIDENT

TAYLOR McKENZIE, M. D.
VICE PRESIDENT

**UNACCEPTABLE IF ALTERED**

### AFFIDAVIT OF BIRTH

March 29, 2002

I CERTIFY THAT OFFICIAL RECORDS SHOW _____George Mitchell_____ ,

ROLL NUMBER _____068,743_____ **WAS BORN** _____00-00-1923_____ ,

IN THE VICINITY OF, OR AT _____Lukachukai, Arizona_____ ,

AND IS THE _____Son_____ OF _____Unknown_____ **ROLL NUMBER** ___Unknown___ ,

AND _____Charley Bitse_____ **ROLL NUMBER** ___068,739___ .

RECORDED: September 10, 1928.

VITAL STATISTICS MANAGER
VST/

THIS INFORMATION HAS BEEN DISCLOSED TO YOU FROM RECORDS
WHOSE CONFIDENTIALITY IS PROTECTED BY FEDERAL AND STATE LAW
REDISCLOSURE IS PROHIBITED.

**VITAL RECORDS & TRIBAL ENROLLMENT PROGRAM**
THE NAVAJO NATION ♦ P.O. BOX 3240 ♦ WINDOW ROCK, ARIZONA 86515

FPD-AZ-03056-0435

EX 42 - 582

CERTIFICATE OF MARRIAGE RECORD

## In The District Court of Cowley County, Kansas

STATE OF KANSAS,⎫ ss.
COWLEY COUNTY, ⎭

I, __Teressa Schumacher__ ____ Clerk of the District Court within and for the county aforesaid,

do hereby certify that on the __30th__ day of __November__ 19 __56__

a MARRIAGE LICENSE was issued out of said office to

__George C. Mitchell__ of __Chilocco, Oklahoma__ , age __26__ , and

__Bobby Erwin__ of __Arkansas City, Kansas__ , age __17__ , and

that pursuant thereto they were married at __Arkansas City__ Kansas on the __9th__

day of __December__ 19 __56__ , by __Rev. L.N. Bryant__ as the

same appears from the records of said Court in Marriage License record __A-38__ , at Page __264__

In Testimony whereof, I have hereunto set my hand and affixed the seal

of said Court in Winfield, Cowley County, Kansas this __9th__

day of __September__ A.D., XX9 2002 .

_Teressa Schumacher_
Clerk of the District Court

FPD-AZ-03056-0203

EX 43 - 583

STATE OF KANSAS )
)
COUNTY OF COWLEY )

## AFFIDAVIT OF BUSINESS RECORDS CUSTODIAN

I, _____, being first duly sworn upon my oath, state as follows:

1. I am the custodian of the records at Cowley County District Court. I supervise all record keeping at Cowley County District Court, and I am familiar with its record keeping practices.

2. I have examined the documents consisting of ___ pages attached to this affidavit. They are an exact copy of the records of maintained by Cowley County District Court, and were retrieved from our permanent records.

3. The records were made and kept in the routine course of business, at or near the time of the events recorded, and not prepared in anticipation of litigation.

4. The records were made or kept by an employee of Cowley County District Court, who has personal knowledge of the facts recorded.

5. The records are the standard records used by Cowley County District Court and it is the regular practice of Cowley County District Court to make such records.

_____
Signature

Before me the undersigned, a Notary Public for Cowley County, State of Kansas, personally appeared _____, and acknowledged the execution of this instrument on the ___ day of _____, 2002.

TERESSA McCASLIN
Notary Public - State of Kansas
My Appt. Expires

_____
Notary Public

My commission expires: _____

FPD-AZ-03056-0204

**EX 43 - 584**