SEAN K. KENNEDY (145632)
(Sean_Kennedy@fd.org)
Federal Public Defender
STATIA PEAKHEART (200363)
Deputy Federal Public Defender
(Statia_Peakheart@fd.org)
321 E. Second Street
Los Angeles, CA 90012
Telephone:   (213) 894-2854
Facsimile:   (213) 894-0081

Attorneys for Defendant-Movant
LEZMOND CHARLES MITCHELL

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

LEZMOND CHARLES MITCHELL,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

**CAPITAL CASE**
28 U.S.C. § 2255

Case No.: CV-09-8089-MHM (MEA)

**Notice of Motion and Motion for Protective Order**

Filed Concurrently:
Proposed Protective Order

ORAL ARGUMENT REQUESTED

TO RESPONDENT AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE Movant, Lezmond Charles Mitchell, through undersigned counsel, respectfully moves the Court for an order limiting the use of confidential and privileged documents from the files of Movant's trial counsel, experts or investigators, to the foregoing proceeding under 28 U.S.C. § 2255.

This motion is based upon this notice of motion and motion, the accompanying memorandum, the proposed order, the Court's files and records, and any other matters that properly may be presented at or before the hearing.  Movant has separately lodged with the Court a proposed Protective Order.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: June 8, 2009                    By  */s/ Statia Peakheart*
                                           STATIA PEAKHEART
                                           Deputy Federal Public Defender

                                           Attorneys for Movant
                                           LEZMOND MITCHELL

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant seeks a protective order to prevent the disclosure or use by the prosecution, or their agents, of privileged materials contained in the trial files obtained by post-conviction counsel in the event of a retrial or clemency proceeding.

As more fully discussed below, disclosure of these privileged documents for purposes other than litigating the motion to set aside the sentence under 28 U.S.C. § 2255 now before this Court involves complex questions of federal law.  This Court has full power to issue a protective order which preserves the status quo, allows Mr. Mitchell to fully and fairly litigate his § 2255 claims, and prevents the United States Attorney's Office from gaining an unfair advantage from these proceedings. Good cause exists to grant a protective order.

**A.    Relevant Facts**

On June 8, 2009, Lezmond Mitchell filed a motion to set aside his death sentence pursuant to 28 U.S.C. § 2255.  Included with that motion were several documents and declarations attached as exhibits.  Separately, Mr. Mitchell has filed an additional volume containing three exhibits from trial counsels files: a social history prepared by Mr. Ockenfels, a psychiatric evaluation report, and an interview of another mental health professional.  Mr. Mitchell seeks a protective order concerning this separate volume of exhibits to prevent the government, or any agents thereof, from using these documents in connection with any retrial or clemency proceeding.

**B.    Mitchell Is Entitled To A Protective Order**

In order to meet his initial burden under 28 U.S.C. § 2255, which is a higher burden than in § 2254 cases, Mitchell must show that, based upon the motion, files

1

and records of the case, he has a non-frivolous claim for relief. 28 U.S.C. § 2255(b). This heavy burden, much like a judge's discovery order, requires that the movant supply certain evidence to the Court and the government. In compliance with § 2255(b), Mitchell seeks to put forth the evidence necessary to show that he has a legitimate claims for relief such that his judgment of conviction vacated, and his sentence set aside.

In *Bittaker v. Woodford*, Bittaker filed a habeas petition claiming ineffective assistance of counsel at trial rendered his conviction unconstitutional. 331 F.3d 715 (9th Cir. 2003). The government requested discovery, and eventually the district court ordered disclosure of attorney-client materials relevant to the ineffective assistance of counsel claim. Mr. Bittaker sought a protective order claiming that if he was to turn over the material, its use should be limited to the habeas proceeding. The district court granted the order, the government sought review, which the Ninth Circuit heard *en banc*. The Ninth Circuit affirmed the district court's protective order, explaining that the material was discoverable in that Bittaker had waived attorney-client privilege by making ineffective assistance of counsel claims, but the waiver only applied insofar as the habeas petition raised those particular claims. *Id*. at 728. Thus, the Court ruled, a protective order was appropriate, and the denial of such would have been an abuse of discretion on the part of the district court. *Id*.

