SEAN K. KENNEDY (145632)
(Sean_Kennedy@fd.org)
Federal Public Defender
STATIA PEAKHEART (200363)
Deputy Federal Public Defender
(Statia_Peakheart@fd.org)
321 E. Second Street
Los Angeles, CA 90012
Telephone:   (213) 894-2854
Facsimile:   (213) 894-0081

Attorneys for Defendant-Movant
LEZMOND CHARLES MITCHELL

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| LEZMOND CHARLES MITCHELL,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | **CAPITAL CASE**<br>28 U.S.C. § 2255<br><br>Case No.: CV-09-8089-MHM (MEA)<br><br>***Ex Parte* Application for Schedule to File Amended  § 2255 Motion, Answer and Reply; Declaration of Counsel**<br><br>Filed Concurrently:  Proposed Order |

Movant Lezmond Charles Mitchell, through his undersigned counsel, hereby applies to this Honorable Court for an order granting him leave to file his  amended 28 U.S.C. § 2255 motion and exhibits no later than November 18, 2009, or 90 days after this Court rules on Mitchell's "Motion for Authorization to Interview Jurors . . .," whichever is later, and extending the filing dates for the Government's Answer and Movant's Reply accordingly.

This application is based on the attached memorandum of points and authorities, declaration of counsel, all files and records in this case, and such further information as may be adduced to the Court with respect to this application.

Mitchell has informed opposing counsel of this application.  The Government opposes this application.  *See* Declaration of Counsel, ¶ 2.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: August 26, 2009

By   */s/ Statia Peakheart*
STATIA PEAKHEART
Deputy Federal Public Defender

Counsel for Movant
LEZMOND CHARLES MITCHELL

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

On May 22, 2009, on Mitchell's behalf, the FPD moved this Court for authorization to interview the jurors in his case, in support of his then-imminent motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255 ("§ 2255 motion"). (Dkt. No. 1.)  On June 8, 2009, the FPD filed Mitchell's § 2255 motion, with supporting exhibits. (Dkt. Nos. 9-12.)  The motion complied with the one-year statute of limitations.

On June 29, this Court ordered the Government to answer the § 2255 motion, and file a consolidated reply to Mitchell's juror interview motion and a concurrently-filed motion for a protective order. (Dkt. No. 17.)  The Government responded to the two motions, and Mitchell replied. (Dkt. Nos. 18, 19.)  Its answer to the motion is due September 29, 2009.

Since June 29, during several conversations and messages, the FPD has informed counsel for the Government that the FPD was unable to complete its investigation, research and writing for the § 2255 motion within the one year, and intends to amend the motion pursuant to Federal Rule of Civil Procedure 15.[1]  (*See* Declaration of Statia Peakheart, ¶ 2.)  The Government recently responded to this

---

[1]  28 U.S.C. § 2242 provides that habeas corpus applications, such as § 2255 motions, "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."  Likewise, Rule 12 of the Rules Governing Section 2255 Cases in the United States District Courts provides, in part:  "If no procedure is specifically prescribed by these rules, the district court may . . . apply . . . the Federal Rules of Civil Procedure."  In addition, the Advisory Committee Note to Rule 5 of the Rules regarding § 2254 cases, which is referenced by the Advisory Committee Note to the comparable Rule 5 in § 2255 cases, points out "the court is given the discretion to incorporate Federal Rules of Civil Procedure when appropriate, so civil rule 15(a) may be used to allow the petitioner to amend his petition."  Accordingly, courts have typically applied Federal Rule of Civil Procedure 15 to the amendment of a § 2255 motion. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000).

proposed *ex parte* application, writing: "[S]ince the government does not know the extent of the amendments to the original brief nor the reasons for such a lengthy delay, [it] will object to any new deadlines for an amended petition." *See Id*.

Mitchell's intent to amend his § 2255 motion before the Government answers the June 8 motion is appropriate and foreseeable, in light of the statute of limitations imposed on counsel. Amending the motion will not delay the proceedings because it means that the Government will answer one § 2255 motion only, rather than two subsequent amended motions. As for the Government's assertion that it cannot consent to this Application's requested procedure because it "does not know the extent of the amendments to the original brief," counsel is aware of the strictures imposed by Rule 15 in post-conviction proceedings, and intends to comply with the Rule and case law. But even if the Government believes that Mitchell has violated Rule 15, under his proposed litigation plan, the Government will challenge only one amended § 2255 motion.

