SEAN K. KENNEDY (145632)
(Sean_Kennedy@fd.org)
Federal Public Defender
STATIA PEAKHEART (200363)
Deputy Federal Public Defender
(Statia_Peakheart@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone   (213) 894-2854
Facsimile   (213) 894-0081

Attorneys for Defendant-Movant
LEZMOND CHARLES MITCHELL

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| LEZMOND CHARLES MITCHELL, | **CAPITAL CASE** |
|---|---|
| Movant, | 28 U.S.C. § 2255 |
| v. | Case No. CV-09-8089-MHM |
| UNITED STATES OF AMERICA, | |
| Respondent. | Oral Argument Requested |

**MOTION FOR RECONSIDERATION OF SEPTEMBER 4, 2009 ORDER**

ORAL ARGUMENT REQUESTED

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Movant, Lezmond Charles Mitchell, through his undersigned counsel, respectfully moves the Court to reconsider its order directing him to address the First Amendment considerations of a protective order.

**A.     *Bittaker v. Calderon* Does Not Require a First Amendment Analysis Before a Court Orders the Movant's Privileged Materials Withheld from Public Access**

The Court misapprehends the en banc Ninth Circuit decision in *Bittaker* as requiring a showing of the consideration of the public's right of access before it will order the three documents sealed from the public record.  Order, p. 7. Mitchell respectfully requests the Court reconsider its order requiring him to make that showing.  *Id*., p. 8.

Mitchell has waived his attorney-client/work product privileges to the narrowest extent necessary "to adjudicating the ineffective assistance of counsel claim."  *Bittaker* addressed the scope of the waiver of the "'lawyer-client privilege'"[1] when the defendant-petitioner alleged ineffective assistance of trial counsel in postconviction proceedings; Mitchell likewise alleged ineffective assistance of counsel in his § 2255 motion, and likewise waived the privileges only to the extent necessary for adjudication, and nothing more.  Nowhere in *Bittaker* did the en banc Ninth Circuit require district courts to consider the public's interest in accessing the sealed privileged materials.  *Bittaker v. Woodford*, 331 F.3d 715, 721 (9th Cir. 2003); *see also id*., at 721, 722 ("we must strike a delicate balance between the interests ['in safeguarding the attorney-client privilege in criminal cases']" and the interests in the review of the constitutionality

---

[1]  *See also* footnote 6 in *Bittaker*:  "Although our decision is couched in terms of the attorney-client privilege, it applies equally to the work product privilege, a complementary rule that protects many of the same interests."

of the judgments of convictions and sentence).  Forcing Mitchell to consider the public's right of access to seek review of his judgments of convictions and sentence unreasonably broadens the bargain he struck when he alleged ineffective assistance of counsel.  But for his need to effect a limited waiver in order to litigate his claims of ineffective assistance, the public would have no access to his privileged materials.  As the Ninth Circuit stated, this Court's duty is to ensure that Mitchell's waiver of the attorney-client privilege is so a narrowly-crafted as to "limit[] the use of privileged communications to adjudicating the ineffective assistance of counsel claim," and only such a waiver "fully serves federal interests." *Bittaker*,  at 721.

Additionally, if the Court issues a protective order[2] covering the three documents but not sealing them from public access, a protective order is of no use because the Government, the agency responsible for any retrial, if there were to be a retrial, would need only go as far as the Clerk's office to obtain the documents, thus, "immediately and perversely skew[ing] the second trial in the prosecution's favor by handing to the [prosecution] all the information in [Mitchell]'s first counsel's casefile." *Bittaker*, at 722.  For this reason, the notion that "if . . . the [three] documents were [] submitted to the court as evidence, such documents would have been revealed to the public and not protected under the Order"[3] ignores the fact that the protective order rquested here, which is like the one

---

[2]   Although the Court's order suggests that it issued a protective order on the "same date" as its order (Order, p. 8), as of the time of this filing, no such order has been placed in the docket nor received by counsel.  Accordingly, to avoid being in the situation where counsel must but cannot "unscramble the egg scrambled by the disclosure . . ." (*Bittaker*, at 718), counsel not yet provided the three documents to the Government until this matter is settled.

[3]   *Rushford, v. The New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988).

approved of in *Bittaker*, permitted their use **only** "by representatives from the [Government-Respondent] and only for purposes of any proceedings incident to litigating the [ineffective assistance of counsel] claims . . . pending before this Court." *Id.*, at 715 n.1.  That is, the material in *Bittaker* was thereafter (and is) sealed from public access and other use, the only remedy possible to maintain the attorney-client privilege and to keep "the status quo." *Id.*, at 734.

**B.    Conclusion**

This Court's order that Mitchell address the public's right of access goes well beyond the only interests the en banc Ninth Circuit held were at stake in considering the attorney-client privilege, and the extent of its waiver, in postconviction review of ineffective assistance of counsel claims.  The Court should reconsider its September 4, 2009 Order, and adopt Mitchell's proposed protective order.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: September 14, 2009          By                /S/
                                   STATIA PEAKHEART
                                   Deputy Federal Public Defender

3

**CERTIFICATE OF SERVICE**

I hereby certify that on  SEPTEMBER 14, 2009 , I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:    VINCENT Q. KIRBY, AUSA

I hereby certify that on  SEPTEMBER 14, 2009 , I served the attached document by MAIL   on the following, who is not a registered participant of the CM/ECF System:

CAPITAL CASE STAFF ATTORNEY

EVO A. DECONCINI COURTHOUSE

405 WEST CONGRESS STREET, SUITE 1500

TUCSON, AZ 85701-5010

/s/ Statia Peakheart