**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lezmond Mitchell, | ) No. CV-09-8089-PCT-MHM |
| Petitioner, | ) DEATH PENALTY CASE |
| vs. | ) |
| | ) **ORDER** |
| United States of America, | ) |
| Respondent. | ) |

Petitioner has moved for reconsideration of the Court's September 4, 2009 order denying without prejudice his motion to seal privileged materials proffered as exhibits in support of his petition under 28 U.S.C. § 2255. (Dkt. 22.) In its order, the Court directed Petitioner to file, within ten days, a renewed motion to seal that expressly addresses the prejudice he could suffer should the exhibits, in whole or in part, be filed in the public record. Instead of complying with the Court's order, Petitioner files the instant motion and requests oral argument. After reviewing the motion, the Court finds that oral argument is not necessary, declines to reconsider its order, and directs Petitioner to file a renewed motion to seal forthwith.

The crux of Petitioner's complaint is his belief that the Court has misapprehended the Ninth Circuit's decision in *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003). Petitioner is of the view that *Bittaker* requires the Court to seal from public access any attorney-client privileged information or materials disclosed in these proceedings because "[b]ut for his need

to effect a limited waiver in order to litigate his claims of ineffective assistance, the public would have no access to his privileged materials." (Dkt. 22 at 3.) However, the right of public access was not at issue in *Bittaker*, and the materials the petitioner sought to protect were subject to disclosure as a result of court-authorized discovery, not attached to a motion seeking relief from the court as is the case here.

More critically, Petitioner's limited waiver of his attorney-client privilege is safeguarded, not by blanket sealing of privileged communications from public access, but by issuing a protective order limiting the evidentiary use of such materials. This the Court has done. In its September 4, 2009 order, the Court directed:

> Pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), all information that is privileged under the attorney-work product doctrine and is attorney-client communication produced or presented in this action may be used only by the parties, members of their legal teams (i.e., lawyers, paralegals, investigators, support staff), and all persons retained by the parties (i.e., outside investigators, consultants, expert witnesses) only for the purpose of litigating Petitioner's claims under 28 U.S.C. § 2255. Neither party shall disclose these materials or the content of these materials to any other persons or agencies without prior Court order. This order shall continue in effect after the conclusion of the proceedings in *Mitchell v. United States*, and specifically shall apply in the event of any retrial of all or any portion of Petitioner's criminal case or in any clemency proceeding. Any modification or vacation of this order shall only be made upon notice to, and an opportunity to be heard from, both parties.

(Dkt. 21 at 9-10.)

Petitioner is concerned that this protective order is "of no use" if his privileged materials are not sealed from public access "because the Government, the agency responsible for any retrial, if there were to be a retrial, would need only go as far as the Clerk's office to obtain the documents." (Dkt. 22 at 3.) However, so long as Petitioner chooses to support his ineffectiveness claims with privileged materials, he must provide these documents to the Government so that it may effectively respond to his allegations. Thus, the Government will not need to look to the Clerk's office for these materials.

This is not to say privileged attorney-client materials disclosed pursuant to any court-authorized discovery would not be maintained in a confidential manner. The Court's protective order states that privileged materials may not be disclosed "to other persons"

absent Court order. However, as set forth in the Court's September 4 order, such materials become subject to the presumption of public access once a party attaches them to a motion seeking action by the Court. *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988) (holding that even documents specifically covered by a protective order during discovery must be unsealed, absent an overriding interest, when attached to a dispositive motion). Here, the materials Petitioner wishes to file under seal have been proffered as support for his § 2255 motion. Therefore, the Court must determine whether there are compelling reasons to keep these materials from public view.

Based on the foregoing,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration of September 4, 2009 Order (Dkt. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner shall file a renewed motion to seal no later than **five (5) days** after the filing of this Order.

DATED this 2nd day of October, 2009.

_____
Mary H. Murguia
United States District Judge