SEAN K. KENNEDY (145632)
(Sean_Kennedy@fd.org)
Federal Public Defender
STATIA PEAKHEART (200363)
Deputy Federal Public Defender
(Statia_Peakheart@fd.org)
321 E. Second Street
Los Angeles, CA 90012
Telephone:  (213) 894-2854
Facsimile:  (213) 894-0081

Attorneys for Defendant-Movant
LEZMOND CHARLES MITCHELL

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| LEZMOND CHARLES MITCHELL,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **CAPITAL CASE:  28 U.S.C. § 2255**<br><br>Case No.: CV-09-8089-MHM<br><br>**Motion to Seal Privileged Exhibits**<br><br>ORAL ARGUMENT REQUESTED |

Movant Lezmond Charles Mitchell, through his undersigned counsel, hereby renews his motion to this Honorable Court for an order that Exhibits 92, 93, and 94, filed in a volume #7 ("privileged exhibits"), to Motion to Set Aside Sentence, filed on June 8, 2009, be filed under seal.

The Court has already issued a protective order regarding the use, and limiting the disclosure, of the privileged exhibits.  This Court should also direct the Office of the Clerk to file the privileged exhibits at issue under seal: Leaving the documents available to the public would vitiate the protections of this Court's protective order and create significant risk of harm to Mr. Mitchell in future proceedings.

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

The Ninth Circuit has recognized that where a "particular court record is one 'traditionally kept secret'" it should remain so. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)). The public has no right of access to the privileged exhibits Mitchell lodged in support of his § 2255 motion because there is "'*neither* a history of access *nor* an important public need justifying access'" to those types of documents. *Kamakana*, 447 F.3d at 1185 (quoting *Times Mirror*, 873 F.2d at 1219) (emphasis in original).

At issue is the exhibit volume of three documents from trial counsel's files: a draft social history prepared, a psychiatric evaluation report, and an interview of another mental health professional; these documents contain work-product and attorney-client privileged information. Since 2003, upon counsel's information and belief, courts in this Circuit have "traditionally kept secret," or sealed, documents from trial counsel's files that contain work-product or attorney-client privileged material, subject to a *Bittaker* protective order.[1] Sealing these privileged exhibits will protect Mitchell's constitutional rights and ensure that he will not "be unfairly surprised in the future by learning that [he] actually waived more than [he] bargained for in pressing [his] claims." *Bittaker*, at 721.

Compelling reasons exist for filing and maintaining these privileged exhibits under seal.[2]

---

[1] It is counsel's information and belief that the district courts that have issued *Bittaker*-type protective orders in postconviction review proceedings have also directed that the documents, and any related pleadings or testimony, be filed and maintained under seal.

[2] Petitioner has argued, and maintains, that, under *Bittaker*, the exhibits should be sealed without a showing of "compelling reasons" and without resort to consideration of the public's interest in access. Nevertheless, under the standard

> In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.

*See Kamakana*, at 1180.  The prejudice Mitchell will suffer should the privileged exhibits not be filed under seal is at least as grave as the potential harm found sufficient to warrant sealing by the *Kamakana* Court.

Whatever the result of the instant proceedings, further proceedings will certainly take place – either a retrial, should Mr. Mitchell prevail on this § 2255 Motion, or clemency proceedings, if he does not.  If this Court does not seal these privileged exhibits at this stage of the § 2255 proceeding, *anybody* (other than those subject to the protective order) – such as a witness at clemency proceedings or at any retrial – can obtain those documents from the Clerk's Office.  These documents contain privileged information, damaging to Mr. Mitchell, that no one would otherwise be entitled to and would have no other way of obtaining, but for Mr. Mitchell's need to rely on them to vindicate his constitutional rights.  Absent a sealing order, witnesses at subsequent proceedings could obtain and use the damaging and aggravating information contained in those privileged exhibits to Mitchell's detriment.

Only by sealing the exhibits, will this Court have "ensure[d] compliance with . . . the limitations impose[d] on the dissemination of *confidential materials*" (*Bittaker*, at 728 (emphasis added)), to ensure that the collateral review process is not abused and used to bypass the federal rules of criminal procedure, and to

announced by this Court, compelling reasons do exist for sealing the exhibits.

3

protect a myriad of Mitchell's constitutional rights at either clemency proceedings or a retrial, the Court should modify its protective order to maintain the secrecy of the privileged exhibits.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

Date: October 14, 2009        By:  */s/ Statia Peakheart*
STATIA PEAKHEART
Deputy Federal Public Defender

Attorneys for Movant
LEZMOND CHARLES MITCHELL

## CERTIFICATE OF SERVICE

I hereby certify that, on October 14, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Vincent Q. Kirby, AUSA

I hereby certify that, on October 14, 2009, I served the attached document by first class mail on the following, who are not registered participants of the CM/ECF System:

Capital Case Staff Attorney

Evo A. Deconcini Courthouse

405 West Congress Street, Suite 1500,

Tucson, AZ 85701-5010

_____/s/_____
Amy Reedy