DENNIS K. BURKE
United States Attorney
District of Arizona

VINCENT Q. KIRBY
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Arizona State Bar No.6377
Telephone (602) 514-7500
Vincent.Kirby@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Lezmond Charles Mitchell,<br><br>       Petitioner,<br><br>   v.<br><br>United States of America,<br><br>       Respondent. | CV-09-08089-MHM ( JI)<br><br>MOTION FOR ORDER TO<br>DECLARE ATTORNEY-CLIENT<br>PRIVILEGE WAIVED |

The United States respectfully requests this Honorable Court to enter an order finding that by virtue of the Motion to Vacate, Set Aside or Dismiss filed in this case alleging ineffective assistance of counsel that Petitioner has waived his attorney client privilege in regard to the issues that he has raised.

The governments position is set forth with specificity in the attached Memorandum of Points and Authorities.

Respectfully submitted this 3rd day of November, 2009.

DENNIS K. BURKE
United States Attorney
District of Arizona

/s/ *Vincent Q. Kirby*

VINCENT Q. KIRBY
Assistant U.S. Attorney

## **<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

Petitioner has alleged numerous claims of ineffective assistance of counsel. The government has attempted to interview trial counsel in connection with these claims. However, the Federal Public Defender's Office claims that it has a "policy" that it will not permit interviews of counsel absent a written waiver of the attorney client privilege by Petitioner or a court order declaring the waiver.

A letter was sent to Petitioner's counsel on August 27, 2009 seeking the written waiver. Counsel replied by e-mail on October 14, 2009 that they would not provide a written waiver. On October 19, 2009, the government e-mailed a copy of the Court's September 4, 2009 Protective Order concerning attorney-client material to the Federal Public Defender's Office asking whether that would allay their concerns. On November 2, 2009, the Federal Public Defender's Office advised that the Protective Order did not satisfy its "policy" requirement and reiterated the need for a court order.

The government can find no basis for this "policy" as the law is quite clear that the privilege belongs to the defendant and he waives it by claiming ineffective assistance of counsel. When a defendant raises a claim of ineffective assistance of counsel, it has long been the rule that he waives the attorney client privilege with respect to all communications with the allegedly ineffective attorney. *See Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (citing *Wharton v. Calderon,* 127 F.3d 1201, 1203 (9th Cir. 1997)); *See also Wharton v. Calderon*, 127 F.3d 1201, 1203 (9th Cir. 1997). This "fairness principle" ensures that the attorney-client privilege cannot be used as both a "shield and a sword." *See Bittaker,* 331 F.3d at 719.

The attorney-client privilege does not require an express waiver, but instead is deemed to have been impliedly waived where the client asserts a claim or defense that places at issue the substance or nature of the privilege. *See, e.g., Bittaker,* 331 F.3d. at 719. This rule ensures that the privilege is not abused through the assertion of claims that cannot be adequately disputed unless access to the privileged materials is permitted. *Id.* at 719. An implied waiver such as this allocates control of the privilege to the individual who holds the privilege, and does not require the court to compel the disclosure of privileged information categorically, but rather directs the

privilege holder to produce those materials *only if* he wishes to proceed with his claim of ineffective assistance of counsel. *Id.* at 720 (emphasis supplied).

A claim of ineffective assistance of counsel requires the scope of the attorney-client privilege waiver to extend broadly enough to ensure the fairness of the proceedings. *Id.* at 722 (citing *Laughner v. United States,* 373 F.2d 326, 327 (5th Cir. 1967)). While some courts have held in the past that waiver of attorney client privilege is governed by state law, the court in *Bittaker* correctly states the law in the Ninth Circuit that when the court imposing the implied waiver of the privilege is a federal court, the scope of the waiver is a matter of federal law. *Id.* at 726 (citing *Tennenbaum v. Deloitte & Touche,* 77 F.3d 337, 340 (9th Cir. 1996)). Accordingly, the scope of the waiver is deemed to require a protective order by the district court limiting the use of the privileged material to litigation of the ineffective assistance of counsel claim. *See Bittaker,* 331 F.3d at 726-27.

In this case, because has raised several claims of ineffective assistance of counsel, Petitioner must be found to have impliedly waived the attorney-client privilege with respect to any and all of the communications with the allegedly ineffective attorneys, on the issues raised in his motion, permitting this Court to issue an order finding such a waiver. Otherwise, the Government will not have a fair opportunity to defend against the defendant's numerous claims of ineffective assistance of counsel.

The government respectfully requests this Court to find that the defendant has waived the ///

attorney-client relationship with regard to the matters raised in his 2255 motion, and to issue an Order declaring it waived.

Respectfully submitted this 3rd day of November, 2009.

DENNIS K.  BURKE
United States Attorney
District of Arizona

/s/ *Vincent Q. Kirby*

VINCENT Q.  KIRBY
Assistant United States Attorney

CERTIFICATE OF SERVICE
I hereby certify that on November 3, 2009, I electronically  transmitted the attached document to the Clerk's Office  using  the  CM/ECF  System  for  filing  and  transmittal  of  a  Notice  of Electronic Filing to the following CM/ECF registrants:

Sean Kennedy
Stacia Peakheart, attorneys for Petitioner

VQK/ceb