UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CV-09-8089-MHM |
| v. | |
| LEZMOND CHARLES MITCHELL | |

**Exhibits 127-134 in Support of Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Or, in the Alternative, Pursuant to 28 U.S.C. § 2241**

--------------

**Filed Pursuant to Rule 15(a)(1), Federal Rule of Civil Procedure**

SEAN KENNEDY (Calif. Bar No. 145632)
Federal Public Defender
STATIA PEAKHEART (Calif. Bar No. 200363)
Deputy Federal Public Defender
Office of the Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone:  (213) 894-2854
Facsimile:   (213) 894-0081

Attorneys for Defendant-Movant
LEZMOND CHARLES MITCHELL

*UNITED STATES v. LEZMOND CHARLES MITCHELL*
CV09-8089-PCT-MHM(MEA)

EXHIBITS 127 - 134 IN SUPPORT OF
AMENDED MOTION TO VACATE SENTENCE

127.   Declaration of John Fontes 06-05-2009

128.   Declaration of Randall Comb, 08-14-2009

129.   Declaration of Carlisle Haskan, 08-15-2009

130.   Declaration of Ferdinand Lameman, 08-15-2009

131.   Declaration of Vera Ockenfels, 09-22-2009

132.   Shirlene Moses Navajo court records

133.   Declaration of Alex Mitchell, 10-22-2009

134.   Declaration of Sherwin Clah, 10-24-2009

## DECLARATION OF JOHN FONTES

I, John Fontes, hereby declare as follows:

1.    My name is John Fontes. I was the assistant vice-principal at Rough Rock High School, on the Navajo Reservation, during the two years that Lezmond Mitchell attended school at Rough Rock.

2.    Vera Ockenfels, who was on Lezmond Mitchell's defense team, interviewed me before Mr. Mitchell's trial. Ms. Ockenfels told me that the defense may call me to testify at Lezmond's trial. I later received a notice in the mail that informed me of the date and time they expected me to testify, and directed me to go to the Federal Public Defender's office that morning. The defense team summoned Sonja Halsey to testify the same day I was, so we went to the Federal Public Defender's office together.

3.    The morning of our testimony, Ms. Halsey and I met with Greg Bartolomei and another lawyer from his Office, an African American attorney. We did not meet John Sears. After a long wait, they told us that we were ready to go to court, but first we needed to talk for a few minutes. They took us into an office where Bartolomei handed us pictures of the remains of the victims. Those pictures terribly disturbed Sonja and me. Sonja asked them to stop, and I immediately agreed with Sonja. I can only guess that the defense was trying to

1

J.F. 6/15/09

impress upon us the seriousness of the crimes. Besides showing us those pictures, the attorneys told us to answer questions to the best of our recollection regarding Lezmond. That was it, that was our preparation to testify. This meeting with Bartolomei and the other attorney was five to ten minutes at the most.

I declare under the penalty of perjury and the laws of the United States of America, the foregoing is true and correct. Signed this _5 th_ day of June, 2009.

_____
JOHN FONTES

_John Fontes_    June 5, 2009
6-5-09

2

EX 127 - 1644

Declaration of Randall Comb

I, Randall Comb, hereby declare as follows:

1. My name is Randall Comb. I am the Training Instructor for the Navajo Nation Special Diabetes Project in Window Rock, Arizona, on the Navajo Reservation. I am the uncle of Gregory, Jimmy, Jr., and Jakegory Nakai. My ex-wife, Shirley Comb, is Daisy Nakai's sister, and Daisy is Gregory, Jimmy, Jr. and Jakegory Nakai's mother.

2. Shirley and I were still married in 2001; we lived with our children in Round Rock, Arizona, on the Navajo Reservation. The Nakai have a house on the same property where Shirley and I lived, as do other members of Shirley's family.

3. Gregory, Jakegory, Jeffrey and Jacqueline Nakai lived in the Nakai house. My sister-in-law, Daisy Nakai, did not live with her children during 2000 to 2002; she lived with her boyfriend, Sam Johnson, somewhere near Shiprock. Daisy came home once every couple of weeks or so, but rarely stayed longer than overnight. Daisy's oldest son, Jimmy Nakai, Jr., lived near his siblings, with the mother of his children, Parmeia George. There were other boys who stayed with the Nakais at various times throughout 2000 and 2001, including Johnny Orsinger and Padrian George, Parmeia's brother. (I call the Nakais and their friends "boys",

1                    R.C.

EX 128 - 1645

even though were in their late teens and early twenties. They are all about the same age as my own children, which made me think of them as kids.)

4. Lezmond Mitchell moved into the Nakai house the summer of 2001. I already knew who he was because I knew his grandfather, George Mitchell. George was active in Navajo Nation politics and business; I was, too. I had known Lezmond as a little boy, and saw him around with George, who was his caretaker.

5. I never met Lezmond's mother. I knew that his grandmother lived in California. Lezmond told me he moved into the Nakai's house, because he had to move out of his family home once he turned 18 years old; at that age, he he was expected to live on his own. He told me he had lived in California for a short time before moving in with the Nakais, but he didn't like California and decided to return to Round Rock.

6. In 2001, only my home in that "compound" or group of homes, had running water and electricity. All the young men who lived at the Nakais were in and out of my home all the time showering, and Shirley and I often made food for the boys. They ran electricity from our house to theirs. I knew those boys very well. They were respectful to me and helpful with chores when I asked them to

2        *R.C.*

help me. During the summer of 2001, Lezmond often joined me when he saw me working outside. He would offer to help me with whatever project I was working on. I knew Lezmond to be a good kid, a respectful young man, someone who was well spoken and could carry on an interesting conversation.

7. During this same time, around 1999 - 2001, I was the Chapter ~~President~~ *Secretary/Treasurer* ~~R.C.~~ for Round Rock *Chapter. R.C.* There were a string of burglaries happening in the community and no one knew who was committing them. The tribal police and the criminal investigation unit investigated the break-ins. Many members of the community had already decided the boys staying at the Nakai house were to blame. It turned out later, the fingerprints from the scene of a couple of the burglaries belonged to a couple of other people in the community. Those two men were arrested and tried. It had nothing to do with my nephews and their friends.

8. Selling alcohol is illegal on the Navajo Reservation. However, I knew the boys at the Nakai house drank alcohol (although I didn't actually see them drinking), because many times I went over and broke up a fight and saw that they were drunk. The kids really respected me and I could usually get them to calm down quickly.

9. It wasn't hard for the boys staying at the Nakai house to get alcohol.

3

R.C.

There were four bootleggers in our immediate area. Tom Harvey lived just a couple of hundred yards up the road from our house and he sold alcohol for years. There was another man who lived across the road from him who also sold alcohol, Peter Dazwith. *Deswood, Sr. RC* *changed RC* Both men are ~~dead~~ now. Kellywood Harvey, who lives a couple of miles up the road also sold beer and a man by the name of Cecil Yazzie, who lives a little further away sold alcohol. *too. RC* I don't know if any of these guys sold alcohol to the Nakais and their friends. It wouldn't have been difficult for the boys to get alcohol elsewhere though. Johnny Orsinger's father, Teddy Orsinger, hung around with the boys and drank with them. He could have purchased alcohol for the group, as well as other adult men around Round Rock who were always willing to buy in exchange for keeping some of the alcohol for themselves. I heard there was also a man in Lukachukai who sold alcohol and drugs to anyone, of any age. I don't know his name.

10. The boys at the Nakai house didn't go out much and when they did, they didn't go far. They were mostly at their house playing video games, hanging out and listening to music, and walked to the store and back. They really weren't doing much. I know Jakegory Nakai wanted to go into the military when he graduated from high school and Gregory was interested in being a mechanic.

4

R.C.

Without any parental guidance and supervision, those boys didn't have much of an idea about how to take advantage of any opportunities they may have had.

11. On the Saturday of the weekend before Halloween in 2001, two or three of my daughters and my son, Rashaundal, and I drove to Gallup to do some shopping. When we got to the point in the highway where highways 264 and 491 meet, Rashaundal pointed out Johnny Orsinger on the side of the road heading in the opposite direction, toward ~~Chinle~~ Window Rock. RC. I still remember Rashaundal saying something about Johnny and Lezmond having left for Gallup two days earlier, on Thursday. We didn't see Lezmond anywhere, just Johnny. We didn't stop, we continued into Gallup. I thought we would see the boys when we headed back toward ~~Chinle~~ Round Rock RC after our shopping, but we didn't.

12. On the Friday after Halloween of 2001, I drove with my family to Phoenix. I had a meeting to attend for work and my family went with me. We got back around midnight on that Saturday night. Early on Sunday morning, around 5:00 a.m., my dog started to bark. The dog was very focused on an area between our house and the driveway and he kept running back and forth from our house toward the Nakai house, barking. I got up and walked outside to see what was going on. I saw Daisy's house lit up by spotlights from police cars. There were

5

R.C.

law enforcement vehicles all over the property, all surrounding the Nakai house. Many of the police pointed their guns toward the Nakai house. I walked up to the nearest police man and asked him what was going on. He said they had an arrest warrant for my nephews and Lezmond Mitchell. It was then that I realized there were Navajo police, the U.S. Marshals and a SWAT team all there. The boys started to come out of the Nakai house, one by one. At first the police had a couple of the boys on their knees in the dirt outside, but soon they had them all outside and face down on the dirt. The boys were barefoot, some in their cutoffs that they slept in. It was apparent they had been awakened by the police.

13. Each of the boys was arrested and put into handcuffs and moved individually to different police cars and driven away. The police that stayed behind went into the Nakai house and ~~ripped it up.~~ started taking things out, filled garbage They, ~~brought out a lot of bags~~ into things they brought out of the Nakai house and put the bags in their police vans. ~~that appeared full.~~ We left shortly after to take Daisy to the Chinle police station - that was one of the rare weekends when she visited her kids - to try to find out what was happening.

13. I was contacted later by the FBI and asked about the latex gloves my son, Raushandal, gave to Johnny and Gregory. I explained that I had a box of gloves, which I get at work, under my sink at the house. The boys were in and out

6                                    R.C.

of my house all the time using the water, the shower, getting food. Any one of them could have seen the gloves under the sink and later asked Raushandal for some of them. We wouldn't have thought anything of it.

14. The U.S. Attorney subpoenaed me to testify as a government witness during Lezmond's trial. I was asked about the gloves. I also told about seeing Johnny Orsinger outside of Gallup on the Saturday before Halloween. I was never interviewed by a defense attorney or defense investigator for Lezmond. I would have been happy to talk to them, had they approached me.

15. This series of events and the sentencing of my nephews and their friends has been extremely depressing for my family. My kids had a hard time getting over what happened and the comments they got when they went out in the community and back to school. I think my ex-sister-in-law, Daisy Nakai, had almost no will to live after her boys were arrested. I believe she continues to struggle with depression today.

I swear under the penalty of perjury of the laws of the United States, the foregoing is true and correct. Signed this _____14th_____ day of August, 2009.

_____
Randall Comb

7

EX 128 - 1651

**DECLARATION OF CARLISLE HASKAN**

I, Carlisle Haskan, hereby declare as follows:

1.  My name is Carlisle Haskan.  I met Lezmond Mitchell at Red Mesa High School located in Red Mesa, Arizona.  We were both in the 9th grade.

2.  Lezmond and I had almost all of our classes together including Media class.  I enjoyed having Lezmond in my classes because we challenged each other.  Lezmond was smart and different from all the other guys at school.  Lezmond had a thirst for knowledge.  He was the kind of guy that others went to with questions.  If Lezmond did not know the answer to a particular question, he would find it somehow. `

3.  At school, the rich kids we called jocks picked on us and we picked on them too.  Basically, it was a Rich Indian-Poor Indian thing.  Lezmond and I were considered poor Indians because of the way we dressed and because we had no money. Their attitude was, we're bigger, better, and we have a lot of things; therefore, you are less.

4.  Growing up in the reservation was hard.  We, (Lezmond and I, and the other poor Indians) had no dreams for a better future; we simply lived in the moment.  I think this is why we, the poor Indians, smoked pot all the time during high school. We always had pot and I was one of the main providers.

1

EX 129 - 1652

5.    At school, we (Lezmond and I, and our friends) smoked in the morning before classes started, during lunch, and after school.    Lezmond and I hung out with Ferdinand Lameman, Jason Kinlicheenie and several other guys.    Sometimes, we also smoked during the day in Media class or inside the school s radio station when Lezmond snuck us in.    Lezmond was the school DJ and I know Lezmond was usually high when he was on the air.

6.    It was easier for me, Lezmond, and my other friends to get pot than alcohol but we did get it sometimes.    I know one time *A friend of ours* brought a bottle of Southern Comfort.    I don t forget that day because I got very drunk and sick. */In Rough Rock* Cocaine was also very hard for us to get because we didn't have money but we did get it at least a couple of times.    I remember we snorted cocaine through a small apparatus we called the bullet.

7.    During our sophomore year, on prom night, Lezmond and I, along with others, left the prom because it was not happening for us.    We didn't like the crowd there and the music was not good and so we went driving around to look for people to party with.    I remember we stopped at the Trading Post and we also went to a place known as The Haunted Woods.    We drank and smoked for a few hours.    After that, a bunch of us went to Lezmond s house.    We partied all night and we all got wasted. We drank, smoked a lot of pot, and we also ~~smoked crack~~ *snorted* cocaine that Lezmond had ~~bought in Chinle earlier that evening~~ *in his possession*.    Some of

2

EX 129 - 1653

the people there that night were Ferdinand Lameman, two other guys and two sisters. In the morning, after the sisters had left, we heard loud knocks at the door and so we all hid in Lezmond s bedroom. It was Lezmond s grandfather asking him if there was anyone in there with him. I guess he had seen the girls drive off.

8. Lezmond was kicked out of Red Mesa High School during our junior year for fighting with another student at least two times on the same day and so was I about three to four months later. My mother took me to Moab, Utah to finish the year. I then returned to the reservation the following year and was enrolled at Rough Rock High School.

9. In Rough Rock, our pot consumption escalated. Not only were we smoking more pot than before; we were drinking alcohol more frequently as well. At the time, it was easy for me to get alcohol through my brother-in-law, Rudy Goldtoothe.

10. I did not graduate the year that Ferdinand and Lezmond graduated because of my grades. I graduated the following year with Lorenzo Reed. Before our graduation, Lorenzo and I got together with Lezmond to smoke pot. We continued to smoke pot and drink after the graduation ceremony.

\ \ \

\ \ \

3



EX 129 - 1654

11. I considered Lezmond more than a friend; he was like a brother to me. I remember him a good person. For example, if he saw me licking my lips craving a soda, he would buy it for me if I had no money. Also, if I was disrespectful toward someone or said something stupid, Lezmond would bring it to my attention in a nice way. I learned a lot from him.

12. I went to Lezmond s house one day but we got so high that I don t remember much about that day. In fact, I don t think my memory is all there due to all the pot I smoked when I was in high school.

