SEAN K. KENNEDY (145632)
(Sean_Kennedy@fd.org)
Federal Public Defender
STATIA PEAKHEART (200363)
Deputy Federal Public Defender
(Statia_Peakheart@fd.org)
321 E. Second Street
Los Angeles, CA 90012
Telephone:   (213) 894-2854
Facsimile:   (213) 894-0081

Attorneys for Defendant-Movant
LEZMOND CHARLES MITCHELL

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| LEZMOND CHARLES MITCHELL,<br><br>       Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>       Respondent. | **CAPITAL CASE**<br>28 U.S.C. § 2255<br><br>Case No.: CV-09-8089-MHM<br><br>Opposition to the Government's "Motion for Order to Declare Attorney-client Privilege Waived" |

Movant Lezmond Charles Mitchell, through his undersigned counsel, the Office of the Federal Public Defender for the Central District of California, opposes the Government's request this Court "declare attorney-client privilege waived."

First, the Government's motion needs clarification on key facts. The Government states that "the Federal Public Defender's Office claims that it has a 'policy' that it will not permit interviews of counsel absent a written waiver of the attorney client privilege by Petitioner or a court order declaring the waiver." (Motion, p. 2.)[1] The defender's office that informed the Government of its policy

_____

[1]  Actually, *trial counsel* informed undersigned that they will not speak to the Government "without a written waiver . . . or having [Mitchell] present to waive *or an Order from the Court*." Trial counsel's latter condition – "an order

is *trial counsel's office*, not Mitchell's undersigned counsel, the Office of the Federal Public Defender in California.

The Government stated, correctly, that it sent undersigned counsel a letter seeking the written waiver from Mitchell, which undersigned counsel declined to provide, as the Motion stated.  (Motion, p. 2.)

The Government then stated that it "e-mailed a copy of the Court's September 4, 2009 Protective Order concerning attorney-client material to the Federal Public Defender's Office . . ."  (Motion, p. 2.)  Of course, Mitchell's present counsel has the protective order; in any event, here, the Government is again referring to trial counsel's defender office.  Likewise, where the Government states that "the Federal Public Defender's Office advised that the Protective Order did not satisfy its 'policy' requirement and reiterated the need for a court order," the Government means trial counsel's defender office, not undersigned counsel. Having clarified the ambiguities in the Government's Motion, the Court should deny the Government's motion because it is nonjusticiable.

"The jurisdiction of federal courts is defined and limited by Article III of the Constitution.  In terms relevant to the question for decision in this case, the judicial power of federal courts is constitutionally restricted to 'cases' and 'controversies.' . . .  In part those words limit the business of federal courts to questions presented in an adversary context . . . ."  *Flast v. Cohen*, 392 U.S. 83, 94, 88 S. Ct. 1942, 20 L. Ed. 2d 947 (1968).  Moreover, "no justiciable controversy is presented when the parties . . . are asking for an advisory opinion. . . ."  *Id*., at 95.  In the Government's own words, "the law is quite clear that the [attorney-client] privilege belongs to the defendant and he waives it by claiming ineffective assistance of counsel," and the waiver is only so broad as "to ensure the fairness of the proceedings."  (Motion, pp. 2, 3.)  Mitchell does not dispute this principle, thus, the parties' interests are

from the Court" – has significantly different meaning from "an order declaring the waiver," as discussed *infra*.

not adverse on this issue, no justiciable controversy exists, and any order the Court issues pursuant to the Government's motion would be advisory.

Clearly, the order from the Court to which trial counsel refer is one compelling their deposition and/or testimony.  Yet the Government is attempting to create a controversy by both impugning and respecting trial counsel's request for a waiver or "an order from the Court"; this fails as well.  Apparently having failed to persuade trial counsel to submit to interviews by sending them this Court's protective order, the Government now wants an order to give to trial counsel in another attempt to press them to submit to its interview.

Mitchell takes no position on trial counsel's conditions to a Government interview except to point out that, in postconviction civil cases such as Mitchell's, no legal authority compels trial counsel (or any other witness) to submit to a Government interview absent a court order, *i.e.*, trial counsel (or any other witness) must submit to speaking with the Government only when the Government (or the movant) has obtained a lawfully-issued subpoena compelling that witness' deposition or testimony.[2]

In conclusion, as the Motion does not present the Court with any case or controversy, the Court should deny the motion.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: November 13, 2009   By _____/S/_____
STATIA PEAKHEART
Deputy Federal Public Defender

---

[2] Presumably, the Government's misidentifications clarified here were only misstatements, rather than an attempt to somehow unite the Federal Public Defender Office's as one entity subject to the protective order and to the proposed order "declaring the attorney-client privilege waived."

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

VINCENT Q. KIRBY, AUSA

/s/ AMY REEDY