DENNIS K. BURKE
United States Attorney
District of Arizona

VINCENT Q. KIRBY
Assistant U.S. Attorney
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004
Arizona State Bar No. 6377
Telephone (602) 514-7500

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Lezmond Mitchell,<br><br>                    Movant,<br><br>     v.<br><br>United States of America,<br><br>                    Respondent. | **CV-09-8089-MHM (JI)**<br><br>**GOVERNMENT'S SECOND MOTION TO EXTEND TIME IN WHICH TO FILE A RESPONSE TO MOVANT'S PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

The United States of America, by and through undersigned counsel, respectfully request that date by which to respond to Movant's Motion now due November 30, 2009 be extended for at least ninety (90) days due to the fact an amended petition has just been filed, the government needs to interview trial counsel but they want an order of the court declaring that the attorney client privilege is waived. That motion has been filed and is pending. Therefore more time is required. This request is based on the attached Memorandum of Points and Authorities.

Respectfully submitted this 17th day of November, 2009.

DENNIS K.  BURKE
United States Attorney
District of Arizona


*/s/Vincent Q. Kirby*
VINCENT Q. KIRBY
Assistant U.S. Attorney

## **MEMORANDUM OF POINTS AND AUTHORITIES**

On June 8, 2009, Movant originally filed a 214 page Motion seeking to Vacate, Set Aside or Correct a Sentence, raising 25 issues, many with subparts. The attached exhibits totaled approximately 1600 pages. On November 12, 2009, petitioner filed a 270 page Amended Motion, along with several hundred new pages of exhibits[1]

Previously, the government sought an extension and was granted 60 days to November 30, 2009. Since that time the trial attorneys of the local Federal Public Defender's Office reiterated the "policy" that it would not interview without a written waiver of the attorney client privilege or a court order to that effect. In response to the government's August 27, 2009 request, petitioner's counsel advised on October 14, 2009 that a written waiver of the privilege from petitioner would not be forthcoming. Additionally, the defense expert reports that were ordered disclosed by the Court on September 4, 2009 were not provided until October 15, 2009.

On October 19, 2009, the government e-mailed a copy of the Court's September 4, 2009 Protective Order concerning attorney-client material to the trial attorney's Federal Public Defender's Office asking whether that would allay their concerns. On November 2, 2009, the one of the trial attorneys related that his office advised that it was not sufficient. As a result, a Motion for Order to Declare Attorney-Client Privilege Waived was filed on November 3, 2009; petitioner filed a response on November 13, 2009; a reply was filed, November 17, 2009. A decision is pending.

Several of the issues raised by the petitioner can not be addressed without interviews of the trial counsel. For example, petitioner alleges that his counsel was ineffective for failing to thoroughly investigate and present mitigation evidence during the penalty phase. Another issue of which he complains is that trial counsel failed to investigate, prepare and present evidence of petitioner's alleged addiction and intoxication at the penalty phase.

//

---

[1] The government is filing a Motion to Strike.

Furthermore, the Court's, by its September 4, 2009 Order, directed petitioner to Local Rule 15.1(a) which requires that the party seeking leave to amend a pleading; "shall indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." Petitioner has failed to comply and the government submits that petitioner is in violation of the Order. The Court must determine whether the additional submissions relate back to the original motion and if they do not they must be struck. *Mayle v. Felix*, 545 U.S. 644 (2005). The bracketing/underlining requirement of the local rule facilitates the decision making process for the Court.

If the Court allows all or part or none of the Amended Motion to stand, the government should only have to file one response that addresses all of the permissible issues. Regardless, the government needs additional time to review and address the new matters in the amended motion as well as to interview trial counsel

Respectfully submitted this 17th day of November, 2009.

DENNIS K. BURKE
United States Attorney
District of Arizona


*/s/Vincent Q. Kirby*
VINCENT Q. KIRBY
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Sean Kennedy
Stacia Peakheart, attorneys for Petitioner

VQK/ceb