SEAN K. KENNEDY (145632)
(Sean_Kennedy@fd.org)
Federal Public Defender
STATIA PEAKHEART (200363)
Deputy Federal Public Defender
(Statia_Peakheart@fd.org)
321 E. Second Street
Los Angeles, CA 90012
Telephone:   (213) 894-2854
Facsimile:   (213) 894-0081

Attorneys for Defendant-Movant
LEZMOND CHARLES MITCHELL

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| LEZMOND CHARLES MITCHELL,<br><br>        Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | **CAPITAL CASE**<br>28 U.S.C. § 2255<br><br>Case No.: CV-09-8089-MHM<br><br><br>**Opposition to Motion to Strike Movant's Amended Motion Filed Pursuant to 28 U.S.C. § 2255** |

Movant Lezmond Charles Mitchell, through his undersigned counsel, the Office of the Federal Public Defender for the Central District of California, opposes the Government's motion to strike his November 12, 2009 amended motion.

The Government moves to strike Mitchell's amendment to his § 2255 Motion, claiming that Mitchell has not complied with LRCiv 15.1or this Court's Order of September 4, 2009 (Dkt. No. 21).  The Government misconstrues Mitchell's request for a scheduling change (Dkt. No. 20) and misapplies both Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 15.1.

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### A.   Procedural History

On June 8, 2009, Mitchell filed his "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody . . . ," with supporting exhibits.  (Dkt. Nos. 9 & 10-12.)  Because Mitchell filed the § 2255 Motion within the 1-year period of limitation, it was timely.  *See* 28 U.S.C. § 2255(f); *Mitchell v. United States*, No. 07-9351 (U.S. June 9, 2008.) (Petition for writ of certiorari to the United States Court of Appeals for the Ninth Circuit denied).

On June 29, 2009, among other matters, this Court directed the Government to answer the § 2255 motion within 90 days of the filing of the order.  (Dkt. No. 17.)  The Court also ordered Mitchell to reply to the answer 45 days after the Government filed its answer.

Then, on August 26, 2009, Mitchell moved to extend the filing dates for the Government's Answer and his Reply so that he could file an amended § 2255 motion.  He stated that his "intent [is] to amend his § 2255 motion before the Government answers the June 8 motion." (Dkt. No. 20, p. 3.)  On September 4, 2009, among other matters, the Court construed Mitchell's August 26 application as seeking to "vacate the impending due date for Respondent's answer to Petitioner's § 2255 motion and for leave to file an amended petition  . . . ," and without directing the Government to respond to the motion, it denied "Petitioner's Ex Parte Application for Schedule to File Amended § 2255 Motion. . . ."  (Dkt. No. 21.)

A few weeks later, on September 22, 2009, the Government filed a motion stating that it could not answer the § 2255 by the September 28, 2009-due date, and requested the Court extend the filing date for "approximately four (4) months." (Dkt. No. 23.)  The Court granted the Government's motion, in part, and directed it to file its answer "no later than November 30, 2009." (Dkt. No. 26.)

On November 12, 2009, Mitchell filed an amended § 2255 motion[1], with additional exhibits.[2]  The Government has moved to strike the amended § 2255 motion "for failing to comply with the Court's Order of September 4, 2009 and Local Rule Civil 15.1."  (Dkt. No. 33.)

Mitchell opposes the motion to strike because it has no legal basis.

**B.    Mitchell's August Application Requested a Continuance of the Schedule, Not Leave to Amend**

Mitchell's August 26, 2009 application (later deemed a motion by this Court) requested *additional time for the Government to file an Answer* – not *leave to file* an amended motion.  Mitchell had no reason to seek leave to amend his motion because Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, *Amending as a Matter of Course*, states clearly that a "party may amend its pleading once as a matter of course . . . before being served with a responsive pleading."  Because the Government had not yet filed a responsive pleading to his § 2255 motion, no rule or statute requires Mitchell to request leave to amend.  *See* Fed.R.Civ.Proc. 15(a)(2); *and see Frost v. Schriro*, No. CV-08-15590-PHX-PGR (MHB), 2009 U.S. Dist. LEXIS 105131, pp. *4-5 (D. Ariz. 2009) ("Since the plaintiff's amended complaint was filed as a matter of course pursuant to Fed.R.Civ.P. 15(a)(1)(A) [that is, "before the defendants' answer was served"], the

---

[1]  Mitchell did not re-file Exhibits 1-126, which were filed on June 8, 2009 (although he refers to and incorporates those exhibits by reference).  He did file additional exhibits, Exs. 127-145.

