DENNIS K.  BURKE
United States Attorney
District of Arizona

VINCENT Q.  KIRBY
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Arizona State Bar No.6377
Telephone (602) 514-7500
Vincent.Kirby@usdoj.gov

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Lezmond Charles Mitchell,<br><br>   Petitioner,<br><br>   v.<br><br>United States of America,<br><br>   Respondent. | CV-09-08089-MHM ( JI)<br><br>GOVERNMENT'S REPLY TO RESPONSE TO MOTION TO STRIKE PETITIONER'S AMENDED MOTION TO VACATE, SET ASIDE OR CORRECT A SENTENCE |

The United States, pursuant to Local Civil Rule 7.2(m), respectfully replies to Petitioner's Response to the Motion to Strike Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence (Dk # 30.) for failing to comply with the Court's Order of September 4, 2009 based on the attached Memorandum.

Respectfully submitted this 3rd day of December, 2009.

DENNIS K.  BURKE
United States Attorney
District of Arizona

/s/ *Vincent Q. Kirby*

VINCENT Q.  KIRBY
Assistant U.S. Attorney

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

At the time of Petitioner's August 26, 2009 *Ex Parte* Application for Schedule to File Amended §2255 Motion, the relief he sought was "Movant Charles Lezmond Mitchell, through his undersigned counsel, hereby applies to this Honorable Court for an order *granting him leave to file his amended 28 U.S.C. § 2255 motion and exhibits . . .*"(emphasis added).

Originally, the government's response was due September 28, 2009. Petitioner would have had to file his Amended Motion prior to that date in order to do so as a "matter of right." Since he clearly was not prepared to file it at that time, he attempted to change the government's response date. The Court was correct in treating the motion as seeking leave to file an amended motion, denying it and directing him to Local Rule 15.1(a).

Petitioner failed to follow the Court's Order in that the Amended Motion contains no bracketing or underlining to show deletions or additions as required. The Court, in its September 4, 2009 Order added that it could not "make a determination as to whether the amendment is appropriate unless and until the Petitioner actually proffers an amended pleading."  It is clear that the Court wanted Petitioner to demonstrate the differences between the two as required and he was therefore directed to Local Rule 15.1's highlighting requirement.

The government is proceeding to strike the amended motion under Local Rule 7.2(m) in that the Court ordered Petitioner to file any amended motion in accordance with Local Rule 15.1(a), including the highlighting requirement and Petitioner failed to do so in violation thereof.

Neither the Court nor the government should be required to divine the differences between the now 269 page document to determine how it differs from the original 214 pages. Also, Petitioner  initially filed issues beginning with "A" and ending at "Y"; in the amended motion

//

//

2

they now extend to "BB".  The burden in on Petitioner to show that the matters in the amended motion properly relate back to the original motion. *Mayle v.  Felix*, 545 U.S. 644, 664 (2005).

Respectfully submitted this 3d day of December, 2009.

DENNIS K.  BURKE
United States Attorney
District of Arizona

/s/ *Vincent Q. Kirby*

VINCENT Q.  KIRBY
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2009, I electronically  transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Sean Kennedy
Stacia Peakheart, attorneys for Petitioner

VQK/jhs

3