**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lezmond Mitchell, ) | No. CV-09-8089-PCT-MHM |
| ) Petitioner, ) | DEATH PENALTY CASE |
| ) vs. ) | |
| ) | **ORDER RE: MOTION TO DECLARE** |
| United States of America, ) | **ATTORNEY-CLIENT PRIVILEGE** |
| ) | **WAIVED** |
| Respondent. ) | |
| ) | |

Respondent has filed a motion requesting that the Court declare Petitioner's attorney-client privilege waived. (Dkt. 29.) The motion asserts that Petitioner's trial counsel will not consent to an informal interview by Respondent – for the purpose of investigating Petitioner's allegations of counsel ineffectiveness – without a written waiver from Petitioner or order of the Court. (*Id.* at 2.) The motion further states that Petitioner will not provide a written waiver. (*Id.*)

Courts have uniformly held that a claim alleging ineffective assistance of counsel waives the attorney-client privilege, at least within the scope of the issues raised by the claim. *See In re Lott*, 424 F.3d 446, 452-53 (6th Cir. 2005); *Bittaker v. Woodford*, 331 F.3d 715, 718-19 (9th Cir. 2003); *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001); *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986). The inquiry required by *Strickland v. Washington*, 466 U.S. 668, 669 (1984), presupposes that the Government will be given a fair opportunity to defend against Petitioner's claims alleging ineffective assistance of counsel.

*Bittaker*, 331 F.3d at 720. Therefore, if any of Petitioner's prior attorneys are unwilling to participate in informal interviews with the Government or the Government would prefer to depose these individuals, the Court finds good cause under Rule 6 of the Rules Governing Section 2255 Cases for such depositions.

Based on the foregoing,

**IT IS ORDERED** that Respondent's Motion to Declare Attorney-Client Privilege Waived (Dkt. 29) is **GRANTED**.

DATED this 3rd day of December, 2009.

Mary H. Murguia
United States District Judge