**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lezmond Mitchell, | No. CV-09-8089-PCT-MHM |
| Petitioner, | DEATH PENALTY CASE |
| vs. | |
| United States of America, | **ORDER RE: MOTION TO SEAL** |
| Respondent. | |

Petitioner has filed a motion to seal three exhibits proffered to the Court in support of his application under 28 U.S.C. § 2255. (Dkt. 27.) These exhibits are items from trial counsel's file offered in support of claims alleging ineffective assistance of counsel: Exhibit 92 is an internal memo to defense counsel from their mitigation specialist; Exhibit 93 is a comprehensive social history of Petitioner prepared by the mitigation specialist; and Exhibit 94 is a psychiatric report of Petitioner prepared prior to trial. Because these items constitute privileged attorney-work product, the Court found good cause to enter a protective order pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003). (Dkt. 21 at 9-10.) The issue now before the Court is whether the materials should also be sealed from public access. *See Pintos v. Pacific Creditors Ass'n*, 565 F.3d 1106, 1116 (9th Cir. 2009) (noting that sealed discovery documents become subject to the presumption of public access once a party attaches them to a motion seeking action by the court); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003) (same).

1  Petitioner argues that Exhibits 92-94 should be maintained under seal because
2  privileged materials from trial counsel's files are "traditionally kept secret." (Dkt. 27 at 2.)
3  He further asserts that these documents contain damaging information that no one would
4  otherwise be entitled to view but for his need to rely on them to vindicate his constitutional
5  rights. (*Id.* at 3.) In response, the Government notes that Petitioner has liberally quoted from
6  these exhibits in his § 2255 petition, which is itself a public document, and asserts that
7  Petitioner has failed to establish compelling reasons to overcome the presumption of public
8  access. (Dkt. 28 at 2.) .

9  It is well settled that the public has a common law right of access to judicial
10 documents. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *San Jose
11 Mercury News, Inc. v. United States District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999).
12 However, this right is not absolute. A party seeking closure can overcome the presumption
13 of access by showing "sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at
14 1135. This standard has been described as a "balancing test," *San Jose Mercury News, Inc.*,
15 187 F.3d at 1102, in which the court must weigh such factors as the "public interest in
16 understanding the judicial process and whether disclosure of the material could result in
17 improper use of the material for scandalous or libelous purposes or infringement upon trade
18 secrets." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *E.E.O.C. v.
19 Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990)).

20 In *Kamakana v. City and County of Honolulu*, the Ninth Circuit recognized an
21 exception to the right of public access for documents that have "traditionally been kept secret
22 for important policy reasons." 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Times Mirror Co.
23 v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)). Petitioner argues that attorney-client
24 materials fall into this category. The *Kamakana* court, however, identified only two types
25 of documents that are exempt from public access: grand jury transcripts and warrant
26 materials in the midst of a pre-indictment investigation. *Id.* at 1178, 1185. The court further
27 observed that classes of documents are not added to the "traditionally kept secret" category
28 "simply because such documents are usually or often deemed confidential" and rejected an

argument that documents subject to "privacy, law enforcement, and official information privileges" are traditionally kept secret. *Id.* at 1185. Thus, the Court declines to find that attorney-client materials are *per se* exempt from the presumption of public access, and Petitioner must establish compelling reasons to justify sealing Exhibits 92-94.

In reviewing the exhibits, the Court has considered Petitioner's conclusory assertion that the materials are damaging and could be used to his detriment in the future if not filed under seal. The Court has reviewed the three exhibits and finds there is little likelihood the materials could be improperly used if filed in the public record; nothing in the exhibits is more "damaging" to Petitioner than the evidence already presented at his trial. In addition, the Court has provided a protective order barring the Government's use of privileged attorney-client materials in any subsequent court proceedings in the event Petitioner obtains relief on his § 2255 petition. Because Petitioner has failed to articulate a specific factual basis supporting a compelling reason to overcome the presumption in favor of public access, his motion to seal Exhibits 92-94 is denied. *See Kamakana*, 447 F.3d at 1182 (finding party's conclusory assertions inadequate to establish compelling reason to maintain "confidential" documents under seal).

Based on the foregoing,

**IT IS ORDERED** that Petitioner's Motion to Seal Privileged Exhibits (Dkt. 27) is **DENIED**. If Petitioner chooses to support his § 2255 application with Exhibits 92-94, he must refile those documents as public exhibits.

DATED this 3rd day of December, 2009.

_____
Mary H. Murguia
United States District Judge

cc: Counsel