# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lezmond Mitchell,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>United States of America,<br><br>　　　　　Respondent. | ) No. CV-09-8089-PCT-MHM<br>)<br>) DEATH PENALTY CASE<br>)<br>)<br>)<br>) **ORDER RE: MOTION TO STRIKE**<br>)<br>)<br>)<br>) |

Before the Court is Respondent's motion to strike Petitioner's Amended Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255. (Dkt. 33.) Respondent asserts that the amended motion should be stricken because Petitioner failed to comply with this Court's September 4, 2009 order as well as Local Rule Civil 15.1, which requires a party seeking leave to amend to attach a redlined copy of the proposed amended pleading indicating the text to be deleted and added. Petitioner filed an opposition, and Respondent filed a reply. (Dkts. 36, 38.) For the reasons that follow, the Court denies Respondent's motion to strike but directs Petitioner to file a redlined version of his amended petition.

Petitioner filed a 215-page § 2255 petition on June 8, 2009, just before expiration of the one-year statute of limitations under § 2255(f). (Dkt. 9.) The Court entered a briefing schedule, and subsequently Petitioner moved to extend the time for the Government's response to his § 2255 petition and for leave to file an amended petition by November 18, 2009. (Dkts. 17 & 20.) The Court denied Petitioner's request in an order filed September

4, 2009. (Dkt. 21.) At the time, the Government's response was due on September 28, 2009. The Court noted that it could not make a determination as to whether amendment would be appropriate unless and until Petitioner actually proffered an amended pleading. (*Id.* at 9.) At that point, the Court assumed the Government's response would be timely filed, obviating Petitioner's right to amend as a matter of course under Rule 15(a)(1) of the Federal Rules of Civil Procedure and requiring leave of court under Rule 15(a)(2) for any amendment. Subsequently the Government sought and was granted a continuance to November 30 for its response to Petitioner's § 2255 motion. On November 12, Petitioner filed a 269-page amended § 2255 motion, prior to any response from the Government.[1] (Dkt. 30.)

As already noted, under Rule 15(a), a § 2255 movant may amend his petition once as a matter of course before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). However, under Rule 15(c) amendments made after the statute of limitations has run will relate back to the date of the original pleading only if the new claims arose out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. *Mayle v. Felix*, 545 U.S. 644, 656-64 (2005) (applying Rule 15(c) "relation back" test to claims raised in an amendment filed "as a matter of course" under Rule 15(a)(1)). Because in this case Petitioner's amended petition was filed after expiration of § 2255(f)'s limitation period, any new claims raised therein must relate back to the timely-filed original petition. However, the Government cannot address relation back in its response to Petitioner's amended § 2255 motion before first ascertaining whether the amended pleading in fact raises new claims. To this end and in view of the length of the relevant pleadings, the Court will order Petitioner to file a redlined version of his amended § 2255 motion that brackets or strikes through deletions and underlines additions.

Based on the foregoing,

**IT IS ORDERED** that Respondent's Motion to Strike Petitioner's Amended Motion

---

[1] A second continuance was granted on December 1, 2009. (Dkt. 37.) The Government's response is presently due on March 1, 2010.

to Vacate, Set Aside, or Correct a Sentence (Dkt. 33) is **DENIED**.

**IT IS FURTHER ORDERED** that no later than fifteen (15) days after entry of this Order, Petitioner shall file a redlined version of his Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence that indicates deletions by bracketing or striking through and additions by underlining.  The paper courtesy copy provided to the Court shall be spiral bound on the left side and not fastened at the top.

DATED this 7th day of December, 2009.

Mary H. Murgula
United States District Judge