DENNIS K. BURKE
United States Attorney
District of Arizona

VINCENT Q. KIRBY
Assistant U.S. Attorney
Arizona State Bar No. 0077
Vincent.Kirby@usdoj.gov
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona  85004-4408
Telephone:  (602) 514-7500
Facsimile:  (602) 514-7760

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

Lezmond Mitchell,

      Petitioner,

  v.

United States of America,

      Respondent.

CV-09-8089-PCT-MHM
CR-01-1062-PCT-MHM

**RESPONDENT'S RESPONSE TO MITCHELL'S MOTION TO ALTER OR AMEND THE JUDGEMENT, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

Respondent respectfully requests that the Court deny Petitioner's Motion to Alter or Amend the Judgement because he fails to properly allege newly discovered evidence, clear error or change in the law.  This request is supported by the following Memorandum of Points and Authorities, the exhibits attached hereto, and the entire Court record and file in this matter.

Respectfully submitted this 15th day of November, 2010.

                                  DENNIS K. BURKE
                                  United States Attorney
                                  District of Arizona

                                  */s/Vincent Q. Kirby*
                                  VINCENT Q. KIRBY
                                  Assistant U.S. Attorney

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Petitioner argues that the Court committed clear error by ruling that Petitioner was not entitled to an evidentiary hearing.  He also urges the court to reconsider its ruling denying him relief on the rest of his claims.  His arguments are entirely without merit, and the  Motion should be denied for the reasons set forth below.

**RULE 59(e)**

Although "Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4]. (3d ed.2000)." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  "A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error,* or if there is an intervening change in the controlling law.'" (quoting *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999))). *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir.1999) (per curiam) (en banc).  It is within the court's discretion whether to grant the relief. *Robins v. Harum*, 773 F.2d 1004, 1006 (9th Cir. 1985).

Rule 59(e) cannot be used to raise arguments or present evidence that should have been raised in the Motion to Vacate.  *Kona Enterprises, Inc. v. Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Evidence is not newly discovered if the information was known during the proceedings or could have been discovered in the exercise of reasonable diligence. *Wallis v. JR. Simplot Co.*, 26 F.3d 885, 893 n. 6 (9th Cir. 1994) The evidence must also be material in that the proposed information could alter the judgement. *Coastal Transfer Co. v. Toyota Motor Sales*, U.S.A., 833 F.2d 208, 211 (9th Cir. 1987).

Petitioner raised the issue of collusion in his original motion filed June 30, 2009. The Court found that this collusion argument had been raised on appeal and therefore Petitioner was barred from raising it again.  Issues raised on appeal can not form the basis for habeas relief. *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000).  In his Reply, Petitioner discussed

the very same argument about tribal records.  He failed to provide the statement from Kathleen Bowman.[1]  There is no explanation why Kathleen Bowman did not sign her statement until the day after Petitioner filed the Motion to Amend or Alter the Judgment. As she stated, Ms Bowman has been with the Navajo Nation Public Defender's Office for 17 years.  There is no valid excuse why she could not have been consulted through the exercise of due diligence from the day counsel was appointed, April 25, 2008, to the day Petitioner filed his Reply on July 7, 2010. (CR 55.)  This is clearly not newly discovered evidence that could not have been discovered in the exercise of due diligence. *Wallis v. JR. Simplot Co.*, 26 F.3d 885, 893 n. 6 (9th Cir. 1994). Therefore, he is barred from raising the newly discovered evidence claim.

Clear error is defined as requiring  a definite and firm conviction that a mistake has been made. *United States v. Hughes Aircraft Co.,* 162 F.3d 1027, 1030 (9th Cir.1999).  There is no clear error demonstrated by Petitioner who primarily rehashes his arguments that he is entitled to relief for a host of reasons.  Additionally, there have been no changes in the law that would entitle Petitioner to any relief.  There are no valid grounds for relief.

**DISCOVERY**

In a clear misstatement of the facts, Petitioner argues that the Court unfairly ordered a "unilateral grant of discovery" in connection with depositions of trial counsel.  The government never sought discovery pursuant to Rule 6 of Rules Governing Section 2255 Proceedings. Case law is clear that a defendant who alleges ineffective assistance of counsel waives the attorney-client privilege as to those issues. *Bittaker v. Wofford*, 331 F.3d 715, 718-19 (9th Cir. 2003). Nonetheless, trial counsel informed the government that they would not discuss the case without either a written waiver or a court order.  A request was made of petitioner for the written waiver but it was refused.  Next the government sought the assistance of the Court to enter an order declaring the attorney client privilege waived.  (CR 29.)  Petitioner only argued that the Court

[1] Furthermore, the two exhibits, 170, 171 were filed on November 3, 2010 well beyond the 28 day limit under the Rules.  They were not signed until after the 28 day limit. They should be struck as not timely filed as well as an improper basis to expand the Section 2255 record which is prohibited by AEDPA limitation of one year.

