SEAN KENNEDY (Calif. Bar No. 145632)
Federal Public Defender
STATIA PEAKHEART (Calif. Bar No. 200363)
Deputy Federal Public Defender
Office of the Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone:   (213) 894-2854
Facsimile:   (213) 894-0081

Attorneys for Defendant-Movant
LEZMOND CHARLES MITCHELL

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LEZMOND CHARLES MITCHELL,<br><br>    Movant,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No.: CV-09-8089-MHM<br><br>**Mitchell's Reply to the Response to His Motion to Alter or Amend the Judgment, Pursuant to Federal Rule of Civil Procedure 59(e)** |

Mitchell replies to Respondent-Government's opposition to his Rule 59(e) motion.

**I.    This Court's Grant of Unilateral, Pre-Response Discovery to Respondent and its Subsequent Finding That an Evidentiary Hearing Was Unwarranted Were Manifestly Unjust and Clear Error**

Mitchell's Rule 59(e) motion shows how the Court's unilateral grant of discovery to Respondent followed by its denial and dismissal of Mitchell's § 2255 motion was contrary to 28 U.S.C. § 2255[1] and the relevant Supreme Court and Ninth Circuit case law, the Federal Rules of Civil Procedure, the Rules Governing Section 2255 Cases in District

---

[1]    As Mitchell demonstrated in his Rule 59(e) motion, unlike the limitations imposed on § 2254 proceedings, when Congress enacted the Anti-terrorism and Effective Death Penalty Act of 1996, it left intact for § 2255 movants the liberal standards for an evidentiary hearing described in *Townsend v. Sain*, 372 U.S. 293, 83 S. Ct. 745, 9 L. Ed. 2d 770 (1963).

1

Courts, and this Court's LRCiv 7.2.1, were manifestly unjust and clear error. (Mitchell's Rule 59(e) Motion (Dkt. 58) pp. 2-6.) None of Respondent's arguments meaningfully counter Mitchell's showing of the manifest injustice and clear error that resulted from this Court's irregular procedure to dispose of his amended § 2255 motion. In sum, none of Respondent's arguments defeat Mitchell's showing that Congress' intent, found in the Rules Governing § 2255 Cases, that provide once a § 2255 motion has survived the preliminary review phase, courts should provide bipartite fact development before determining whether a hearing is warranted, and not decide whether to order a hearing before fact development or expansion of record, and certainly not after only unilateral discovery for the Government. (*See* Dkt. 58, p. 6 (discussing Rules 6, 7, & 8).)

First, contrary to Respondent's assertion, Mitchell's § 2255 motion requested "full discovery, investigation, access to this Court's subpoena power, and an evidentiary hearing," to develop his right to relief. As Respondent knows, Mitchell had undertaken this Court's discovery-motion process when his amended § 2255 motion was denied.[2]

Second, Rule 4 of the Rules Governing § 2255 Cases states that where a preliminary review of the "motion, any attached exhibits, and the record of prior proceedings" show that "the moving party is not entitled to relief, the judge must dismiss the motion." After this Court reviewed the amended § 2255 motion and exhibits, it necessarily determined that it was not "so 'palpably incredible,' [] so 'patently frivolous or false,' [] as to warrant summary dismissal," and ordered Respondent to respond. *See Blackledge v. Allison*, 431 U.S. 63, 76, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977) (quoting *Herman v. Claudy*, 350 U.S. 116, 119, 76 S. Ct. 223, 100 L. Ed. 126 (1956)).

---

[2] Mitchell was not sitting on his hands. His request to Respondent to meet-and-confer regarding discovery was by then-long ignored. So, after Mitchell replied to the Respondent's response to the amended § 2255 motion, he was preparing to move for discovery when the Court's irregular and unilateral procedure and summary dismissal of the motion pre-empted his compliance with the procedure provided for in the Rules Governing Section 2255 Cases, 28 U.S.C. § 2255 and relevant case law, and the Local Civil Rules. (*See* Declaration of Statia Peakheart, Exhibit 170.)

Had the Court followed the established procedure for adjudicating § 2255 motions, Mitchell would have moved for discovery under Rule 6 and/or the Court would have permitted expansion of the record under Rule 7. Only then do the Rules provide for a determination of "whether to hold a hearing." Rule 8(a), Rules Governing Section 2255 Cases. Clearly, the Rules show that, once the motion has survived the preliminary review phase, Congress meant for courts to provide bilateral fact development before determining whether a hearing is warranted – not decide whether to order a hearing before fact development or expansion of record, and certainly not after only unilateral discovery for the Government. These Rules certainly do not stand alone as guidance on the procedure for habeas petitioner/movants.

