**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Lezmond Mitchell, | ) | No. CV-09-8089-PCT-MHM |
| Petitioner, | ) | <u>DEATH PENALTY CASE</u> |
| vs. | ) | |
| | ) | **ORDER** |
| United States of America, | ) | |
| Respondent. | ) | |

On September 30, 2010, the Court denied Petitioner's amended motion to vacate his conviction and sentence under 28 U.S.C. § 2255, granted a certificate of appealability on several claims, and entered judgment. (Doc. 56.) Subsequently, Petitioner filed a timely motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 58.) Respondent opposed the motion, and Petitioner filed a reply. (Docs. 61, 65.) For the reasons that follow, the motion is denied.

## DISCUSSION

A motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure is in essence a motion for reconsideration. Such a motion offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Ninth Circuit has consistently held that a motion brought pursuant to Rule 59(e) should only be granted in "highly unusual circumstances." *Id.*; *see 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Reconsideration is appropriate only if (1) the court is

1    presented with newly discovered evidence, (2) there is an intervening change in controlling

2    law, or (3) the court committed clear error. *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th

3    Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*,

4    5 F.3d 1255, 1263 (9th Cir. 1993).  A motion for reconsideration is not a forum for the

5    moving party to make new arguments not raised in its original briefs, *Northwest Acceptance*

6    *Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988), or to ask the court to

7    "rethink what it has already thought through," *United States v. Rezzonico*, 32 F. Supp.2d

8    1112, 1116 (D. Ariz. 1998) (quotation omitted).

9         Petitioner first asserts that the Court committed clear error in failing to hold an

10   evidentiary hearing and in utilizing an "irregular procedure" to resolve his amended § 2255

11   motion.  (Doc. 58 at 3.)  He also presents new evidence and argues that the Court erred in

12   failing to hold an evidentiary hearing on the majority of his claims.  Finally, he asserts that

13   the Court erred in finding Claims Q and R to be procedurally precluded on the ground that

14   each was raised on direct appeal.

15        **Briefing Procedures**

16        Petitioner first contends that the Court's "irregular procedure violated Congressional

17   intent, § 2555, and applicable case law, and resulted in an unfair proceeding."  (Doc. 58 at

18   6-7.)  In his view, the Rules Governing Section 2255 Proceedings require a district court to

19   provide "*bipartite* fact development, *then* determine whether a hearing is warranted."  (*Id.*

20   at 7.)  He further asserts that the Court denied his request for an evidentiary hearing "without

21   the benefit of briefing," that his "investigation into developing his right to a hearing and

22   relief was on-going," and that he would have moved for discovery had the Court "followed

23   the established procedure for adjudicating § 2255 motions."  (*Id.* at 3, 5 n.5, 6.)

24        Petitioner has failed to establish clear error.  The Court appointed counsel in this

25   matter on April 25, 2008.  On May 22, 2009, Petitioner filed a motion for discovery to

26   interview the trial jurors, which the Court denied.  On June 8, 2009, Petitioner filed his

27   § 2255 motion to vacate, appended to which were numerous exhibits in support of his claims.

28   Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court directed

the Government to file a response and issued a scheduling order.  In November 2009, Petitioner filed an amended motion to vacate along with additional supporting exhibits.  One month later, the Court granted the Government's request for an order declaring Petitioner's attorney-client privilege waived as to his claims of trial counsel ineffectiveness and found good cause for depositions of Petitioner's trial counsel under Rule 6 of the Rules Governing Section 2254 Proceedings in the event any of his trial attorneys would not submit to an informal interview.  The Government filed its response to Petitioner's § 2255 motion in April 2010, along with transcripts of trial counsel's depositions.  Petitioner filed a reply three months later.  At that point, the petition was fully briefed, and nothing precluded the Court from considering the claims, the proffered exhibits, and the trial record to determine whether an evidentiary hearing was either required or warranted, pursuant to Rule 8 of the Rules Governing Section 2254 Proceedings.

Petitioner has cited no statute, rule, or caselaw that *requires* a district court to order separate briefing on the necessity for discovery or an evidentiary hearing.  Petitioner correctly notes that Rule 6 permits discovery for good cause; however, it is incumbent on the parties to request it.  In this case, Petitioner did not file any motions for discovery other than to interview the trial jurors.  His amended § 2255 motion asked that Petitioner be permitted to "pursue such discovery as may be necessary to fully develop the facts" (Doc. 30 at 279); however, this general request failed to comply with the requirements of Rule 6.[1]  *See* Rules Governing § 2255 Proceedings, Rule 6(b), 28 U.S.C. foll. § 2255 ("A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.").  Moreover, nothing precluded Petitioner from filing a motion for discovery in conjunction

---

[1]    The only arguably specific request for discovery contained in the § 2255 motion related to Claim C, counsel's alleged conflict of interest.  Petitioner requested that the Court compel the Office of the Federal Public Defender to disclose the basis of a conflict that prompted one of its attorneys to be relieved as counsel for an unnamed client, who had some connection to this case.  (Doc. 30 at 113.)  The Court addressed this request in its September 30, 2010 order and declines to reconsider it.  (*See* Doc. 56 at 54-55.)

