WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lezmond Charles Mitchell, | No. CV-09-08089-PCT-DGC |
| Defendant/Movant, | **ORDER** |
| v. | |
| United States of America, | |
| Plaintiff/Respondent. | |

Before the Court is Petitioner Lezmond Mitchell's motion for relief from judgment, filed pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. 71.) The motion has been fully briefed. (Docs. 76, 79.) For the reasons set forth below, the motion is denied.

**I.  Background**

In 2003, Petitioner was sentenced to death under the Federal Death Penalty Act; his conviction and sentences were affirmed on appeal. *United States v. Mitchell*, 502 F.3d 931, 942 (9th Cir. 2007), *cert. denied* 553 U.S. 1094 (2009). On May 22, 2009, Petitioner filed a motion for authorization to interview jurors in which he asserted that his counsels' responsibility to conduct a thorough post-conviction investigation required that they be allowed to contact and interview all jurors in his case. (Doc. 1.) Specifically, Petitioner asked "to interview the jurors about racial and religious prejudice . . . to see whether Mitchell's Navajo beliefs," which the prosecutor briefly invoked during closing

1 arguments, "played any part in his death sentence." (*Id.* at 10.) Respondent opposed the motion. (Doc. 18.)

Petitioner's request was governed by Local Rule of Civil Procedure 39.2(b), which requires that the requesting party "file with the Court written interrogatories proposed to be submitted to the juror(s), together with an affidavit setting forth the reasons for such proposed interrogatories, within the time granted for a motion for a new trial." *Id.*; *see also* LRCrim. 23.1. In addition to these procedural requirements, the requesting party must establish good cause for the request. LRCiv. 39.2(b). On September 4, 2009, the Court denied Petitioner's request to interview jurors because it was untimely and failed to establish good cause. (Doc. 21.)

Petitioner moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (Doc. 9.) The Court denied his motion on September 30, 2010 (Doc. 56), and the Ninth Circuit affirmed. *Mitchell v. United States*, 790 F.3d 881, 883 (9th Cir. 2015), *cert. denied* 137 S. Ct. 38 (2016).

The United States Supreme Court then decided *Peña-Rodriguez v. Colorado*, 137 S. Ct. 855 (2017), which Petitioner now cites as the basis for his request to reopen his § 2255 motion and revisit his motion to contact the jurors from his trial. (Doc. 71 at 3.)

**II. Discussion**

Citing *Peña-Rodriguez*, Petitioner alleges that this Court's prior denial of his request to interview jurors "prevented a full and fair merits determination, which warrants re-opening the proceedings under Rule 60(b)," at which point he intends to again "move the Court for an order granting . . . access to the jurors from his trial." (Doc. 71 at 9.) "Rule 60(b)(6) . . . permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)–(5)." *Gonzalez v. Crosby*, 545 U.S. 524, 528–29 (2005). Relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances." *Id.* at 536. "Such circumstances 'rarely occur in the habeas context.'" *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013).

Respondent urges that (1) the court lacks jurisdiction to decide Petitioner's Rule 60 motion because it is in reality an improper second or successive § 2255 petition, (2) Petitioner's motion is barred by this Court's prior rulings, and (3) the other safeguards against racial bias in this case were sufficient to ensure Petitioner's right to a fair trial was realized.[1] (Doc. 76.) Because *Peña-Rodriguez* does not grant Petitioner the right to investigate potential juror bias in the absence of a reason to believe his jurors may have been biased against him, there are no extraordinary circumstances warranting relief from the judgment.

### A. The Court Has Jurisdiction to Consider Petitioner's Motion.

After a petitioner files an initial § 2255 petition, any subsequent § 2255 petition is barred unless the petitioner complies with the requirements of § 2255(h). *See United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011) (noting that § 2255(h) requires that a petitioner seeking to file a second or successive petition must first have the circuit court certify that the petition relies on either substantial new evidence or a new, retroactive rule of constitutional law). To avoid these requirements, petitioners sometimes "characterize their pleading as being a motion under rule 60(b)." *Id.*

The Ninth Circuit has issued guidance for determining when a Rule 60(b) motion is an attempt to circumvent the requirements of § 2255(h). "[A] Rule 60(b) motion that attacks 'some defect in the integrity of the federal habeas proceedings' is not a disguised § 2255 motion . . . ." *Washington*, 653 F.3d at 1060 (quoting *Gonzalez*, 545 U.S. at 534). Motions that "seek vindication" of a claim, on the other hand, are "in substance [] successive habeas petition[s] and should be treated accordingly." *See Gonzalez*, 545 U.S.

