**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lezmond Mitchell,<br><br>    Petitioner,<br><br>v.<br><br>United States of America,<br><br>    Respondent. | No. CV-09-08089-PCT-DGC<br><br>**ORDER**<br><br><u>DEATH PENALTY CASE</u> |

Before the Court is the Motion for Stay of Execution filed by federal death row inmate Lezmond Mitchell. (Doc. 84.) Respondent opposes the motion. (Doc. 88.) For the reasons set forth below, the motion is denied.

**I.     BACKGROUND**

In 2003, Mitchell was sentenced to death under the Federal Death Penalty Act, 18 U.S.C. §§ 3591–3598. His conviction and sentences were affirmed on appeal. *United States v. Mitchell*, 502 F.3d 931, 942 (9th Cir. 2007), *cert. denied* 553 U.S. 1094 (2008). On May 22, 2009, Mitchell filed a motion for authorization to interview his jurors. (Doc. 1.) Specifically, he sought "to interview the jurors about racial and religious prejudice." (*Id.* at 10.) On September 4, 2009, the Court, pursuant to Local Rule of Civil Procedure 39.2(b), denied Mitchell's request to interview jurors because it was untimely and failed to establish good cause. (Doc. 21.) Mitchell moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 9.) The Court denied his motion on

September 30, 2010 (Doc. 56), and the Ninth Circuit affirmed. *Mitchell v. United States*, 790 F.3d 881, 883 (9th Cir. 2015), *cert. denied* 137 S. Ct. 38 (2016). The Ninth Circuit issued its mandate on November 6, 2015. (Doc. 70.)

Following the United States Supreme Court's decision in *Peña-Rodriguez v. Colorado*, 137 S. Ct. 855 (2017), Mitchell moved for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), citing the decision as grounds to reopen his postconviction proceedings and moving the Court for an order granting access to the jurors from his trial.[1] The Court determined that it had jurisdiction to consider the motion, finding it was not a disguised successive § 2255 motion, but denied the motion on the grounds that *Pena-Rodriguez* specifically noted that the methods of investigating potential racial animus remain governed by local rules, and under the requirements of Local Rule 39.2, Mitchell had failed to demonstrate good cause to allow the interviews. (Doc. 80.)

Mitchell appealed. The Ninth Circuit granted a certificate of appealability as to "whether the district court properly denied appellant's motion to re-open his case pursuant to Fed. R. Civ. P. 60(b)(6)." *Mitchell v. United States*, No. 18-17031, 9th Cir. Doc. 10. The appeal is currently being briefed. Mitchell's opening brief was filed August 28, 2019. The answering brief is due September 27, and the reply brief is due no later than October 18, 2019.

On July 25, 2019, Warden T.J. Watson at the Federal Correctional Complex (FCC), Terre Haute, Indiana, notified Mitchell by letter that the Director of the Federal Bureau of Prisons set December 11, 2019, as the date for Mitchell's execution by lethal injection. Mitchell filed the pending motion to stay on August 5, 2019.

## II.   ANALYSIS

When a notice of appeal is filed, jurisdiction over the matters being appealed normally transfers from the district court to the appeals court. *See Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) ("In general, filing of a notice

---

[1] In *Pena-Rodriguez*, the Supreme Court created a narrow exception to the federal "no-impeachment" rule, which prohibits litigants from using jurors' statements to attack the validity of a verdict, where a juror has made clear statement that indicates he or she relied on racial stereotypes or animus to convict the defendant. 137 S. Ct. at 869.

of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."). The Federal Rules of Civil Procedure provide an exception, however, that allows the district court to retain jurisdiction to suspend, modify, restore, or grant an injunction during the pendency of the appeal. *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001); Fed. R. Civ. P. 62(d).

Mitchell filed his motion for a stay pursuant to Rule 62(c), now Rule 62(d), of the Federal Rules of Civil Procedure, which provides that "while an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). "Rule 62(d) addresses the trial court's continuing jurisdiction over its rulings on claims for injunctive relief after those rulings have been appealed." 2 Federal Rules of Civil Procedure, Rules and Commentary Rule 62.