Mitchell finds himself in a similar predicament to Mr. Bittaker. Mitchell has raised ineffective assistance of counsel claims and is forced to file certain portions of trial counsel's file to illustrate those claims. Both Mitchell and Bittaker have a right, given by Congress, to collateral review of their convictions. Both Mitchell and Bittaker exercised that right, and thus must waive attorney-client privilege concerning those claims. Bittaker, however, was convicted by the state of California, thus he exercised his rights under 28 U.S.C. § 2254. Fortunately for

2

Mr. Bittaker, the standard for an evidentiary hearing under § 2254 is not as stringent as under § 2255. Thus, Bittaker did not have to provide trial counsel files upon filing his petition. Only after the discovery process moved forward was Bittaker forced to turn over his trial files. Mr. Mitchell, however, was convicted of federal offenses and thus must exercise his rights under § 2255. Regardless of whether it is a discovery order or § 2255 requiring the production of evidence, without a protective order the movant is placed in an untenable position: either make the claim and allow the government to retry him with the full use of confidential privileged information or drop the claim. Such a position, the Ninth Circuit ruled, is not proper and is not an intended consequence of the habeas process. *Id*. at 722. *See Simmons v. United States*, 390 U.S. 377 (1968).

Following the grant of post-conviction relief, the court's goal is to put the movant in the position he would have occupied were it not for the constitutional defects of his trial and "[g]iving the prosecution the advantage of obtaining the defense casefile . . . would assuredly not put the parties back at the same starting gate." *Id.* at 722-723. Through this request for a protective order, Mitchell seeks only to facilitate this goal.

Therefore, given that Mitchell and Bittaker are effectively in the exact same situation, Mitchell, like his counterpart, should be granted a protective order to limit the use of the portions of trial counsel's files he now supplies to this § 2255 proceeding.

**C.     This Court Has The Authority To Issue A Protective Order Under Federal Rule of Civil Procedure 26(c).**

Protective orders are explicitly contemplated in the court rules which govern habeas cases. The Federal Rules of Civil Procedure are made applicable to post-conviction matters under 28 U.S.C. § 2255 via Rule 12 of the Rules Governing

Section 2255 Cases.  Under Rule 6(a) of the Rules Governing Section 2255 Cases, "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."  Of course, among these "processes of discovery under the Federal Rules of Civil Procedure" is the protective order.  *See* Federal Rule of Civil Procedure 26(c).[1]

"Rule 26(c), setting forth grounds for protective orders, was enacted as a safeguard for the protection of parties and witnesses in view of the broad discovery rights authorized by Rule 26 (b)."  *United States v. CBS, Inc.*, 666 F.2d 364, 368-369 (9th Cir. 1982).  Pursuant to Rule 26(c), district courts have broad discretion to fashion protective orders; it is clear that the Court is not limited to the orders specified in the Rule.  *See, e.g., United States v. CBS, Inc.*, 666 F.2d 364 (9th Cir. 1982); see also, 8 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2036, at 489 (1994) ("A court is not limited to the eight specified types of orders.").  Under Rule 26(c), a court may make "**any** order which justice requires to protect a party or person from . . . oppression."  Fed.R.Civ.P. 26 (emphasis added).  "[A]

---

[1]  Rule 26 of the Federal Rules of Civil Procedure provides in relevant part:

Upon motion by  a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (2) that the disclosure or discovery may be had only on specified terms and conditions; . . . (4) that certain matters not be inquired into or that the scope of the disclosure or discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court . . . .