Mitchell has additional reasons for amending his petition: His request for leave to interview the jurors is briefed and pending with the Court. Along with amending the § 2255 motion with the allegations and facts he will complete now, should the Court grant his juror contact motion, counsel will conduct promptly the investigation described in the motion. If counsel learns from those interviews of the jurors any facts supporting a colorable or meritorious claim of a constitutional violation, he will amend his § 2255 motion with those juror-related claims and any supporting documentation, along with the allegations he was unable to complete before the June 8 filing date. If the Court denies Mitchell's request to conduct the interviews, he will amend his § 2255 motion with claim(s) concerning this Court's denial of his juror interview motion, along with the allegations he was unable to complete before the June 8 filing date.

Mitchell's proposed litigation plan will not prejudice the Government because it is aware of the claims in the § 2255 motion, it will have ample

opportunity to answer the motion, and it will need to answer only one motion, rather than two or more. Also, as related *supra* and in the declaration of counsel, not long after he filed his June 8 § 2255 motion, Mitchell informed the Government that he intends to amend it, thus Mitchell has no dilatory motive in seeking to amend his petition. The allegations counsel will present in the amendment further support the claims and facts presented in the June 8 motion, thus, amendment will not be futile, nor will Mitchell have acted in bad faith in amending the § 2255 motion.

Finally, the Government will not consent to this litigation plan because it does not know the "reasons for such a lengthy delay." Since Mitchell filed the motion in early June, his counsel has continued the investigation to support the guilt and penalty phase claims that they were unable to complete before the filing date. Counsel believes that the requested time periods are attainable and appropriate for the work that remains to be completed. Should the Court require additional information for these assertions, counsel will file a declaration under seal and in camera.

For the foregoing reasons and "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality,'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987), Mitchell proposes the following schedule:

1.      No later than November 18, 2009, or 90 days after this Court rules on Mitchell's "Motion for Authorization to Interview Jurors . . .," whichever is later, Mitchell will file an amended § 2255 motion.

2.      No later than 90 days after Mitchell files the amended 28 U.S.C. § 2255 motion, Respondent shall answer the amended motion. Respondent's answer shall fully comply with Rule 5 of the Rules Governing Section 2255 Proceedings.

4

3.      No later than 45 days after the filing of Respondents' answer, Petitioner may file a reply.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: August 26, 2009          By_____/S/_____
STATIA PEAKHEART
Deputy Federal Public Defender

Attorneys for Movant
LEZMOND CHARLES MITCHELL

## DECLARATION OF COUNSEL

I, Statia Peakheart, hereby state and declare as follows:

1.    I am a Deputy Federal Public Defender for the Central District of California.  The Office of the Federal Public Defender ("FPD) has assigned me to Mr. Mitchell's case, along with Federal Public Defender Sean K. Kennedy.

2.    Beginning in July, after the parties had briefed Mitchell's juror interview and protective order motions, I left messages with Vincent Kirby relating that the FPD intended to amend the § 2255 motion.  We spoke briefly once (I understand Mr. Kirby's position in his Office requires a significant amount of time and travel).  On Friday August 21, 2009, I emailed counsel for the Government, Assistant United States Attorney Vincent Kirby, a PDF of this ex parte application, informed him that we intend to file it the following week, and asked his position on the request and the schedule.  Mr. Kirby stated the Government's position in an August 24 email:  " Statia, since the government does not know the extent of the amendments to the original brief nor the reasons for such a lengthy delay, I will object to any new deadlines for an amended petition."

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed this 26th day of August 2009, at Los Angeles, California.

_/s/ Statia Peakheart_
Statia Peakheart
Deputy Federal Public Defender

6

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

VINCENT Q. KIRBY, AUSA

I further certify that on August 26, 2009, I served the attached document by first class mail on the following, who are not registered participants of the CM/ECF System:

CAPITAL CASE STAFF ATTORNEY
EVO A. DECONCINI COURTHOUSE
405 WEST CONGRESS STREET, SUITE 1500,
TUCSON, AZ 85701-5010

_/s/ AMY REEDY_