13. Lezmond was very private when it came to his family. He never talked about them. Although he didn't mention his mother, it seemed to me as though he hated her but he was too nice to talk bad about her.

14. On August 14, 2009, an investigator of the Office of the Federal Public Defender contacted me regarding Lezmond Mitchell. The investigator explained to me that her Office represents Lezmond Mitchell in federal court proceedings regarding his conviction and death sentence. Until that day, no one had ever interviewed me regarding Lezmond Mitchell or his case. If I had been asked previously, I would have willingly provided the information contained in this declaration and testified to it.

4

CH

EX 129 - 1655

I declare under the penalty of perjury and the laws of the United States of America, the foregoing is true and correct. Signed this ___15th___ day of August, 2009, in Moab, Utah.

Carlisle Haskan

5

EX 129 - 1656

## DECLARATION OF FERDINAND LAMEMAN

I, Ferdinand Lameman, hereby declare as follows:

1.    My name is Ferdinand Lameman.  I met Lezmond Mitchell at Red Mesa High School located in Red Mesa, Arizona.  We were both in the 9th grade.  I believe I was introduced to Lezmond by Gregory Nakai.

2.    During that year, Lezmond Mitchell, Carlisle Haskans, and the other guys I hung around with smoked pot every day.  We did not use rolling paper to smoke pot but rather used a metal pipe known as a bowl.    Lezmond Mitchell was one of my best friends.

3.    Every morning, as soon as the school bus dropped us off, Lezmond and I, and other friends of mine, immediately gathered behind a wall to smoke pot before making our way down the slope toward the school.  That was the best place for us to smoke because the buses parked in an elevated area to drop us off and we were also left unsupervised.  The security people were down by the school and so by the time our first class started, we were already high.  During lunch, we gathered by the football field or the metal shop to smoke pot.  After school, we smoked pot before taking our respective buses home.  We used to say that pot was our breakfast, lunch and dinner.

4.    Lezmond and Jason Nakai were the ones who usually brought pot to school.  I believe they got the pot from Gregory

1



FL

EX 130 - 1657

Nakai, Jason's older brother. We usually had about five or six quarters (which is a quarter of an ounce) to sell around school. We sold and smoked at the same time. We smoked a lot of pot. For example, if there were four of us, we smoked about three to four bowls if possible.

5. That year on prom night, Lezmond and I went Chinle where he was going to score (buy) some rock cocaine from his uncle. I remember we drove to Chinle to an apartment complex next to or behind the Coke factory. I waited for Lezmond in the car. Lezmond was driving his grandfather s car that night. When he returned to the car, Lezmond showed me what he had bought. He had five rocks of crack cocaine with him and said he paid about $100.00 for it.

6. After leaving Chinle, we drove back to Lezmond's house in Round Rock where we picked up a big bag of pot. I believe we attended the prom for a little while and then proceeded to the Trading Post where we drank beer with some other guys. Later that night, we met up with three four other friends including Carlisle Haskans and by midnight, we all ended up at Lezmond s house. His grandfather was not home. The rest of the night, the six of us drank beer, smoked pot, and finished the five rocks of crack cocaine. We partied until we passed out.

7 After finishing my freshman year at Red Mesa High School, my mother transferred me to Rough Rock High School.

2

FL

During my sophomore, junior and senior years at Rough Rock High School, I lived in the dorms.

8.  Shortly after I started my junior year, I saw Lezmond at school. He was now attending Rough Rock High School too. He told me he had been kicked out of Red Mesa High School for getting in a fight. Once again, Lezmond and I started to hang around with each other. We resumed our old ways of smoking pot several times throughout the day, every day.

9.  By now, Lezmond and I not only hung out at school but also after school and on weekends. I think I must have partied at Lezmond s house around 15 to 20 times. Of those times, I only saw Lezmond s grandfather twice and only when he called out for Lezmond from the front door of his house. Lezmond and I usually stayed in the shed which was a detached structure from the main house. Other times, we drove to the Nakai house up the hill to score pot and drink beer. Lezmond and I smoked pot almost every time we saw each other during the years he and I hung out together.

10. During senior year, Gregory Nakai's connection got busted and so scoring pot became difficult for Lezmond. So, my brother and I began buying pot from another connection and usually bought two ounces each. We left two of the ounces at the dorm and took the other two to school to sell and smoke.

3



FL

EX 130 - 1659

11. Lezmond never talked about his family or anything personal during the time I knew him. The only family member I knew was his grandfather who was never home and I never learned why his mother was not there. On one occasion, Lezmond did tell me that his mother had left him a long time ago. He said nothing further about her or anyone else.

12. When I read about the crime in the newspaper, I was shocked and could not believe that Lezmond was being accused of doing such a horrible thing. I never expected Lezmond to end up like this. I expected something like that from Gregory Nakai or his brothers, but not Lezmond. I remember Gregory Nakai always talked about his guns or about going out with his brothers to shoot his guns.

13. On August 14, 2009, an investigator of the Office of the Federal Public Defender contacted me regarding Lezmond Mitchell. The investigator explained to me that her Office represents Lezmond Mitchell in federal court proceedings regarding his conviction and death sentence. Until that day, no one had ever interviewed me regarding Lezmond Mitchell or his case. If I had been asked previously, I would have willingly provided the information contained in this declaration and testified to it.

4



FL

EX 130 - 1660

I declare under the penalty of perjury and the laws of the United States of America, the foregoing is true and correct. Signed this __15__ day of August, 2009, in Moab, Utah.

Ferdinand Lameman

5

EX 130 - 1661

## DECLARATION OF VERA OCKENFELS

I, Vera Ockenfels, hereby state and declare:

1.      I am a licensed attorney in the State of New Mexico. I began practicing criminal defense in January, 1992. I worked on my first death penalty case in or around 1994 and have continued to work on death penalty cases as an attorney since then. In 2001, I became a mitigation specialist and worked on state and federal death penalty and juvenile murder cases in New Mexico, Utah and Arizona. I was the mitigation specialist in the case of *United States v. Lezmond Mitchell*.

2.      My primary contact on the Mitchell trial team was Deputy Federal Defender ("DFPD") Greg Bartolomei. I had very little contact with Lezmond Mitchell's other lawyers, DFPD Jeff Williams and John Sears. During the course of trial preparation in this matter, I attended two team meetings, one of which was attended by Sears, and I participated in one or two phone conferences involving Bartolomei and Williams. Otherwise, I had several phone and e-mail contacts with Bartolomei, which Williams and Sears were not a party to. In fact, I did not have any meaningful contact with Williams or Sears apart from the aforementioned team meetings and phone conferences.

3.      My role in Mitchell's case was to investigate and develop the mitigation for presentation during the guilt and/or penalty phase of the trial. I recall that Mitchell's attorneys treated mitigation as distinctly separate from the guilt phase, rather than an integral part of both the guilt and penalty phases of the trial. This surprised and concerned me because it was my practice, and the practice of other capital defense attorneys with whom I had worked, to involve all the team members in the development of every aspect of the defense. Involving the entire team in all aspects of the major strategy and substantive decisions permits each team member to bring valuable expertise to the table and build upon the results of the research and investigations executed by other team members so that winning

1

VO

Ex 131 - 1662

strategies are engaged and losing ones discarded.

4.    Unlike other felony cases, full team involvement is particularly critical to defending a capital case because the bifurcated nature of the proceedings often involve complex issues that counsel must consider and address, such as guilt defenses that incorporate penalty phase issues.

5.    In preparation for Mitchell's trial, I conducted a social history investigation. A social history investigation is an exhaustive study of the client's social and psychological background, including his upbringing, extended family history, academic, mental health and medical history as it is developed through extensive interviews of anyone acquainted with the client and his family, particularly his caretakers, extended family members, school teachers and medical and psychological treatment providers. Also, various records are amassed pertaining to the client and his caretakers/family which objectively document his social history such as employment, education, medical and mental health records.

6.    The purpose of the social history investigation is to assist the capital defense team and their experts in developing and presenting to the jury the most persuasive theory of defense as it relates to both the guilt and penalty phases. The client's (and his family's) substance abuse history is an important facet of the social history investigation because it is not only critical to his physiological and psychological development and thus relevant to the penalty phase, but can also be relevant to an intoxication defense applicable during the guilt phase.

7.    As a result of my mitigation investigation in Mitchell's case, I learned, among other significant themes, that Mitchell was addicted to alcohol and drugs and that he had started using drugs at age eleven. However, throughout my work on Lezmond Mitchell's case, all three of Mitchell's lawyers often remarked that there was "no mitigation" in his case. I did not agree with the lawyers' assessment of the mitigation and told them so. I expressed my concerns about the trial lawyers' statement that there was no mitigation to DFPD Ken Murray, a colleague

2

VO

of Mitchell's lawyers and a lawyer in the Phoenix Federal Public Defender capital habeas unit with whom I had worked in the past. Murray consulted with Mitchell's lawyers on the case, but told me he could not do anything about it.

8.    I also learned during my mitigation investigation that there was substantial evidence that Mitchell was drunk and high on drugs at the time of the killings. Based on my education, training and experience as a capital lawyer and mitigation specialist, I believed Mitchell's alcohol and drug use affected his state of mind prior to and during the killings.

9.    Well before the trial date, I advised the trial lawyers about Mitchell's history of alcohol and drug use, and his significant drug and alcohol use before and at the time of the killings. Furthermore, government-provided discovery revealed additional evidence that Lezmond Mitchell was intoxicated before, at the time of and after the killings. I recommended that the lawyers consult with a psycho-pharmacologist or other appropriate expert about whether Mitchell was "tweaking" from the effects of methamphetamine or other drug use and/or sleep deprivation and whether he was in a fugue state during the killings. I told them this evidence of an impaired mental state could be used at the guilt phase or as mitigation at the penalty phase, or both.

10.    Bartolomei told me that the team did not intend to pursue evidence of Mitchell's significant history of drug and alcohol abuse, including evidence of intoxication at the time of the crimes, because Mitchell had denied being drunk or high on drugs at the time of the killings. I advised Bartolomei that Mitchell's substance abuse history and the bizarre circumstances of the crime strongly indicated that he was drunk or high at the time of the offenses. I also told him that in my experience investigating capital cases it is not uncommon for a client to falsely deny alcohol and drug use, in general or at the time of the offense. As a former criminal defense attorney in New Mexico, I also have significant experience with Native American clients and their culture. Based on this

3

VO

experience, I stressed to the trial lawyers that it is not uncommon for young Native American clients to minimize or even deny to their attorney their addiction to alcohol and drugs. I suggested that the trial team continue to investigate evidence of Mitchell's history of addiction, as well as evidence of his impairment at the time of the crimes. The attorneys did not follow my recommendations.

11.    I also recommended that the attorneys interview co-defendant Johnny Orsinger, who was with Mitchell at the time of the offenses, about whether he and Mitchell had consumed alcohol or drugs (or both) prior to the killings. I was advised that it was not possible to interview Orsinger because he had been "saddled up" with a lawyer who would not permit him to be interviewed by us. I later learned that Mr. Orsinger had in fact been interviewed by Mitchell's fact investigator, Karl Brandenburger, an interview in which I was not invited to participate. I do not believe that investigator Brandenburger has sufficient training or experience in conducting interviews aimed at developing mitigation evidence, including drug and alcohol addiction as mitigation. I understand that Brandenburger was not able to obtain any information of value to the defense from his interview of Orsinger.

12.    I also recommended that the trial team consult and present a mental health expert to testify about Mitchell's background and upbringing to explain, among other things, how and why he turned to alcohol and drug use at such an early age. I recommended Mark Cunningham, Ph.D., a forensic psychologist with whom I had worked on other capital cases, because I believed he was able to present Mitchell's social history and other mitigation evidence in a compelling manner. To my knowledge, neither Cunningham nor any other mental health expert presented Lezmond Mitchell's social history or explained to the jury the circumstances of his life.

13.    I prepared and gave Mitchell's attorneys a Social History Report that digested all of the mitigation information I had learned throughout my

4                                    $\overline{VO}$

investigation. This was intended as a draft document that I expected would be further developed and revised before it was finalized for presentation to mental health and/or other relevant experts in the case. I do not know what information, if any, the attorneys told any mental health or other experts about Mitchell's case or social history. In my experience, the mitigation specialist is a significant part of the process of sharing information with proposed mental health or other experts on a capital case because the mitigation specialist, having performed the social history investigation first-hand, is in the best position to advise the expert about the client's life history and/or verify or negate information others impart.

14.    Prior to trial, Bartolomei telephoned me and said that the defense would not be calling any mental health experts and would not present any of the social history evidence that I had collected.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, this 22nd day of September, 2009.

Vera Ockenfels

5

| OFFENSE DATE | DOCKET NUMBER | OFFENSE | DISPOSITION |
|---|---|---|---|
| 12/04/2002 | CH-CR-3168-02 | Disorderly Conduct | Completed 10 hours CSW |
| 12/04/2002 | CH-CR-3169-02 | Possession of Liquor | Paid $50.00/R#41844 |
| 07/14/2003 | CH-CR-1692-03 | Battery | $100. Fine suspended to 30 days jail. Parole jail sentence |
| 08/26/2003 | CH-CR-2198-03 | Criminal Damage | Completed 24 hours CSW |
| 08/26/2003 | CH-CR-2199-03 | Disorderly Conduct | Completed 12 hours CSW |
| 11/06/2003 | CH-CR-2648-03 | Interfering with Judicial Proceeding | Completed 30 days probation |
| 11/12/2003 | CH-CR-2758-03 | Criminal Nuisance | 24 hours CSW. Served out 2 days jail due to revoked of CSW. |
| 01/06/2004 | CH-CR-0043-04 | Possession of Liquor | Completed 10 hours CSW |
| 03/15/2007 | CH-CR-0633-07 | Battery | 180 days jail suspended to Probation and referral to DBHS. Failed to complete probation. |
| 01/08/2008 | CH-CR-0199-08 Re: CH-CR-0043-04 | Revocation of Probation | Dismissed for Lack of Service of Petition by The Navajo Nation of Police Department |
| 07/22/2009 | CH-CR-1630-09 | Shoplifting | 32 hours CSW - Pending for Completion |
| 07/19/2009 | CH-CR-1631-09 | Criminal Nuisance | 32 hours CSW - Pending for Completion |
| | | | |
| 06/26/2005 | CH-TR-2526-05 | DUI | $300. suspended to 24 hours CSW and Completed & 90 days jail suspended to Probation and Completed |
| 06/26/2005 | CH-TR-2527-05 | Valid State Driver's License Required | Default $50.00 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | Shirley Moses |
| | | | DOB: 21 Aug 1961 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

*10/22/2009*
*Completed by Court Clerk, Rosita E. Bahe*
*Any additional information call ( 928) 674-2441*
*Chinle Judicial District*
*Post Office Box 547*
*Chinle, AZ 86503*

I hereby Certify that this is a true and correct copy of the instrument on file in the Chinle Family Court.