[2]  Mitchell's August 26, 2009 request to continue the Court's filing dates stated that *"[n]o later than November 18, 2009,* or 90 days after this Court rules on Mitchell's 'Motion for Authorization to Interview Jurors . . .,' whichever is later, Mitchell will file an amended § 2255 motion."  (Dkt. No. 20, p. 4; *see also* proposed order attached to Dkt. No. 20.)
Mitchell filed his amended § 2255 Motion before November 18, 2009, and 69 days after the Court ruled on his motion for jury interviews.

plaintiff was not required to file a motion to amend, nor was he required to comply with LRCiv 15.1(a) inasmuch as that rule only applies to a party who moves to amend a pleading)."); *see also Villa-Romero v. Arpaio*, No. CV 08-2206-PHX -MHM (ECV), 2009 U.S. Dist. LEXIS 7224, Appendix to Order (D. Ariz. 2009).[3]

Moreover, this Court would abuse its discretion by granting the Government's motion to strike the § 2255 amendment.  In *Breier v. No. Calif. Bowling Proprietors' Asso.*, the Ninth Circuit held that the district court abused its discretion when it precluded the plaintiff from amending his complaint because

> [A]ppellants were entitled to file amended complaints as a matter of right [because 'a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . .' . . . [A] motion for leave to amend (*though unnecessary*) must be granted if filed.

[3]The Appendix to the Order, captioned "**Instructions for a Prisoner Filing a Civil Rights Complaint in the United States District Court for the District of Arizona**," states, in relevant part,

> You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint. See Fed. R. Civ. P. 15(a). After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.

Appendix, p. 2; *see also* "**Instructions for Filing a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Motion Under 28 U.S.C. § 2255) in the United States District Court for the District of Arizona**," found on this Court's website, which states, in relevant part:

> You may file one amended motion without leave (permission) of Court before the respondent has answered your original motion to vacate. See Fed. R. Civ. P. 15(a). After the respondent has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended motion to vacate. LRCiv 15.1.

"Instructions for Filing a . . . Motion Under 28 U.S.C. § 2255. . .," p. 2.

316 F.2d 787, 789 (9th Cir. 1963) (emphasis added); *see also Worldwide Church of God, Inc. v. State of California*, 623 F.2d 613, 616 (9th Cir. 1980) (the district court erred in refusing to permit amendment of a complaint, since no responsive pleading had been filed when the plaintiff attempted to amend); *Mayes v. Leipziger*, 729 F.2d 605 (9th Cir. 1984) (judgment of district court reversed because it abused its discretion since plaintiff "had a right under Rule 15(a) to amend her complaint as a matter of course."); *cf. Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1520 (9th Cir. 1983) (right to amend under Fed.R.Civ.Proc. 15(a) terminated only by responsive pleading); *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1310, n.5 (9th Cir. 1982) (same); *and see United States v. Thomas*, 221 F.3d 430 (3rd Cir. 2000) (clarifying that district courts have the authority under Rule 15 to allow amendments, and disagreeing that any "tension between Rule 15(c) and the AEDPA requires [it] to hold that Rule 15(c) cannot apply to habeas proceedings in the same manner in which it applies to other civil proceedings.").

Mitchell filed his § 2255 amendment before the Government filed a responsive pleading, thus it is properly before this Court.

**C.      The Government's Motion to Strike Has No Basis in the Federal Rules of Civil Procedure or the Local Rule of Civil Procedure**

The Government has moved to strike Mitchell's § 2255 amendment under LRCiv 7.2(m), which limits when parties may file a motion to strike.[4]  The Government's motion to strike is not supported by the type of authorizations required by Rule 7.2(m).

---

[4] The relevant text states:  "unless made at trial, a motion to strike may be filed only if it is authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(c), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order."

Under Rule 7.2(m), a party may file a motion to strike if a federal statute or rule authorizes it. *Giddings v. Viso House Prod.*, 2008 U.S. Dist. LEXIS 43175, *4 (D. Ariz. 2008). Rule 7.2(m) provides the type of federal rules that, if violated, allow a party to file a motion to strike. The list within Rule 7.2(m) is not exhaustive but is limited to federal rules that apply nationwide, and cites specifically "Federal Rules of Civil Procedure 12(f), 26(g)(2), [and] 37(b)(2)(C)." LRCiv 7.2(m). Rule 12(f) of the Federal Rules of Civil Procedure is a nationwide rule regarding "striking from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Federal Rule of Civil Procedure 26(g) pertains to "Signing Disclosures and Discovery Requests, Responses, and Objections, and subsection (2) provides for striking an unsigned discovery document if the issuing attorney fails to sign it, after a party brought the omission to the attorney's attention. Rule 37(b)(2)(c) discusses payment of expenses for disobedience of a court order. Courts generally disfavor motions to strike under the Federal Rules of Civil Procedure. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). LRCiv 7.2 cites only to the Federal Rules of Civil Procedure for support and thereby incorporates the federal rule's general disfavor of motions to strike.