3

lacked authority to enter such an order. (CR 31.)  The Court ordered that "Respondent's Motion to Declare Attorney-Client Privilege Waived (Dkt. 29) is GRANTED.  (CR 39.)  When trial counsel were furnished the Order, they declined to submit to an informal interview.  (Ex. A.) The government, pursuant Rules 26 and 30 Fed.R.Civ.P., issued a notice of deposition for each of the trial counsel.  (CR 44, 45, 46.)  Neither trial counsel nor Petitioner raised an objection. The depositions took place with the participation of Petitioner's counsel. Petitioner never alerted the Court or the government that he was not prepared to depose counsel or needed additional interviews with them.

From May, 2008 until the filing of the Reply on July 7, 2010  Petitioner never sought a discovery order from the court, other than to interview the jurors, even though Rule 6 Rules Governing Section 2255 Proceedings may be used in an attempt to determine whether an evidentiary hearing is necessary.  *Blackledge v. Allison*, 431 U.S. 63, 81-2 (1977).  Petitioner deliberately chose to create the record by submitting affidavits and other documentary evidence pursuant to Rule 7 Rules Governing Section 2255 Proceedings.

**DENIAL OF AN EVIDENTIARY HEARING.**

It is within the discretion of the court whether to grant an evidentiary hearing or discovery.  *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1987).  An evidentiary hearing is not required if "...' the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.' 28 U.S.C. § 2255" *United States v. Chacon-Palomares* 208 F.3d 1157, 1159 (9th Cir. 2000).  "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such hearing could enable an applicant to prove the petitioner's allegations, which if true *would entitle the applicant to federal habeas relief.*"  *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)(emphasis added). The court need not conduct an evidentiary hearing if it directs that discovery, if requested, take place or, as was done in this case, allow for the expansion of the record under Rule 7 Rules Governing Section 2255 Proceedings.  *Blackledge v. Allison*, 431 U.S.63, 81-2 (1977)

Habeas is not meant to allow for a "fishing expedition" in order that a petitioner can find whether a case exists. *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999)  Discovery is only available in the discretion of the court and for good cause shown. *Id* 1068.  "Merely conclusory statements in a §2255 motion are not enough to require a hearing." *United States v. Hearst*, 638 F..2d 1190, 1194 (9th Cir.  1980).  Section 2255 is not designed to provide criminal defendants multiple opportunities to challenge their sentence. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

Petitioner took it upon himself to expand the record by submitting 126 Exhibits at the time of the original filing.  The amended motion added an additional 18 exhibits and with his Reply the final tally was approximately 165 exhibits.  He included affidavits of civilians, a forensic pathologist, a DNA expert, a social historian, a psychiatrist, other specialists and documentary exhibits in an attempt to persuade the court that he was entitled to relief.  The government furnished the depositions of trial counsel.  The court considered a very expansive record in addition to the many transcripts of hearings, jury selection and trial/sentencing. Even where the motion is based on occurrences outside the record no evidentiary hearing is necessary if the record before the court demonstrates that petitioner is not entitled to relief.  *Watts*, 884 F.3d at 277.  Petitioner chose the method of creating the record for the court.

If the court determines that even with the benefit of an evidentiary hearing, the petitioner could not develop a factual record that would entitle him to relief, it has the discretion to deny the hearing.  *Schriro v. Landrigan*, 550 U.S. 465, 475 (2007).  Section 2255 only requires that a court engage in "careful consideration and plenary processing, including full opportunity for presentation of the relevant facts."  *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1987) citing *Blackledge v. Allison*, 431 U.S. 63, 82-3 (1977).  Court can supplement the record with their own notes and recollections.  *Abatino v. United States*, 750 F.2d  1442, 1444 (9th Cir. 1985).

**INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL**

Petitioner is only entitled to an evidentiary hearing on this issue if he can prove that counsel was ineffective as well as a reasonable probability that the outcome would likely be different. *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007).   In *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct 2052, 2064 (1984), the Supreme Court held the standard for evaluating claims of ineffective assistance of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process, the trial could not have produced a just result.  To prove ineffectiveness of counsel, Petitioner must show (1) counsel's performance was deficient for Sixth Amendment purposes and (2) but for the deficient performance, a reasonable probability exists the result of the proceeding would have been different. 466 U.S. at 687, 104 S.Ct at 2064.  This standard is highly demanding.  *Kimmelman v. Morrison*, 477 U.S.365, 382 (1986).  It requires that Petitioner point to specific errors made by trial counsel.  *United States v. Cronic*, 466 U.S. 648, 666 (1984).  The burden rests with the accused to prove a constitutional violation because " we presume that the lawyer is competent to provide the guiding hand that the Petitioner needs, . . . " *Cronic* at 658.