Besides the Supreme Court and appellate cases Mitchell cited in his Rule 59(e) motion, *Herman v. Claudy*, 350 U.S. 116, 76 S. Ct. 223, 100 L. Ed. 126 (1956), further demonstrates that Mitchell was entitled to an evidentiary hearing. There, the state court denied Herman's habeas petition after the State had filed its response. The Supreme Court granted *certiorari* because "summary dismissal in the face of the petitioner's serious allegations appeared to be out of line with decisions of this Court." 350 U.S. at 118. It reasoned that, where the habeas petitioner has alleged facts that, if true, entitled him to relief (*id*.), and the constitutional violations are alleged

> in an appropriate proceeding by factual allegations not patently frivolous or false on a consideration of the whole record, the proceeding should not be summarily dismissed merely because [the Respondent] files an answer denying some or all of the allegations.

350 U.S. at 118-19. As in *Herman*, because Mitchell presented his allegations in the appropriate proceeding, and they are neither false nor frivolous, since his amended § 2255 motion, his reply to the response to that motion, and his exhibits in support of both, "reveal[] a sharp dispute as to the facts material to a determination of the constitutional questions involved" (*id.* at 121), even in light of trial counsel's deposition testimony, this Court was required to hold an evidentiary hearing. *See also McNeal v. Culver*, 365 U.S. 109, 117, 81 S. Ct. 413, 5 L. Ed. 2d 445 (1961) ("if the facts and circumstances alleged in

his habeas corpus petition are true," and "it is not possible to determine their truth," then "the allegations themselves ma[k]e it incumbent on the [] court to grant petitioner a hearing and to determine what the true facts are.").

Here, during the unilateral discovery process, counsel denied the veracity of many allegations, but, as Mitchell explained in his Rule 59(e) motion, their depositions further emphasized the "sharp dispute as to the facts material," and the need for an evidentiary hearing to resolve the disputes. (*See* Dkt. 58, pp. 7-41 (describing factual material disputes).) As Mitchell argued (*id*., p. 3 n.2), the Court's granting to Respondent compelled depositions to respond to the ineffective assistance of counsel claims, and its failure to also permit Mitchell such fact development set the stage for allegations that stood bare, without the benefit of the compulsory process afforded the opposing party, and for incomplete cross-examinations of trial counsel. This result, too, was contrary to authority dictating the court hold an evidentiary hearing to "determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The authority makes clear that, only after full discovery and evidentiary hearing, could this Court inquire into and resolve, for example, the reasonableness of counsel's decision-making, including the information, if any, on which counsel's decisions were based. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 2674 (1984); *Wiggins v. Smith*, 539 U.S. 510, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003).

Had the Court followed the procedure established by the Rules and statutes, Mitchell would have completed the unsuccessful meet-and-confer process and moved for discovery. Since "[t]he purpose of a deposition is to find out what the witness saw, heard, and knows, or what the witness thinks, through a question and answer conversation between the deposing lawyer and the witness" (Moore's Federal Practice, Volume 7, § 30.02, Characteristics of Depositions), before deposing trial counsel, Mitchell would have sought, and completed, his other discovery. That discovery would include, among others, the request to depose Brandenberger, trial counsel's guilt phase investigator, regarding the tasks he was assigned, including his interview of Orsinger. Concerning Orsinger,

4

again, trial counsel's testimony was that they were not allowed to interview him at all, a fact belied entirely by Brandenberger's report to Mitchell, memorialized in a declaration to this Court.  (*See* Mitchell's Exhibit 123.)  Further, Orsinger's counsel declared that he would have permitted Orsinger to provide information to trial counsel about Mitchell's substance abuse just before the offense.  (*See* Mitchell's Exhibits 157, 109.)

Only two trial counsel directed any investigation, Bartolomei and Williams; Bartolomei was involved only with the penalty phase, and Williams testified that he does not keep notes (hence, none were found in the trial files).  To develop further his allegations that counsel provided ineffective assistance with regard to the guilt investigation, because trial counsel lost Brandenberger's files and interview memos, Mitchell's deposition of Brandenberger would reconstruct Brandenberger's work-product.  Only after these and other facts are discovered,[3] and an evidentiary hearing conducted on the issues, could this Court inquire into the reasonableness of counsel's decision-making, including the information on which counsel's decisions were based.