1    with his § 2255 motion or seeking leave of the Court for separate briefing on the necessity

2    for discovery and an evidentiary hearing.  There was no clear error in the Court's procedures.

3    **Evidentiary Hearing**

4    Petitioner asserts that his proffered evidence contradicted trial counsel's deposition

5    testimony and thus an evidentiary hearing was necessary to conduct a thorough evaluation

6    of counsel's performance and resolve factual disputes.  Petitioner further faults the Court for

7    "ignoring" his proffered evidence and crediting counsel's deposition testimony, asserting that

8    a live hearing was necessary to "develop fully the circumstances of counsel's decision

9    making."  (Doc. 58 at 10 n.7.)  In evaluating Petitioner's claims, the Court considered trial

10   counsel's deposition testimony, as well as Petitioner's proffered evidence, and determined

11   that Petitioner's allegations, if true, would not entitle him to relief.  In doing so, it found there

12   were no material factual disputes that required a hearing to resolve.  The instant motion

13   challenges these conclusions but does not establish clear error; rather, it asks the Court to

14   "rethink what it has already thought through." *Rezzonico*, 32 F. Supp.2d at 1116.  The Court

15   declines to reconsider its determination that an evidentiary hearing was neither warranted nor

16   required for any of Petitioner's claims.

17   **Claim Q**

18   In Claim Q Petitioner alleged a *Brady* violation based on the Government's failure to

19   disclose a letter from the Attorney General of the Navajo Nation indicating the Nation's

20   opposition to capital punishment.  Because this claim was raised and rejected on direct appeal

21   as harmless, the Court declined to consider it.  The instant motion asserts this was clear error

22   because Petitioner requires extra-record factual development to establish prejudice.

23   "Issues raised at trial and considered on direct appeal are not subject to collateral

24   attack under 28 U.S.C. § 2255." *Egger v. United States*, 509 F.2d 745, 748 (9th Cir. 1975).

25   In *Sanders v. United States,* 373 U.S. 1, 15 (1963), the Court determined that the rules

26   governing motions under § 2255 should be the same as the rules governing successive

27   collateral attacks and such motions should be denied if: (1) the same ground presented in the

28   subsequent application was determined adversely to the applicant on the prior application,

1   (2) the prior determination was on the merits, and (3) the ends of justice would not be served

2   by reaching the merits of the subsequent application.   The appellate court rejected

3   Petitioner's claim on the merits, and Petitioner did not assert in his § 2255 motion that a

4   manifest injustice would occur if the claim was not addressed on the merits.   Petitioner has

5   not established that the Court clearly erred in declining to reach the merits of Claim Q.   *See*

6   *Olney v. United States*, 433 F.2d 161, 162 (9th Cir. 1970) ("Having raised this point

7   unsuccessfully on direct appeal, appellant cannot now seek to relitigate it as part of a petition

8   under § 2255.")

9   **Claim R**

10   In Claim R Petitioner alleged that federal investigators colluded with Navajo Nation

11   law enforcement to violate his Fifth and Sixth Amendment rights and thus his statements to

12   law enforcement were involuntary.   Similar to Claim Q, the Court declined to reach the

13   merits of this claim because it had been raised and rejected on direct appeal.   Petitioner

14   argues that the facts necessary to prove the claim were not available to appellate counsel and

15   thus the Court erred in not reaching its merits.

16   In support of his Rule 59 motion, Petitioner has submitted a declaration from Kathleen

17   Bowman, the Public Defender of the Navajo Nation.   (Doc. 60-1.)   According to Bowman,

18   Petitioner's extended detention in tribal custody was in violation of tribal law; Petitioner

19   would have been entitled to a Navajo Nation public defender had the Nation not dropped its

20   armed robbery offense against him; there is no distinction between federal and tribal law for

21   armed robbery, rendering suspect the federal agents' testimony that Petitioner was arrested

22   on tribal charges because they lacked sufficient evidence to arrest him on federal charges;

23   and collaborative efforts between federal and tribal authorities usually result in misuse of

24   Navajo Nation investigators by the United States.   (*Id.* at 6-13.)

25   Setting aside the issue of delay in presenting this new evidence, nothing in Bowman's

26   declaration supports a showing of "'actual collaboration' intended to deprive [Petitioner] of

27   federal procedural rights."   *United States v. Mitchell*, 502 F.3d 931, 961 (2007).   The Ninth

28   Circuit rejected Petitioner's collusion claim on the merits, and Petitioner did not establish

that a manifest injustice would occur if the claim were not reconsidered in post-conviction proceedings.  The Court did not clearly err in finding Claim R procedurally precluded from review on the merits.  *See Olney*, 433 F.2d at 162.

Based on the foregoing,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Alter or Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 58) is **DENIED**.

DATED this 21st day of December, 2010.

Mary H. Murguia
United States District Judge