---

[1] Respondent also argues that to the extent *Peña-Rodriguez* has any substantive bearing on Petitioner's case, its holding is not retroactive and thus does not apply to Petitioner. (Doc. 76 at 8–9.) Because the Court agrees with Respondent that *Peña-Rodriguez* does not entitle Petitioner to relief under Rule 60(b)(6), the Court need not address whether *Peña-Rodriguez* applies retroactively. *See Greenawalt v. Ricketts*, 943 F.2d 1020, 1029 (9th Cir. 1991) (declining to opine on retroactivity of *Enmund v. Florida*, 458 U.S. 782, 801 (1982), where the holding in *Enmund* "would not change the outcome of this case").

at 531. Improperly disguised motions may include those that add new grounds for relief, attack the court's previous resolution of a claim on the merits, or supplement evidence in support of a previously litigated claim. *Id.* at 532.

In this motion, Petitioner does not seek to vindicate a substantive claim. He consistently argues that he is seeking only to investigate, as a preliminary matter, whether a substantive claim exists. (Doc. 1 at 4–8; Doc. 71 at 6–9.) Only if he discovered evidence of juror bias would he then file a substantive claim. (Doc. 79 at 3–4.) His motion does not raise substantive claims he previously litigated, and is validly before this Court.

### B. Petitioner Is Not Entitled to Relief Under Rule 60(b)(6).

Petitioner alleges that the holding in *Peña-Rodriguez* establishes that this Court's order denying his request to contact jurors violated his Sixth Amendment rights, giving rise to an "extraordinary circumstance" entitling him to relief under Rule 60(b)(6). Respondent, relying primarily on the law-of-the-case doctrine, counters that Petitioner remains bound by this Court's prior rulings and may not re-litigate whether he is entitled to interview jurors.

The law-of-the-case doctrine generally precludes courts "from reconsidering an issue that has already been decided by the same court in the identical case." *Sechrest v. Ignacio*, 549 F.3d 789, 802 (9th Cir. 2008). Although the doctrine generally is discretionary, *United States v. Lewis*, 611 F.3d 1172, 1179 (9th Cir. 2010), it mandates that courts follow a prior decision "unless (1) the decision is clearly erroneous and its enforcement would work a manifest injustice; (2) intervening controlling authority makes reconsideration appropriate; or (3) substantially different evidence was adduced at a subsequent trial." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011).

Petitioner argues, first, that the law of the case doctrine does not apply when a party seeks relief under Rule 60(b). (Doc. 79 at 2.) Petitioner fails to cite authority supporting this proposition, and the Court has found none. *Cf., e.g.*, *Agostini v. Felton*, 521 U.S. 203, 236 (1997) (analyzing the law of the case doctrine when presented with a

Rule 60(b)(5) request for relief and concluding that following the Court's prior judgment would meet the "manifest injustice" exception to the doctrine). In the alternative, Petitioner argues that *Peña-Rodriguez* is "an intervening change in the law' that justifies departing from the law-of-the-case doctrine." (*Id.*) As explained below, however, because Petitioner is no more entitled to interview jurors now than he was prior to *Peña-Rodriguez*, that case does not entitle him to relief.

Petitioner describes *Peña-Rodriguez* as a broad decision recognizing a right under the Sixth Amendment to conduct investigations into juror bias in criminal cases. (*See* Doc. 71 at 9.) He argues that *Peña-Rodriguez* supersedes this Court's Local Rule 39.2, which places specific limits on juror contacts. (*Id.* at 8.) But Petitioner's interpretation is overbroad. *Peña-Rodriguez* does not override Local Rule 39.2.

Local Rule 39.2 provides:

> Interviews with jurors after trial by or on behalf of parties involved in the trial are prohibited except on condition that the attorney or party involved desiring such an interview file with the Court written interrogatories proposed to be submitted to the juror(s), together with an affidavit setting forth the reasons for such proposed interrogatories, within the time granted for a motion for a new trial. ***Approval for the interview of jurors in accordance with the interrogatories and affidavit so filed will be granted only upon the showing of good cause***. See Federal Rules of Evidence, Rule 606(b). Following the interview, a second affidavit must be filed indicating the scope and results of the interviews with jurors and setting out the answers given to the interrogatories.

*Id.* (emphasis added); *see also* Fed. R. Evid. 606(b).