Respondent contends that this Court lacks jurisdiction to hear Mitchell's motion for a stay because Rule 62(d) applies only in the context of injunctions and Mitchell is not appealing an order granting or denying injunctive relief. (Doc. 88 at 5–6.) The Court agrees. "Rule 62(c) [now 62(d)], by its terms, requires that the appealed matter relate to an injunction." *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, No. CV 09-00598 DAE-KSC, 2011 WL 2441679, at *4 (D. Haw. June 14, 2011); *see Biltmore Assocs., L.L.C., as Tr. v. Twin City Fire Ins. Co.*, No. 2:05-CV-04220-PHX-FJM, 2007 WL 2422053, at *1 (D. Ariz. Aug. 22, 2007) ("[A] Rule 62(c) [now (d)] stay is available only when 'an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction.'"). Mitchell is appealing this Court's denial of his Rule 60(b)(6) motion, not an order or judgment on a claim for injunctive relief.

In his motion for a stay, Mitchell cites no support for the proposition that Rule 62(d), contrary to its plain language, applies outside the context of an injunction. He relies on *Natural Resources Defense Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001), which held that "[t]he district court retains jurisdiction during the pendency

of an appeal to act to preserve the status quo." *Southwest Marine* does not advance Mitchell's argument because the case involved an appeal of an order granting an injunction. The court found that under Rule 62(c) (now (d)), "the district court had jurisdiction and discretion to make the post-appeal modifications, which slightly modified and enforced the injunction, to preserve the status quo." *Id.* at 1165. The case does not suggest that Rule 62(d) is applicable outside the context of orders involving an injunction.

In *Southwest Marine* the court clarified that Rule 62(d) "grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal." *Id.* at 1166. In Mitchell's case, the status quo is that the Judgment and Order imposing a death sentence have been affirmed by the Ninth Circuit and a mandate has issued. Unlike cases where an injunction is involved, granting a stay here would not aid in preservation of the status quo.

In his reply brief (Doc. 90), Mitchell argues that his position is supported by *Jones v. Ryan*, No. CV-01-00592-TUC-TMB, 2018 WL 5066494, at *2 (D. Ariz. Oct. 17, 2018). Jones is readily distinguishable. There, Respondents moved for a stay of the issuance of the writ after the petitioner moved for release. The issue was governed by Federal Rule of Appellate Procedure 23(c), a rule not applicable to Mitchell's case.

The remaining cases cited in Mitchell's reply brief do not convince the Court that it has jurisdiction. In these cases, the district court considered motions for a stay filed pursuant to Federal Rule of Appellate Procedure 8(a)(1)(A). Rule 8(a)(1)(A) provides that "[a] party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal." Unlike the cases cited in his reply brief, in which a party sought to stay the enforcement of an order pending appeal of that order, in Mitchell's case there is no pending appeal of the Order or Judgment.

For example, in *Harris v. Copenhaver*, No. 1:12-cv-938-AWI-DLB (HC), 2012 U.S. Dist. LEXIS 154931 (E.D. Cal. Oct. 26, 2012), the petitioner filed for an injunction under Rule 8(a)(1) after his habeas petition was denied and judgment entered. In *In re Halvorson*, No. SACV 18-519-JVS, SACV 18-520-JVS, 2019 WL 3017679, at *4–5 (C.D.

Cal. Apr. 1, 2019), one of the parties filed a motion to stay enforcement of a vacatur order pending appeals of the order. In *In re Estates*, No. LA CV13-5286-VBF, 2014 WL 12088558, (C.D. Cal. Sept. 30, 2014), the appellant filed a motion to stay in district court after appealing a bankruptcy court's judgment. In *Alliance of Nonprofits for Ins., Risk Retention Group v. Barratt*, No. 2:10-CV-1749 JCM (RJJ), 2012 WL 3561963, at *3 (D. Nev. Aug. 16, 2012), the defendant filed for a stay pending appeal of the award and judgment in favor of the plaintiff.

Finally, Respondents argue, contrary to Mitchell's position, that Rule 8(a) does not provide an independent basis for jurisdiction. (Doc. 88 at 7.) The Court agrees. While Rule 8(a)(1)(a) describes the process for seeking a stay, Rule 62(d) "regulates the power of the district courts to grant such relief." *Vasile v. Dean Witter Reynolds, Inc.*, 205 F.3d 1327 (2d Cir. 2000) (unpublished); *see* 20 Moore's Federal Practice—Civil § 308.12 (2019) ("The grant of a stay or injunction by the district court is regulated by Civil Rule 62, not Appellate Rule 8."). Rule 62(d) does not apply to Mitchell's request for a stay. Rule 8 does not independently confer jurisdiction on this Court.

## III. CONCLUSION

For the reasons set forth above, the Court lacks jurisdiction to consider Mitchell's motion. Accordingly,

**IT IS HEREBY ORDERED** denying Mitchell's Motion for a Stay of Execution. (Doc. 84.)

Dated this 30th day of August, 2019.

David G. Campbell
Senior United States District Judge