4

court may be as inventive as the necessities of a particular case require in order to achieve the benign purposes of the rule." 8 C. Wright & A. Miller, Federal Practices and Procedure, § 2036, at 489. *Accord Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("The district court has considerable latitude under Fed.R.Civ.P. 26 to craft protective orders during discovery."); *Graebner v. James River Corp.*, 130 F.R.D. 440, 441 (N.D. Cal. 1989) ("Rule 26 Federal Rules of Civil Procedure, gives the court broad discretion to issue a protective order regarding discovery.")

Courts have frequently issued protective orders of the type sought by Movant. In fact, commentators have noted that "[t]he most common kind of order allowing discovery on conditions is an order limiting the persons who are to have access to the information disclosed and the use to which these persons may put the information." 8 C. Wright & A. Miller, Federal Practice and Procedure, § 2043, at 566; *see also*, W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial, 11-41 (1994) ("In appropriate circumstances, courts may grant a protective order restricting the use of any discovery to the present lawsuit.") Protective orders are especially useful tools in ensuring that the broad discovery procedures available under the Federal Rules of Civil Procedure are **not** used to subvert the more limited discovery available in criminal proceedings. *See, e.g., Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962); C. Wright & A. Miller, Federal Practice and Procedure, § 2040, at 528 ("The courts do not permit the discovery procedures in federal civil actions to be used merely as a device to obtain evidence for use in some other proceeding in which discovery is less extensive."). *See also Degen v. United States*, 517 U.S. 820, 826 (1996).

In *Campbell v. Eastland, supra*, 307 F.2d 478, a leading case discussing the issue of discovery in parallel civil and criminal proceedings, the Fifth Circuit recognized the "[s]eparate policies and objectives" that support the different

5

discovery rules for criminal and civil proceedings. The court noted that while the federal civil discovery rules "provide[] a well-stocked battery of discovery procedures, the rules governing criminal discovery are far more restrictive." *Id.* at 487. Therefore, there exists a duty to "prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other." *Id.*

The United States Supreme Court too has recognized that Rule 26 gives district courts the power to fashion protective orders that will prevent parties from using civil discovery to evade restrictions on criminal discovery. As the Court noted, "[d]ecisions in the courts of appeals have sustained protective orders [under Rule 26(c)] to prevent parties from using civil discovery to evade restrictions on discovery in criminal cases." *Degen v. United States, supra*, 517 U.S. at 826.

As more fully discussed below, that is, in essence, what is involved here. In a federal criminal trial, the prosecution would not generally have access to the files of defense counsel, or his experts, through discovery. In the unusual case where the government claimed it was entitled to such material, it would have to litigate the matter in the trial court. The parties would have to litigate not only application of any constitutional rights implicated by disclosure of the information, but the applicability of attorney-client privilege and the work-product doctrine. *See* Fed. Rule Evid. § 501 (applying federal common law of attorney-client privilege to federal cases).

Here, Mr. Mitchell seeks only to fully and adequately exercise his rights under 28 U.S.C. § 2255. He has a genuine and realistic concern, however, that if he does so, the government will gain evidence to which it is not entitled and use that evidence in future clemency proceedings or in a retrial. While Mr. Mitchell's situation is not exactly the same as those outlines above, Rule 26 may properly be employed to avoid abusing the federal habeas system. This Court should exercise its discretion to grant a protective order.

6

**D.    Because The State Would Not Have Access To The Files Of Defense Counsel, Or His Experts, In A Federal Criminal Trial, And To Protect Movant's Constitutional Rights In The Event Of A Retrial, A Protective Order Is Appropriate.**

When the government originally tried Movant, it had the burden of proving its case against him by proof beyond a reasonable doubt.  As was customary, the government had to carry this burden of proof by relying on evidence which it was able to uncover through its own investigatory powers.  In neither the guilt phase nor the penalty phase was the government permitted to carry its burden by accessing and relying on communications between Movant and his trial counsel or trial counsels' representatives.  Nor did the state have access to the materials comprising counsel's file.

The reason for this is obvious.  At the time of Movant's guilt and penalty phase trials, all of the information contained in his lawyer's files were protected by the attorney-client privilege.  Moreover, these materials would also have been protected under the attorney work-product doctrine.  *See* Fed. Rule Evid. § 501, 502.