IN THE FAMILY COURT OF THE NAVAJO NATION

JUDICIAL DISTRICT OF CHINLE, ARIZONA

OPHELIA MOSES,

          Petitioner,            NO. CH-FC-21-04

vs.

                               ORDER OF DISMISSAL

SHIRLENE MOSES,

          Respondent.

---

A Petition for Domestic Abuse Protection and Motion for Temporary Protection Order having been filed with this Court, the Court FINDS:

The Petition for Permanent Order of Protection is hereby dismissed on the grounds of:

    [    ]      Lack of interest by the non-appearance of the petitioner;

    [XXXX]    Insufficient notice to the Respondent (ie. No service completed);

    [    ]      Petitioner's motion for dismissal of the Protection Order;

    [    ]      Failure to appear in person by both parties;

    [    ]      On the Court's own motion - No evidence presented to the Court to enter the Protection Order; and

    [    ]      Other: _____

IT IS HEREBY ORDERED that the matter is hereby dismissed without prejudice and this docket is hereby closed with the Family Court.

SO ORDERED this __15__ day of __January__, 2004.

                                      _____

               JUDGE, Family Court of the Navajo Nation

EX 132 - 1668

 

IN THE FAMILY COURT OF THE NAVAJO NATION

JUDICIAL DISTRICT OF CHINLE, ARIZONA

OPHELIA MOSES,
              Petitioner,                         No. CH-FC-021-04

vs.                                    **TEMPORARY PROTECTION ORDER**
                                         **(WITHOUT NOTICE)**

SHIRLENE MOSES,
              Respondent.

---

TO:   SHIRLENE MOSES
       CHINLE SUNNYSIDE HOUSING #8

     This verified Petition for Domestic Abuse and Motion for Temporary Order came before this Court on the <u>8</u> day of <u>JANUARY</u>, 2004, hereafter referred to as Petitioner(s) having appeared and having given verification concerning the allegations on the Petition the Court, finds:

     1.   That if a temporary restraining order is not issued, it is more likely than not, that the respondent may cause physical injury to the petitioner and may damage the petitioner's property, causing petitioner to fear his/her life and limb, and fear the safety of the petitioner's family, in the immediate future.
     2.   The injuries may consist of physical attacks on the petitioner which may result in cuts, bruises, lacerations, including on family members, and such injuries to person and property may result in permanent disfigurement and damage beyond repair thereby constituting them to be irreparable. Petitioner's verified statement indicate there are past acts and pattern of domestic violence which occurred.
     3.   If notice was provided to respondent, he/she would more likely retaliate and inflict harm or injury before the court were to become effective. The order must therefore be issued without notice to the respondent.

         IT IS THEREFORE ORDERED THAT YOU,<u> SHIRLENE MOSES </u>, ARE HEREBY RESTRAINED, ENJOINED AND BARRED:

     A.   From disturbing, hindering, or interfering with the peaceful enjoyment of life by the petitioner, including his/her association with friends, relatives and children.
     B.   From interfering or disturbing the custodial rights of the petitioner. You are not to take the children from the home or school during the pendency of this action.
     C.   From communicating in any manner or through any third person/agent with the petitioner and children, unless otherwise

permitted by this court during the pendency of this action.

EX 132 - 1669



D.    You, __SHIRLENE MOSES__, shall immediately vacate and remain out of the family residence. The premises located at _Petitioner's residence and immediate surrounding areas_. You will remain out and away from this home until further determination at the next scheduled hearing in the Family Court of the Navajo Nation.

E.    YOU, __SHIRLENE MOSES,__ are also restrained from going to or near the employment site of the petitioner and any other place(s) where petitioner may be doing business for him/herself and family.

F.    YOU, __SHIRLENE MOSES__, & OPHELIA MOSES, shall appear before this Court on the __15__ day of __JANUARY__, 2004, at the hour of __11:00 A.M.__ to answer to the petition; at which time the court will determine if a final judgement for Permanent Protection Order is necessary. Any request to this Court will be in written form and filed with this Court by legal counsel or pro se.

G.    YOU, SHIRLENE MOSES, shall submit a blank money order in the amount of $30.00 to the Chinle Family Court on or before the schedule hearing date for Commissioner's fee. If you fail to submit a blank money order, a bench warrant shall be issued for your immediate arrest.

H.    This Temporary Protection Order shall remain in full force and effect pending a hearing on the Petition. This Order has been registered with the local Navajo Department of Law Enforcement.

I.    FINALLY, YOU __SHIRLENE MOSES__, if you fail to appear before this Court on the date set forth above, a warrant shall be issued for you arrest, and you shall be apprehended and brought before this Court to answer for your non-appearance and Domestic proceedings.

### WARNING

IF YOU FAIL TO OBEY THIS ORDER, OR ANY FRIENDS, RELATIVES, ASSOCIATES OR AGENT WHO FAILS TO OBEY THIS ORDER, YOU SHALL BE IMMEDIATELY ARRESTED AND PROSECUTED ALONG WITH YOUR ASSOCIATE AND BROUGHT BEFORE THIS COURT FOR VIOLATION OF THIS ORDER. IF YOU VIOLATE THIS ORDER YOU MAY BE ARRESTED AND PROSECUTED FOR THE CRIME OF INTERFERRING WITH JUDICIAL PROCEEDINGS, WHETHER OR NOT THE RESPONDENT'S ACTION OCCURRED IN THE PRESENCE OF A PEACE OFFICER.

ORDERED this __9TH__ day of __January__, 2004.

_____
JUDGE, Family Court of the Navajo Nation

Name / Address of Petitioner
Ophelia Moses



## IN THE FAMILY COURT OF THE NAVAJO NATION
## JUDICIAL DISTRICT OF CHINLE, ARIZONA

Ophelia Moses

No. CH-FC-_021-04_

Petitioner,

vs.

Shirlene Moses

**PETITION FOR DOMESTIC ABUSE
PROTECTION ORDER AND MOTION
FOR TEMPORARY PROTECTION ORDER**

Respondent.

I, Ophelia Moses _____, residing within the territorial jurisdiction of the Navajo Nation. I request that the Court grant a Domestic Abuse Protection Order based on the following:

1.    That the Respondent is [     ] my spouse, [     ] my ex-spouse, [     ] my boy / girlfriend,

[     ] a family member, [     ] other (please describe): My Mother _____

2.    Respondent has committed acts of domestic abuse against me.

A.    Approximate date of the most recent abuse occurred: 1-6-04 shirlene Was arrested by my appartment and caused a secen and the manager came to settle this.

B.    Describe most recent abuse and any destruction of property: Shirlene Moses Left her Liquor in my appartment and abuse the kids, and I Ophelia Moses was blame that it was mines. The manager and Police had to search my appartment to check if every thing was safe thats when the Liquor was found. (1-6-04)

2

EX 132 - 1671

D.    Respondent has been abusing me for ___N/A___ (write in length of time).

E.    In the past, Respondent has committed the following acts of physical abuse against me (list approximate dates and describe): *(1-6-04) Calling me uncomfortable names, assaulting me*

F.    I have suffered emotional and physical injuries as a result of Respondent's violence (Describe injuries): ___N/A___

3.    Respondent and I have been involved in the following court cases (**check all that applies to you, list date(s), and any existing court orders and explain**):

[    ] Criminal Prosecution: *N/A*

[    ] Divorce: *N/A*

[    ] Custody: *N/A*

[    ] Other Court Action: *N/A*

4.    Respondent and I are the parents of the following children (**list names, census numbers and date of birth or** attach a copy of Family Profile): *Krystal Moses* ████████ 38 / *Alonzo Moses* ██████████ 90 / *Stephanie Moses* ███████ 92

[  ✓  ] The children are currently in my physical custody.

[    ] The children are currently in the Respondent's physical custody.

3

EX 132 - 1672

5.  I am the parent of the following children who are not the Respondent children (list names of children):

_____ N|A _____

_____

6.  Respondent has abused the above named children (describe any abuse): N|A _____

_____

7.  I have suffered emotional and physical injuries as a result of Respondent's abuse. Unless Respondent is restrained, such abuse will continue.

## MOTION FOR TEMPORARY PROTECTION ORDER

[ ✓ ] I need a Temporary Protection Order to protect me until a hearing can be held on my Petition for Domestic Abuse.

[    ] I DO NOT need a Temporary Protection Order.

## REQUESTED RELIEF

I REQUEST THAT THE COURT GRANT ME THE FOLLOWING:

[ ✓ ] 1.  Order Respondent not to abuse, harass, threaten me or commit any other domestic abuse.

[ ✓ ] 2.  Order Respondent to immediately leave my residence.

[ ✓ ] 3.  Order Respondent to stay at least 100 yards from the following places (**DO NOT LIST ANY ADDRESSES IF REVEALING IT WOULD FUTHER ENDANGER YOU**):

[    ] My residence: N|A _____

[    ] My place of employment: N|A _____

[    ] School attended by my children or myself: N|A _____

[    ] Other places: N|A _____

[ ✓ ] 4.  Order Respondent not to contact me in person, in writing or by telephone.

[    ] 5.  Award me temporary custody of our children and Order Respondent not to have contact with them until a Court hearing is held.

[    ] 6.  After a hearing, allow Respondent to have visitation rights with the following conditions:

A.  At the following place(s): N|A _____

4

## IN THE DISTRICT COURT OF THE NAVAJO NATION
## JUDICIAL DISTRICT OF CHINLE, ARIZONA

THE NAVAJO NATION,                )          Case No.CH-CR-1631-09
                        Plaintiff,    )
        vs.                        )
                                  )
SHIRLEY MOSES,                  )          **JUDGMENT and MITTIMUS**
C#: ████ DOB: ████ 1961,        )
████████████████████           )
                                  )
_____ Defendant.    )

YOU, ☐ have been acquitted, ☒ have plead guilty, ☐ have plead no contest, ☐ have been found guilty, ☐ by a jury of your peers, ☐ by the Court, of the offense of <u>CRIMINAL NUISANCE</u> in violation of Title <u>17</u>§ <u>486</u> of the Navajo Tribal Code, and in accordance with the mandate of said code, YOU ARE SENTENCED:

☐ To jail for a period of _____ days ☐ To payment of a fine of $_____, Due:_____.

☐ To jail for a period of _____ days AND payment of a fine of $_____.

Sentence commences on <u>OCTOBER 5, 2009</u>.

☐ Your JAIL sentence is SUSPENDED and PROBATION is granted for _____ hours. Contact Probation/Parole Services for further instructions.

☒ **Your sentence shall be completed by COMMUNITY SERVICE WORK for 32 hours. Contact Probation/Parole services for further instructions.**
**\*CONCURRENT WITH CH-CR-1630-09\***

☒ **Further you are ordered to <u>STAY AWAY FROM BASHAS STORE CHINLE, AZ. FOR 30 DAYS</u>.**

☐ You are committed to the custody of the keeper of the Navajo Department of Corrections; <u>WINDOW ROCK/CHINLE, AZ</u> and there to be confined until this judgment has been satisfied.

DATE this <u>5</u> day of OCTOBER, 2009.

_____
JUDGE, District Court of the Navajo Nation

**MITTIMUS**
To: THE KEEPER OF THE NAVAJO DEPARTMENT OF CORRECTIONS; <u>WINDOW ROCK/CHINLE</u>. You are hereby ordered to take, receive and safely keep the person until he/she has satisfied the above judgment.

DATE this <u>5</u> day of OCTOBER, 2009.

_____
JUDGE, District Court of the Navajo Nation

cs

EX 132 - 1674

IN THE DISTRICT COURT OF THE NAVAJO NATION
JUDICIAL DISTRICT OF CHINLE, ARIZONA

**THE NAVAJO NATION,**                          )      No. CH-CR-1031-09
                                                )
                              **Plaintiff,**    )
          Vs.                                   )
                              DOB: ▮▮/61        )      **CRIMINAL COMPLAINT**
**MOSES, SHIRLEY**            C# ▮▮▮             )
                                                )
                              **Defendant,**    )

The above-named Defendant is charged by this complaint with the offense of
____**CRIMINAL NUISANCE**____ in violation of Title __17__ ss __486(A)(1)__ code
of the Navajo Nation, and contrary of the peace and dignity of the Navajo Nation to wit.

*DEFENDANT BY CONDUCT EITHER UNLAWFUL IN ITSELF, HE RECKLESSLY CREATES A CONDITON WHICH ENDANGERS THE SAFETY OF OTHERS.*

The said Defendant did on or about the _19_ day at the hours of __3:37 PM____
of _____July_____ ,2009, within the jurisdiction of this court at ____
                    BASHAS SHOPPING CENTER IN CHINLE, ARIZONA.
_____

## FACTS:

The defendant, Shirley Moses remained on the premise of Bashas while she was under the influence of intoxicating liquor. Defendant staggered in front of Bashas and created a unsafe condition, she endangered the store customers, as well as herself. Defendant endangered the public by being at Bashas, while she was under the influence of intoxicating liquor. She was a hazard to others, as well as herself. She posed a safety hazard to the store customers.

**WITNESS(ES):**
1.   POLICE OFFICER HAROLD BITSUIE, NDLE-CHINLE, AZ.

Date: ___7/19/09___

Witness to Complainant's Signature

Prosecutor

_____ Badge # 8133
Complainant's Signature (or Thumbprint)
Harold Bitsuie, Police Officer
N.D.L.E. – Chinle Police District
Chinle, Arizona.

EX 132 - 1675

## IN THE DISTRICT COURT OF THE NAVAJO NATION
## JUDICIAL DISTRICT OF CHINLE, ARIZONA

THE NAVAJO NATION,          )         **Case No.CH-CR-1630-09**
          **Plaintiff,**   )

    **vs.**                 )

                     )        **JUDGMENT and MITTIMUS**

**SHIRLEY MOSES,**       )
**C#:** ▇▇▇ **DOB:** ▇▇▇▇▇▇▇   )

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇   )
                 **Defendant.**  )

YOU, ☐ have been acquitted, ☒ have plead guilty, ☐ have plead no contest, ☐ have been found guilty, ☐ by a jury of your peers, ☐ by the Court, of the offense of <u>SHOPLIFTING</u> in violation of Title <u>17</u>§ <u>334</u> of the Navajo Tribal Code, and in accordance with the mandate of said code, YOU ARE SENTENCED:

☐ To jail for a period of _____ days ☐ To payment of a fine of $_____, Due:_____.

☐ To jail for a period of _____ days AND payment of a fine of $_____.

Sentence commences on <u>OCTOBER 5, 2009</u>.

☐ Your JAIL sentence is SUSPENDED and PROBATION is granted for _____ hours.
Contact Probation/Parole Services for further instructions.

☒ Your sentence shall be completed by COMMUNITY SERVICE WORK for <u>32</u> hours. Contact Probation/Parole services for further instructions.