Apparently, the Government assumes that its LRCiv 7.2 motion can "piggyback" into federal court on another local rule, LRCiv. 15.1. Unlike the Federal Rules of Civil Procedure cited in LRCiv 7.2(m), LRCiv 15.1 is not a nationwide rule nor does it address sanctions or motions to strike, as do the federal rules cited in LRCiv 7.2(m). The subject of LRCiv 15.1 is the form for filing amendments and their attachments. LRCiv 15.1 does not authorize a motion to strike and is not the kind of federal rule that would authorize a motion to strike under LRCiv 7.2(m).

Assuming this Court reads LRCiv 15.1 as something more than a rule for the form of an amendment, LRCiv 15.1 is still not applicable here. Mitchell's § 2255

6

amendment did not a request a leave to amend since Fed.R.Civ.Proc. 15(a)(1)(A) does not require a leave to amend. LRCiv 15.1 applies only to "a party who moves for leave to amend." Mitchell was not moving for a leave, so LRCiv 15.1 was inapplicable to his § 2255 amendment. The Government cannot self-tailor a motion to strike under LRCiv 7.2(m) on an inapplicable federal rule.[5]

**D.      Striking Mitchell's Amended Motion Is Not an Appropriate Sanction Even If He Did Violate a Local Rule**

LRCiv 15.1 does not provide for this Court to strike an entire pleading as a sanction for failing to bracket amended text; the rule has no sanction at all. However, Federal and Local Rules of Civil Procedure generally disfavor motions to strike.

Even if LRCiv 15.1 applied and Mitchell failed to comply, the Government is asking this Court to impose what the Federal and Local Rules deem a sanction of last resort, yet it has failed to show that it has suffered any substantial prejudice from Mitchell's failure to bracket and strike-out amendments. Even if this Court applies LRCiv 15.1, it has many less drastic options to bring about compliance.

The Court could allow Mitchell to bracket and strike-out amendments. After all, even when a motion to strike is looming under the Federal Rules of Civil Procedure, a party is given the chance to correct the error. *See, e.g.,*

_____

[5] With regard to the Court's statements that it would deny Mitchell leave to amend (Dkt. No. 21), although Mitchell did not err by not seeking this Court's leave to amend his June 8 motion, the Supreme Court has held that, " 'Rule 15 (a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *id.* ("outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."); *see also Breier*, at 789 ("Even if the question had been addressed to the Court's discretion, we think leave to amend should have been granted. The purpose of pleading under the [Federal Civil] Rules 'is to facilitate a proper decision on the merits.' ").

Fed.R.Civ.Proc. 26(g)(2).  Alternatively, since LRCiv 15.1 is meant to reduce inconvenience to the Court in referring to previous pleadings, the Court could find that Mitchell's amended § 2255 motion substantially complied with LRCiv 15.1 because his amended motion replaces entirely the June 8 § 2255 motion, thus there is no need to track changes via bracketing and strike outs.  The requirements of LRCiv 15.1 would unnecessarily complicate an amended § 2255 motion.

The Court could also follow the Government's suggestion in its "Second Motion to Extend Time In Which to File a Response. . ." (Dkt. No. 32) and remedy any LRCiv 15.1 violation by extending the time for the Government's Answer.

In sum, LRCiv 15.1 does not require a motion to strike nor would striking the amended motion be the appropriate sanction of first resort under any of the federal rules, especially given the Government's failure to prove prejudice.

///

///

///

**E.      Conclusion**

Mitchell amended his § 2255 motion as a matter of course, under Fed.R.Civ.Proc. 15(a)(1)(A), before the Government filed a responsive pleading. The amendment was lawful.  The Government has cited no federal statute, rule or court order authorizing a motion to strike under LRCiv 7.2(m).  LRCiv 15.1 is not the type of federal rule contemplated by LRCiv 7.2(m) to support a motion to strike.  A court order cannot support the striking of an entire pleading under LRCiv 7.2(m); in any event, because the particular court order cited by the Government is unrelated to the amended motion, it cannot support or authorize a motion to strike the amended § 2255 motion.  For these reasons, the Court should deny the Government's motion to strike Mitchell's  November 12, 2009 amended motion.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED: November 30, 2009                    By_____/S/_____
STATIA PEAKHEART
Deputy Federal Public Defender

9

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

VINCENT Q. KIRBY, AUSA


                                        /s/ AMY REEDY