To show prejudice, Petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.   Speculation is not sufficient to establish prejudice under *Strickland*.  *Gonzales v. Knowles*, 515 F.3d 1006, 1015-16 (9th Cir.  2008).  The burden is on the petitioner to demonstrate prejudice.  *Wong v. Belmontes*, 130 S.Ct. 383, 390 (2010).

### Intoxication Defense (Claim A)

While Petitioner argues how the intoxication defense should have been handled, he completely fails to prove his burden that counsel were ineffective.  Given Petitioner's repeated assertions of sobriety,  the absence of either witnesses to testify about defendant at the time of

murders or any physical corroborating evidence such as beer cans, counsel could not have presented an intoxication defense. Despite the information gathered about Petitioner's drug and alcohol abuse it did not provide a witness at trial to testify what Petitioner consumed or ingested at the time of the crimes. Additionally, counsel were well within their professional judgment to attempt to maintain as much credibility with a jury that was very likely going to consider the issue of a death sentence given the overwhelming evidence of guilt. Blaming the co-defendant was not an unreasonable strategy given the facts of the case. The Court properly found that counsel had conducted a reasonable investigation and make strategic choices. Petitioner failed to meet his burden and he is not entitled to relief.

**Custodial Statements (Claim E)**

Petitioner failed to demonstrate, through his expansion of the record, that counsel was ineffective for failing to challenge his *Miranda* waiver as involuntary due to his mental deficiencies and/or cultural heritage. He failed to prove that at the time of the evidentiary hearings that counsel should have been on notice to this issue. Trial counsel properly enlisted the services of Dr. Barry Morenz, whose complete and full evaluation never suggested any mental deficiency that could have impacted Petitioner's waiver of his rights. Counsel's own interactions with Petitioner never gave rise to that possibility either. Petitioner's records do not demonstrate otherwise. He failed to prove counsel were ineffective.

**DNA Evidence (Claim G)**

Court properly found that trial counsel, in light of other evidence, made a strategic decision to forgo challenging the DNA testimony. Further, the Court found Petitioner failed to demonstrate that a defense DNA expert could have absolved Petitioner of any role in the murders. Regardless of counsels' actions, Petitioner cannot overcome the fact that if his expert testified, there is not likelihood that the outcome would have been different based in large part that there is no disagreement that the victim's blood was found on a knife in defendant's pocket at the time of his arrest. In addition, he confessed to the crime and a co-defendant testified

against him, his fingerprints were found on the carjacked truck.  This DNA speculation cannot change the outcome because it would never exculpate him from the crimes.

Petitioner could not meet his burden of establishing counsel were ineffective.

**Jury Selection (Claim H)**

The court correctly found these claims as meritless. Petitioner failed to demonstrate that his counsel were ineffective during jury selection by failing to challenge certain jurors or rehabilitate others.  He primarily relies on speculation from the cold words of the transcript. The Court can supplement the record with their own notes and recollections. *Abatino v. United States*, 750 F.2d  1442, 1444 (9th Cir. 1985).  He is therefore not entitled to relief.

**Buttons Worn by Victims' Family (Claim T)**

Defense counsel, who was in the best position to determine whether an issue existed, found none and Petitioner cannot present any evidence to the contrary.  As an advocate for his client he recognized the issue it was resolve to his satisfaction. Even if a pin were located, the issue of whether it impacted the jury would have rested in large part on counsel's observations which are detailed in the deposition.  Petitioner can not prove ineffectiveness.  Counsel was not required to make a record of a matter that he discerned did not impact the trial and was resolved promptly.

**INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING**

**Mitigation Evidence (Claims B & D)**

Petitioner argues that trial counsel did not run down every single person who ever knew him or his family situation and that counsel should have pursued a different strategy for mitigation.  That is not the test. The inquiry is not whether other counsel would have pursued a different path but whether the choices made by the trial team were reasonable. *Babbit v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998).

"As long as a reasonable investigation was conducted, a reviewing court should defer to counsel's strategic choices." *Cox v. Ayers*, 588  F.3d 1038, 1049 (9th Cir.  2010).  The court, in its Order, initially summarized the testimony put forth on Petitioner's behalf including the

8

involvement of co-defendant Johnny Orsinger in 4 homicides at during the mitigation phase. It also rejected Petitioner's assertions that an adequate investigation of his background was not conducted. In a detailed analysis, it described defense interviews of witnesses, retention of experts, gathering of records, a comprehensive social history, which did not differ appreciably from Petitioner's submission. A full, complete psychological evaluation was conducted and a report was generated to counsel.