With respect to the collusion issue, Mitchell could not adequately depose trial counsel due to a lack of any discovery.  Mitchell represented to Respondent, in accordance with this Court's local rules, that he needed all documents from the FBI, United States Attorney's Office, and the Navajo Nation that related to the disappearance and murders of T.L. and Ms. Slim, and the ensuing investigation culminating in the planning and arrest of Mitchell.  Mitchell further requested to depose Assistant United States Attorneys Kirby and Altman with respect to this issue, all FBI agents involved including Agents Purcell, Duncan, Kirk, and Lintner, and all Navajo Nation officials

---

[3] Besides the deposition of the mitigation investigator Ockenfels, another example of how discovery would let Mitchell prove his allegations is the deposition of the FBI photographer who Mitchell believes would testify that s/he photographs only what is relevant in terms of its own investigation of the crime, rather than some encyclopedic photographic documentation of the location.  This would demonstrate counsel's unreasonableness at relying on the FBI's crime photographs for one of three sources about their client's intoxication.

involved including Officers Boyle, Morris, St. Germane, and Charley.  This information was vital to Mitchell preparing appropriate questioning of trial counsel at the depositions, as well as discovering the facts that prove the collusion between Respondent and the Navajo Nation.  As trial counsels' depositions had already been taken, Mitchell intended to use the discovery product at the evidentiary hearing to prove his allegation of collusion.

Mitchell sought Respondent's conference on other discovery, including Issues A, B, D, and E, and Issue C. As to the latter, he sought to compel the name and other identifying information of trial counsel's client whom the FBI had questioned about the homicides, as well as depositions of Wilkinson and Sands.[4] Without this discovery, the Court is left with only Mitchell's "serious allegations" and Respondent's response to the motion, a scenario that requires an evidentiary hearing.  *Herman*, 350 U.S. at 118-19.

Mitchell also indicated to Respondent that he was seeking discovery in support of the incompetency-at-trial issue.  Besides his expert's testimony, Pablo Stewart, that Mitchell was by then an abuser of significant substances, Mitchell would have presented evidence discounting trial counsel's deposition testimony that he did not notice anything during trial indicating that Mitchell was intoxicated (Bartolomei Deposition (Dkt. 44)[5] RT 64), and that illicit drugs are not present in Maricopa County Jail.[11]  In sum, Mitchell would show that counsel had no basis upon which to testify later that Mitchell was not intoxicated during his trial.[6]

---

[4]   Even before the depositions of trial counsel on the narrow issue of their conflict of interest, Mitchell had begun the discovery process by providing counsel with the authority that the client's name is not privileged.

[5]   *FN: See Gibbons v. Arpaio*, 2008 U.S. Dist. LEXIS 83297 (D. Ariz. 2008) (discussing jail's mail policy as a means of keeping "various drugs" and other contraband from entering the jail).

[6]   Since counsel rarely met with Mitchell, his evidentiary hearing examination of them would have included how their observations could have reasonably informed them that he was or was not in an intoxicated state.  (*Cf*. Mitchell's Exhibit 146.)

Lastly, Respondent asserts that Mitchell "deliberately chose to create the record by submitting affidavits and other documentary evidence pursuant to Rule 7 Rules Governing Section 2255 Proceedings," rather than by Rule 6.  (*Id*.) Respondent is wrong in arguing that Mitchell by-passed some Rule in lieu of another.  Rather, Mitchell litigated his § 2255 motion pursuant to the Federal Rules of Civil Procedure, including the Rules Governing Section 2255 Cases in District Courts, 28 U.S.C. § 2255 and the relevant Supreme Court and Circuit law, and this Court's LRCiv 7.2.1.  These Rules and case law provide the appropriate procedure for the disposition of a § 2255 motion, and Mitchell followed them.  (*See* Dkt. 30 (Mitchell's amended § 2255 motion describing amendment to § 2255 motion as a matter of right, pursuant to Fed.R.Civ.Pro. 15); Dkt. 41 (order denying Respondent's motion to strike amended § 2255 motion).)