Local Rule 39.2 and Federal Rule of Evidence 606(b) implement what is known as the federal "no-impeachment" rule. That rule bars litigants from using jurors' statements to attack the validity of a verdict. *See Smith v. City & Cty. of Honolulu*, 887 F.3d 944, 954 (9th Cir. 2018) (citing Fed. R. Evid. 606(b)). The rule "evolved to give substantial protection to verdict finality and to assure jurors that, once their verdict has been entered,

it will not later be called into question based on the comments or conclusions they expressed during deliberations." *Peña-Rodriguez*, 137 S. Ct. at 860.

In *Peña-Rodriguez*, the Supreme Court created a narrow exception to the no-impeachment rule. The Court held that "where a juror makes a clear statement that indicates he or she relied on racial stereotypes or animus to convict a criminal defendant, the Sixth Amendment requires . . . the trial court to consider the evidence of the juror's statement and any resulting denial of the jury trial guarantee." *Id.* at 869. The Court's decision addresses only what a court must do when presented with evidence of racial bias; it does not address how or when a criminal defendant may seek to obtain evidence of racial bias. Indeed, the Court specifically noted that the methods of investigating potential racial animus remain governed by local rules. *See Peña-Rodriguez*, 137 S. Ct. at 869 ("The practical mechanics of acquiring and presenting such evidence will no doubt be shaped and guided by state rules of professional ethics and local court rules, both of which often limit counsel's post-trial contact with jurors.").

Petitioner acknowledges that *Peña-Rodriguez* allows courts to limit access to jurors through local rules, but argues that Local Rule 39.2 effectively *prohibits* access to jurors after trial. (Doc. 79 at 6.) Not so. Rule 32.9 imposes a "good cause" threshold, which requires only a "preliminary showing" of juror misconduct. *See Wilkerson v. Amco Corp.*, 703 F.2d 184, 185–86 (5th Cir. 1983) ("We continue to decline to 'denigrate jury trials by afterwards ransacking the jurors in search of some ground . . . for a new trial' unless a preliminary showing is made."); *Sullivan v. Fogg*, 613 F.2d 465, 467 (2d Cir. 1980) ("Once a preliminary showing of incompetence or juror misconduct has been made there is a corresponding right to an inquiry into the relevant surrounding circumstances."). The good cause threshold does not prohibit all inquiries into potential racial bias—it prohibits all baseless or speculative inquiries into potential racial bias.

Rule 39.2 reflects the fact that courts do not presume racial bias. *See United States v. Anekwu*, 695 F.3d 967, 978 (9th Cir. 2012) ("[T]here is no constitutional presumption of juror bias for or against members of any particular racial or ethnic

groups." (quoting *Rosales–Lopez v. United States*, 451 U.S. 182, 190 (1981))). Instead, courts evaluate the need to investigate juror bias on a case by case basis. Trial courts may determine whether a hearing on potential juror bias is necessary by first considering "the content of the allegations, the seriousness of the alleged misconduct or bias, and the credibility of the source." *See Tracey v. Palmateer,* 341 F.3d 1037, 1044 (9th Cir.), *cert. denied,* 543 U.S. 864 (2003).

Petitioner has not alleged any reason to believe that any of the jurors in his case were biased against him due to his race. Absent a preliminary showing of bias, Rule 39.2 prohibits the fishing expedition Petitioner requests, and the Court's holding in *Peña-Rodriguez* does not alter that result. Petitioner is no more entitled to interview jurors now than he was when he made his initial request. (Doc. 1.) Thus, he was not deprived of an adequate investigation prior to filing his § 2255 motion in this Court, and he has not established that "extraordinary circumstances" warrant relief from this Court's judgment under Rule 60(b)(6).

Finally, to the extent the parties dispute whether other safeguards, such as voir dire and the in-court observation of jurors during trial, adequately protected Petitioner's conviction from the influence of racial bias (Docs. 76 at 12–14; 79 at 4–5), the Court agrees with Respondent that those safeguards weigh against finding the "extraordinary circumstances" that warrant reopening Petitioner's case.

Finally, Petitioner is not entitled to a certificate of appealability because he has not demonstrated that jurists of reason would find it debatable whether the Court abused its discretion in denying Petitioner's motion or that jurists of reason would find it debatable whether Petitioner's underlying § 2255 motion states a valid claim for denial of a constitutional right. *See United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015).

1 | **IT IS ORDERED** denying Petitioner's Notice of Motion and Motion of Relief from Judgment Pursuant to Federal Rule of Civil Procedure Rule 60(b)(6) (Doc. 71).

**IT IS FURTHER ORDERED** that no certificate of appealability shall be issued.

Dated this 17th day of September, 2018.

David G. Campbell
Senior United States District Judge