These privileges are jealously guarded by the courts. The United States Supreme Court has continuously upheld the protection of both documents and tangible items prepared in anticipation of litigation.  *See Hickman v. Taylor*, 329 U.S. 495 (1947).  Here, the items in question are a social history report concerning Mr. Mitchell's history and background and a psychiatric report commissioned soon after Mitchell's arrest.  Both of these documents are, unquestionably, covered by attorney work-product and were not discoverable at trial because Mitchell did not use either document or the expert who prepared that document in his case-in-chief.  Fed. R. Crim.Proc. 16(B)(ii).  Moreover, courts tend to particularly emphasize the

protection of documents such as these because they contain medical information. *See, e.g., In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 394 (E.D.N.Y. 2007).

Furthermore, these documents are protected beyond attorney-client privilege and the work-product doctrine. The material in the files of trial counsel and his experts would also be protected by the Fifth Amendment, which ensures that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const., Amend. V. Similarly, the Sixth Amendment would also be implicated in any decision to disclose confidential communications made to counsel (or his experts) or the fruits of counsel's efforts on his client's behalf. *See United States v. Zolin*, 491 U.S. 554, 562 (1989) (recognizing that effective representation depends on confidential communication between attorney and client); *Smith v. McCormick*, 914 F.2d 1153, 1158-59 (9th Cir. 1990) (recognizing that the Sixth Amendment right to the effective assistance of trial counsel also "includes the right to have any communications made to experts remain confidential."); *United States v. Rosner*, 485 F.2d 1213, 1224 (2nd Cir. 1973) ("The essence of the Sixth Amendment right is . . . privacy of communications with counsel.").

Under these circumstances, a protective order is an entirely appropriate mechanism to preserve the status quo and ensure that the collateral review process is not abused. *Bittaker*, 331 F.3d at 722-723.

There is no logical or legal reason why Respondent's case at any retrial should be allowed to depend in any part on information gained from trial counsel's files in these habeas proceedings. To the contrary, the Ninth Circuit has specifically held that when a habeas petitioner movant alleges he received ineffective assistance of counsel, the attorney-client and work-product privileges are **not** broadly waived, but waived **only** with respect to communications relevant to the specific allegation and in the specific context in which those claims are raised. *Bittaker*, 331 F.3d 715. The Ninth Circuit has left no doubt: the use of

8

such privileged evidence beyond the immediate habeas proceeding is prohibited. *Id.* Given the importance of these privileges, they will be deemed waived only to the extent genuinely necessary to permit resolution of the Movant's allegations.

**E.     CONCLUSION**

There is no reason Respondent should gain a windfall from any required production of evidence in this case.  28 U.S.C. § 2255 places a burden on Mitchell, and the government should not be allowed to use that burden to prepare for a re-trial or clemency proceeding.  In order to ensure that the collateral review process is not abused and used to bypass the federal rules of criminal procedure, and to protect a myriad of Movant's constitutional rights in the event of a re-trial, a protective order is well within the Court's discretion and should be ordered.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

Date: June 8, 2009                   By:   */s/ Statia Peakheart*
                                           STATIA PEAKHEART
                                           Deputy Federal Public Defender

                                           Attorneys for Movant
                                           LEZMOND CHARLES MITCHELL

## CERTIFICATE OF SERVICE

~~XX~~X  I hereby certify that on ___JUNE 8, 2009___, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

~~VINCENT Q. KIRBY, AUSA~~

JUNE 9, 2009
~~X~~X  I hereby certify that on _____, I served the attached document by
_____MAIL_____
(insert service method: mail, courier service, in-person delivery, e-mail)
on the following, who are not registered participants of the CM/ECF System:

~~CAPITAL CASE STAFF ATTORNEY, EVO A. DECONCINI COURTHOUSE~~
405 WEST CONGRESS STREET, SUITE 1500, TUCSON, AZ

s/ AMY REEDY