☒ Further you are ordered to <u>STAY AWAY FROM BASHAS STORE CHINLE, AZ. FOR 30 DAYS.</u>

☐ You are committed to the custody of the keeper of the Navajo Department of Corrections; <u>WINDOW ROCK/CHINLE, AZ</u> and there to be confined until this judgment has been satisfied.

DATE this <u>5</u> day of OCTOBER, 2009.

_____
JUDGE, District Court of the Navajo Nation

**MITTIMUS**

To: THE KEEPER OF THE NAVAJO DEPARTMENT OF CORRECTIONS; <u>WINDOW ROCK/CHINLE</u>. You are hereby ordered to take, receive and safely keep the person until he/she has satisfied the above judgment.

DATE this <u>5</u> day of OCTOBER, 2009.

_____
JUDGE, District Court of the Navajo Nation

cs

EX 132 - 1676



IN THE DISTRICT COURT OF THE NAVAJO NATION

JUDICIAL DISTRICT OF

_____CHINLE, ARIZONA_____

THE NAVAJO NATION,                     )        No. CH-CR-1630-09
                                       )
                    Plaintiff,         )
                                       )
            vs.                        )
                                       )        CRIMINAL COMPLAINT
MOSES , SHIRLEY        C# 502416       )
                                       )
SS # ██████ 7501   D.O.B.: ████ 61     )
                                       )
█████████████████████████             )
                    Defendant          )

The above named Defendant is charged by this complaint with the offense of

_____Shoplifting_____ in violation of Title __17__ § __334.a1__ , Code of the Navajo Nation,

and contrary to the peace and dignity of the Navajo Nation to wit:   Defendant obtains the goods of another while in a mercantile establishment in which merchandise is displayed for sale by willfully taking possession of any merchandise with intention of converting it without paying for it.

The said Defendant did on or about the __22__ day at the hour of __5 : 10 PM__

of __JuN__    __2009__ , within the jurisdiction of this court at   __INSIDE BASHAS STORE__

__CHINLE ,ARIZONA__

FACTS:  DEFENDANT SHIRLEY MOSES COMMITTED THE OFFENSE OF SHOPLIFTING BY CONCEALING ONE BOTTLES OF SUAVE RAVE HAIR SPRAY IN HER BLACK PURSE AND WALKED OUT OF THE STORE WITHOUT PAYING FOR ITEM . BOTH VALUE $ 2.79.

WITNESS: KRISTINA FRANCES / CASHIER  BASHAS STORE CHINLE ,AZ
         TWILA BAHE / MANAGER  BASHAS STORE CHINLE ,AZ

Date: __7/22/09__

Witness to Complainant's signature:

Prosecutor

Complainant's Signature (or thumbprint)
KEE BEGAY , POLICE OFFICER # 3105
NDLE CHINLE ,AZ

EX 132 - 1677

# IN THE DISTRICT COURT OF THE NAVAJO NATION
## JUDICIAL DISTRICT OF

_Chinle, Arizona_

THE NAVAJO NATION,                      )         No. ___CH-CR-0199-08
           Plaintiff,        )

         VS.                         )

Shirley Moses ___ C# ▮▮▮▮▮             )         MOTION TO DISMISS
      ▮▮▮▮▮▮▮▮▮▮              )                  &
      ▮▮▮▮▮▮▮▮                )         COURT ORDER
      ▮▮▮▮▮ Defendant.        )

Comes now _____ Chinle Prosecutor _____, respectfully
move the Honorable Court to dismiss the above — entitled cause for the following reasons;

Pursuant to Rule 32(a), Rules of Criminal Procedure, the Plaintiff prays that the Honorable
Court dismiss the above-cause for;

Lack of Service by Navajo Police Department

Date: 3/12/08                                        _Cynthia Mya_
                                       OFFICE OF THE PROSECUTOR

&#42;  &#42;  **ORDER**  &#42;  &#42;

It is THEREFORE SO ORDERED that the Motion to Dismiss as requested is hereby
(granted) (denied).

ORDERED this _____ day of __3/14/08__ , 19 ____.

                                       _Bedoni_
                    DISTRICT JUDGE

V2005 BUTLER'S - GALLUP

Cynthia Thompson
OFFICE OF THE PROSECUTOR
P.O. Box 1057
Chinle, Arizona 86503
Telephone: (928) 674-2217
Facsimile: (928) 674-2222



FILED
JAN - 8 2008
CHINLE JUDICIAL
DISTRICT

## IN THE DISTRICT COURT OF THE NAVAJO NATION
## JUDICIAL DISTRICT OF CHINLE, ARIZONA

| | | |
|---|---|---|
| The Navajo Nation | ) | No. CH-CR-199-08 |
| | ) | Re:  CH-CR-633-07 |
| Petitioner, | ) | |
| vs. | ) | **PETITION FOR REVOCATION** |
| Shirley Mose  C# █████ | ) | **OF PROBATION** |
| ████████████ | ) | |
| | ) | |
| ████████████ | ) | |
| Defendant. | ) | |

The Navajo Nation, through the Office of the Prosecutor, respectfully petitions the Court to revoke defendant's probation and states the following:

1. This Court has continuing personal and subject matter jurisdiction in this matter.

2. The Defendant was placed on one hundred eighty (180) days probation on November 21, 2007.

3. On December 27, 2007, Probation Officer, Larry D. Tsosie, submitted a memorandum to the Office of the Prosecutor indicating that the Defendant violated the terms of the probation agreement dated November 21, 2007. Please see attached exhibit "A".

4. The Defendant acknowledged the twelve (12) items of conditions listed on the Probation and Parole condition form. Please see attached exhibit "B".

5. Defendant violated Probation conditions:

Probation Conditions #3) which states Defendant shall report to probation officer in person once a week. Defendant last reported to Probation service on November 26, 2007

Probation Conditions#11) which states Defendant shall submit to alcohol assessment with Department of Behavioral Health Services in Chinle, AZ. To date, there is no proof of testing submitted by the Defendant.

Probation Conditions#12) which states Defendant shall attend the Public Education on December 13, 2007. Defendant failed to appear.

6. If Defendant should admit to the violation or through evidence, is found guilty, Defendant's original jail sentence of one hundred eighty (180) days should be reinstated.

7. The Navajo Nation respectfully requests that a Bench Warrant be issued for Defendant's arrest.

WHEREFORE, Plaintiff prays the Court for the following:

A. To grant the foregoing Petition for Revocation of Probation for Defendant's non-compliance of the conditions of Probation/Parole.

B. Issue a Bench Warrant for Defendant to be brought before the Court and answer to the Petition for Revocation of Probation.

C. That the original jail sentence be reinstated for Defendant, in the event he admits to the Petition for Revocation of Probation.

D. Any other relief the Court deems just and proper.

Dated this _8th_ day of January 2008.

OFFICE OF THE PROSECUTOR
Counsel for Plaintiff

Cynthia Thompson

EX 132 - 1680

330

# CHINLE PROBATION/PAROLE SERVICES



## MEMORANDUM

TO       :   District Court
              Chinle, Arizona

FROM     : _____, Probation Officer
              Larry D. Tsosie
              Chinle Probation/Parole Services

DATE     : December 27, 2007

SUBJECT   : **REVOKE PROBATION**
              Shirley Mose DOB: ████61, ███████████████████
              ██████
              CH-CR-0633-07

The Honorable Court granted probation for 180 days of Probation for the offense of Battery, but defendant has violated the following probation conditions;

1. Defendant violated probation/parole condition no# 3, which states defendant shall report to probation officer in person once a week. But defendant has not report in since November 26, 2007, and a notice was sent to defendant on December 06, 2007 to contact our office December 13, 2007, thus far no contact.
2. Defendant violated probation/parole condition no# 11, which states defendant shall submit to alcohol assessment Chinle Department of Behavioral Health Services, there is no proof of service rendered.
3. Defendant violated probation/parole condition no# 12, which states defendant shall attend the Public Education on December 13, 2007 at 8 am. Defendant did not attend.

Defendant has not made an effort to contact probation/parole services after her last contact; defendant understood the probation/parole conditions when she acknowledged with her signature on November 21, 2007. But defendant has failed to adhere to the set forth conditions of probation. Defendant is not a good candidate for probation or parole.

Therefore I recommend that the Honorable Court considers reinstating the original jail sentence since defendant fails to comply with directives of the court and the officers of the court.



**EXHIBIT**

## IN THE DISTRICT COURT OF THE NAVAJO NATION
## JUDICIAL DISTRICT OF CHINLE, ARIZONA

THE NAVAJO NATION,

                        Plaintiff,

    vs.

**Shirley Moses,**

                      Defendant.

Case No. CH-CR-633-07

**MINUTE ORDER**

---

The Court upon review of this matter and having considered the record in this case finds that on <u>November 21, 2007</u>, the Defendant, was sentenced to:

_____ Jail for a period of _____ days.

_____ Pay a fine of $.

<u>XX</u> Jail for a period of <u>180</u> days.

<u>XX</u> Which was Suspended to:

        <u>XX</u> Probation for <u>180</u> days.

        _____ Community Service Work for _ hours.

_____ Peacemaking Court..

_____ Pay Restitution in the amount of $.

<u>XX</u> Counseling: Further, you shall submit yourself to an alcohol/substance abuse a assessment at Chinle Behavioral Health Service. You shall complete any recommended treatment/counseling by the service provider.

_____ Defendant has completed the following to satisfy his or her sentence:

<u>XX</u> Other: On January 8, 2008, the Court received a Petition for Revocation of Probation, from Office of the Prosecutor, Chinle, Az., docket number CH-CR-199-08.

**IT IS THEREFORE ORDERED**, that the Defendant has fulfilled most of the conditions of his or her sentence. Therefore, this matter is hereby CLOSED.

**SO ORDERED** this <u>19th</u> day of February, 2008.

                      _____

                      JUDGE, District Court of the Nation Nation

IN THE DISTRICT COURT OF THE NAVAJO NATION
JUDICIAL DISTRICT OF CHINLE, ARIZONA

THE NAVAJO NATION,

                  Plaintiff,          Case No. CH-CR-633-07

vs.

SHIRLEY MOSE ◼
DOB: ◼ 1961 SS# ◼ 3501
◼

        Defendant.

## JUDGMENT and MITTIMUS
## (CHANGE OF PLEA)

YOU, SHIRLEY MOSE [ ] have been acquitted, [X] have pleaded guilty, [ ] have been found guilty, [ ] by a jury of your peers, [ ] by the Court, of the offense of __BATTERY__ in violation of Title _17_ and Section _316_ of the Navajo Tribal Code, and in accordance with the mandate of said code, YOU ARE SENTENCED:

[XX] To jail for a period of _180_ days.

Sentence commences on _November 21, 2007_ Date of release _UPON COMPLETION OF PROB_

Further you are order to make restitution to _____ (injured party) in the following manner:

[XX] Your JAIL sentence is SUSPENDED and PROBATION is granted for _180_ days. Contact the Probation Officer for this Judicial District for further instructions.

[XX] Further, you shall submit yourself to an alcohol/substance abuse assessment at Chinle Behavioral Health Service. You shall complete any recommended treatment/counseling by the service provider. Upon completion of the assessment, you shall provide a copy of the treatment/counseling plan to this Court.

[ ] You are committed to the custody of the keeper of the Navajo jail at _WINDOW ROCK/CHINLE, AZ_ and there to be confined until this judgment has been satisfied.

DATED this _21_ day of _November_, 2007.

                                JUDGE, District Court of the Navajo Nation

### MITTIMUS

To: THE KEEPER OF THE JAIL AT _WINDOW ROCK/CHINLE NDPS_. You are hereby ordered to take and receive and safely keep the person of _SHIRLEY MOSE_ until he/she has satisfied the above judgment.

DATED this _21_ day _November_, 2007.

                                JUDGE, District Court of the Navajo Nation

IN THE DISTRICT COURT OF THE NAVAJO NATION
JUDICIAL DISTRICT OF CHINLE, ARIZONA

| | | |
|---|---|---|
| THE NAVAJO NATION, | ) | No. CHCR-0633-07 |
| | ) | |
| Plaintiff, | ) | |
| Vs. | ) | |
| DOB: ████ 19 | ) | **CRIMINAL COMPLAINT** |
| Mose, Shirley    C# ████ | ) | |
| ████████████ | ) | FILED |
| Defendant, | | APR -2 2007 |

CHINLE JUDICIAL
DISTRICT

The above-named Defendant is charged by this complaint with the offense of

**BATTERY** in violation of Title **17** ss **316(A)**, code
of the Navajo Nation, and contrary of the peace and dignity of the Navajo Nation to wit:

*DEFENDANT UNLAWFULLY AND INTENTIONALLY APPLIED FORCE TO THE PERSON OF ANOTHER.*

The said Defendant did on or about the _15_ day at the hours of _10:23 AM_
of _____ March _____ ,2007, within the jurisdiction of this court at ____
████████████████ Nazlini, Arizona

**FACTS:**
Defendant, Shirley Mose was reported fighting with Joesphine Curley. Josephine was pushed and strucked on the chin on the facial area by Shirley.

**WITNESS(ES):**

1. Marlene Curley, ████████████

Date: _____ 15 March 2007 _____

Witness to Complainant's Signature

_Cynthia Thompson_
Prosecutor 4/2/07

Badge # 139
Complainant's Signature (or Thumbprint)
Ferlando Fonseca - Police Officer
N.D.L.E. – Chinle Police District
Chinle, Arizona

EX 132 - 1684

COURT COPY

# IN THE DISTRICT COURT OF THE NAVAJO NATION
## JUDICIAL DISTRICT OF CHINLE, ARIZONA

| | |
|---|---|
| **THE NAVAJO NATION** | **CH-CR-43-04** |
| Plaintiff, | |
| V. | |

**Shirley Moses**        C#▮▮▮▮▮▮

## ORDER FOR COMPLETION OF COMMUNITY SERVICE WORK

WHEREAS, the above named defendant was sentenced to Labor accordance with 17 N.T.C. § 220/1817 and placed on the Community Service Work Program and the said defendant having completed the assigned (10) hours of community service work at Chinle Detention Facility,

___4/8/4___
Date Signed

_____
Probation / Parole Officer

## * * * * O R D E R * * * *

It is **THEREFORE ORDERED** that this matter shall be closed through the defendant's successful completion of the assigned hours under the Community Service Work Program.