The final conclusion of the court was that the defense conducted a thorough search for potential evidence of mitigation. Further, that because of the thorough search for mitigation, the final decision to present only positive aspects of Petitioner's life and reasons to spare his life was well reasoned. The Court examined, as did trial counsel, the various pitfalls and dangerous opening of doors by presenting different aspects of the mitigation. For example, Dr. Morenz, if he testified, would have had to disclose to the jury very damaging statements made by Petitioner that might cause jurors to fear him.

Unlike Petitioner now, defense counsel were faced with a horrendous set of facts perpetrated by Petitioner. They considered the various options that Petitioner now argues and based on the wealth of information they gathered they chose to present Petitioner's humanity in an effort to suggest to the jury that his was a life worth saving. It may not have been without its pitfalls but the other alternative had greater potential to open doors the defense wanted to remain shut. The finding that Petitioner failed to show his counsels' performance was constitutionally defective was clearly supported by the review of the entire record.

**Mental Competency (Claim S)**

The Ninth Circuit found Petitioner clearly competent. *United States v. Mitchell*, 502 F.3d 931, 986-87 (9th Cir. 2007). Counsel, who spent 13 days with Petitioner selecting a jury as well as a week trying the case, were in the best position to determine whether there were competency issues versus two convicted felons. Each very experienced counsel denied, in their depositions, observing any indication that Petitioner was not competent. To the contrary, they never smelled

9

alcohol nor were there any other indication that Petitioner was under the influence of drugs or alcohol. Petitioner failed to prove counsel ineffective.

**CONFLICT OF INTEREST** - **(Claim C)**

It is Petitioner's burden to prove that any conflict of interest caused his counsel to perform adversely to him. He failed to state specific facts that if true, would have entitled him to relief. He merely alleges a potential Public Defender Office conflict that trial counsel, in his deposition, stated arose in 2007, well after the trial and sentencing. Appellate counsel stated she also discovered the matter in 2007 but failed to state any impact on her work which was completed by then. Petitioner cannot show how either counsel's performance was adversely affected or influenced as a result. *Mickens v. Taylor*, 533 U.S. 162, 171 (2002). He is not entitled to relief.

**CLAIMS PREVIOUSLY RAISED ON APPEAL**.-- **I, N, O, Q, R, W, X and Z**.

Petitioner may not raise issues in a habeas proceeding that were raised on appeal. *United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985) The case law is clear in defining "grounds" in terms of whether petitioner is raising new grounds. "Identical grounds may often be proved by different allegations." *Molina v. Rison*, 886 F.2d 1124, 1128 (9th Cir. 1989). The *Brady* issue was rejected by the Ninth Circuit as there was no reason to believe that any earlier disclosure would have changed the outcome. *Mitchell*, 502 F.3d at 989. Petitioner continues to speculate that the outcome would have been different if called additional witnesses.

The collusion argument was also rejected. *Mitchell*, 502 F.3d at 961. Petitioner now claims a document may prove he was held in violation of tribal law but can only speculate that this was done in collusion with federal authorities. The court properly found the issue raised on appeal and therefore barred because "the basic thrust or 'gravamen' of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments." *Molina v. Rison*, 886 F.2d 1124, 1129 (9th Cir. 1989). Petitioner is still raising the issue of actual collusion but merely attempting a different argument and speculating that federal authorities were responsible. The issue is barred by the appeal.

10

**CLAIMS THAT COULD HAVE BEEN RAISED ON APPEAL - J, L, M, P, and Y**

Petitioner failed to demonstrate that appellate counsel was ineffective for failing to raise these issues. Counsel is afforded leeway not to raise issues on appeal that, in his or her professional judgement have little likelihood of success, especially when a multitude of other issues were raised. He additionally cannot prove prejudice as he is required. He is not entitled to relief.

**CONCLUSION**

The court properly and carefully examined the expanded voluminous record and concluded that Petitioner was not entitled to relief. Section 2255 only requires that a court engage in "careful consideration and plenary processing, including full opportunity for presentation of the relevant facts." *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1987) citing *Blackledge v. Allison*, 431 U.S. 63, 82-3 (1977). There is no clear error nor has Petitioner properly established any newly discovered evidence that would warrant reconsideration. The Motion to Alter or Amend Judgement should be denied

Respectfully submitted this 15th day of November, 2010

DENNIS K. BURKE
United States Attorney
District of Arizona

 *s/Vincent Q. Kirby*
VINCENT Q. KIRBY
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Sean Kennedy
Statia Peakhart, Attorneys for Petitioner

I hereby certify that on November 15, 2010, I mailed a copy of the attached documents to the following, who are not registered participants of the CM/ECF systems:

Capital Case Staff Attorney
Evo A. De Concini U.S. Courthouse
405 West Congress Street, Suite 1500
Tucson, AZ 85701-5010

*s/R.Larsen*

12