Reading Rules 6 and 7 demonstrates how Respondent is wrong in ascribing to Mitchell some choice in the litigation of his amended § 2255 motion. Rule 7 states, in part:  "If the motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion.  . . ."  Under the Rule, a party expands the record **after** the motion is filed (and has survived Rule 4's preliminary review (as Mitchell did when the Court ordered Respondent to respond)), and only on direction of the Court.  And, Mitchell's exhibits in support of his amended motion were not an expansion of the record; rather, like any movant, he sought to support his motion with all available evidence.  And, under Rule 6, discovery is undertaken only after a showing of good cause, and upon authorization of the Court..

Respondent asserts that its depositions of trial counsel were not discovery and thus cannot be considered a unilateral grant of discovery.  (Dkt. 61, p. 3.)  However, as Respondent indicated, after counsel refused to meet "informally," it issued notices of deposition to them, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure.  Of course, both Rule 30 and 26 are discovery rules.  Rule 26 is titled "Duty to Disclose, General Provisions Governing Discovery."  Rule 30(b) regarding notice was "introduced as a safeguard for the protection of parties and deponents on account of the unlimited

right of discovery given by Rule 26." Notes of the Advisory Committed on Rules; Note to Subdivisions (b) and (d). It is clear from Respondent's service of notice that it believed these depositions were part of discovery. Respondent extra-discovery argument is a revision of the procedural history of this case, without citation, and without merit.

### *Ineffective Assistance of Counsel at Trial*

Respondent reasserts, almost verbatim, its arguments from its response to the amended § 2255 motion and fails to address the Rule 59(e) motion entirely.

Mitchell's amended § 2255 motion describes how and where counsel missed many "red flags" during their limited guilt and penalty phase investigations. *See Wiggins v. Smith*, 539 U.S. 510, 524, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003) (counsel's failure to investigate was unreasonable because counsel "abandoned their investigation of petitioner's background after having acquired only rudimentary knowledge of his history from a narrow set of circumstances.") and 525 ("[A]ny reasonably competent attorney would have realized that pursuing . . . leads [regarding the petitioner's traumatic childhood] was necessary to making an informed choice among possible defenses, particularly given the apparent absence of any aggravating factors in petitioner's background."); *Lambright v. Schriro*, 490 F.3d 1103, 1117 (9th Cir. 2007) ("[W]hen tantalizing indications in the record suggest that certain mitigating evidence may be available, those leads must be pursued." (internal quotation marks omitted).).

With regard to ineffective assistance at the guilt phase, counsel ceased their investigation after (1) purportedly hearing from Mitchell that he did not use drugs on the day of the offense; (2) reviewing crime-scene photographs taken by Respondent's investigation branch; and, (3) purportedly not being able to interview anyone with whom Mitchell used drugs. Mitchell's amended § 2255 motion addressed thoroughly the facts and law that present a sharp dispute to, and remains unresolved by, counsel's deposition testimony. *See, e.g., Rompilla v. Beard*, 545 U.S. 374, 390-91, 393, 125 S. Ct. 2456, 162 L. Ed. 2d 360 (2005); *Stankewitz v. Woodford*, 365 F.3d 706, 716 (9th Cir. 2004). Mitchell need not have shown conclusively that he is entitled to relief to have triggered

8

this Court's duty to hold an evidentiary hearing.  *See United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003); *Smith v. United States*, 348 F.3d 545,551 (6th Cir. 2003).  His burden was to allege facts which, if true, would entitle him to relief.  He has met this burden and has supported his allegations with extensive documentary evidence, including sworn declarations, refuting counsel's assertions of their own effective assistance.

### *Issue R.   The Government's collusion with the Navajo Nation violated Mitchell's constitutional rights*

Supplemental to his Rule 59 Motion, Mitchell filed a declaration from an expert on Navajo law to provide additional support for the facts previously alleged in his § 2255 motion and reply.  Respondent responds that Mitchell is "barred from raising the newly discovered evidence claim."  (Dkt. 61, p. 3.)  Mitchell, however, never raised a newly discovered evidence claim in his Rule 59 motion.  The basis for the claim was in the § 2255 motion and reply and this exhibit relates back to Mitchell's claim under *Mayle v. Felix*, 545 U.S. 644, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005).

Mitchell's position has remained entirely consistent.  Mitchell raised this claim based on evidence outside the deficient record upon which appellate counsel was forced to rely.  Mitchell alleged a series of extra-record facts in his pleadings that, if proven, established improper collusion between the federal and tribal authorities.  This claim is not procedurally barred as the facts necessary to prove the claim were not available to appellate counsel because they were entirely outside the record due to ineffective assistance of trial counsel.  This Court erroneously denied Mitchell further factual development, and the ruling that this claim was procedurally barred was clearly erroneous and manifestly unjust as Mitchell explained in detail in his Rule 59 motion.