**THUS ORDERED** this ___8___ day of ___April___, 2004.

_____
JUDGE, District Court of the Navajo Nation



*IN THE DISTRICT COURT OF THE NAVAJO NATION*
*JUDICIAL DISTRICT OF CHINLE, ARIZONA*

---

*THE NAVAJO NATION,*
                    *Plaintiff,*                    *Case No. CH-CR-43-04*

        *vs.*

*MOSES, SHIRLEY C*█████████
*DOB:* ███*961 SS#*██████*-3501*
*ADDRESS:*████████████████████████

                    *Defendant.*

---

### JUDGMENT and MITTIMUS
### (MODIFIED)

*YOU, MOSES, SHIRLEY [ ] have been acquitted, [X] have pleaded guilty, [ ] have been found guilty, [ ] by a jury of your peers, [ ] by the Court, of the offense of POSSESSION OF LIQUOR in violation of Title 17 and Section 410 of the Navajo Tribal Code, and in accordance with the mandate of said code, YOU ARE SENTENCED:*

*[ ] To jail for a period of __ days [XX] To payment of a fine of $ 50.00.*

*[ ] To jail for a period of __ days AND payment of a fine of $_____.*

*Sentence commences on April 5, 2004 Date of release UPON COMPLETION OF CSW*

*Further you are ordered to make restitution to _____ (injured party) in the following manner:*

*[XX] Your FINE sentence is SUSPENDED and CSW is granted for 10 hours. YOU SHALL COMPLETE* **YOUR CSW AT THE JAIL FACILITY**
*Contact the Probation Officer for this Judicial District for further instructions.*

*[ ] You are committed to the custody of the keeper of the Navajo jail at CHINLE, AZ and there to be confined until this judgment has been satisfied.*

*DATED this 5 day of April, 2004.*

                    _____
                    *JUDGE, District Court of the Navajo Nation*

### MITTIMUS

*To: THE KEEPER OF THE JAIL AT CHINLE NDPS. You are hereby ordered to take and receive and safely keep the person of MOSES, SHIRLEY until he/she has satisfied the above judgment.*

*DATED this 5 day April, 2004.*

                    _____
                    *JUDGE, District Court of the Navajo Nation*

EX 132 - 1686

## IN THE DISTRICT COURT OF THE NAVAJO NATION

### JUDICIAL DISTRICT OF

### CHINLE, ARIZONA



No. CH-CR-43-04

| | | |
|---|---|---|
| **THE NAVAJO NATION** | | ) |
| | Plaintiff, | ) |
| | | ) |
| vs. | DOB: ▮▮61 | ) |
| | SOC: ▮▮3501 | ) |
| Shirley MOSE | C# ▮▮ | ) |
| ▮▮▮▮ | | ) |

**CRIMINAL COMPLAINT**

**Defendant**

The above-named Defendant is charged by this complaint with the offense of

POSSESSION OF LIQUOR in violation of Title 17, § .410. Code of the Navajo Nation and

contrary to the peace and dignity of the Navajo Nation to wit: SHE KNOWINGLY POSSESSES ANY

ALE, OR ANY OTHER BEVERAGE WHICH PRODUCES ALCOHOLIC INTOXICATION AND

SUCH ALCOHOLIC BEVERAGE IS INTENDED FOR HER PERSONAL USE.

The said Defendant did on or about the 06th day at the hour of 6:45 P.M.

of January, 2004, within the jurisdiction of this court at main parking lot of Tsaile Acres One apartments

parking lot. Tsaile, AZ.

NARRATIVE; the defendant had been arrested for Public Intoxication and while she was crawling into the police vehicle bottles were heard clinking very loudly from her coat sleeves. The arrestee took out three forty-ounce bottles of Schlitz Bull malt liquor from her coat sleeves. She was told she was also being charged with Possession of Liquor.

Date: _1-7-04_

Witness to Complainant's signature:

_____

_____
Prosecutor

Complainant's Signature (or thumbprint)
Donald Burbank. Police Sergeant. Badge # 004.
Diné College Campus Police Department.
Tsaile, Arizona.

EX 132 - 1687

COURT COPY

## IN THE DISTRICT COURT OF THE NAVAJO NATION
### JUDICIAL DISTRICT OF CHINLE, ARIZONA

THE NAVAJO NATION,
                    Plaintiff,

vs.                                          CH-CR-3168-02

Shirley Mose C# ███████
        Defendant

## ORDER OF FOR COMPLETION OF COMMUNITY SERVICE WORK

WHEREAS, the above named defendant was sentenced to Labor in accordance with 17 N.T.C. 220/1817 and placed into the community work service program. The said defendant having completed the assigned 10 hours of community work program.

_____
Probation/Parole Officer

It is THEREFORE ORDERED that this matter shall be closed through the defendant's successful completion of the assigned hours under the community service work program.

THUS ORDERED this 2 day of July , 2003

_____
Judge, District Court of the Navajo Nation

IN THE DISTRICT COURT OF THE NAVAJO NATION
JUDICIAL DISTRICT OF CHINLE, ARIZONA

THE NAVAJO NATION,
                    Plaintiff,                    Case No. CH-CR-3168-02

     vs.

SHIRLEY MOSES C#▮
DOB: ▮▮-61 SS# ▮▮▮▮ ▮▮01

                    Defendant.

JUDGMENT and MITTIMUS
(REINSTATED)

YOU, SHIRLEY MOSES [ ] have been acquitted, [X] have pleaded guilty, [ ] have been found guilty, [ ] by a jury of your peers, [ ] by the Court, of the offense of DISORDERLY CONDUCT in violation of Title 17 and Section 483 of the Navajo Tribal Code, and in accordance with the mandate of said code, YOU ARE SENTENCED:

[ ] To jail for a period of __ days [ ] To post Security Bond of $ __

[ ] To jail for a period of __ days AND payment of a fine of $_____.

Sentence commences on July 16, 2003 Date of release UPON COMPLETION OF CSW

Further you are ordered to make restitution to _____ (injured party) in the following manner:

[XX] Your sentence shall be completed by COMMUNITY SERVICE WORK granted for 10 hours. Work to be performed.
Contact the Probation Officer for this Judicial District for further instructions.

[ ] You are committed to the custody of the keeper of the Navajo jail at WINDOW ROCK/CHINLE, AZ and there to be confined until this judgment has been satisfied.

DATED this 16 day of July, 2003.

_____
JUDGE, District Court of the Navajo Nation

MITTIMUS

To: THE KEEPER OF THE JAIL AT WINDOW ROCK/CHINLE NDPS. You are hereby ordered to take and receive and safely keep the person of SHIRLEY MOSES until he/she has satisfied the above judgment.

DATED this 16 day July, 2003.

_____
JUDGE, District Court of the Navajo Nation

EX 132 - 1689



IN THE DISTRICT COURT OF THE NAVAJO NATION

JUDICIAL DISTRICT OF

CHINLE AZ

THE NAVAJO NATION,                    )       No. CH-CR-3168-02
                                      )
                        Plaintiff,    )
                                      )
          vs.           55ª-   350/   )
Moses, SHIRLEY    C#.                 )       CRIMINAL COMPLAINT
                                      )                              2u
                                      )
                                      )
                        Defendant.    )

                              The above-named Defendant is charged by this complaint with the offense of
DISORDERLY CONDUCT.                    in violation of Title   17   § 483.   Code

of the Navajo Nation, and contrary to the peace and dignity of the Navajo Nation to wit:

                              The said Defendant did on or about the  4  day at  hour of  7:52 P.M.
of   DECEMBER   2002, within the jurisdiction of this court at
AT Mike Mitchell's Residence,

SHE WITH KNOWLEDGE OF DOING SO CREATED ANNOYANCE AND ALARM
SHE USES ABUSIVE AND OFFENSIVE LANGUAGE TO HER PARENTS.
FACTS: SHIRLEY MOSES CAME HOME DRUNK AND STARTED HARASSING
HER MOTHER (PRISCILLA MITCHELL) THEN WHEN SHE WAS TOLD TO
STOP SHE GOT VERY UPSET AND STARTED TO CUSS AND USE
ABUSIVE LANGUAGE TOWARD HER PARENTS.

WIT: MITCHELL, MIKE,
     MITCHELL, SARA

Date: December 10, 2002

Witness to Complainant's signature:

Prosecutor

Complainant's Signature (or thumbprint)
ANTHONY Brown
NOLE,
Chinle A.

IN THE DISTRICT COURT OF THE NAVAJO NATION
JUDICIAL DISTRICT OF CHINLE, ARIZONA

---

THE NAVAJO NATION,

                    Plaintiff,                         Case No. CH-CR-3169-02

        vs.

SHIRLEY MOSES C#█████████████

DOB: ████-61 SS# ████████ 3501

████████████████████████████████████████████

                    Defendant.

---

### JUDGMENT and MITTIMUS
### (REINSTATED & MODIFIED)

YOU, SHIRLEY MOSES [ ] have been acquitted, [X] have pleaded guilty, [ ] have been found guilty, [ ] by a jury of your peers, [ ] by the Court, of the offense of POSSESSION OF LIQUOR in violation of Title 17 and Section 410 of the Navajo Tribal Code, and in accordance with the mandate of said code, YOU ARE SENTENCED:

[ ] To jail for a period of __ days [XX] To payment of a fine of $ 50.00

[ ] To jail for a period of __ days AND payment of a fine of $_____.

Sentence commences on July 16, 2003 Date of release DETAIN UNTIL  PAID IN FULL

Further you are order to Pay restitution to _____ (injured party) in the following manner:

[ ]Your sentence is SUSPENDED and PROBATION/CSW is granted for _____ months/hours.
Contact the Probation Officer for this Judicial District for further instructions.

[ ] You are further Order to ATTEND TRAFFIC SURVIAL SCHOOL; CONTACT the Probation & Parole Office for further instruction of Date and Time. (BRING A BLANK MONEY ORDER FOR CLASS FEE).

[XX] You are committed to the custody of the keeper of the Navajo jail at WINDOW ROCK/CHINLE, AZ and there to be confined until this judgment has been satisfied.

DATED this 16 day of July, 2003.

_____
JUDGE, District Court of the Navajo Nation

### MITTIMUS

To:  THE KEEPER OF THE JAIL AT WINDOW ROCK/CHINLE NDPS . You are hereby ordered to take and receive and safely keep the person of SHIRLEY MOSES until he/she has satisfied the above judgment.

DATED this 16 day July, 2003.

_____
JUDGE, District Court of the Navajo Nation

IN THE DISTRICT COURT OF THE NAVAJO NATION

JUDICIAL DISTRICT OF

Chinle, Arizona

THE NAVAJO NATION,

Plaintiff,

vs.

Moses Shirley  C# ▓▓▓▓▓  350|

▓▓▓▓▓▓  Defendant.

No. CH-CR-3169-02

CRIMINAL COMPLAINT

The above-named Defendant is charged by this complaint with the offense of

Possession of Liquor _____ in violation of Title 17 § 460 . Code

of the Navajo Nation, and contrary to the peace and dignity of the Navajo Nation to wit:

The said Defendant did on or about the 4 day at 1 hour of 7:50 P.M.

of December 2002 19 , within the jurisdiction of this court at ▓▓▓▓▓

▓▓▓ AT Mike Mitchell's Residence ▓▓▓▓

SHE KNOWINGLY POSSESSES ANY BEER, WINE WHICH PRODUCES ALCOHOLIC INTOXICATION AND SUCH ALCOHOLIC BEVERAGE IS INTENDED FOR HER PERSONAL USE.

FACTS: SHIRLEY MOSES'S HAD TWO (2) BOTTLES OF GARDEN DELUXE WINE BEHIND HER HOGAN, ALSO FOUND WAS A OPEN 40 fl oz BOTTLE OF BEER 1/2 CONSUMED BEHIND RESIDENCE, WHERE SHE DROPPED IT WHEN SHE TOOK OFF FROM RESIDENCE, WHEN POLICE OFFICER ARRIVED.

Date: December 10, 2000

Witness to Complainant's signature:

Prosecutor

Complainant's Signature (or thumbprint)

Anthony Brown  NDLE. Chinle

## IN THE DISTRICT COURT OF THE NAVAJO NATION
## JUDICICAL BRANCH OF CHINLE, ARIZONA

COURT COPY

THE NAVAJO NATION,
                    Plaintiff,

                                        NO: CH-CR-1692-03

vs.


Shirley Mose
                    Defendant


## REQUEST FOR ORDER FOR COMPLETION OF PAROLE

Comes now the undersigned Probation Officer for the District Court, and

Respectfully moves and informs the Honorable Court as follows:

That the above named defendant has satisfactorily fulfilled the conditions and

term of his Parole Pledge and Agreement on this 15th day of November 2003


_____
Probation and Parole Officer

## ORDER

**WHEREAS,** the above named defendant having satisfactorily fulfilled the

conditions and term of his/her Parole Pledge and Agreement:

It is **THEREFORE ORDERED** that this cause of action is hereby closed

as satisfactorily through the imposed sentence of probation by the defendant.

**THUS ORDERED this** _30_ **day of** _November_ 2003

_____
Judge, District Court of the Navajo Nation

 

*IN THE DISTRICT COURT OF THE NAVAJO NATION*
*JUDICIAL DISTRICT OF CHINLE, ARIZONA*

---

*THE NAVAJO NATION,*
                    *Plaintiff,*

                    *vs.*

*Case No. CH-CR-1692-03*

*MOSES, SHIRLEY C#*███████
*DOB:*███*1961 SS#*████*3501*
*ADDRESS:*████████████████████

                    *Defendant.*

---

### JUDGMENT and MITTIMUS
### (MODIFIED/RECONSIDERED)

*YOU, MOSES, SHIRLEY [ ] have been acquitted, [X] have pleaded guilty, [ ] have been found guilty, [ ] by a jury of your peers, [ ] by the Court, of the offense of BATTERY in violation of Title 17 and Section 316 of the Navajo Tribal Code, and in accordance with the mandate of said code, YOU ARE SENTENCED:*

*[XX] To jail for a period of  30  days [ ] To payment of a fine of $ _____ .*
***NOTE: YOUR FINE OF $100.00 IS RECONSIDERED TO 30 DAYS JAIL SENTENCE**
*[ ] To jail for a period of __ days AND payment of a fine of $_____ .*

*Sentence commences on  October 17, 2003 Date of release  UNTIL JUDGMENT IS SATISFIED*

*Further you are ordered to make restitution to _____ (injured party) in the following manner:*

*[ ] Your sentence is SUSPENDED and PROBATION/CSW is granted for _____ months/hours.*
*Contact the Probation Officer for this Judicial District for further instructions.*

*[XX] You are committed to the custody of the keeper of the Navajo jail at CHINLE, AZ and there to be confined until this judgment has been satisfied.*

*DATED this  17  day of October, 2003.*

                    *JUDGE, District Court of the Navajo Nation*

                    *MITTIMUS*

*To:  THE KEEPER OF THE JAIL AT  CHINLE NDPS . You are hereby ordered to take and receive and safely keep the person of MOSES, SHIRLEY until he/she has satisfied the above judgment.*

*DATED this  17  day October, 2003.*

                    *JUDGE, District Court of the Navajo Nation*

EX 132 - 1694

*IN THE DISTRICT COURT OF THE NAVAJO NATION*
*JUDICIAL DISTRICT OF CHINLE, ARIZONA*

---

THE NAVAJO NATION,

                    Plaintiff,

      vs.

SHIRLEY MOSES C▮▮▮▮▮▮▮▮

DOB: ▮▮▮61 SS# ▮▮▮▮3501
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

             Defendant.