### *Issues H-L, O & P.:  Jury and Jury-Selection Issues*

Mitchell has raised several, highly fact intensive issues that require further factual development to resolve.  Respondent, however, criticizes Mitchell's position for relying on the transcripts of the *voir dire* proceedings.  (Dkt. 61, p. 8.) This Court has denied Mitchell access to interview jurors and to an evidentiary hearing or any further factual

development.  Respondent's position is circular – critical of Mitchell for relying on transcripts yet supportive of the position that the Court should deny him factual development.  Mitchell has alleged facts that would enttile him to relief if proven, thus an evidentiary hearing, or other proceeding allowing Mitchell an opportunity to prove these facts affirmatively, is warranted and the denial of such was clear error and manifestly unjust.

> ***Issue T.  Mitchell's conviction and sentence should be reversed because the victims' family unduly prejudiced Mitchell at the guilt and penalty phases***

Mitchell raised a claim of ineffective assistance of counsel with respect to trial counsel's conduct in response to the victim's family wearing "in memory of"-type pins during the trial. Given the deficient record, as noted by the Ninth Circuit, all that is entirely clear is that prejudicial material, that was not admitted into evidence, was brought into the court.  The Government's suggestion that this is a non-issue because counsel dealt with it in a manner that was "to his satisfaction" is unreasonable because there is no factual development as to what the jury actually saw.  Given the facts alleged by Mitchell, further factual findings are necessary to make this determination.  *See Dyas v. Poole*, 317 F.3d 934, 936-37 (9th Cir. 2003) (Remanding for an evidentiary hearing based on the finding that the state court's determination that the jury could not see prejudicial conduct "was unreasonable in the absence of any inquiry to establish the facts concerning what the jury could see.")  Mitchell is entitled to further factual development and this Court's denial of such was clearly erroneous and manifestly unjust.

> ***Issue S.  Mitchell was incompetent from the conclusion of the guilt phase through the penalty phase, and thus deprived of his constitutional rights***

Mitchell raised the issue of his competency to waive his presence at the penalty phase of his trial.  Respondent contends that this Court should ignore the statements made by Mitchell before trial, and preserved in the report written by Dr. Barry Morenz, and confirming statements from two inmates incarcerated with Mitchell, that establish that Mitchell was using powerful narcotics at the time he waived his rights.  Instead,

Respondent contends that this Court should rely on statements made by counsel in their depositions.

Respondent's position is illogical and contradicted by legal precedent.  First, trial counsel's position is never dispositive on the objective standard of deficient performance.  S*ee generally Rompilla v. Beard*, 545 U.S. 374 (2005).  Second, Respondent praises trial counsel's reliance on Dr. Morenz's evaluation of Mitchell with respect to his opinion concerning Mitchell's custodial statements, however completely overlooks the same report with respect to Mitchell's drug addiction.  Third, Respondent contends that this Court should ignore sworn declarations of two people incarcerated with Mitchell entirely, apparently because both men are convicted felons,[7] although they have no interest in this case at all.  Finally, despite the obvious factual dispute between Mitchell and Respondent, Respondent advocates for the legally unsound position that this Court should rely solely on written documents to make credibility determinations.  *See Williams v. Ryan*, --- F.3d ---, 2010 WL 4188304 (9th Cir. 2010).

An evidentiary hearing was appropriate here and it was clear error for this Court to deny Mitchell any further factual development.

**II.    Conclusion**

This Court should alter or amend the judgment denying and dismissing his amended § 2255 motion, grant Mitchell's motion for reconsideration and order an evidentiary hearing.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

DATED:  November 22, 2010          By   */s/ Statia Peakheart*
                                            STATIA PEAKHEART
                                            Deputy Federal Public Defender

---

[7]    The Government makes this argument despite its reliance on the testimony of convicted felons at Mitchell's trial.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Vincent Q. Kirby, AUSA

I hereby certify that on November 22, 2010, I mailed via First Class Mail the attached document on the following, who are not registered participants of the CM/ECF System:

Capital Case Staff Attorney

Evo A. De Concini U.S. Courthouse

405 West Congress Street, Suite 1500

Tucson, AZ 85701-5010

/s/ Statia Peakheart