Case No. CH-CR-1692-03

---

### JUDGMENT and MITTIMUS

*YOU, SHIRLEY MOSES [ ] have been acquitted, [X] have pleaded guilty, [ ] have been found guilty, [ ] by a jury of your peers, [ ] by the Court, of the offense of BATTERY in violation of Title 17 and Section 316 of the Navajo Tribal Code, and in accordance with the mandate of said code, YOU ARE SENTENCED:*

*[ ] To jail for a period of __ days [XX] To payment of a fine of $ 100.00  DUE DATE: 07/25/03*

*[ ] To jail for a period of __ days AND payment of a fine of $_____.*

*Sentence commences on  July 16, 2003 Date of release _____*

*Further you are order to Pay restitution to _____ (injured party) in the following manner:*

*[ ]Your sentence is SUSPENDED and PROBATION/CSW is granted for _____ months/hours.*
*Contact the Probation Officer for this Judicial District for further instructions.*

*[ ] You are further Order to ATTEND TRAFFIC SURVIAL SCHOOL; CONTACT the Probation & Parole Office for further instruction of Date and Time. (BRING A BLANK MONEY ORDER FOR CLASS FEE).*

*[ ] You are committed to the custody of the keeper of the Navajo jail at WINDOW ROCK/CHINLE, AZ and there to be confined until this judgment has been satisfied.*

*DATED this 16 day of July, 2003.*

                            *JUDGE, District Court of the Navajo Nation*

### MITTIMUS

*To:  THE KEEPER OF THE JAIL AT  WINDOW ROCK/CHINLE NDPS .  You are hereby ordered to take and receive and safely keep the person of SHIRLEY MOSES until he/she has satisfied the above judgment.*

*DATED this 16 day July, 2003.*

                            *JUDGE, District Court of the Navajo Nation*

EX 132 - 1695

IN THE JUDICIAL COURT OF THE NAVAJO NATION
IN THE JUDICIAL DISTRICT OF
CHINLE, ARIZONA

FILED
JUL 16 2003
CHINLE DISTRICT COURT

NO. 04-CR- 1692-03

**THE NAVAJO NATION**
          PLANTIFF,

          vs.

          DOB: ████ 61

MOSES, SHIRLEY          C# ████

████████

          DEFENDANT

**CRIMINAL COMPLAINT**

The above named defendant is charged by this complaint with the offense of **BATTERY** in violation of Title **17** § **316-A** , Code of the Navajo Nation, contrary to the peace and dignity of the Navajo Nation to wit:

**DEFENDANT INTENTIONALLY AND UNLAWFULLY STRUCK THE PERSON OF ANOTHER.**

The said Defendant did on or about the **14** day at the hour of **2: 40 P.M.** of **JULY** , 2003, within the jurisdiction of this court at ████████

**FACTS: THE DEFENDANT, SHIRLEY MOSES, INTENTIONALLY AND UNLAWFULLY STRUCK BOBBY TULLIE IN THE FACE WITH A WET BATHROOM TOWEL FOLLOWING A DOMESTIC DISPUTE.**

**WITNESSES: BOBBIE TULLIE, ████████ OFFICER ROSE JEFFY, CHINLE NAVAJO POLICE.**

DATE: July 16, 2003

Witness to Complainant's Signature:

PROSECUTOR

COMPLAINANT'S SIGNATURE (or thumbprint)     7/14/03

**KENDELL D. LAUING #3008,
SENIOR POLICE OFFICER
CHINLE POLICE DISTRICT**

EX 132 - 1696



COURT COPY

# IN THE DISTRICT COURT OF THE NAVAJO NATION
## JUDICIAL DISTRICT OF CHINLE, ARIZONA

THE NAVAJO NATION                                        CH-CR-2198/2199-03

                    Plaintiff,

    V.

Shirley Moses              C#502,416

## ORDER FOR COMPLETION OF COMMUNITY SERVICE WORK

WHEREAS, the above named defendant was sentenced to Labor accordance with 17 N.T.C. § 220/1817 and placed on the Community Service Work Program and the said defendant having completed the assigned (36) hours of community service work at Detention Facility,

_____
**PROBATION/PAROLE OFFICER**

## ···· O R D E R ····

It is THEREFORE ORDERED that this matter shall be closed through the defendant's successful completion of the assigned hours under the Community Service Work Program.

THUS ORDERED this ___3___ day of ___NOV___, 2003.

_____
**JUDGE, District Court of the Navajo Nation**

EX 132 - 1697

IN THE DISTRICT COURT OF THE NAVAJO NATION
JUDICIAL DISTRICT OF CHINLE, ARIZONA

THE NAVAJO NATION,
                              Plaintiff,                    Case No. CH-CR-2199-03

        vs.

MOSES, SHIRLEY C#
DOB:        1961 SS#        3501

                              Defendant.

## JUDGMENT and MITTIMUS

YOU, MOSES, SHIRLEY [ ] have been acquitted, [X] have pleaded guilty, [ ] have been found guilty, [ ] by a jury of your peers, [ ] by the Court, of the offense of CRIMINAL NUISANCE in violation of Title 17 and Section 486 of the Navajo Tribal Code, and in accordance with the mandate of said code, YOU ARE SENTENCED:

[ ] To jail for a period of __ days [ ] To post Security Bond of $ _

[ ] To jail for a period of __ days AND payment of a fine of $_____.

Sentence commences on _October 17, 2003_ Date of release _UPON COMPLETION OF CSW_

Further you are ordered to make restitution to _____ (injured party) in the following manner:

[XX] Your sentence shall be completed by COMMUNITY SERVICE WORK granted for _12_ hours. Work to be performed at JAIL FACILITY .
Contact the Probation Officer for this Judicial District for further instructions.

[ ] You are committed to the custody of the keeper of the Navajo jail at WINDOW ROCK/CHINLE, AZ and there to be confined until this judgment has been satisfied.

DATED this _17_ day of _October_, 2003.

_____
JUDGE, District Court of the Navajo Nation

MITTIMUS

To: THE KEEPER OF THE JAIL AT _WINDOW ROCK/CHINLE NDPS_ . You are hereby ordered to take and receive and safely keep the person of MOSES, SHIRLEY until he/she has satisfied the above judgment.

DATED this _17_ day _October_, 2003.

_____
JUDGE, District Court of the Navajo Nation



# IN THE DISTRICT COURT OF THE NAVAJO NATION

## JUDICIAL DISTRICT OF CHINLE, ARIZONA

THE NAVAJO NATION,                      )        No.: CH-CR- 2199-03
                                        )
                          Plaintiff,    )
                                        )
              vs.                       )
                                        )
SHIRLEY MOSE         C#█████████        )        CRIMINAL COMPLAINT
                                        )
SS#██████ 8501  DOB: █████ 61           )
████████████████████████████           )
████████████████████████████           )
                                        )
██████████████  Defendant.              )
                                        )

The above-named Defendant is charged by this complaint with the offense of _____

_____Disorderly Conduct_____ in violation of Title

__17__ § _483 A1__ Code of the Navajo Nation, and contrary to the peace and dignity of the

Navajo Nation to wit: Defendant Recklessly creates a risk of Public

Alarm, she makes Unreasonable noise.

FACTS: Defendant goes to █████████████ and starts banging loudly

on the front door and yelling. And she damages a window screen

in the process.

The said Defendant did on or about the __26th__ day at the hour of __Between 2:20-2:43__ (a.m.)/p.m. of

__August__, 2003, within the jurisdiction of this court at ███████████

█████ IN CHINLE, ARIZONA.

Witness: Bobby Tulley  c# ████████

████████████████████████

Date: September 9, 2003

Witness to Complainant's signature:

_____Prosecutor_____

Complainant's Signature (or thumbprint)   #122

KEVIN A. TSOSIE - POLICE OFFICER

NDUE-CHINLE, ARIZONA.

███████████████████████████

COURT COPY

# IN THE DISTRICT COURT OF THE NAVAJO NATION
## JUDICIAL DISTRICT OF CHINLE, ARIZONA

THE NAVAJO NATION                                    CH-CR-2198/2199-03

                          Plaintiff,

         V.

Shirley Moses              C#

## ORDER FOR COMPLETION OF COMMUNITY SERVICE WORK

WHEREAS, the above named defendant was sentenced to Labor accordance with 17 N.T.C. § 220/1817 and placed on the Community Service Work Program and the said defendant having completed the assigned (24) hours of community service work at Detention Facility,

_____
**PROBATION/PAROLE OFFICER**

## ···· O R D E R ····

It is THEREFORE ORDERED that this matter shall be closed through the defendant's successful completion of the assigned hours under the Community Service Work Program.

THUS ORDERED this ___3___ day of ___NOV___, 2003.

_____
**JUDGE, District Court of the Navajo Nation**

EX 132 - 1700

IN THE DISTRICT COURT OF THE NAVAJO NATION
JUDICIAL DISTRICT OF CHINLE, ARIZONA

THE NAVAJO NATION,

                Plaintiff,

vs.

    Case No. CH-CR-2198-03

MOSES, SHIRLEY C#▇▇▇▇▇▇

DOB: ▇▇▇▇ SS#: ▇▇▇ 3501

              Defendant.

## JUDGMENT and MITTIMUS

YOU, MOSES, SHIRLEY [ ] have been acquitted, [X] have pleaded guilty, [ ] have been found guilty, [ ] by a jury of your peers, [ ] by the Court, of the offense of CRIMINAL DAMAGE in violation of Title 17 and Section 380 of the Navajo Tribal Code, and in accordance with the mandate of said code, YOU ARE SENTENCED:

[ ] To jail for a period of __ days [ ] To post Security Bond of $ __

[ ] To jail for a period of __ days AND payment of a fine of $_____.

Sentence commences on _October 17, 2003_ Date of release _UPON COMPLETION OF CSW_

Further you are ordered to make restitution to _____ (injured party) in the following manner:

[XX] Your sentence shall be completed by COMMUNITY SERVICE WORK granted for _24_ hours. Work to be performed at JAIL FACILITY.
Contact the Probation Officer for this Judicial District for further instructions.

[ ] You are committed to the custody of the keeper of the Navajo jail at _WINDOW ROCK/CHINLE, AZ_ and there to be confined until this judgment has been satisfied.

DATED this _17_ day of _October_, 2003.

_____
JUDGE, District Court of the Navajo Nation

## MITTIMUS

To: THE KEEPER OF THE JAIL AT _WINDOW ROCK/CHINLE NDPS_. You are hereby ordered to take and receive and safely keep the person of _MOSES, SHIRLEY_ until he/she has satisfied the above judgment.

DATED this _17_ day _October_, 2003.

_____
JUDGE, District Court of the Navajo Nation

EX 132 - 1701

## IN THE DISTRICT COURT OF THE NAVAJO NATION

## JUDICIAL DISTRICT OF CHINLE, ARIZONA

THE NAVAJO NATION,                                    )          No.: CH-CR-2198-03

                   Plaintiff,                  )

                vs.                               )

Shirley Mee          C# ▮▮▮▮         )          **CRIMINAL COMPLAINT**

SS# ▮▮▮▮ 3501   DOB ▮▮▮ 6(          )

▮▮▮▮▮▮▮▮▮▮▮                          )

▮▮▮▮▮▮           Defendant.          )

The above-named Defendant is charged by this complaint with the offense of _____

CRIMINAL DAMAGES _____ in violation of Title

17 § 380 A Code of the Navajo Nation, and contrary to the peace and dignity of the Navajo Nation to wit: Defendant Damages Tangible property of another, namely: The Navajo Housing Authority – Chinle Agency.

FACTS: Defendant goes to ▮▮▮▮▮▮ and starts banging Loudly on the front door and thereafter she kishes in a 30" x 36" window Screen Located on the northeast side of the House.

The said Defendant did on or about the 26th day of the hour of Between 2:20 - 2:48 a.m./p.m. of August, 2003, within the jurisdiction of this court at ▮▮▮ IN CHINLE, ARIZONA

Witness: Bobby Tully et ▮▮▮▮

Date: September 9, 2003

Witness to Complainant's signature:

_Signature_
Prosecutor

_Signature_ #122
**Complainant's Signature (or thumbprint)**
KEITH A. TSOSIE – POLICE OFFICER
NPLE – CHINLE, ARIZONA
▮▮▮▮▮▮

EX 132 - 1702

# COURT COPY

## IN THE DISTRICT COURT OF THE NAVAJO NATION
## JUDICIAL DISTRICT OF CHINLE, ARIZONA

THE NAVAJO NATION,

Plaintiff,          No. CH-CR-2648-03

VS

MOSES, Shirley          C# ▮▮▮▮▮
DOB: ▮▮-61          SS# ▮▮▮-3501

Defendant.

### REQUEST FOR ORDER FOR COMPLETION OF PROBATION

Comes now the undersigned Probation Officer for the Chinle District Court, and respectfully informs the Honorable Court as follows:

That the above named defendant has satisfactorily fulfilled the conditions and term of his/her Probation Pledge and Agreement on this 07th day of February 2004.

THEREFORE, request that the Honorable Court issue an Order for said defendant's satisfaction of his imposed sentence of Probation.

Respectfully submitted this 09th day of February 2004.

**Victoria Joe, PROBATION AND PAROLE OFFICER**

### * * * ORDER * * *

WHEREAS, the above named defendant having satisfactorily fulfilled the conditions and term of his/her Probation Pledge and Agreement;

It is THEREFORE ORDERED that this cause of action is hereby closed through the satisfaction of the imposed sentence of Probation by the defendant.

THUS ORDERED this ___12___ day of ___FEB.___, 2004.

**JUDGE, District Court of the Navajo Nation**

IN THE DISTRICT COURT OF THE NAVAJO NATION
JUDICIAL DISTRICT OF CHINLE, ARIZONA

THE NAVAJO NATION,

                    Plaintiff,                    Case No. CH-CR-2648-03

      vs.

SHIRLEY MOSES C# ███████
DOB: ████ 1961 SS# ██████ 3501
████████████████████

                    Defendant.

## JUDGMENT and MITTIMUS

YOU, <u>SHIRLEY MOSES</u> [ ] have been acquitted, [X] have pleaded guilty, [ ] have been found guilty, [ ] by a jury of your peers, [ ] by the Court, of the offense of <u>INTERFERING WITH JUDICIAL PROCEEDING</u> in violation of Title <u>17</u> and Section <u>477</u> of the Navajo Tribal Code, and in accordance with the mandate of said code, YOU ARE SENTENCED:

[ ] To jail for a period of __ days [ ] To payment of a fine of $ ___ DUE DATE:

[ ] To jail for a period of __ days AND payment of a fine of $_____.

Sentence commences on <u>January 7, 2004</u> Date of release _____

Further you are order to Pay restitution to _____ (injured party) in the following manner:

[xx]Your sentence is SUSPENDED and PROBATION is granted for __01__ month.
Contact the Probation Officer for this Judicial District for further instructions.

[ ] You are committed to the custody of the keeper of the Navajo jail at <u>WINDOW ROCK/CHINLE, AZ</u> and there to be confined until this judgment has been satisfied.

DATED this _7_ day of <u>January</u>, 2004.

_____
JUDGE, District Court of the Navajo Nation

## MITTIMUS

To: THE KEEPER OF THE JAIL AT <u>WINDOW ROCK/CHINLE NDPS</u>. You are hereby ordered to take and receive and safely keep the person of <u>SHIRLEY MOSES</u> until he/she has satisfied the above judgment.

DATED this _7_ day <u>January</u>, 2004.

_____
JUDGE, District Court of the Navajo Nation

EX 132 - 1704



IN THE DISTRICT COURT OF THE NAVAJO NATION

JUDICIAL DISTRICT OF

CHINLE, ARIZONA

THE NAVAJO NATION,                          )       NO: CH-CR-2648-03
                    Plaintiff,              )
          vs                                )
                          SS#▮▮▮3501        )       CRIMINAL COMPLAINT
                          DOB: ▮▮1-61       )
MOSES, SHIRLEY            C#▮▮▮              )
▮▮▮▮▮▮▮▮▮▮▮▮▮              )
                          Defendant

The above-named Defendant is charged by this complaint with the offense of **INTERFERING WITH JUDICIAL PROCEEDINGS** in violation of Title **17** section **477(a)(2)** Code of the Navajo Nation and contrary to the peace and dignity of the Navajo Nation to wit: **DEFENDANT KNOWINGLY DISOBEYS THE LAWFUL ORDER OF A COURT.**

The said Defendant did on the **1ST** day at the hour of **12:17 p.m.** of **NOVEMBER** 2003 within the jurisdiction of this court at **BASHAS grocery store Chinle, Arizona.**

Facts: **DEFENDANT SHIRLEY MOSES VIOLATED A CONDITION ON HER PROBATION AND PAROLE. SHIRLEY WAS RELEASED ON OCTOBER 30, 2003.** CH-CR- 1692-03

Witnesses:     RICK J. GRAVATT: POLICE OFFICER, NDLE- CHINLE, ARIZONA▮▮▮▮▮▮
               CARLOS YAZZIE: POLICE OFFICER, NDLE-CHINLE, ARIZONA ▮▮▮▮

Date: November 6, 2003
Witness to Complainant's Signature

_____
Prosecutor

RICK J. GRAVATT, BADGE #285    #285
POLICE OFFICER
NDLE- CHINLE, AZ 86503

IN THE DISTRICT COURT OF THE NAVAJO NATION
JUDICIAL DISTRICT OF CHINLE, ARIZONA

---

THE NAVAJO NATION,
                 Plaintiff,                 Case No. CH-CR-2758-03

   vs.

MOSES, SHIRLEY C# ▮▮▮▮▮▮
DOB: ▮▮▮ 1961 SS# ▮▮▮▮▮ 3501
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

            Defendant.

---

## JUDGMENT and MITTIMUS
### (MODIFIED)

YOU, MOSES, SHIRLEY [ ] have been acquitted, [X] have pleaded guilty, [ ] have been found guilty, [ ] by a jury of your peers, [ ] by the Court, of the offense of CRIMINAL NUISANCE in violation of Title 17 and Section 486 of the Navajo Tribal Code, and in accordance with the mandate of said code, YOU ARE SENTENCED:

[XX] To jail for a period of 2 days [ ] To post Security Bond of $ _
**YOUR CSW OF (24) HOURS IS REVOKED AND YOU WILL NEED TO SERVE (2) DAYS IN JAIL TO SATISFY THIS JUDGMENT.
[ ] To jail for a period of __ days AND payment of a fine of $_____.

Sentence commences on  April 5, 2004 Date of release  UNTIL JUDGMENT IS SATISFIED

Further you are ordered to make restitution to _____ (injured party) in the following manner:

[ ] Your sentence shall be completed by COMMUNITY SERVICE WORK granted for  24  hours. Work to be performed at .
Contact the Probation Officer for this Judicial District for further instructions.

[ ] You are committed to the custody of the keeper of the Navajo jail at WINDOW ROCK/CHINLE, AZ and there to be confined until this judgment has been satisfied.

DATED this  5  day of April, 2004.

                                _____
                            JUDGE, District Court of the Navajo Nation

### MITTIMUS
To: THE KEEPER OF THE JAIL AT  WINDOW ROCK/CHINLE NDPS . You are hereby ordered to take and receive and safely keep the person of MOSES, SHIRLEY until he/she has satisfied the above judgment.

DATED this  5  day April, 2004.

                                _____
                            JUDGE, District Court of the Navajo Nation

EX 132 - 1706

IN THE DISTRICT COURT OF THE NAVAJO NATION
JUDICIAL DISTRICT OF CHINLE, ARIZONA

-----------------------------------------------------------------------

THE NAVAJO NATION,

                      Plaintiff,

     vs.

SHIRLEY MOSES C#: ███████████
DOB: ████ 1961 SS# ██████ 3501
███████████████████████

                Defendant.

           Case No. CH-CR-2758-03

-----------------------------------------------------------------------

## JUDGMENT and MITTIMUS

YOU, <u>SHIRLEY MOSES</u> [ ] have been acquitted, [X] have pleaded guilty, [ ] have been found guilty, [ ] by a jury of your peers, [ ] by the Court, of the offense of <u>CRIMINAL NUISANCE</u> in violation of Title <u>17</u> and Section <u>486</u> of the Navajo Tribal Code, and in accordance with the mandate of said code, YOU ARE SENTENCED:

[ ] To jail for a period of __ days [ ] To post Security Bond of $ _

[ ] To jail for a period of __ days AND payment of a fine of $_____.

Sentence commences on <u>January 7, 2004</u> Date of release <u>UPON COMPLETION OF CSW</u>

**[XX] Your sentence shall be completed by COMMUNITY SERVICE WORK granted for _24_ hours. Work to be performed.**
Contact the Probation Officer for this Judicial District for further instructions.

[ ] Further you are ordered to BEHAVIORAL HEALTH DEPARTMENT to be assessed & screened. Contact COUNSELOR for further instructions. Proof of enrollment shall be due no later than _____.
[ ] You are committed to the custody of the keeper of the Navajo jail at <u>WINDOW ROCK/CHINLE, AZ</u> and there to be confined until this judgment has been satisfied.

DATED this _7_ day of <u>January</u>, 2004.

                         _____
                         JUDGE, District Court of the Navajo Nation

                         MITTIMUS

To: THE KEEPER OF THE JAIL AT <u>WINDOW ROCK/CHINLE NDPS</u>. You are hereby ordered to take and receive and safely keep the person of <u>SHIRLEY MOSES</u> until he/she has satisfied the above judgment.

DATED this _7_ day <u>January</u>, 2004.

                         _____
                         JUDGE, District Court of the Navajo Nation



IN THE DISTRICT COURT OF THE NAVAJO NATION

JUDICIAL DISTRICT OF

CHINLE, ARIZONA

THE NAVAJO NATION,                                  )       NO. CH-CR-2758-03
                                   Plaintiff,       )
                                                    )
                        vs.                         )
                                                    )       CRIMINAL COMPLAINT
MOSES, SHIRLEY                   C #                 )
                                                    )
SS #            3501             DOB:          61    )
                                                    )
                                                    )
                                Defendant

The above named Defendant is charged by this conplaint with the Offense of
CRIMINAL NUISANCE                          in violation of Title     17    section.     486A1
Code of the Navajo Nation, and contrary to the peace and dignity of the Navajo Nation to wit:
BY CONDUCT EITHER UNLAWFUL IN ITSELF, SHE RECKLESSLY CREATES, AND MAINTAINS
A CONDITION WHICH ENDANGERS THE SAFETY OF OTHERS.

The said Defendant did on or about the          12      day at the hour of
9:05PM        of     NOVEMBER          2003     within the jurisdiction of this court at
               TSAILE, ARIZONA

_____

**Facts:**
SHE DID HAVE A STRONG ODOR OF ALCOHOLIC BEVERAGE EMITTING FROM HER BREATH,
SHE IS ENDANGERING OTHER PEOPLE BY BEING INTOXICATED. THE KIDS WANTED HER
ARRESTED AND THEY TRIED TELLING HER TO LEAVE.

**Witness** :

Date:        12 Nov 03

Witness to complainant's signature:

Prosecutor

Complainant's Signature (or thumbprint)
Aaron Johnson        Badge #    286
Navajo Police Officer
NDLE--Chinle, Arizona 86503

**EX 132 - 1708**

**IN THE DISTRICT COURT OF THE NAVAJO NATION**
**JUDICIAL DISTRICT OF CHINLE, ARIZONA**

---

THE NAVAJO NATION,
              Plaintiff,   NO: CH-TR-2527-05
      vs.

MOSES SHIRLEY,
GENERAL DELIVERY, LUKACHUKAI, ARIZONA 86507
              Defendant.

---

### DEFAULT JUDGMENT

**WHEREAS**, the above named defendant was cited to appear before the above-entitled District Court of the Navajo Nation on the **26TH** day of **AUGUST**, 2005, at the hour of **8:30 A.M.**, and answer to a civil infraction of the **Navajo Nation Motor Vehicle Code, Title 14 N.N.C., section 201**. The defendant has failed to appear or otherwise answer the citation:

**IT IS THEREFORE ORDERED** that judgment by default is entered against the defendant and the defendant is assessed a **civil infraction fee of $50.00:**

**IT IS FURTHER ORDERED** that the defendant shall submit a money order in the amount of **$50.00**, payable to the Chinle District Court, Post Office Box 547, Chinle, Arizona 86503, to satisfy this judgment. The defendant may set aside this default judgment within thirty days from the date of the order upon showing of good cause.

**THUS ORDERED** this 26 day of August, 2005.


_Louise Grant_
JUDGE, District Court of the Navajo Nation

**THE NAVAJO NATION**
TRAFFIC TICKET AND COMPLAINT

-2527

THE NAVAJO NATION
JUDICIAL DISTRICT OF:

CHINLE, AZ } VS. DOCKET NUMBER: CH-TR-2529-05

DEFENDANT'S FULL NAME (LAST, FIRST, MIDDLE)

MOSES, SHIRLEY M.

ADDRESS ████████████

| CITY/TOWN ████████████ | STATE | ZIP CODE |
|---|---|---|

BUSINESS ADDRESS — N/A —

| ████ NO. OR CENSUS NO. | DRIVER'S LICENSE NO. | STATE | CLASS | EXPIRES |
|---|---|---|---|---|

| AGE OF BIRTH (DD/MM/YY) | SEX F | WEIGHT 175 | HEIGHT 5'1" | EYES BRO | HAIR BRO | ORIGIN I |
|---|---|---|---|---|---|---|
| 61 | | | | | | |

| COLOR Bro/LT Blu | YEAR 90 | MAKE Ford | TYPE PU | LICENSE PLATE NO. | | EXPIRATION |
|---|---|---|---|---|---|---|

| TRAFFIC | WEATHER | ROAD | LIGHT | ACCIDENT | CITATION TYPE |
|---|---|---|---|---|---|
| LT  MED  HV | FG  RN  SN  DST | W  I  S  DS  DK | YES  NO | S  R | AC |

DID THEN AND THERE · UPON NAVAJO INDIAN COUNTRY, COMMIT A ☐ MISDEMEANOR

TRAFFIC OFFENSE ☐  MISDEMEANOR CRIMINAL OFFENSE ☒  CIVIL TRAFFIC INFRACTION, IN

VIOLATION OF NAVAJO TRIBAL CODE, TITLE 14 SECTION 201

AT (TIME) 6:12 ☐ AM ☒ PM, ON (DAY OF WEEK) SUN

(DATE) 26 JUN , 20 05 , AT (LOCATION) TURN OFF TO

BASHAS CHINLE U.S. HWY 191 CHINLE, AZ

MILEPOST_____ DISTRICT C/L , TO WIT: (ESSENTIAL FACTS) STATE

DROVERS LICENSE REQUIREMENT

I HEREBY CERTIFY THAT I HAVE REASONABLE GROUNDS TO BELIEVE AND DO BELIEVE THAT THE
PERSON CITED HEREIN COMMITTED THE OFFENSE DESCRIBED HEREIN CONTRARY TO LAW.

KGE BEGAY

| OFFICER | BADGE NO. 3105 | SHIFT 03 |
|---|---|---|

I ACKNOWLEDGE RECEIPT OF THIS NOTICE AND WITHOUT ADMITTING GUILT OR RESPONSIBILITY,
I AGREE TO APPEAR IN THE DISTRICT COURT OF THE NAVAJO NATION AT

ON OR BEFORE_____ , 20___ , AT_____ ☐ AM ☐ PM

SIGNATURE X IN CUSTODY

WARNING NOTICE: I ACKNOWLEDGE RECEIPT OF THIS NOTICE AND AGREE THAT A VIOLATION OF
THE LAW HAS BEEN COMMITTED. NO FURTHER ACTION IS REQUIRED.

SIGNATURE

I ACKNOWLEDGE MY GUILT OR RESPONSIBILITY OF THE OFFENSE CHARGED, I AGREE TO REMIT
BY MAIL THE PRESCRIBED PENALTY ASSESSMENT SHOWN BELOW. (THE OFFICER MAY NOT ACCEPT
PAYMENT. REFER TO INSTRUCTIONS ON BACK OF DEFENDANT'S COPY.)

SIGNATURE                                    $

REV. 7-88    COMPLAINT  5-05-34995

480446

# COURT COPY

## IN THE DISTRICT COURT OF THE NAVAJO NATION
## JUDICIAL DISTRICT OF CHINLE, ARIZONA

THE NAVAJO NATION

               Plaintiff,              **CH-TR-2526-05**

      Vs.

**MOSES, Shirley**       **C#** ▮

**DOB:** ▮

              Defendant.

## ORDER FOR COMPLETION OF COMMUNITY SERVICE WORK

WHEREAS, the above named defendant was sentenced to Labor accordance with 17 N.T.C. 220/1817 and placed on the Community Service Work Program and the said defendant having completed the assigned 24 hours of Community Services Work with Chinle District Court.

Respectfully submitted this 19th day of September 2005.

_____
Victoria Joe, Probation Officer

### *  *  * ORDER *  *  *

It is THEREFORE ORDERED that this matter shall be closed through the defendant's successfully completion of the assigned hours under the Community Service Work Program.

THUS ORDERED this_____day of _____9/20_____, 2005.

_____
JUDGE, District Court of the Navajo Nation

EX 132 - 1711

## IN THE DISTRICT COURT OF THE NAVAJO NATION
### JUDICIAL DISTRICT OF CHINLE, ARIZONA

THE NAVAJO NATION,
                    Plaintiff,

        vs:                                         Case No. CH-TR-2526-05

SHIRLEY MOSES C#▮▮▮▮▮
DOB: ▮▮▮▮1961 SS#▮▮▮▮3501
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

                    Defendant.

### JUDGMENT and MITTIMUS

YOU, SHIRLEY MOSES [ ] have been acquitted, [X] have pleaded guilty, [ ] have been found guilty, [ ] by a jury of your peers, [ ] by the Court, of the offense of D.W.I. in violation of Title 14 and Section 707 of the Navajo Tribal Code, and in accordance with the mandate of said code, YOU ARE SENTENCED:

[ ] To jail for a period of __ days [XX] To payment of a fine of $ 300.00 (SUSPENDED).

[ ] To jail for a period of __ hours AND payment of a fine of $____.

Sentence commences on September 14, 2005 Date of release Until judgment is satisfied.

[XX]Pursuant to Title 17 subsection 1818; PROBATION is granted for a period of 90 days. The fine of $300.00 shall be SUSPENDED in lieu of Defendant shall do COMMUNITY SERVICE WORK for 24 hours. CSW shall be completed within 10 days from the date of this order. Contact the Probation and Parole Service for this Judicial District for further instructions and conditions.
FAILURE TO DO SO MAY RESULT IN FURTHER INCARCERATION AND/OR FINES FOR CONTEMPT OF COURT.
[ ] You are committed to the custody of the keeper of the Navajo jail at WINDOW ROCK/CHINLE, AZ and there to be confined until this judgment has been satisfied.

DATED this 14 day of September, 2005.

                                        _____
                                        JUDGE, District Court of the Navajo Nation

### MITTIMUS

To: THE KEEPER OF THE JAIL AT WINDOW ROCK/CHINLE NDPS. You are hereby ordered to take and receive and safely keep the person of SHIRLEY MOSES until he/she has satisfied the above judgment.

DATED this 14 day September, 2005.

                                        _____
                                        JUDGE, District Court of the Navajo Nation

**THE NAVAJO NATION**
TRAFFIC TICKET AND COMPLAINT

(TR)

THE NAVAJO NATION
JUDICIAL DISTRICT OF:

CHINLE, AZ | vs | DOCKET NUMBER CH TR-2526-05

DEFENDANT'S FULL NAME (LAST, FIRST, MIDDLE)

MOSES, SHIRLEY M.

ADDRESS (RESIDENCE)

CITY/TOWN | ZIP CODE

BUSINESS ADDRESS — N/A —

SOC. SEC. NO. OR CENSUS NO. | DRIVER'S LICENSE NO. | STATE | CLASS | EXPIRES

| D/MM/YY | SEX | WEIGHT | HEIGHT | EYES | HAIR | ORIGIN |
|---|---|---|---|---|---|---|
| 61 | F | 175 | 5'1" | BRO | BRO | I |

COLOR | YEAR | MAKE | TYPE | | STATE | EXPIRATION
BRO/OT BRO | 90 | FORD | PU | | |

| COND. TRAFFIC | WEATHER | ROAD | LIGHT | ACCIDENT | CITATION TYPE |
|---|---|---|---|---|---|
| LT LED HV X FG RN SN DST | X W I S | X DS DK | YES X | S R X | AC |

DID THEN AND THERE UPON NAVAJO INDIAN COUNTRY, COMMIT A X MISDEMEANOR

TRAFFIC OFFENSE ☐ MISDEMEANOR CRIMINAL OFFENSE ☐ CIVIL TRAFFIC INFRACTION, IN

VIOLATION OF NAVAJO TRIBAL CODE, TITLE 14 SECTION 707.A

AT (TIME) 6:12 ☐ AM ☒ PM ON (DAY OF WEEK) Sunday

(DATE) 26 Jun 20 05 AT (LOCATION) TURN OFF TO

BOSHAS U.S. HWY 191 CHINLE, AZ

MILEPOST _____ DISTRICT CLE , TO WIT: (ESSENTIAL FACTS) OPERATING A

MOTOR VEHICLE WHILE UNDER THE INFLUENCE

OF INTOXICATING LIQUOR

I HEREBY CERTIFY THAT I HAVE REASONABLE GROUNDS TO BELIEVE AND DO BELIEVE THAT THE
PERSON CITED HEREIN COMMITTED THE OFFENSE DESCRIBED HEREIN CONTRARY TO LAW.

KEE BEGAY

OFFICER | BADGE NO. 3105 | SHIFT 03

I ACKNOWLEDGE RECEIPT OF THIS NOTICE AND WITHOUT ADMITTING GUILT OR RESPONSIBILITY.
I AGREE TO APPEAR IN THE DISTRICT COURT OF THE NAVAJO NATION AT

ON OR BEFORE ___ 20 ___ AT ___ ☐ AM ☐ PM

SIGNATURE X IN CUSTODY

WARNING NOTICE: I ACKNOWLEDGE RECEIPT OF THIS NOTICE AND AGREE THAT A VIOLATION OF
THE LAW HAS BEEN COMMITTED. NO FURTHER ACTION IS REQUIRED.

SIGNATURE

I ACKNOWLEDGE MY GUILT OR RESPONSIBILITY OF THE OFFENSE CHARGED. I AGREE TO REMIT
BY MAIL THE PRESCRIBED PENALTY ASSESSMENT SHOWN BELOW. (THE OFFICER MAY NOT ACCEPT
PAYMENT. REFER TO INSTRUCTIONS ON BACK OF DEFENDANT'S COPY.)

SIGNATURE | $

REV. 7-88 **COMPLAINT** 5-05-34995

4804478

## ADDITIONAL FACTS TO MISDEMEANOR TRAFFIC CITATION
## PROBABLE CAUSE FOR CRIMINAL TRAFFIC INFORMATION

Arrestee name: *MOSES, SHIRLEY M.*    C#/ ███    SS# ███ *3501*

Address: ███

Date of Birth ███ *61*

Statutory Name of Offense: *OPERATING A MOTOR VEHICHLE WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR*

Citation Number: *480447*    Title: 14 Navajo Nation Code *707.A.*

---

**FACTS**

THE ESSENTIAL FACTS, INCLUDING JURISDICTIONAL FACTS, CONSTITUTING THE OFFENCE:

To wit: *ON JUNE 26, 2005 AT APPROXIMATELY 1745 HOURS, DEFENDANT WAS INVOLVED IN DISPUTE AT HAY FOR SALE NORTH OF CHINLE BASHAS. DEFENDANT WAS REPORTED TO BE INTOXICATED DRIVING A BROWN / LT.BROWN FORD PICKUP. DESCRIBED VEHICLE WAS LOCATED LEAVING CHINLE BASHAS STORE. UPON STOPPING DESCRIBED VEHICLE, I CONFRONTED DEFENDANT WHO WAS THE DRIVER, WHILE TALKING TO HER, I DETECTED A STRONG ODOR OF INTOXICATING LIQUOR ON HER BREATH, SLURRED SPEECH, BLOODSHOT EYES. DEFENDANT WAS GIVEN TWO FIELD SOBRIETY AFTER SHE REFUSED TO CONTINUE. (1) WALK AND TURN, WHICH SHE DIDN'T WALK HEEL TO TOE, USE ARMS TO BALANCE AND SHE STAGGERED OFF TO HER SIDE. DEFENDANT WAS INSTRUCTED TO TAKE NINE STEPS, BUT INSTEAD SHE TOOK THIRTEEN STEPS. (2) ONE LEG STAND WHICH SHE KEPT PUTTING HER FOOT DOWN USED ARMS TO BALANCE DIDN'T COMPLETE TEST REFUSED TO CONTINUE. AT 1855 HOURS DEFENDANT WAS GIVEN A BREATH TEST, REGISTERED .191 B.A.C.*

---

I here by certify that I have reasonable grounds to believe and do believe that the person cited herein committed the offense described herein contrary to law.

Officer Signature: *M. Begay*    Badge# *3105*    Date: *6/26/05*

Report Number: *5-05-34998*

---

Dated: *6/29/05*    by Prosecutor: *Agerman*

Court Docket Number: _____

EX 132 - 1714

## <u>DECLARATION OF ALEX MITCHELL</u>

I, Alex Mitchell, hereby declare as follows:

1.     My name is Alex Mitchell.  I was born in 1972.  My father is Mike Mitchell.  There are seven children in my family:  Ambrose, Shirlene, Michael, Jerry, me, Darrell and Roland.  George Mitchell is my uncle.  Lezmond Mitchell is my nephew.

2.     I am the museum coordinator at the Diné College, in Tsaile, Arizona. I attended college at the urging of my uncle George Mitchell; in 2002, he saw me hauling wood and told me I needed to get an education and a job.  After I told him that I didn't have any money to go to school, George told me to enroll at Diné. Not long after that, George and his wife Bobbi Jo gave me a check for school.

3.     I met George and Bobbi Jo Mitchell, and their children Sherry and Auska around 1980 when I was ~~six~~ *eight* years old.  I grew up speaking only Navajo and Sherry and Auska spoke only English.  At first, I shied away from them because I was embarrassed for not knowing English.  I ended up staying with George Mitchell's family for one month that summer.  George was the principal at the Chilchinbito School then.  I spent most of the day outside playing with Auska and didn't pay attention to the older people.



1

4.     Later, I heard that Sherry was going to school at Navajo Community College, and later she attended school in Flagstaff. I also heard when she gave birth to a son.

5.     When Lezmond was a boy and lived at George Mitchell's home in Round Rock, he went to my father's home to play. He brought cartoon movie videos with him. Lezmond also went to our family's summer camp/house (a sheep camp). Lezmond herded sheep and played in the creek with the rest of the Mitchell brood.

6.     Alex and my brothers occasionally helped uncle George around his homesite. When Lezmond was there, he seemed glad to help his grandfather too. I noticed then that Lezmond's behavior changed when his grandmother or mother was around. He was relaxed around George, but when Bobbi Jo and Sherry were around, he became distant. He stopped being as active and went inside the house. When Bobbi Jo and Sherry were around, especially Bobbi Jo, he had to follow her orders. I noticed that Lezmond was closer to his grandfather and kept away from his grandmother. Lezmond was twelve or thirteen when I noticed this about his family.

7.     Later, maybe in 1997 or 1998, Lezmond told me that he didn't like his grandmother, that he didn't like the way she was, the way she talked. He

2

didn't elaborate. His head was hanging down and he seemed sad. I told Lezmond to be strong. I told my parents that Lezmond was down. I remember thinking then, "this is not the way to raise a child."

8.    It did not surprise me that Lezmond had difficulties with Bobbi Jo. I remember a time I was talking to her and George. George tried to say something but Bobbi Jo put her hand to George's face and said, "George, I'm talking." I thought she demeaned him by doing that. I felt so bad for uncle George that I said, "Hey, I have no problem if he talks. Calm down." I remember finding some excuse to leave. Bobbi Jo made my uncle lose face, she challenged his dignity in front of others, she shamed uncle George.

9.    In Navajo culture, you're not supposed to use harsh words with children or have harsh attitudes around them, nor should parents argue around their children, because adults need to think about the hearts and minds of the children. Lezmond's mother and grandmother would have been the ones to teach those lessons. I think if his family did not guide and not teach Lezmond in a loving way, he might not have known who he was.

10.    In 2002, after Lezmond had been arrested, I drove with George and Sherry from Round Rock, Arizona, to Lancaster, California. Bobbi Jo lived in Lancaster and was moving back to the reservation. She had accumulated enough

3

*U-HAUL truck around 20ft. AM*

things to fill a ~~semi truck~~, her car and her son Auska's truck. On the way there, I

rode with Sherry and George. I tried my hardest to talk to Sherry but she was

distant and didn't show interest. I kept thinking, "she's my sister, we are family,

we should behave like a family," but my efforts were fruitless, so I gave up, sat

back and fell asleep. On that trip, I realized that my uncle's family was very

different from my own. They didn't enjoy each other, didn't treat each well; if

anything, they did their best to show that they didn't care about each other.

11. On the way back, George and I drove back alone, which was just fine

with me. George told me stories about driving Route 66 in the 1930s and 40s, and

about his older brother Joe dying in an auto accident in Needles. *He then told me about many traditional Diné stories. AM*

12. On October 21, 2009, an investigator of the Office of the Federal

Public Defender contacted me regarding Lezmond Mitchell. The investigator

explained to me that their Office represents Mr. Mitchell in federal court

4

*AM*

proceedings reviewing his conviction and death sentence. If anyone had asked me before this time about the above information, I would have been happy to provide this information and to testify to it.

I declare under the penalty of perjury of the laws of the United States of America, the foregoing is true and correct. Signed this 22 day of October 2009.

Alex Mitchell

5

EX 133 - 1719

## DECLARATION OF SHERWIN CLAH

I, Sherwin Clah, hereby declare as follows:

1.      My name is Sherwin Clah.  I met Lezmond Mitchell at Red Mesa High School located in Red Mesa, Arizona, when I entered as a 9th grader.  I believe Lezmond was in 10th grade.  Red Mesa is about 15 miles west of Teec Nos Pos, AZ where I currently live and have lived since high school.

2.      At the beginning of my freshman year at Red Mesa, I didn't know most of the students, including Lezmond.  After about a couple of months or so, Lezmond and I began to talk; I found him to he a nice guy.  Lezmond and his friends, whose names I cannot recall at this time, smoked almost every day.  I did smoke with Lezmond and his friends but only occasionally, not every day like they did.  I remember Lezmond and his friends used to smoke in the morning, during breaks, during lunchtime, etc.  They basically took every opportunity they had to smoke.

3.      In Red Mesa High School, at least when I was a student there, it was very easy to get pot (MARIJUANA) s. c if you wanted some.  Sometimes Lezmond had pot, and sometimes one of his friends had the pot.  In other words, if one didn't have it; the other one would.

S. C

1

EX 134 - 1720

4.    I didn't know much about Lezmond's private life because he never talked about his family or anything relating to his situation at home. I liked Lezmond; he was cool with me.

5.    On October 24, 2009, an investigator of the Office of the Federal Public Defender contacted me regarding Lezmond Mitchell. The investigator explained to me that her Office represents Lezmond Mitchell in federal court proceedings regarding his conviction and death sentence. Until that day, no one had ever interviewed me regarding Lezmond Mitchell or his case. If I had been asked previously, I would have willingly provided the information contained in this declaration and testified to it.

I declare under the penalty of perjury and the laws of the United States of America, the foregoing is true and correct. Signed this ___*24*___ day of October, 2009, in Teec Nos Pos, AZ.

Sherwin Clah

2

EX 134 - 1721

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2009, I electronically transmitted the

attached document to the Clerk's Office using the CM/ECF System for filing and

transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

VINCENT Q. KIRBY, AUSA

I hereby certify that on November 12, 2009, I served the attached document

by mail on the following, who are not registered participants of the CM/ECF

System:

Capital Case Staff Attorney
Evo A. De Concini U.S. Courthouse
405 West Congress Street, Suite 1500
Tucson, AZ 85701-5010

/s/ AMY REEDY